UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., Guernsey Branch, Account Number 121128, in the name of Pavlo Lazarenko last valued at approximately $2 million in United States dollars, et al.,

Defendants *in rem*.

Civil Action No. 04-0798 (PLF)

MEMORANDUM OPINION AND ORDER

The Liquidators of claimant European Federal Credit Bank Limited ("Eurofed"), acting on their own behalf and on behalf of Eurofed, together with plaintiff United States have filed a joint motion seeking the Court's approval and entry of a Stipulation and Settlement Agreement ("the Settlement Agreement") that resolves Eurofed's claims in this forfeiture action.[1] Claimant Pavel Lazarenko objects to the Settlement Agreement, and he requests an evidentiary hearing to assess whether there exists a sufficient factual basis to support this Court's approval and entry of the Agreement. The Court has considered the parties' arguments, the

[1] Throughout this litigation, Eurofed's Liquidators have acted solely on behalf of Eurofed rather than on their own behalf. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d 81, 111-14 (D.D.C. 2013). The Settlement Agreement provides, however, that the Liquidators are parties to the Agreement in dual capacities — both "on their own behalf and on behalf of Claimant Eurofed Bank Limited (*in Liquidation*)." Settlement Agreement at 1 (introductory paragraph). The Court presumes that this provision is included to give effect to terms of the Agreement under which the Liquidators are bound to engage in specific future conduct, including the execution of signatory letters to effect the transfer of certain defendant funds. See id. ¶ 20.

relevant legal authorities, and pertinent portions of the record in this case, and concludes that Mr. Lazarenko's objections to the proposed Settlement Agreement lack merit. Accordingly, the Court will grant the motion for approval and entry of the Settlement Agreement, and it will enter the Settlement Agreement as an Order of this Court.[2]

## I. BACKGROUND

This is a civil action, brought *in rem*, in which the United States seeks forfeiture of over $250 million scattered throughout bank accounts located in Antigua and Barbuda, Guernsey, Liechtenstein, Lithuania, and Switzerland. United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d 81, 84 (D.D.C. 2013). Claimant Eurofed is an Antiguan bank in liquidation, which has asserted an interest in some of the defendant assets sought by the plaintiff United States. In March of 2012, the United States filed a motion for summary judgment aiming to strike Eurofed's claim for lack of standing. See Dkt. No. 286. The Court subsequently granted in part and denied in part the United States' motion. United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d at 119. The Court held that Eurofed had standing to contest the forfeiture of defendant assets located in Antigua and Barbuda, id. at 97-114, but concluded that Eurofed lacked standing to lay claim to assets located in Switzerland and Lithuania. Id. at 114-15. Following the issuance of this decision, the Court

[2] The papers considered in connection with the pending motion include: the United States' and Eurofed's joint motion for approval and entry of Stipulation and Settlement Agreement ("Joint Mot.") [Dkt. No. 314]; Stipulation and Settlement Agreement ("Settlement Agreement") [Dkt. No. 314-1]; claimant Pavel Lazarenko's opposition to proposed settlement and request for evidentiary hearing ("Lazarenko Opp.") [Dkt. No. 324]; Eurofed's reply to Lazarenko's opposition ("Eurofed Reply") [Dkt. No. 325]; the United States' reply to Lazarenko's opposition ("Pl.'s Reply") [Dkt. No. 326]; claimant Pavel Lazarenko's motion for leave to file surreply ("Lazarenko Surreply Mot.") [Dkt. No. 329]; claimant Pavel Lazarenko's surreply ("Lazarenko Surreply") [Dkt. No. 329-1]; Eurofed's opposition to Lazarenko's motion for leave to file surreply ("Eurofed Surreply Opp.") [Dkt. No. 331]; and the United States' opposition to Lazarenko's motion for leave to file surreply ("Pl.'s Surreply Opp.") [Dkt. No. 332].

lifted a stay that had been imposed on Eurofed's earlier-filed motion for summary judgment, and ordered the parties to agree upon a briefing schedule with respect to that motion. Order (Nov. 14, 2013) [Dkt. No. 305].

