**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:04-cv-00798-PLF |
| ) | |
| **ALL ASSETS HELD AT BANK JULIUS** ) | |
| **Baer & Company, Ltd., Guernsey** ) | |
| **Branch, account number 121128, in the** ) | |
| **name of Pavlo Lazarenko, et** *al.* ) | |
| ) | |
| **Defendants** *In Rem.* ) | |

### UNITED STATES' MOTION FOR PROTECTIVE ORDER TO PERMIT DISCLOSURE AND PROTECTION OF LITIGATION MATERIALS

COMES NOW the Plaintiff, United States of America, by and through its undersigned attorneys, and moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) to authorize the United States to disclose information subject to the Privacy Act of 1974, 5 U.S.C. § 552a (West, Westlaw current through P.L. 113-163) ("Privacy Act"), and to enable parties and witnesses to designate and protect from disclosure to non-parties documents or statements containing personally identifiable information ("PII") and other confidential and/or sensitive information. In support of this motion, the United States states as follows:

1.  The Privacy Act generally prohibits the disclosure of agency records absent the prior written consent of the individual(s) to whom the records pertain. 5 U.S.C. § 552a(b). However, the Privacy Act also provides that a court of competent jurisdiction can provide for disclosure of such records absent the prior written consent of those individuals. *Id.* § 552a(b)(11).

2.  In addition to the requirements of Fed. R. Civ. P. 5.2(a), federal agencies have also been directed to implement policies to protect personally identifiable information ("PII").

*See, e.g.,* Fed R. Civ. P. 5.2(a); Executive Office of the President, Office of Management and Budget, M-10-23, *Guidance for Agency Use of Third-Party Websites and Applications* http://www.whitehouse.gov/sites/default/files/omb/assets/memoranda_2010/m10-23.pdf (June 25, 2010); Executive Office of the President, Office of Management and Budget, M-07-16, *Safeguarding Against and Responding to the Breach of Personally Identifiable Information* http://www.whitehouse.gov/sites/default/files/omb/memoranda/fy2007/m07-16.pdf (May, 22 2007).

3. Claimant Pavel Lazrenko ("Claimant" or "Claimant Lazarenko") has propounded broad discovery, including requests for production and interrogatories, seeking documents and information containing information subject to the Privacy Act and PII.

4. The United States identified to counsel for Claimant Lazarenko the need for a protective order regarding sensitive information since at least September 2014. Plaintiff has sought Claimant's agreement on specific terms of a proposed stipulated protective order and has provided multiple drafts to Claimant since November 7, 2014.

5. After the parties appeared to reach near agreement on the eve of the holidays in December 2014, Plaintiff provided a revised draft to Claimant on January 9, 2015. Claimant responded by filing a motion to compel on January 14, 2015, and by rejecting Plaintiff's revision in a January 15, 2015, letter on the sole grounds that documents to be produced electronically be individually marked protected, rather than by collection.

6. On January 23, 2015, Plaintiff provided a revised draft proposing language to accommodate Claimant's request regarding the individual marking of electronically produced documents.

7. Claimant accepted this language on February 9, 2015, but made a new demand that financial records of entities controlled by Claimant Lazarenko, as well as documents

produced in the course of criminal discovery that Claimant failed to retain, be categorically excluded from protection. The parties have not agreed upon which documents were produced in criminal discovery or the conditions, protective orders, or other rulings under which such records were produced over ten years ago. Claimant has also failed to identify which legal entities he contends that he controls.

8. On February 18, 2015, Plaintiff advised that it could not agree on the categories in Claimant's new demand, but noted that the proposed protective order provided a procedure for one party to request de-designation of documents that the other party has designated as protected. Plaintiff also provided a final draft of the proposed protective order incorporating some clarifying language to comport with the Office of Management and Budget definition of PII, and requested that Claimant advise whether he would stipulate to the proposed order.

9. On February 20, 2015, counsel for Claimant Lazarenko advised that he would not consent to the entry of the negotiated protective order without their new language on exemptions from protection.

10. Counsel for Alexander Lazarenko has advised that his client takes the same position as Claimant Pavel Lazarenko.

11. The proposed, limited protective order would not impede discovery in this case, but would facilitate the production of records and responses to other discovery requests by allowing parties and non-parties to produce sensitive information without violating the Privacy Act or risking inappropriate public disclosure of PII. The proposed order protects the PII of witnesses and other third parties by allowing them to designate materials as protected on the same grounds as provided for the parties. The proposed order also establishes a procedure for

consultation between the parties regarding de-designation of materials a party has marked as protected, requiring consultation between the parties before seeking relief from the Court.

12. Upon entry of the proposed protective order, the United States would be able to produce thousands of pages of records to Claimant, which may moot, in part, Claimant's motion to compel.

Wherefore, for the reasons set forth herein and in Plaintiff's memorandum in support of this motion, the United States respectfully requests entry of the attached proposed protective order.

Respectfully submitted,

KENDALL M. DAY, ACTING CHIEF
ASSET FORFEITURE AND
    MONEY LAUNDERING SECTION

  */s/ Daniel H. Claman*
DANIEL H. CLAMAN
Assistant Deputy Chief
TERESA TURNER-JONES
Senior Trial Attorney
DELLA SENTILLES
Trial Attorney
Asset Forfeiture and Money
  Laundering Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA