**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:04-cv-00798-PLF** |
| | ) | |
| **ALL ASSETS HELD AT BANK JULIUS** | ) | |
| **Baer & Company, Ltd., Guernsey** | ) | |
| **Branch, account number 121128, in the** | ) | |
| **name of Pavlo Lazarenko, et *al.*** | ) | |
| | ) | |
| **Defendants *In Rem.*** | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS
MOTION FOR PROTECTIVE ORDER TO PERMIT DISCLOSURE
AND PROTECTION OF LITIGATION MATERIALS**

Plaintiff, United States of America, by and through its undersigned attorneys, and

pursuant to Federal Rule of Civil Procedure 26(c)(1), moves this Honorable Court to enter a

protective order to authorize the United States to disclose information subject to the Privacy Act

of 1974, 5 U.S.C. § 552a (West, Westlaw current through P.L. 113-163) ("Privacy Act"), and to

enable parties and witnesses to designate and protect from disclosure to non-parties documents

or statements containing personally identifiable information ("PII") and other confidential and/or

sensitive information.  The proposed, limited protective order would not impede discovery in this

case, but would facilitate the production of records and other discovery responses by allowing

parties and non-parties to produce sensitive information without violating the Privacy Act or

risking inappropriate public disclosure of PII.  Since at least September 2014, Plaintiff has

discussed the need for a protective order with counsel for Claimant Pavel Lazarenko ("Claimant

Lazarenko" or "Claimant").  Plaintiff has provided multiple drafts of a proposed stipulated

protective order since November 7, 2014, to accommodate Claimant Lazarenko's various

demands.  On February 9, 2015, Claimant insisted on the insertion of new, confusing and complicating exemptions to otherwise agreed text – all while simultaneously seeking to compel production of many of the very documents Plaintiff has long since agreed to provide subject to a limited protective order.  Because further negotiation does not appear productive and because the proposed protective order more than adequately accommodates Claimant's concerns, Plaintiff respectfully moves for entry of the attached proposed Protective Order by the Court so that the United States can produce records, as Claimant has requested.

## I.      BACKGROUND

### A.      Claimant Pavel Lazarenko's Recent Discovery Requests

Just shy of ten years from the United States' filing of its First Amended Complaint for Forfeiture *In Rem* and seven years after his conviction was affirmed, Claimant Lazarenko for the first time requested discovery from the United States.  *See* Claimant Pavel Lazarenko's First Set of Requests for Production of Documents, attached hereto as Exhibit A.  In his First Set of Requests for Production of Documents, Claimant has requested, among other things, the production of financial records, certain law enforcement memoranda, and records provided from foreign governments.  *See, e.g., id.* at Request Nos. 1, 5, 14, 18-24, 28, 32.  While many of these requests are overly broad and unclear, or appear to seek records that have been publicly admitted into evidence, some of the records sought appear to include documents that will necessarily include PII or information subject to the Privacy Act, such as financial account numbers, addresses, or statements made to law enforcement.   In some instances, documents, such as witness statements or "protocols" made to foreign law enforcement authorities, are believed to contain similar information that could affect personal privacy by premature widespread dissemination of such documents.

On December 9, 2014, Claimant served upon Plaintiff, "Claimant Lazarenko's First Set of Interrogatories to Plaintiff United States of America."  *See* Claimant Lazarenko's First Set of Interrogatories to Plaintiff United States of America, attached hereto as Exhibit B.  As with his requests for production, many of the interrogatories, such as their requests for identification of individuals and witness statements, raise the same privacy and PII concerns.  *See, e.g., id.* at Interrogatory Nos. 2-4, 6-9.

