UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                               )<br>         Plaintiff,                                        )<br>                                                               )<br>    v.                                                       )     Civil Action No. 1:04-cv-00798 (PLF)<br>                                                               )<br>ALL ASSETS HELD AT BANK JULIUS, )<br>Baer & Company, Ltd., Guernsey             )<br>Branch, account number 121128, in the    )<br>Name of Pavlo Lazarenko et al.,              )<br>                                                               )<br>         Defendants *In Rem*.                     )<br>                                                               ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Claimant Pavel Lazarenko's Motion For Leave to File Under Seal [Dkt. 513]. On September 29, 2015, the Court issued a Memorandum Opinion and Order [Dkt. 462] granting another motion for leave to file under seal in this case subject to, inter alia, the following three conditions:

1. If the Court grants a motion for leave to file under seal any documents of any nature, including motions and briefs, that contain confidential material, the party filing the sealed document shall also file on the public record a copy of the document in which the confidential material is redacted within five business days of the filing of the sealed document.

2. Redactions to public copies of documents shall be made solely to the extent necessary to preserve the confidentiality of the relevant information and in accordance with the principles set forth in this Memorandum Opinion and Order.

3.  Alternatively, if—and only if—the redactions are so extensive as to render a particular document useless to the reader, the party shall file on the public record a notice of the filing of the document under seal in its entirety.

The Court set those conditions with respect to the motion then under consideration because sealed court proceedings are inconsistent with "this country's strong tradition of access to judicial proceedings." United States v. Hubbard, 650 F.2d 293, 317 n. 89 (D.C. Cir. 1980). The Court explained that, as a general rule, the courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes. See, e.g., Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Finally, the Court noted that, given the policy in favor of public access, and the ease with which confidential and potentially confidential information may be redacted from documents before they are filed publicly, this case can and should be open to the public to the greatest extent possible. See Dkt. 462 at 1-2

Since issuing the September 29, 2015 Memorandum Opinion and Order, the parties have complied with its conditions in subsequent motions for leave to file under seal without the Court explicitly ordering them to do. See, e.g., Dkt. 470 at 2 ("In accordance with this Court's September 29, 2015 Order (ECF No. 462), Plaintiff will file on the public record a copy of [its motion], in which the confidential material will be redacted, within five business days."); Dkt. 503 at 2 ("Mr. Lazarenko will file a redacted version of [his motion] on PACER."). The instant motion, however, contains no such language indicating compliance with the September 29, 2015 Memorandum Opinion and Order. Because the Court's business is the public's business, the Court will make compliance with the three conditions outlined above a

requirement for the instant motion as well as for all subsequent motions for leave to file under seal in this case.

Accordingly, it is hereby

ORDERED that Claimant Pavel Lazarenko's Motion For Leave to File Under Seal [Dkt. 513] is GRANTED; it is

FURTHER ORDERED that Claimant's Supplemental Reply and Objection to Plaintiff's Use of Claimant's ▓▓▓▓▓▓▓▓▓▓ [Dkt. 513-1], the Declaration of Ted W. Cassman [Dkt. 513-2], Exhibit 1 to the Declaration of Ted W. Cassman [Dkt. 513-3], Exhibit 2 to the Declaration of Ted W. Cassman [Dkt. 513-4], and Exhibit 3 to the Declaration of Ted W. Cassman [Dkt. 513-5] may be filed under seal and the Clerk of the Court is directed to docket them; it is

FURTHER ORDERED that within five business days Claimant shall file on the public record a copy of each of these documents in which he redacts confidential material and makes as few redactions as absolutely necessary; and it is

FURTHER ORDERED that all subsequent motions for leave to file under seal that either party may file in this case comply with the three conditions set forth in this Memorandum Opinion and Order.

SO ORDERED.

DATE: December 9, 2015

/s/_____
PAUL L. FRIEDMAN
United States District Court

3