UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**FILED**

DEC 2 3 2015

Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>ALL ASSETS HELD AT BANK JULIUS,<br>Baer & Company, Ltd., Guernsey<br>Branch, account number 121128, in the<br>Name of Pavlo Lazarenko et al.,<br><br>      Defendants *In Rem*. | Civil Action No. 1:04-cv-00798 (PLF) |

## MEMORANDUM OPINION AND ORDER

        Counsel for Claimant Lazarenko has sent several letters to the Court's chambers. Counsel are admonished that the Rules of this Court do not allow direct contact between the Court and counsel by letter, fax, or email unless the Court has so directed or requested, which it has not in this case.  See Local Civil Rule 5.1(a) ("Except when requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge . . . ."); see also Local Civil Rules Appendix B, D.C. Bar Voluntary Standards for Civility in Professional Conduct ¶ 33 ("We will avoid ex parte communications with the court, including the judge's staff, on pending matters . . . in letters and other forms of written communication . . . .").  To the extent that issues arise between the parties requiring the attention of the Court, counsel shall file written motions that comply with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

The Court understands that Magistrate Harvey permits non-ex parte letter communications under certain circumstances, but only with respect to discovery disputes. Letters directed to Magistrate Judge Harvey's chambers, however, must be strictly limited to discovery matters — all other matters, including those raised in Claimant's counsel's December 17, 2015 letter to Judge Harvey, must be raised by motion in compliance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. The undersigned will not accept or consider letters on any matter, including discovery. Letters, faxes, and emails from counsel also will not be accepted as exhibits to motions. Legal arguments and requests for the Court to take some action or provide some form of relief are to be presented by motion, not letter. Counsel's letter to the Court of December 22, 2015, Dkt. No. 533, and Claimant's Motion to Convene a Status Conference, Dkt. No. 534, thus will be stricken from the record and the Court will not consider the matters raised therein, unless and until counsel files a proper motion in compliance with this Order and the Federal Rules and Local Civil Rules.

Counsel are further advised that they must consult with each other prior to filing any nondispositive motion and must include with the motion a statement indicating whether the motion is opposed. See Local Civil Rule 7(m). The Court will not consider any motion that does not comply with this requirement.

Accordingly, it is hereby

ORDERED that Claimant's Request for a Status Conference [Dkt. No. 533] and

Claimant's Motion to Convene a Status Conference [Dkt. No. 534] are STRICKEN from the

record.

SO ORDERED.

DATE: 12|23|15

PAUL L. FRIEDMAN
United States District Court