<mark>Case 1:04-cv-00798-PLF-GMH   Document 547   Filed 01/12/16   Page 1 of 3</mark>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:04-cv-00798 (PLF) |
| ) | |
| ALL ASSETS HELD AT BANK JULIUS, ) | |
| Baer & Company, Ltd., Guernsey ) | |
| Branch, account number 121128, in the ) | |
| Name of Pavlo Lazarenko, et al., ) | |
| ) | |
| Defendants *In Rem*. ) | |

MEMORANDUM OPINION AND ORDER

On March 26, 2015, the Court referred this case to Magistrate Judge G. Michael Harvey for the management of all discovery and the resolution of any discovery-related disputes. See Referral Order at 1 (Mar. 26, 2015) [Dkt. 357]. One such dispute was presented to Judge Harvey by Claimant Pavel Lazarenko's Second Motion to Compel [Dkt. 369]. After the matter was fully briefed and following a hearing on the motion, Judge Harvey issued a Memorandum Opinion ("Mem. Op.") on August 27, 2015 [Dkt. 434], denying the motion to compel. Lazarenko filed an Objection to Magistrate Judge Harvey's Memorandum Opinion [Dkt. 465], the United States responded [Dkt. 498], and Lazarenko replied [Dkt. 510]. Having carefully considered the matter, the Court now affirms Magistrate Judge Harvey's decision in its entirety.

At issue on this motion to compel is an Internal Revenue Service Special Agent Report ("SAR"), dated June 30, 2001, which was prepared in connection with Lazarenko's criminal prosecution in the United States District Court for the Northern District of California.

Magistrate Judge Harvey found that the IRS Criminal Investigation Division prepared the SAR and that it summarized facts, including witness interviews, related to the money laundering claims against Lazarenko. The SAR also analyzed those facts and provided recommendations to the United States Attorney as to which charges should be brought. Mem. Op. at 2-3.

Magistrate Judge Harvey concluded that: (1) the SAR constitutes work product even though it was prepared by an IRS agent, rather than by an attorney; (2) the SAR was submitted prior to the return of the superseding indictment against Lazarenko; (3) it was prepared in order to assist the U.S. Attorney's Office and apprise it of the IRS's recommendations for criminal charges against Lazarenko; (4) the SAR was prepared in anticipation of that criminal prosecution; (5) the work product doctrine is applicable to the SAR, even though it was prepared in anticipation of the prior criminal prosecution rather than the instant civil litigation; (6) the IRS agent's recommendations, opinions, and conclusions constitute opinion work product; (7) Lazarenko failed to make the "extraordinary showing of necessity" necessary to obtain opinion work product; (8) Lazarenko also is not entitled to disclosure of the remainder of the SAR – the portions containing factual work product – because, according to the undisputed declarations submitted by the government, all facts asserted in the SAR have already been disclosed to Lazarenko; and (9) Lazarenko therefore cannot make the showing of "substantial need" for the information and "undue hardship" in acquiring it that are required to discover factual work product. Mem. Op. at 6-10. See Dir., Office of Thrift Supervision v. Vinson & Elkins, LLP, 124 F.3d 1304, 1307-08 (D.C. Cir. 1997); U.S. ex rel. Landis v. Tailwind Sports Corp., 303 F.R.D. 419, 425 (D.D.C. 2014); see also F.T.C. v. Grolier Inc., 462 U.S. 19, 25 (1983); F.T.C. v. Boehringer Ingelheim Pharmaceuticals, 778 F.3d 142, 151-53, 156 (D.C. Cir. 2015). In view of these findings and conclusions, Magistrate Judge Harvey found it unnecessary

to reach the question of whether the SAR is also protected under the deliberative process privilege.  Mem. Op. at 10 n. 5.

When a party objects to a Magistrate Judge's determination with respect to a non-dispositive matter – such as discovery generally or, more specifically, a motion to compel – "the magistrate judge's decision is entitled to great deference," Beale v. District of Columbia, 545 F. Supp. 2d 8, 13 (D.D.C. 2008) (quoting Boca Investerings P'ship v. United States, 31 F. Supp. 2d 9, 11 (D.D.C.1998)), and it will not be disturbed unless it is "clearly erroneous" or "contrary to law."  FED. R. CIV. P. 72(a); LOC. CIV. R. 72.2(c).  Having carefully reviewed Magistrate Judge Harvey's Memorandum Opinion, the papers filed by the parties, the relevant case law, and the Declarations of Richard J. Pietrofeso [Dkt. 405-1] and Richard G. Goldman [Dkt. 410-1 Ex. A], along with the United States' Statement and Supplemental Statement Concerning IRS Special Agent Report [Dkt. 428 & 431], the Court concludes that Magistrate Judge Harvey correctly articulated the applicable legal principles governing attorney work product, that his findings of fact were not clearly erroneous, and that he properly applied the law to the facts. Accordingly, it is hereby

ORDERED that Claimant's Objection [Dkt. 465] to Magistrate Judge Harvey's Memorandum Opinion denying the motion to compel production of the SAR is OVERRULED; and it is

FURTHER ORDERED that Magistrate Judge Harvey's Memorandum Opinion of August 27, 2015 [Dkt. 434] is AFFIRMED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  January 12, 2016                           United States District Court