## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br><br>**Plaintiff,** )<br><br>v. )<br><br>**ALL ASSETS HELD AT BANK JULIUS<br>BAER & COMPANY, LTD., GUERNSEY<br>BRANCH, ACCOUNT NUMBER 121128,<br>IN THE NAME OF PAVLO<br>LAZARENKO, LAST VALUED AT<br>APPROXIMATELY $2 MILLION IN<br>UNITED STATES DOLLARS, *ET AL.*,**<br><br>**Defendants.** ) | )<br>)<br>)<br>)<br>) **Civil Action No. 1:04-cv-00798-PLF/GMH**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CLAIMANT'S REPLY IN SUPPORT
### OF HIS MOTION FOR A *LIMITED* DISCOVERY STAY

Claimant Pavel Lazarenko, by and through his counsel of record, respectfully submits this Reply in further support of his Motion for a *Limited* Discovery Stay during the pendency of the following motions which are dispositive in whole or in part: Claimant's Motion for Partial Summary Judgment Regarding the "Unknown Payments," dated Aug. 11, 2015 (Docket Entry no. 426)(fully briefed); Motion to Dismiss with Respect to Antiguan Funds, dated Nov. 6, 2015 (Docket Entry no. 492); and Motion for Partial Judgment on the Pleadings, or in the Alternative, Partial Summary Judgment ("Extraterritoriality Motion"), dated Dec. 29, 2015 (Docket Entry no. 539).  Mr. Lazarenko also asks for a stay while his discovery responses are pending before the Court.  Unless this Court grants a temporary stay to consider the merits, Mr. Lazarenko's written objections to the Magistrate Judge's discovery opinions will become moot and a significant opportunity to narrow the issues and reduce discovery burdens for both Mr. Lazarenko and the government will be lost.

The government urges denial of the motion on two grounds: first, it argues that Mr. Lazarenko failed to comply with Local Civil Rule 7(m)'s requirement to confer with opposing counsel "to determine whether there is any opposition to the relief sought;" and second, it argues that the Claimant's pending dispositive motions are meritless.  *See* Docket Entry no. 567 at 9-11 and 12-25.  Plaintiff is wrong on both counts.

With respect to its argument that Mr. Lazarenko needed to meet and confer first, the government has repeatedly made it extremely clear to the Claimant that it was unalterably opposed to any delay in Claimant's response to Interrogatory nos. 2 and 7 and the production of Claimant's tax records.   In its Response to the Claimant's Objections to the Magistrate's Report and Recommendation, filed Aug. 20, 2015 (Docket Entry no. 433), the government complained that:

> Claimant's extension requests are nothing more than an improper tactic to continue avoiding responding to Plaintiff's Interrogatories . . . Claimant has employed every excuse in the book to avoid responding to Plaintiff's Interrogatories . . . Now, in his Objections, invoking "the upcoming Jewish Holidays" and the "Pope's visit" to Philadelphia, and, of course, the need to review more records, Claimant requests even more time than he had previously requested to respond to Plaintiff's Interrogatories . . .

*Id*. at 2-3.

During an appearance before the Magistrate Court on Nov. 12, 2015, the Government requested and obtained an *earlier* date for Claimant's response to Interrogatories nos. 2 and 7:

> MR. CLAMAN:  Let's see. With regard to the March 8 deadline for them to file a response to our [interrogatories] numbers 2 and 7, we don't see why they can't answer that on the same schedule as we would be responding to Interrogatory 24. We don't see that there's any reason for them not to respond on February 8.  That information is going to be very important for us in terms of identifying who we need to depose as well as our expert analyzers of what's clean and dirty.
>
> THE COURT:  Okay.

2

United States Opposition to Claimant's Motion for a *Limited* Discovery Stay, dated Feb. 1, 2016, Government Exhibit 2, "November 12, 2015, Hearing" at 41 (Docket Entry 567-2 at 5). The Discovery Schedule was amended accordingly:

### Responses to Pending Interrogatories

a. **Plaintiff's Interrogatories Nos. 2 and 7.** In light of the parties' disagreement over the requirements of this Court's Order of July 20, 2015, the Court clarifies that Claimant shall provide supplemental responses to plaintiff's [sic] Interrogatories Nos. 2 and 7 on or before February 8, 2016. Unless a stay of this Court's July 20, 2015, Order is issued, the fact that Claimant's objections to that Order are pending before Judge Friedman will not eliminate or delay Claimant's obligation to respond by February 8, 2016.

Second Amended Discovery Scheduling Order, Docket Entry no. 494 at 3-4 (citations omitted). And more recently, in the second sentence of the Introduction to its Opposition to this motion, the government characterized this motion for a limited stay as "simply another improper delaying tactic to avoid complying with his discovery obligations." Docket Entry 567 at 1.

The record in this matter clearly demonstrates that the timing of discovery and of Claimant's response to Interrogatories 2 and 7 was repeatedly raised with the government, that the government was adamantly opposed to any extension of time for that response and that the only avenue of relief left available to the Claimant was this motion to this Court. In light of the fact that Mr. Lazarenko's counsel made this very request orally before the Magistrate Judge, and the government opposed the request at that time, an additional meet and confer session was wholly unnecessary.

The second ground-cum-refrain urged by the government throughout its Opposition is that any delay in discovery would be "fundamentally unfair" to the government:

"The motion should also be denied because only staying Lazarenko's discovery obligations would be manifestly unfair."

