UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-0798 (PLF) |
| ) | |
| ALL ASSETS HELD AT BANK JULIUS, ) | |
| Baer & Company, Ltd., Guernsey ) | |
| Branch, account number 121128, in the ) | |
| Name of Pavlo Lazarenko et al., ) | |
| ) | |
| Defendants *In Rem*. ) | |

MEMORANDUM OPINION AND ORDER

On March 26, 2015, the Court referred this case to Magistrate Judge Harvey for the management of all discovery and the resolution of any discovery-related disputes.  See Referral Order at 1 (Mar. 26, 2015) [Dkt. 357].  One such dispute was presented to Magistrate Judge Harvey by Claimant Pavel Lazarenko's First Motion to Compel [Dkt. 336], and another by the government's Motion to Compel Claimant's Responses to Plaintiff's First Set of Interrogatories and to Stay Discovery Pending Such Responses [Dkt. 365].  Magistrate Judge Harvey held a three-day hearing on these motions and, on July 20, 2015, he issued a 31-page Memorandum Opinion [Dkt. 417] and accompanying Order [Dkt. 418].  Magistrate Judge Harvey granted both motions in part and denied both in part.  He also denied the government's motion to stay discovery.

Subsequently, Claimant Lazarenko filed Objections [Dkt. 424] to Magistrate Judge Harvey's Memorandum Opinion, the government filed a Response [Dkt. 433], and

Lazarenko filed a Reply [438].  After a thorough review of Magistrate Judge Harvey's Memorandum Opinion, the Objections thereto and related papers, and the underlying filings on the two motions to compel, the Court overrules the Objections and affirms Magistrate Judge Harvey's Memorandum Opinion in its entirety.

When a party objects to a Magistrate Judge's determination with respect to a non-dispositive matter – such as discovery generally or, more specifically, a motion to compel – "'the magistrate judge's decision is entitled to great deference,'" Beale v. District of Columbia, 545 F. Supp. 2d 8, 13 (D.D.C. 2008) (quoting Boca Investerings P'ship v. United States, 31 F. Supp. 2d 9, 11 (D.D.C. 1998)), and it will not be disturbed unless it is "clearly erroneous" or "contrary to law."  FED. R. CIV. P. 72(a); LOC. CIV. R. 72.2©; see also American Center for Civil Justice v. Ambush, 794 F. Supp. 2d 123, 129 (D.D.C. 2011).  The Court concludes that Magistrate Judge Harvey correctly articulated the applicable legal principles and that his decisions were not clearly erroneous.

During the course of the three-day hearing over which he presided, Magistrate Judge Harvey was able to persuade the parties to agree on a number of the issues that had been raised in Claimant Lazarenko's motion to compel.  In the end, of the 34 requests for production of documents, Magistrate Judge Harvey had to resolve disputes with respect to only two document requests – Document Request 16 and Document Request 17.  Both involved communications between the government and representatives of foreign governments, one concerning the subject matter of the Amended Complaint, and the other concerning Mr. Lazarenko.  The Court completely agrees with Magistrate Judge Harvey that permitting the requested discovery would pose an "extreme burden" on the government, that it is unlikely to

lead to discovery of probative evidence, and that Claimant is on an unwarranted "fishing expedition." See Memorandum Opinion at 18-20 [Dkt. 417]. Claimant's motion to compel with respect to Document Requests 16 and 17 therefore was properly denied.

Turning next to the government's Motion to Compel Lazarenko's Responses to its First Set of Interrogatories, the Court agrees completely with Magistrate Judge Harvey's resolution of the issues relating to the timing of Claimant's supplemental responses to the government's interrogatories as set forth on pages 21 through 25 of his Memorandum Opinion [Dkt. 417]. Specifically, the Court finds most reasonable Magistrate Judge Harvey's ruling that Claimant need not respond to the government's interrogatories until he receives and reviews certain documents from the government, Memorandum Opinion at 23 [Dkt. 417], and it also agrees with the "significant caveat" to that ruling set forth by the magistrate judge. Id. at 24. The Court further assumes that the procedures Magistrate Judge Harvey has put in place with respect to timing are working in the manner in which he directed; if not, Magistrate Judge Harvey can take remedial steps. In any event, neither the government nor Lazarenko has filed any objections respecting this portion of Magistrate Judge Harvey's Memorandum Opinion.

