UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALL ASSETS HELD AT BANK JULIUS,<br>Baer & Company, Ltd., Guernsey<br>Branch, account number 121128, in the<br>Name of Pavlo Lazarenko et al.,<br><br>　　　　Defendants *In Rem*. | Civil Action No. 1:04-cv-00798 (PLF) |

MEMORANDUM OPINION AND ORDER

　　　　This matter is before the Court on three motions: (1) the United States' motion for clarification of filing deadline or, in the alternative, for a three-day enlargement of time to respond to claimant Pavel Lazarenko's second motion for leave to amend his answer to the amended complaint [Dkt. 778]; (2) the United States' motion for leave to file under seal its opposition to claimant Pavel Lazarenko's second motion for leave to amend his answer to the amended complaint [Dkt. 780]; and, (3) claimant Pavel Lazarenko's motion requesting a status conference [Dkt. 782]. Upon consideration of the parties' papers and the relevant legal authorities, the Court will grant all three motions.

　　　　The Court notes, however, that the United States' motion for clarification is plainly frivolous and a waste of the Court's time. In this motion, the United States seeks clarification of the deadline that the Court imposed in a September 8, 2016 minute order, which directed the United States to "file its opposition, if any, to claimant Lazaranko's Second Motion

for Leave to Amend His Answer to the Amended Complaint within 10 days of the Court's ruling on claimant Lazarenko's Motion for Leave to File Under Seal."[1]  The Court granted claimant Lazarenko's motion for leave to file under seal on September 23, 2016 and therefore expected the United States to file its opposition on or before October 3, 2016 pursuant to the terms of Rule 6 of the Federal Rules of Civil Procedure.[2]  The United States' motion asks the Court to clarify whether Rule 6(d) affords it three additional days to file its opposition.  Dkt. 778 at 2.

The United States' opposition was due on or before October 3, 2016.  Rule 6(d) states that "[w]hen a party may or must act within a specified time after *service* and *service* is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  FED. R. CIV. P. 6(d) (emphasis added).  Courts are not in the business of "service"; parties and lawyers are.  The Rule therefore is clear on its face.  It "extend[s] deadlines following the *service* of documents by an opposing party in specified circumstances to accommodate time needed to effect service; [it] do[es] not apply to filing deadlines following *entry* of court orders[.]"  Lorenzo v. Prime Communications, L.P., 806 F.3d 777, 783 (4th Cir. 2015) (emphasis in original).

---

[1] The Court shortened the United States' time to file its opposition from the 14 days afforded by Local Civil Rule 7(b) to 10 days because the United States took almost an entire month merely to oppose the sealing of Lazarenko's second motion for leave to amend his answer.  See Lazarenko's Motion for Leave to File Under Seal (Aug. 20, 2016) [Dkt. 763]; United States' Motion for Extension of Time to Oppose Dkt. 763 (Sept. 2, 2016) [Dkt. 767]; United States' Opposition to Dkt. 763 (Sept. 20, 2016] [Dkt. 774].  This was an extraordinary delay to oppose sealing on the basis of arguments that the United States has briefed numerous times before.

[2] When computing time, Rule 6(a)(1)(A) of the Federal Rules of Civil Procedure instructs that the Court should "exclude the day of the event that triggers the period" — here, September 23, 2016.  Rule 6(a)(1)(B) further instructs that the Court should begin counting on the next day and "count every day, including intermediate Saturdays, Sundays, and legal holidays."  The last day of the 10-day period was October 3, 2016.

Despite the United States' frivolous argument under Rule 6(d), the Court will grant the United States' request for a three-day extension <u>nunc pro tunc</u> up to and including October 6, 2016 to file its opposition to Lazarenko's second motion for leave to file under seal, Dkt. 778. The Court therefore will also grant the United States' motion for leave to file under seal the opposition that it ultimately filed on October 6, 2016, Dkt. 780.

In addition to those two motions, claimant Lazarenko moves for a status conference to address "a number of matters which require the Court's prompt attention." Dkt. 782-1 at 1. The Court will grant Lazarenko's motion and order the parties to provide the Court in advance a list of issues to be discussed at the status conference. In addition to those issues, the parties should be prepared at the status conference to provide to the Court an update, accompanied by any relevant documentary support, on the most recent status of claimant Lazarenko's attempts to settle his <u>in rem</u> proceeding in the High Court of Antigua and Barbuda.

Accordingly, it is hereby

ORDERED that the United States' motion for clarification of filing deadline or, in the alternative, for a three-day enlargement of time <u>nunc pro tunc</u> to respond to claimant Pavel Lazarenko's second motion for leave to amend his answer to the amended complaint [Dkt. 778] is GRANTED; it is

FURTHER ORDERED that the United States' motion for leave to file under seal its opposition to claimant Pavel Lazarenko's second motion for leave to amend his answer to the amended complaint [Dkt. 780] is GRANTED. The opposition may be filed under seal and the Clerk of the Court is directed to docket it. The United States shall within five business days file on the public record a copy of its opposition in which the confidential material is redacted; it is

FURTHER ORDERED that claimant Pavel Lazarenko's motion requesting a status conference [Dkt. 782] is GRANTED.  The parties are directed to appear for a status conference at 10:30 a.m. on October 27, 2016; and it is

FURTHER ORDERED that the parties shall file a joint status report on or before October 24, 2016 listing the issues to be discussed at the October 27, 2016 status conference; and it is

FURTHER ORDERED that the parties shall be prepared at the status conference to provide to the Court an update, accompanied by any relevant documentary support, on the most recent status of claimant Lazarenko's attempts to settle his in rem proceeding in the High Court of Antigua and Barbuda.

SO ORDERED.

DATE:  October 17, 2016

/s/_____
PAUL L. FRIEDMAN
United States District Court