After the United States had submitted its opposition to Eurofed's summary judgment motion, the United States and Eurofed filed the pending joint motion for approval and entry of the Settlement Agreement. Under its terms, the parties each agree to the dismissal of their claims to a portion of the *in rem* defendants located in Antigua, Switzerland, and Lithuania, and they further agree to cooperate in transferring to the United States those assets located in Switzerland and Lithuania. Joint Mot. ¶ 2. More specifically, the United States agrees to dismiss with prejudice its forfeiture action against 22.54% of the sum of two categories of assets: (1) "the Antiguan Interest," which is the accrued interest on defendant funds currently held in an account of the Registrar of the Antiguan High Court of Justice; and (2) "the European Funds," comprised of the combined value of defendant funds held in Switzerland and Lithuania. Settlement Agreement ¶ 18. This total is defined as the "Settlement Amount," which equals roughly $9 million. Id. ¶¶ 14, 17-18.

The Agreement contemplates that this Court will amend its restraining order — in force since July 8, 2005, see Dkt. Nos. 22 and 23 — to permit the release of the Antiguan Interest to the Liquidators. See Settlement Agreement ¶ 18. In addition, the Agreement provides that the United States and the Liquidators consent to the transfer of the European Funds into the custody of the United States Department of Justice. Id. ¶ 20. Following this transfer, the United States will distribute to the Liquidators the remainder of the Settlement Amount for distribution in Eurofed's liquidation. Id. ¶ 21. Ultimately, any of the European Funds remaining at the conclusion of this forfeiture action likewise will be transferred to the Liquidators for distribution.

Id. The Settlement Agreement provides that Eurofed's claims to any and all *in rem* defendants are to be dismissed with prejudice. Id. ¶ 19. To become effective, the Agreement requires the approval of both this Court and the Antiguan High Court of Justice. Id. ¶ 33.[3]

Claimant Pavel Lazarenko opposes the proposed settlement, and he requests that this Court "conduct an evidentiary hearing to determine whether a sufficient factual basis exists" to support the Court's approval and entry of the Settlement Agreement. Lazarenko Opp. at 1.[4] He maintains that "[t]he Liquidators need to present evidence at a hearing to justify their receipt of an additional $9,000,000." Id. at 6 (referring to the Settlement Amount). In particular, Mr. Lazarenko suggests that the Liquidators do not need any additional funds to discharge their task of paying validated claims, and he complains generally about the Liquidators' performance of their duties. See id. at 2-4, 6-11. Lazarenko also asserts that the settlement will prejudice him in various ways, warranting this Court's rejection — or, at least, its further scrutiny — of the Settlement Agreement. See Lazarenko Surreply at 5-6.[5]

## II. LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers

---

[3] The Court has summarized only the basic terms of the Settlement Agreement.

[4] Mr. Lazarenko's central role in this forfeiture action previously has been described by the Court. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d at 84-92; see also United States v. Lazarenko, 564 F.3d 1026, 1029-32, 1047 (9th Cir. 2009) (affirming Lazarenko's conviction on eight counts of money laundering and conspiracy).

[5] The United States and Eurofed argue that the Court should not consider Lazarenko's surreply, but the Court discerns no prejudice to either of these parties in doing so. Both the United States and Eurofed, in their memoranda opposing Lazarenko's motion for leave to file the surreply, have responded to the merits of Lazarenko's arguments. See Pl.'s Surreply Opp. at 4; Eurofed Surreply Opp. at 2-4. Moreover, the Court agrees with the United States and Eurofed that the arguments advanced in the surreply are meritless.

proper." FED. R. CIV. P. 41(a)(2). Although the Rule's text refers to "an action," most federal courts agree that parties may voluntarily dismiss from a case only certain defendants. See Reetz v. Jackson, 176 F.R.D. 412, 413 n.2 (D.D.C. 1997) (citing 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2362 (2d ed. 1995)). The D.C. Circuit "has observed that '[voluntary] dismissals have generally been granted in the federal courts unless the defendant [that is being dismissed] would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage.'" Id. (quoting Conafay v. Wyeth Laboratories, 793 F.2d 350, 353 (D.C. Cir. 1986)) (alterations in original).