### B.     Stipulated Protective Order Negotiations

Since at least September 2014, Plaintiff has advised Claimant of the need for the parties to safeguard personally identifiable information or other protected information that may be contained in documents and other information exchanged in discovery.  During their meeting on October 29, 2014, the parties agreed that a protective order was appropriate, and the United States offered to provide a draft for Claimant's review by November 7, 2014, which it did.  After some delays, Claimant provided comments on the draft on December 2, 2014, but no proposed revision.  During a subsequent teleconference on December 16, 2014, Claimant withdrew some of its objections, the government accepted some of Claimant's suggestions, and Claimant requested that the government provide a revised draft.  Plaintiff provided Claimant with a revised proposed stipulated protective order on January 9, 2015, incorporating many of the changes agreed during the parties' December 16, 2014, teleconference.  Further, as agreed during the parties' teleconference on December 16, Claimant Lazarenko was asked to identify counsel in foreign jurisdictions (including support staff) that he wished to have access to the protected documents.  Claimant was asked to provide comments on or consent to the revised stipulated protective order by January 16, 2015.

Before providing any response to the January 9, 2015, proposed order, on January 14, 2015, Claimant Lazarenko filed a Motion to Compel, including with respect to several documents that would be subject to the proposed protective order, if entered.  One day after filing the motion, counsel for Claimant advised that Claimant would agree to the stipulated protective order, provided that a change were made to clarify that protected documents needed to be individually marked.  *See* Letter from Blank Rome to Plaintiff, January 15, 2015, attached hereto as Exhibit C, at p.2 ("If you agree to make this change, we can enter into the protective order.").  Plaintiff provided another revised draft to Claimant's counsel on January 23, 2015, suggesting language to reflect that change and requested Claimant's consent to file the proposed stipulated order.  *See* Letter from Plaintiff to Blank Rome, January 23, 2015, attached hereto as Exhibit D.

On February 9, 2015, Claimant responded by accepting Plaintiff's proposed language on marking documents, stating, "We have no problem with the protective order as drafted."  *See* Letter from Blank Rome to Plaintiff, February 9, 2015, attached hereto as Exhibit E, at p. 2. Nevertheless, Claimant went on to include a new demand for the exemption of financial records of entities controlled by Claimant Lazarenko and documents produced in the course of criminal discovery, explaining, in part, that "Mr. Lazarenko may need to make use of these bank records in other proceedings...."  *Id.*

On February 18, 2015, Plaintiff advised that it could not agree on the categories in Claimant's new demand, but noted that the proposed protective order provided a procedure for one party to request de-designation of documents that the other party has designated as protected. *See* Letter from Plaintiff to Blank Rome, February 18, 2015, attached hereto as Exhibit F. Plaintiff explained that it was appropriate to reserve designation until the time of production,

because it was not clear which records Claimant Lazarenko wished to exempt that he did not already have, since he had refused to identify accounts and legal entities under his control in response to the government's interrogatories.  Moreover, some legal entities purportedly under Mr. Lazarenko's control were held in bearer shares, and Mr. Lazarenko was not always the signatory on the accounts of those entities.  *Id.* at pp. 1-2.  Plaintiff further noted that categorical exemption of all records produced in the criminal case prior to their re-production would be burdensome and delay production, as the conditions under which they were produced were not apparent from their face.  Plaintiff also provided a final draft of the proposed protective order incorporating some clarifying language to comport with the Office of Management and Budget definition of PII, and requested that Claimant advise whether he would stipulate to the proposed order.  *Id.* at pp. 2-3.

On February 20, 2015, counsel for Claimant Lazarenko advised that he would not consent to the entry of the negotiated protective order without their new language on exemptions from protection.  *See* Email exchange between counsel for Plaintiff and Claimant, February 18-20, 2015, attached hereto as Exhibit G.

## II.   LEGAL AUTHORITY

### a.   This Court Has Discretion to Grant Protective Orders

Upon a showing of good cause, a district court, pursuant to Rule 26(c), may enter orders "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expanse."  *Friends of the Earth v. United States Dep't of the Interior,* 236 F.R.D. 39, 41 (D.D.C. 2006).  In determining whether such an order is warranted, the Court must consider, "the requester's need for the information from [the] particular source, its relevance to the litigation at hand, the burden of producing the sought-after material; and the harm which

disclosure would cause to the party seeking to protect the information." *United States v. MWI Corp.,* 209 F.R.D. 21, 27-28 (D.D.C. 2002).  Good cause can be demonstrated, even with respect to information that may be relevant and non-privileged, where potential disclosure of such information would be harmful.  *D'Onofrio v. SFX Sports Group, Inc.*, 256 F.R.D. 277, 279-280 (D.D.C. 2009).  The protection of privacy interests is contemplated by Rule 26(c).  *See Peskoff v. Faber*, 230 F.R.D. 25, 28 (D.D.C. 2005) (granting protective order to preserve the confidentiality of certain categories of information exchanged by the parties).