> **"Lazarenko's Stay Request Should Be Denied Because It Is Unwarranted and Fundamentally Unfair At This Juncture"** (emphasis in original);

> "staying Lazarenko's discovery obligations on the grounds that he has filed dispositive motions would be manifestly unfair to the Government.";

> "Lazarenko could have and should have filed these [dispositive] motions before burdening the Government with discovery. He did not do so in an apparent effort to gain an unfair procedural advantage.";

> "Staying Lazarenko's discovery obligations now that the Government has produced thousands of pages in discovery and substantially supplemented its interrogatory responses would give Lazarenko an unfair procedural advantage."

> "Staying Lazarenko's discovery without staying the Government's discovery obligations would be manifestly unfair and prejudicial to the Government."

> "Such a stay would be manifestly unfair and prejudicial to the Government at this stage of the proceedings."

> "If, however, the Court is inclined to consider the merits of Lazarenko's motion, it should deny the motion as it would be fundamentally unfair to let Lazarenko off the hook when it finally comes time for him to provide critical information for the Government to move its case forward."

Docket Entry no. 567 at 2, 11, 13, 13 n.1, 17, 18, 25 & 28.  The government offers no substance to support these bald allegations and ignores the fact that the Claimant's motion is for a "*Limited Discovery Stay.*"  Mr. Lazarenko seeks a stay of discovery where the government seeks to establish challenges to Mr. Lazarenko's standing and broad discovery on business relationships that are not alleged in the Amended Complaint.  Plaintiff's naked claims of prejudicial delay should carry no weight and should give the Court pause in this quasi-criminal case:

> A concluding word should be said about the duration of this case, a point emphasized in the prosecution's brief. A pattern of long delays in deciding criminal cases, or civil ones for that matter, should

4

> certainly be a matter of concern for any court. But in an individual
> appeal, especially in a criminal case with liberty and honor at stake,
> the main concern is always the achievement of justice. Justice
> includes the interests of the state as well as the defendant, but just
> where justice lies in this case is less clear than the government may
> suppose.

*Conley v. United States*, 323 F. 3d 1, 15 (1st Cir. 2003) (*en banc*).

The government's adjectival assault on Claimant's motion continues with its repeated description of Claimant's pending dispositive and partially motions as "meritless" or its equivalent. *See* Docket Entry 567 at 1, 19, 22 (twice), 24, 25 (twice), 26 and 27 (twice).  A limited delay in certain discovery to allow the Court to decide the merits of those motions is reasonable.  It creates potential rewards of narrowing the issues and avoids unnecessary prejudice to the Claimant.

Mr. Lazarenko respectfully submits that the government's substantive rejoinders to these motions are limited.  For example, in Mr. Lazarenko's motion for partial summary judgment pertaining argues that the government needed, but did not have, probable cause to effectuate the seizure.  Docket Entry no. 426.  The government simply argues that the multiple Ninth Circuit opinions on which Clamant relied are "wrong."  Docket Entry no. 509 at 15.[1]  Further, with respect to Mr. Lazarenko's motion for judgment on the pleadings based on extraterritorial reach, as Mr. Lazarenko has previously noted, this Court stated that the issues were close and interlocutory appeal might be warranted in 2007.  Docket Entry no. 539-2 at 2 n.1 (citing Hearing Transcript (1/24/2007) at 79).   Now, the Court has the benefit of *Morrison v. National Bank of Australia*, 561 U.S. 247 (2010) and its progeny.  *Morrison* speaks clearly about many of

---

[1] In its opposition to Mr. Lazarenko's emergency motion to clarify, it argues that the Ninth Circuit is right and that a foreign government does not need constructive possession of the *res* because the U.S. district court must make sufficient findings.  Docket Entry no. 555 at 15 (citing *United States v. Approximately $1.67 Million (U.S.)*, 513 F.3d 991, 998 n.4 (9th Cir. 2008)).  See generally Docket Entry no. 564, Reply to Motion to Clarify at 8 n.7 (discussing Plaintiff's conflicting position on the application of the Ninth Circuit's case law to this action).

the extraterritorial issues before the Court, and a ruling will substantially limit the issues facing the parties.

WHEREFORE, Mr. Lazarenko respectfully requests that the Court enter an order granting a limited stay of discovery, to wit, staying Mr. Lazarenko's response to interrogatories nos. 2 and 7 and production of his tax records, pending a ruling on his dispositive motions and/or his written discovery objections.

Dated:  Feb. 8, 2016

Respectfully submitted,

**BLANK ROME LLP**

By: ___/s/ Ian M. Comisky_____
Ian M. Comisky (D.C. Bar No. 927608)
Matthew D. Lee (D.C. Bar No. 453529)
Daniel E. Rhynhart (*pro hac vice*)
Jed M. Silversmith (D.D.C. Bar No. PA0055)
One Logan Square, 130 N. 18th Street
Philadelphia PA  19103
Phone:  (215) 569-5500
Fax:  (215) 832-5646
Comisky-im@blankrome.com
Lee-m@blankrome.com
rhynhart@blankrome.com
jsilversmith@blankrome.com


**SMITH & ZIMMERMAN, PLLC**
By: ___/s/ David B. Smith_____
David B. Smith (D.C. Bar No. 403068)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
Dsmith@smithzimmerman.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2016, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  I also certify that parties not so noticed have been served in accordance with Fed. R. Civ. P. 5(d).


/s/ Jed M. Silversmith