Next, Claimant Lazarenko asserts that Interrogatories 2, 3, 5, 6 and 7 are overbroad. For the reasons expressed by Magistrate Judge Harvey on pages 25 through 28 of his Memorandum Opinion [Dkt. 417], the Court agrees that Claimant's overbreadth objections with respect to Interrogatories 2, 3 and 7 are "not well-taken." Furthermore, the Court also concludes that Magistrate Judge Harvey properly rejected Claimant's overbreadth objections to Interrogatories 5 and 6. See Memorandum Opinion at 28-29 [Dkt. 417]. With respect to the one exception identified by Magistrate Judge Harvey, the Court agrees that the scope of Interrogatories 5 and 6

should be limited to the time period of the events set forth in the Amended Complaint – that is, from 1992 through and including 1999, and not beyond.  Claimant Lazarenko's argument that the question of overbreadth is "a legal issue subject to de novo review," Reply at 3, is frivolous.  It is precisely the kind of discretionary discovery decision reposed in the magistrate judge as to which he is entitled to "great deference."  See Beale v. District of Columbia, 545 F. Supp. 2d at 13.  Finally, for the reasons expressed by Magistrate Judge Harvey at pages 29 through 31 of his Memorandum Opinion [Dkt. 417], the Court agrees that Claimant's "probable cause" objection is frivolous in the context of this case.  In sum, the Court concludes that Magistrate Judge Harvey's Memorandum Opinion is correct in all respects and, in any event, is not clearly erroneous and does not constitute an abuse of discretion.

In addition to filing Objections to the magistrate judge's decisions with respect to discovery, Claimant Lazarenko included in his Objections requests for:  (1) a 60-day enlargement of time to respond to the interrogatories; (2) a stay of the portion of the magistrate judge's Memorandum Opinion requiring Claimant to respond to interrogatories relating to certain allegations in paragraph 50 of the Amended Complaint; and (3) an expansion of the time frame of the government's search for records pertaining to Julia Tymoshenko.  Objections at 18-24 [Dkt. 424].  The government correctly argues that none of these requests is appropriate for inclusion in objections to the magistrate judge's Memorandum Opinion and that the first two are effectively new discovery requests that should have been addressed to the magistrate judge in the first instance.  See Plaintiff's Response to Lazarenko's Objections at 1-2, 18-21 [Dkt. 433].  The Court agrees that when discovery issues are referred to a magistrate judge, as they have been in this case, see Referral Order at 1 [Dkt. 357], a party should not be permitted to submit discovery

requests directly to the district court that the magistrate judge has not first considered. See, e.g., Rodrigues v. Pataki, 293 F. Supp. 2d 313, 315 (S.D.N.Y. 2003). In any event, Claimant Lazarenko now has withdrawn these two requests. See Reply at 2.

In his Reply, Claimant persists in his argument with respect to Ms. Tymoshenko. Reply at 6-7. In view of the government's representation that the time frame for the search of records related to Ms. Tymoshenko was the subject of an agreement between the parties, however, Response at 19-20, the Court will not consider that argument here. A reformation of that agreement should first be raised with Magistrate Judge Harvey, as should any other scheduling, stay, or timing issues implicated by the pending motions or with respect to discovery generally. For the foregoing reasons, it is hereby

ORDERED that Claimant Lazarenko's Objections [Dkt. 424] to Magistrate Judge Harvey's Memorandum Opinion of July 20, 2015 [Dkt. 417], granting in part and denying in part Claimant Pavel Lazarenko's First Motion to Compel [Dkt. 336], and the government's Motion to Compel Claimant's First Set of Interrogatories and to Stay Discovery Pending Such Responses [Dkt. 365] are OVERRULED; and it is

FURTHER ORDERED that Magistrate Judge Harvey's Memorandum Opinion and Order of July 20, 2015 [Dkts. 417, 418] are AFFIRMED.

SO ORDERED.

DATE: March 17, 2016

/s/_____
PAUL L. FRIEDMAN
United States District Court