This case presents a somewhat unique scenario in which to apply the legal standard governing voluntary dismissals under Rule 41(a)(2). First, this is a forfeiture action in which the defendants are *in rem* assets. Second, the party claiming prejudice is not a defendant who is to be dismissed from the case, but, rather, is a claimant himself. Nevertheless, the Court finds that in these circumstances, the relevant question under Rule 41(a)(2) is whether the objecting party — here, Mr. Lazarenko — would be prejudiced by the Court's approval of the Settlement Agreement. Cf. Reetz v. Jackson, 176 F.R.D. at 413 ("This case presents a slightly different scenario, however, because the only defendant who is claiming prejudice is the one who will *not* be dismissed. Under such circumstances, it is appropriate for the Court to determine whether the remaining defendant . . . 'will be prejudiced by the dismissal when the plaintiff seeks the dismissal of less than all [the defendants].'" (quoting Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973)) (internal quotation marks omitted)).

## III. DISCUSSION

Mr. Lazarenko advances several arguments in opposition to the proposed settlement and in support of his request for an evidentiary hearing. None of these arguments has

merit. As a preliminary matter, Lazarenko contends that the joint motion filed by the United States and Eurofed is not truly a motion for voluntary dismissal governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure — although he does not suggest under what alternative procedural framework the motion should be considered. See Lazarenko Surreply at 2-4. Lazarenko focuses on the fact that the United States has agreed to dismiss its forfeiture action only as to certain portions of the *in rem* defendants. See id. at 2. And he highlights the fact that the United States has not fully relinquished its asserted rights even as to those funds comprising the Settlement Amount. See id. (citing Settlement Agreement ¶¶ 23-24). The Court already has noted, however, that the weight of judicial authority supports the application of Rule 41(a)(2) to circumstances involving only partial dismissals. See supra at 5. And the language of paragraphs 23 and 24 of the Settlement Agreement — which clarifies the scope of the United States' voluntary dismissal with respect to certain assets — does not negate the act of dismissal. See Settlement Agreement ¶¶ 23-24. Ultimately, Lazarenko's argument on this point seems to be irrelevant. Whether the proper procedural framework here is provided by Rule 41(a)(2) or by some other source of authority — such as Rule 15 of the Federal Rules of Civil Procedure, or even the Court's "inherent power" to drop some parties from a civil action — see 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2362, at 410-14 (3d ed. 2008) — the touchstone of the Court's analysis still would hinge on whether approval of the Settlement Agreement would be likely to cause any prejudice to Lazarenko. As explained further below, the Court concludes that Lazarenko has failed to demonstrate any such likelihood.

Mr. Lazarenko maintains that the settling parties must offer a "sufficient factual basis" to support the Court's approval and entry of the Settlement Agreement. Lazarenko Opp. at 5. This argument appears to rest on two premises. First, Lazarenko contends that the funds

comprising the Settlement Amount — which, under the Agreement's terms, would be paid over to the Liquidators for distribution in the liquidation — come from sources that the settling parties have no right to access. Id. at 6. With respect to the Antiguan Interest, Lazarenko cites an earlier decision of an Antiguan appellate court, in which that court ruled that the Liquidators were unable to use this interest as a funding source to pay the validated claims of innocent third-party depositors. See id. But of course, the basis of the Antiguan court's ruling was that the enforcement of this Court's restraining order required this interest to remain frozen along with the principal on which it accrued. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d at 107-08. The Settlement Agreement provides for the amendment of this Court's restraining order, and the settling parties must then obtain the approval of the Antiguan courts before transferring the interest to the Liquidators. Thus, as Eurofed correctly argues, "[i]f Lazarenko believes the Registrar Interest should not be released to Eurofed because of the Antiguan court's order, he can make that argument in Antigua." Eurofed Reply at 7. As to the European Funds, this Court's previous ruling — that Eurofed lacked standing under federal law to contest the United States' forfeiture of those assets — simply has no bearing on the propriety of the partial dismissal by the United States of its action with respect to those *in rem* defendants, nor on its cooperation with Eurofed to transfer those funds out of Europe or its release of a portion of them (those no longer subject to forfeiture) to the Liquidators. Claimant Lazarenko's ability to assert his rights with respect to the liquidation in Antigua, as well as concerning his claim in this forfeiture action, will remain unaffected by any of these activities.