The Privacy Act prohibits the disclosure of agency records absent the prior written consent of the individual(s) to whom the records pertain.  5 U.S.C. § 552a(b).  Under the Privacy Act, however, a court of competent jurisdiction can provide for their disclosure absent the prior written consent of those individuals.  *Id.* § 552a(b)(11).  Subsection (b)(11) contains no standard governing the issuance of an order authorizing the disclosure of otherwise protected Privacy Act information.  However, the Court of Appeals for this Circuit has recognized that a protective order is a proper procedural device for protecting particularly sensitive Privacy Act-protected information when records containing such information are sought.  *See Laxalt v. McClatchy,* 809 F.2d 885, 888-90 (D.C. Cir. 1987) ("Procedurally, then, when the District Court considers a request for a Privacy Act order in the discovery context it must consider the use of protective orders and the possibility  of *in camera* inspection.").

## III.   ARGUMENT

In this case, there is good cause for this Court to grant the requested protective order governing the disclosure of documents containing PII and Privacy Act-protected information, such as financial records and domestic or foreign witness statements to law enforcement. Accordingly, disclosure of relevant documents that contain PII or information protected by the

Privacy Act should be made pursuant to a protective order, as provided by Rule 26(c) and subsection (b)(11) of the Privacy Act.

As previously noted, Claimant Lazarenko's expansive requests for production seek disclosure, in part, of records that contain PII including financial records, witness statements made to law enforcement authorities, and foreign protocols.  Financial records will almost certainly contain personally identifying information, sensitive details including account numbers, personal addresses, and telephone numbers, much of which the Plaintiff is restricted by the Privacy Act from publicly disclosing.  *See*, *e.g., Concepcion v. F.B.I.,* 606 F.Supp.2d 14, 36 (D.D.C. 2009) (noting that in the FOIA context certain categories of PII are exempt from disclosure and warrant protection); *Gillard v. Boulder Valley School Dist. Re.-2*, 196 F.R.D. 382 (D. Col. 2000) (entering a blanket protective order where discovery sought personnel files containing personally identifiable information about students and noting that such orders, "serve the interests of just, speedy, and less expensive resolution of complex disputes, and reduce the need for court intervention."); *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66 (S.D.N.Y. 2010) (recognizing that the potential harm that would result in the public disclosure of personnel files warranted entry of a protective order).

Similarly, witness statements, such as FD-302s prepared by the Federal Bureau of Investigation ("FBI"), will not only contain PII, but will also be subject to restrictions set forth in the Privacy Act.  Concerns relating to the disclosure of documents pertaining to a criminal investigation and matters disclosed to the FBI in confidence weigh heavily in favor of limiting the disclosure and dissemination of such documents.  Likewise, foreign protocols will contain PII regarding a witness, such as name, address, date of birth, etc., and may in several instances pertain to whether particular individuals are the subject of a criminal investigation in the United

States or in foreign jurisdictions, or are otherwise implicated in such investigations.  Just as

Grand Jury secrecy protects not only the government's interest in conducting a criminal

investigation, but also the identities of persons identified in the course of such an investigation,

there is ample basis for this Court to conclude that persons identified in foreign protocols may

have a similar privacy interest in information contained in foreign witness statements.