The second premise of Mr. Lazarenko's "factual basis" argument appears to be an amalgam of concerns regarding the Liquidators' performance of their duties. See Lazarenko Opp. at 2-4, 6-11. The gist of his complaint is that the Liquidators have not demonstrated their

need for any additional funds to satisfy the claims of validated claimants in the liquidation. See id. at 7-8; Lazarenko Surreply at 4-5. Lazarenko also complains that the Liquidators have failed to provide a full accounting of their work, and he further asserts that they have needlessly protracted the liquidation proceedings. Lazarenko Opp. at 7-9. These various grievances simply are irrelevant to the Court's consideration of the Settlement Agreement between the United States and Eurofed. As Lazarenko seems to acknowledge, see id. at 8, this Court lacks any authority to control or administer the liquidation of Eurofed, a legal process that falls within the purview of the Antiguan courts. And as the Court has noted, Lazarenko remains free to assert his interests in those proceedings. Consequently, the Court discerns no need for an evidentiary hearing to determine the "factual basis" supporting the propriety of the Settlement Agreement.

Finally, Lazarenko contends that the Court's approval of the Agreement would prejudice him in three ways. First, he argues that the Settlement Agreement somehow would result in his having to bear the Liquidators' attorneys' fees. See Lazarenko Surreply at 6. As best the Court can discern, Lazarenko's argument arises from his understanding of a provision of Antiguan banking law under which the expenses of a liquidator must be paid before any funds are disbursed to claimants. See id. (citing Section 289 of the Antiguan International Business Corporations Act). Lazarenko's reading of Antiguan law may be correct, but the Court simply fails to make out how its approval of the Settlement Agreement might have any negative bearing on Lazarenko's bottom line. If anything, as Eurofed points out, this Settlement Agreement will reduce the Liquidators' legal expenses, thus lessening the chance that any liquidation distribution to Lazarenko would be diminished by them.

Lazarenko's second and third allegations of prejudice are even less creditable. He complains that the dismissal by the United States of its forfeiture action with respect to a portion

of the Lithuanian funds will deprive him of the opportunity to assert a statute of limitations defense regarding those assets. Lazarenko Surreply at 6. This argument is nonsensical; the United States' voluntary dismissal of its forfeiture action with respect to a portion of the European Funds simply relieves Lazarenko of any need to defend against efforts by the United States to forfeit those funds. And finally, Lazarenko cautions that this Court's approval of the Settlement Agreement could mislead the Angtiuan High Court of Justice regarding whether currently frozen funds lying in its Registrar's account should be released to the Liquidators. See id. The Court has little doubt that the Antiguan judiciary is more than capable of resolving any issues that will come before it in the Eurofed liquidation proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court will approve the Settlement Agreement reached between the United States and Eurofed, and it will enter the Settlement Agreement as an Order of this Court. Accordingly, it is hereby

ORDERED that the joint motion of the United States and Eurofed for approval and entry of the Stipulation and Settlement Agreement [Dkt. No. 314] is GRANTED; it is

FURTHER ORDERED that Eurofed's motion for summary judgment [Dkt. No. 269] is DENIED as moot; and it is

FURTHER ORDERED that Pavel Lazarenko's motion for leave to file a surreply [Dkt. No. 329] is GRANTED.

SO ORDERED.

__/s/____________________
PAUL L. FRIEDMAN
United States District Judge

DATE: November 14, 2014