Entry of the proposed Protective Order would not impede discovery and would facilitate

the production of records in this case.  For example, it would authorize the disclosure of

otherwise non-privileged and non-objectionable, relevant documents to Claimant Lazarenko

without the prior written consent of persons to whom the records pertain.  It would also authorize

disclosure of non-privileged and non-objectionable, relevant records to Claimant that would

otherwise require significant further review and redaction to safeguard PII or information subject

to the Privacy Act.[1]  The proposed protective order also provides a procedure for one party to

request de-designation of documents that the other party has designated as protected, requiring

consultation between the parties and providing an opportunity for a party to request Court review

if agreement cannot be reached.  At the same time, the proposed order protects the interests of

other persons by prohibiting the broad public disclosure of records that may contain such

protected information, without consultation between the parties or authorization of the Court.  As

a result, the proposed Protective Order appropriately balances the interests of facilitating

discovery and litigation of this action, while providing protection for private information

contemplated by the Privacy Act.  *See Laxalt,* 809 F. 2d at 889 ("protective orders and *In camera*

---

[1] The proposed Protective Order is limited to PII and information subject to the Privacy Act.  Plaintiff expressly reserves the right to seek further protection from the Court on other grounds or to redact or otherwise maintain other objections and privileges, as may be appropriate.

inspection offer reliable mans with which to give effect to liberal discovery principles without threatening the interests protected by statutory publication bans."). Accordingly, good cause to enter a protective order exists where entry of the same is necessary to allow a party to fulfill its statutory obligations to protect legitimate privacy interests.

For months, Plaintiff has sought conclusion of a stipulated protective order so that it could legally and appropriately produce records that Claimant himself has requested. Now, after filing a motion to compel for many of those same records, Claimant asserts new demands to exempt from protection ill-defined categories of records including financial records of entities Mr. Lazarenko controls and all records produced in the course of criminal discovery that both he and his multiple counsel have failed to retain. Despite his demands for exemption of records of legal entities under his control, Claimant has refused to identify those legal entities in response to Plaintiff's interrogatories propounded on December 5, 2014, to which Claimant responded on January 5, 2015. *See* Claimant Lazarenko's Response to Plaintiff's First Set of Interrogatories, attached hereto as Exhibit H, at pp. 11-12. Moreover, some of the legal entities identified in the course of the criminal trial were held in bearer shares, and accounts were held variously in the names and under the signatory authority of persons other than Mr. Lazarenko. Similarly, Claimant's request to categorically exempt from protection all records produced in criminal discovery would be imprudent, since the conditions for disclosure at that prior time are not clear on their face, and the pre-trial and trial record from over ten years ago involved not just formal filings but also correspondence and colloquies with the court regarding discovery. Claimant's fear of over designation before Plaintiff has had an opportunity to produce records and despite the protective order establishing a procedure for de-designation of documents is premature at best. Claimant's suggestion that he may need to make other use of records produced in the

course of discovery in this case is insufficient grounds for careful treatment of private information in the course of discovery.

To be clear, entry of the requested protective order would *authorize* disclosure of records to Claimant, while also protecting privacy interests by allowing the government, Mr. Lazarenko and others to appropriately protect from premature public disclosure private information. Accordingly, entry of the proposed protective order will enable Plaintiff to provide a significant amount of the discovery that Claimant Lazarenko has prematurely compelled, including relevant, non-privileged, discoverable financial records, witness interviews, and foreign protocols.

## IV.   CONCLUSION

As set forth above, there is good cause to enter the limited protective order to guard against the public disclosure of PII and to satisfy the government's obligations under the Privacy Act, so that financial and other records can be produced to Claimant, as he has requested. Plaintiff has provided multiple drafts of a proposed protective order to Claimant and incorporated language to accommodate his concerns.  Entry of the proposed order is appropriate at this time.

For the foregoing reasons, the United States respectfully requests that this Court enter the attached proposed protective order.

<div style="margin-left: 40%;">

KENDALL M. DAY, ACTING CHIEF
ASSET FORFEITURE AND
   MONEY LAUNDERING SECTION

   */s/ Daniel H. Claman*
DANIEL H. CLAMAN
Assistant Deputy Chief
TERESA TURNER-JONES
Senior Trial Attorney
DELLA SENTILLES
Trial Attorney
Asset Forfeiture and Money
   Laundering Section

</div>

Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA