UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
               Plaintiff,               )
                                        )
        v.                              )        Civil Action No. 04-0798 (PLF)
                                        )
ALL ASSETS HELD AT BANK JULIUS,         )
Baer & Company, Ltd., Guernsey          )
Branch, account number 121128, in the   )
Name of Pavlo Lazarenko et al.,         )
                                        )
               Defendants In Rem.       )
_____)
```

OPINION AND ORDER

    This matter is before the Court on two motions of Claimant Pavel Lazarenko,

a.k.a. Pavlo Lazarenko ("Lazarenko"), for leave to amend his answer to the amended complaint

to make four changes:  (1) admit rather than deny one allegation; (2) supplement his due process

affirmative defense; (3) add five new affirmative defenses:  excessive fine, judicial estoppel,

undue delay, collateral estoppel, and "estoppel/unclean hands"; and (4) supplement his response

to paragraph 62 relating to the Guernsey assets.  The United States opposes the first and third

changes, but not the second or fourth.  Upon consideration of the parties' written submissions,

the relevant case law, and the entire record in this case, the Court will grant the motions in part

and deny them in part.  Specifically, the Court will permit Lazarenko to amend his answer to

admit rather than deny one allegation, supplement his due process defense, and supplement his

response to paragraph 62.  The Court will not permit him to add the five new affirmative

defenses because such an amendment would be futile.[1]

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This is a civil in rem action in which the United Sates seeks forfeiture of over

$250 million dollars scattered throughout bank accounts located in Antigua, Barbuda, Guernsey,

Liechtenstein, Lithuania, and Switzerland.  See Am. Compl. ¶ 1.  This Court's prior opinions

summarize the procedural history of this case, starting with the criminal prosecution of

Lazarenko, and continuing through this civil forfeiture proceeding.  See, e.g., United States v.

All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d 1, 3-6 (D.D.C. 2008) ("All

Assets I"); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d 81,

84-94 (D.D.C. 2013) ("All Assets V"); United States v. All Assets Held at Bank Julius Baer &

Co., Ltd., 307 F.R.D. 249, 250-51 (D.D.C. 2014) ("All Assets VI").  In brief, Lazarenko is "a

prominent Ukrainian politician who, with the aid of various associates, was 'able to acquire

---

[1]        The documents reviewed by the Court in resolving the pending motion include the
following:  Complaint [Dkt. 1]; Amended Complaint ("Am. Compl.") [Dkt. 20]; Pavel
Lazarenko's Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture
In Rem ("Claim") [Dkt. 29]; Claimant Pavel Lazarenko's Verified Answer to First Amended
Verified Complaint for Forfeiture In Rem ("Answer") [Dkt. 268]; Claimant Pavel Lazarenko's
Motion for Leave to Amend Answer to Amended Complaint ("First Mot.") [Dkt. 367]; Claimant
Pavel Lazarenko's Amended Answer ("Proposed First Am. Answer") [Dkt. 367-1]; Plaintiff's
Opposition to Claimant Pavel Lazarenko's Motion for Leave to Amend Answer to Amended
Complaint ("First Opp.") [Dkt. 401]; Claimant Pavel Lazarenko's Reply in Support of His
Motion for Leave to Amend His Answer to the Amended Complaint ("First Reply") [Dkt. 408];
July 29, 2016 Memorandum Opinion of Magistrate Judge G. Michael Harvey [Dkt. 751];
Claimant Pavel Lazarenko's Second Motion for Leave to Amend His Answer to the Amended
Complaint ("Second Mot.") [Dkt. 775]; Claimant Pavel Lazarenko's Second Amended Answer
("Proposed Second Am. Answer") [Dkt. 775-1]; United States' Opposition to Claimant Pavel
Lazarenko's Second Motion for Leave to Amend His Answer to the Amended Complaint
("Second Opp.") [Dkt. 791]; and Claimant Pavel Lazarenko's Reply in Support of His Motion
for Leave to Amend His Answer to the Amended Complaint ("Second Reply") [Dkt. 833].

hundreds of millions of United States dollars through a variety of acts of fraud, extortion,

bribery, misappropriation and/or embezzlement' committed during the 1990s."  <u>All Assets V</u>,

959 F. Supp. 2d at 85 (quoting Am. Compl. ¶¶ 1, 10).

   As relevant to the present motions for leave to amend, the United States filed its

First Amended Complaint on June 30, 2005, alleging, <u>inter alia</u>, that:

> Lazarenko[] is the Settlor and Protector of the Balford Trust and is the beneficial
> owner of the assets maintained in accounts 41610, 41950, and 41843 at Credit
> Suisse (Guernsey) Limited.  Other nominal beneficiaries of the trust are members
> of Lazarenko's family.

Am. Compl. ¶ 81.  Lazarenko filed a verified answer that responded:

> Claimant admits the allegations that he is the Settlor and Protector of the Balford
> Trust, maintained in account 41610 at Credit Suisse (Guernsey) and that the
> beneficiaries of the trust are members of his family.  Claimant denies the further
> allegation the [sic] members of his family are "nominal beneficiaries."

Answer ¶ 81.  Lazarenko also asserted several affirmative defenses in his answer, including that

"the forfeiture of defendant property and currency should be barred by the Due Process Clause of

the Fifth Amendment to the U.S. Constitution."  <u>Id</u>. ¶ 160.

   On May 1, 2015, Lazarenko moved under Rule 15(a) of the Federal Rules of Civil

Procedure for leave to file an amended answer that would make several changes:  (1) changing

his response to paragraph 81 so that he "admits the further allegation the members of his family

are 'nominal' beneficiaries," Proposed First Am. Answer ¶ 81; (2) appending to the existing due

process affirmative defense an explanation that "[t]he due process violations stem from the

involvement of the Ukrainian General Prosecutors Office in the collection of documents and

witness testimony that will be used in this matter," <u>id</u>. ¶ 160; and (3) adding four new affirmative

defenses:  excessive fine, judicial estoppel, undue delay, and collateral estoppel.  <u>Id</u>. ¶¶ 161-64.

Lazarenko's full proposed answer to paragraph 81 now would read:

> Claimant admits the allegations that he is the Settlor and Protector of the Balford
> Trust, maintained in account 41610 at Credit Suisse (Guernsey) and that the
> beneficiaries of the trust are members of his family.  Claimant admits the further
> allegation the [sic] members of his family are "nominal" beneficiaries.

Proposed First Am. Answer ¶ 81.  Notably, it would not respond to the government's allegation

that Lazarenko "is the beneficial owner of the assets maintained in accounts 41610, 41950, and

41843 at Credit Suisse (Guernsey) Limited."  Am. Compl. ¶ 81.  Lazarenko's "excessive fine"

affirmative defense is that the forfeiture "is prohibited by the Excessive Fines Clause of the

Eighth Amendment and 18 U.S.C. § 983(g)," id. ¶ 161; his "judicial estoppel" affirmative

defense is that the United States cannot deviate from its legal positions during his criminal

prosecution, id. ¶ 162; his "undue delay" affirmative defense is that the United States' delay in

the "filing of the Amended Complaint and the subsequent delay in commencing discovery" bar

forfeiture, id. ¶ 163; and his "collateral estoppel" affirmative defense is that the United States

cannot now raise arguments it could have raised but chose not to raise during his criminal

prosecution.  Id. ¶ 164.

On August 20, 2016, Lazarenko moved a second time to amend his answer to add

the additional affirmative defense of "[e]stoppel/[u]nclean [h]ands," arguing that the United

States is bound to certain promises that it made to him during failed plea discussions in 2002.

Proposed Second Am. Answer ¶ 165.  That affirmative defense is that the United States is

estopped "from seeking forfeiture of any funds over and above $21,696,000, or alternatively any

funds traceable to any crimes discussed in" the failed plea agreement between Lazarenko and the

United States.  Id.  Lazarenko's second motion for leave to amend his answer also seeks to

supplement his response to paragraph 62 of the complaint concerning the Guernsey assets,

adding the following sentence:  "Claimant further admits that he has control over the accounts in

Guernsey in the name of Samante, including account numbers 41610, 41950, and 41843." Id. ¶ 62.

## II.  DISCUSSION

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, when unable to do so as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "[I]t is common ground that Rule 15 embodies a generally favorable policy toward amendments."  Hill v. U.S. Dep't of Def., 70 F. Supp. 3d 17, 19 (D.D.C. 2014) (quoting Davis v. Liberty Mut. Ins. Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989)); see also Harris v. Sec'y, U.S. Dep't of Veterans Affairs, 126 F.3d 339, 344 (D.C. Cir. 1997) (describing Rule 15(a)(2) as adopting a "generous standard").  In considering whether to grant leave to amend a pleading, a district court should consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962).

As noted, the United States does not oppose two of the four proposed changes to Lazarenko's amended answer.  The Court addresses each of Lazarenko's remaining proposed amendments in turn.

### A.  Changing a Denial to an Admission in Paragraph 81

The United States argues that Lazarenko waived any ability to admit to the allegation in paragraph 81 of the complaint that "the members of his family are 'nominal' beneficiaries" because he has disclaimed any beneficial ownership in the Balford Trust.  First

Opp. at 7-8.  The United States also claims that Lazarenko's more than four-year delay in filing his motion for leave to amend his answer waived his opportunity to make the proposed changes, id. at 11-12, and that permitting the amendment would prejudice the United States by "unnecessarily broadening the scope of this litigation."  Id. at 14.  Finally, the United States argues that the amendment would be futile because no evidence adduced in discovery substantiates Lazarenko's beneficial interest in the Balford Trust.

The United States' waiver and futility arguments fail because Lazarenko's amendment does not assert his beneficial ownership in the Balford Trust.  Rather, the amendment merely changes the statement, "[c]laimant denies the further allegation the [sic] members of his family are 'nominal beneficiaries,'" to the statement, "[c]laimant admits the further allegation the [sic] members of his family are 'nominal' beneficiaries."  Compare Answer ¶ 81, with Proposed First Am. Answer ¶ 81.  Indeed, both Lazarenko's original answer to paragraph 81 and his proposed amended answer omit any response to the United States' allegation in paragraph 81 in the complaint that alleges that "Lazarenko . . . is the beneficial owner of the assets maintained in accounts 41610, 41950, and 41843 at Credit Suisse (Guernsey) Limited."  Am. Compl. ¶ 81 (emphasis added).  The question of whether Lazarenko has "beneficial ownership" in the Balford Trust if his children are "nominal" beneficiaries of it has not been resolved and is not addressed by the parties' briefing on the instant motion.  That legal question is one that the parties should confront, if at all, in dispositive motions following completion of discovery.  For the time being, however, the Court reads Lazarenko's proposed amendment to paragraph 81 as continuing to not respond to the complaint's allegation about his own beneficial ownership, or not, in the Balford Trust.  The United States' waiver and futility arguments therefore are inapposite.

6

With respect to undue delay and prejudice, the question is whether Lazarenko's decision to wait more than four years to seek to amend his answer constitutes undue delay sufficient to deny leave to amend.  "Perhaps in colloquial terms, [his decision] did."  United States v. Honeywell Int'l, Inc., --- F.R.D. ----, 2016 WL 4074127, at *3 (D.D.C. July 29, 2016). But the D.C. Circuit has held that "[t]he district court may not deny" a motion for leave to amend a pleading "based solely on timeliness unless the defendants can [also] show undue prejudice." In re APA Assessment Fee Litig., 766 F.3d 39, 56–57 (D.C. Cir. 2014); see also Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999); In re Vitamins Antitrust Litig., 217 F.R.D. 30, 33 (D.D.C. 2003) ("[D]elay without resulting prejudice to [the non-moving party] is not sufficient to warrant denial of [a] motion [to amend a pleading]."); CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 6 FED. PRAC. & PROC. CIVIL § 1488 (3d ed. April 2016) ("In most cases, delay alone is not a sufficient reason for denying leave.").

In order for a court to determine if the threat of prejudice to the opposing party is "undue," courts should consider "the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 6 FED. PRAC. & PROC. CIVIL § 1487 (3d ed. April 2016).  "[T]he grant of leave to amend [a pleading] might often occasion some degree of delay and additional expense, but leave still should be freely given unless prejudice or delay is undue[.]"  Barkley v. U.S. Marshals Serv. ex rel. Hylton, 766 F.3d 25, 39 (D.C. Cir. 2014) (internal quotation marks omitted).  "Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely."  Does I through III v. District of Columbia, 815 F.

Supp. 2d 208, 215 (D.D.C. 2011) (internal quotation marks omitted).  "[A]n amendment is not automatically deemed prejudicial if it causes the non-movant to expend additional resources. Any amendment will require some expenditure of resources on the part of the non-moving party. 'Inconvenience or additional cost to a defendant is not necessarily undue prejudice.'"  United States ex rel. Westrick v. Second Chance Body Armor, Inc., 301 F.R.D. 5, 9 (D.D.C. 2013) (quoting City of Moundridge v. Exxon Mobil Corp., 250 F.R.D. 1, 6-7 (D.D.C. 2008)).  Indeed, "if [a] court were to employ a policy of denying [] leave to amend in every situation where an amended [pleading] may result in additional discovery or expense, then [the] court would fail to abide by the legal standard of granting leave 'freely . . . when justice so requires.'"  Hisler v. Gallaudet Univ., 206 F.R.D. 11, 14 (D.D.C. 2002) (quoting FED. R. CIV. P. 15(a)(2)).

Here, allowing Lazarenko to amend his answer to change a denial to an admission will not cause the United States undue prejudice.  The United States does not suggest that Lazarenko's more than four-year delay (from November 21, 2011, when he filed his answer, Dkt. 268, to May 1, 2015, when he moved for leave to amend) prejudiced it — let alone *unduly* prejudiced it — for example, because key witnesses are no longer available, it cannot conduct discovery, etc.  Rather, it suggests that the undue prejudice results from the fact that it will "hav[e] to take discovery on Plaintiff's new meritless allegations."  First Opp. at 14.  The Court assumes that by "plaintiff" the United States means Lazarenko, but does not understand Lazarenko's proposed change to introduce any "new allegations."  Indeed, the Court fails to see how Lazarenko *admitting* the United States' own allegation could surprise or appear "new" to the United States.  Cf. Nwachukwu v. Karl, 216 F.R.D. 176, 180 (D.D.C. 2003) ("The plaintiff, however, fails to realize that this change results in an admission by the defendant to the allegation at issue, thereby causing no prejudice to the plaintiff.")  The parties will continue to

8

conduct discovery about Lazarenko's beneficial ownership, or not, in the Balford Trust.  The

voluminous amount of material already adduced in discovery on this issue (and appended to the

motion papers at issue here), however, is strong evidence that additional discovery on

Lazarenko's change to paragraph 81 will not be nearly as burdensome as the United States

suggests.  Whatever burden it occasions on the United States is not *undue*.  See Butler v. White,

67 F. Supp. 3d 59, 68-69 (D.D.C. 2014).

         In sum, the United States' waiver and futility objections to Lazarenko's change of

a denial to an admission in paragraph 81 fail because the change is not an assertion of beneficial

ownership in the Balford Trust.  Lazarenko's answer continues to remain silent in response to

that allegation in paragraph 81.  Lazarenko's change (and his delay in making it) will not cause

the United States undue prejudice, only the garden-variety prejudice that attends a party choosing

to concede an argument it previously contested during the course of litigation.  The Court

therefore will grant Lazarenko's motion for leave to amend his answer to change a denial to an

admission in paragraph 81.[2]

---

[2]        The Court also will grant Lazarenko's motions with respect to two changes the
United States does not oppose:  (1) supplementing his existing due process affirmative defense
contained at paragraph 160 of the complaint; and (2) supplementing his response to paragraph 62
of the complaint.

         With respect to paragraph 160, the United States contends only that Lazarenko
has "no facts to support this allegation and to show that it is plausible on its face."  First Opp. at
19.  This contention mistakes the posture of the Lazarenko's due process affirmative defense.
Lazarenko included this affirmative defense in his answer in 2011, Answer ¶ 160, and the United
States has not moved to strike the affirmative defense as insufficient under Rule 12(f) of the
Federal Rules of Civil Procedure.  If anything, Lazarenko's proposed supplement to his due
process affirmative defense makes it more plausible and less susceptible to a motion to strike.
See United States ex rel. Head v. Kane Co., 668 F. Supp. 2d 146, 150 (D.D.C. 2009) (district
courts should grant motions to strike affirmative defenses only "'where it is clear that the
affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting
unnecessary time and money litigating the invalid defense'" (quoting Sec. & Exch. Comm'n v.
Gulf & Western Indus., Inc., 502 F. Supp. 343, 344 (D.D.C. 1980))).

*B.  Futility of Amendment to Add Affirmative Defenses*

The D.C. Circuit has not addressed the standard by which judges in this district should determine whether affirmative defenses in an answer are futile under <u>Foman v. Davis</u>. With respect to the futility of claims in a complaint, however, it is clear that "[a] district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." <u>Hettinga v. United States</u>, 677 F.3d 471, 480 (D.C. Cir. 2012).  Where a plaintiff "'could not allege additional facts that would cure the deficiencies in her complaint,'" a district court acts within its discretion in denying leave to amend the complaint as futile.  <u>Rollins v. Wackenhut Servs., Inc.</u>, 703 F.3d 122, 131 (D.C. Cir. 2012) (quoting <u>Belizan v. Hershon</u>, 434 F.3d 579, 584 (D.C. Cir. 2006)).  In order to survive a motion to dismiss, a plaintiff must allege enough facts in the complaint to show that each claim is "plausible," as defined in <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  <u>See</u> <u>Jewler v. District of Columbia</u>, --- F. Supp. 3d ----, 2016 WL 4098596, at *1 (D.D.C. July 28, 2016).

It is an open question in this circuit (and almost every other circuit) whether the heightened plausibility pleading standard announced in <u>Twombly</u> and <u>Iqbal</u> applies to affirmative defenses.  <u>See</u> <u>Paleteria La Michoacana v. Productos Lacteos</u>, 905 F. Supp. 2d 189, 190 & n.1 (D.D.C. 2012).[3]  Before <u>Twombly</u> and <u>Iqbal</u>, the so-called "notice pleading" standard demanded that a complaint simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (quoting FED. R. CIV. P. 8(a)(2)).  At least two circuits recently have acknowledged the question but found it

---

[3]     Only the Seventh Circuit has issued a precedential holding on the question, finding that <u>Twombly</u> and <u>Iqbal</u> only "restated the requirements of FED. R. CIV. P. 8" and "did not revise the allocation of burdens concerning affirmative defenses" because neither case "mentions affirmative defenses."  <u>Davis v. Indiana State Police</u>, 541 F.3d 760, 763-64 (7th Cir. 2008).

unnecessary to decide whether to apply the heightened plausibility pleading standard or the former notice pleading standard to affirmative defenses as well as to claims.  See, e.g., Jones v. Bryant Park Mkt. Events, LLC, --- Fed. Appx. ---, 2016 WL 4258948, at *2 (2d Cir. Aug. 12, 2016); Depositors Ins. Co. v. Estate of Ryan, 637 F. App'x 864, 869 (6th Cir. 2016).  Judge Rudolph Contreras of this Court has thoroughly explained the various legal and policy arguments surrounding whether to apply the heightened plausibility pleading requirement to affirmative defenses; he concluded it was not appropriate to do so.  Paleteria La Michoacana v. Productos Lacteos, 905 F. Supp. 2d at 190-93.

The Court need not decide that question in this case.  Because some of Lazarenko's new affirmative defenses are meritless as a matter of law, there is no need for the Court to consider whether Lazarenko has pled sufficient facts to substantiate them.  Where not legally meritless, Lazarenko's proposed affirmative defenses fail under either the heightened plausibility pleading standard or the former notice pleading standard.  As a result, it would be futile to permit him to amend his answer to add those affirmative defenses.

### 1.  Excessive Fine

The Eighth Amendment prohibits, among other things, the imposition of excessive fines by the government.  U.S. CONST. amend. VIII.  "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish."  United States v. Bajakajian, 524 U.S. 321, 334 (1998).  "'A civil penalty violates the Excessive Fines Clause [of the Eighth Amendment] if it 'is grossly disproportional to the gravity of' the offense.'"  Collins v. Sec. & Exch. Comm'n, 736 F.3d 521, 526 (D.C. Cir. 2013) (quoting United States v. Bajakajian, 524 U.S. at 334).  In United States v. Bajakajian, the

11

Supreme Court considered four factors in weighing the gravity of the defendant's offense: "(1) the essence of the crime and its relation to other criminal activity; (2) whether the defendant fit into the class of persons for whom the statute was principally designed; (3) the maximum sentence and fine that could have been imposed; and (4) the nature of the harm caused by the defendant's conduct."  Collins v. S.E.C., 736 F.3d 521, 526 (D.C. Cir. 2013).

There is no reasonable argument that the amount of forfeiture in this case is "grossly disproportional" to the crimes of which Lazarenko was convicted in the Northern District of California.  The United States' complaint seeks forfeiture of roughly $250 million scattered throughout bank accounts located in Guernsey, Antigua & Barbuda, Switzerland, Lithuania, and Liechtenstein.  See All Assets I, 571 F. Supp. 2d at 2.  In 2004, Lazarenko was convicted of "eight counts of money laundering and money laundering conspiracy, five counts of wire fraud, and one count of interstate transportation of property stolen, converted or taken by fraud," id. at 5, which resulted in him "receiv[ing] more than $326 million in payments from various individuals and businesses through wire transfers occurring in the United States, while reporting an income of less than $6,000 per year in 1996 and 1997," id. at 3.  Whether Lazarenko still possesses any of that $326 million is not relevant because his "ability to pay is not a component of the Eighth Amendment proportionality analysis."  Duckworth v. United States ex rel. Locke, 705 F.Supp.2d 30, 48 (D.D.C. 2010).  There are no facts that Lazarenko could add to his excessive fine affirmative defense to convince the Court that the potential amount of the forfeiture in this in rem proceeding (approximately $250 million) is "grossly disproportional" to his criminal offenses because a jury has found that he received proceeds from his criminal activity that are well in excess of the amount of forfeiture.  The Court therefore concludes that it would be futile to permit an amendment to add Lazarenko's excessive fine affirmative defense.

12

2.  Judicial Estoppel

"Judicial estoppel 'prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'"  Marshall v. Honeywell Tech. Sys. Inc., 828 F.3d 923, 928 (D.C. Cir. 2016) (quoting New Hampshire v. Maine, 532 U.S. 742, 749 (2001)).  "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." New Hampshire v. Maine, 532 U.S. at 750 (internal quotation marks omitted).  The Supreme Court has enumerated three non-exhaustive factors that inform the Court's decision of whether to invoke the rule:  (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  Id. at 750-51 (internal quotation marks omitted).

Unlike Lazarenko's excessive fine affirmative defense, his judicial estoppel offense may not be legally meritless.  Lazarenko's amended answer pleads it in such a bare bones fashion, however, that it fails under either the heightened plausibility pleading standard or the former notice pleading standard.  Lazarenko's motion in support of leave to file his amended answer suggests but one concrete example of judicial estoppel:  the United States claims now, in alleged contradiction with its position in Lazarenko's criminal case, "that the prices that the Ukrainian Cabinet of Ministers paid in the prefabricated home sales 'scheme' were grossly inflated."  Mot. at 4 n.4.  As an initial matter, Lazarenko should have pled this example in his

proposed answer and not in the motion in support of leave to file.  Even so, this assertion does

not demonstrate that the United States has taken "clearly inconsistent" positions because, by

Lazarenko's own admission, "the government had previously not raised that issue in the criminal

case."  Mot. at 4 n.4.  The Court concludes that it would be futile to permit Lazarenko to amend

his answer to add his bare bones judicial estoppel affirmative defense, which fails to identify

even one instance where the United States has taken inconsistent litigation positions between

Lazarenko's criminal case and the present in rem action.[4]

### 3.  Undue Delay

Lazarenko's undue delay affirmative defense fails as legally meritless because

there are no facts that Lazarenko could add that would support a claim that the United States has

engaged in undue delay in the filing of the complaint or in commencing discovery.  The United

States filed this in rem action on May 14, 2004, roughly one month before a jury in United States

District Court for the Northern District of California found Lazarenko guilty of a variety of

criminal offenses.  See All Assets I, 571 F. Supp. 2d at 4.  The United States then filed its

amended complaint on June 30, 2005, see generally Am. Compl., more than a year before Judge

Charles Breyer of the United States District Court for the Northern District of California

sentenced Lazarenko for his crimes on August 25, 2006.  See N.D. Cal. No. 00-cr-00284 [Dkt.

1054].  The United States therefore did not engage in undue delay in "the filing of the Amended

Complaint," as Lazarenko pleads in his proposed amended answer.  Proposed First Am. Answer

¶ 163.

---

[4]        It is possible that Lazarenko could properly plead such inconsistencies, if they exist, but he has not done so in either of the two pending motions to amend.

Lazarenko's allegation that that the United States has unduly delayed in "commencing discovery" also lacks merit.  Lazarenko provides no supporting explanation for this claim, and the Court is not inclined to comb the record for itself to document how the United States has litigated discovery in this case.  Suffice it to say that both parties have made strategic choices about how to litigate this case that delayed the commencement of discovery and lengthened the duration of discovery.  Even if Lazarenko had pled more about how the United States delayed in commencing discovery, he has not alleged that the delay prejudiced him in any way.  The Court therefore denies as futile Lazarenko's motion for leave to amend his answer to assert the affirmative defense of undue delay.

4.  Collateral Estoppel

Under the collateral estoppel form of issue preclusion, "'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'"  Sheppard v. District of Columbia, 791 F. Supp. 2d 1, 5 (D.D.C. 2011) (quoting Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992)).  This form of issue preclusion applies if three conditions are met:

> First, the issue must have been actually litigated, that is, contested by the parties and submitted for determination by the court.  Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in the first . . . [case].  Third, preclusion in the second . . . [case] must not work an unfairness.

Otherson v. Dep't of Justice, 711 F.2d 267, 273 (D.C. Cir. 1983) (internal citations and quotation marks omitted).

Lazarenko's collateral estoppel affirmative defense has the same defects as his judicial estoppel affirmative defense:  he has pled it in such a bare bones fashion that it fails

under either the heightened plausibility pleading standard or the former notice pleading standard. Lazarenko's motion for leave to file his amended answer suggests that "the government seeks to use Claimant's Swiss conviction as evidence of his guilt in this case.  [The Judge in Lazarenko's criminal trial] held that the conviction was inadmissible, and the government did not appeal that decision."  Mot. at 4 n.3.  Again, Lazarenko should have pled this example in his answer and not in his motion for leave to file.  Nonetheless, the Court is not persuaded that a decision in Lazarenko's criminal case precluding the United States from using a prior foreign conviction as substantive evidence before the jury has any bearing on whether the United States can reference that conviction in this in rem proceeding.  The issue of whether the prior foreign conviction is relevant in this proceeding is different from whether it is appropriate as substantive evidence in a criminal jury trial.  The Court therefore finds that permitting an amendment to the answer for Lazarenko to add a collateral estoppel affirmative defense would be futile because he fails to identify even one instance where the United States is seeking in the present in rem action to relitigate an issue decided against it during Lazarenko's criminal case.

### 5.  Estoppel/Unclean Hands

Magistrate Judge G. Michael Harvey recently denied Lazarenko discovery of "records of intergovernmental communications regarding [his] resettlement" because Lazarenko never pleaded in his answer "unclean hands and specific performance defenses."  See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., --- F. Supp. 3d ----, 2016 WL 4082617, at *5-6 (D.D.C. July 29, 2016).  Lazarenko's second motion for leave to amend his answer to assert the affirmative defense of "estoppel/unclean hands" is in direct response to that ruling.

Unclean hands "is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief" and originates from "the equitable maxim that 'he who comes into equity must come with clean hands.'" Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945). "Essentially, the doctrine 'really just means that in equity as in law the plaintiff's fault, like the defendant's, may be relevant to the question of what if any remedy the plaintiff is entitled to.'" Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. DE C.V., --- F. Supp. 3d ----, 2016 WL 3034150, at *52 (D.D.C. May 27, 2016) (quoting Shondel v. McDermott, 775 F.2d 859, 868 (7th Cir. 1985)).

It would be futile to permit Lazarenko to amend his answer to add an estoppel/unclean hands defense because, as he readily admits, neither the United States nor his attorneys signed the plea agreement and no agreement was reached. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., --- F. Supp. 3d ----, 2016 WL 4082617, at *2 ("The record contains a draft plea agreement signed by Claimant on November 22, 2002, but the document was not signed by his attorneys or the government."). Whatever representations the government made during plea negotiations or in the plea agreement are a nullity because the parties ultimately chose not to enter into the plea agreement and proceeded to trial. The Court therefore denies as futile Lazarenko's motion for leave to amend his answer to assert the affirmative defense of estoppel/unclean hands.[5]

---

[5] The Court need not address, inter alia, the four additional reasons that Judge Harvey posited as to why Lazarenko's estoppel/unclean hands defense may be futile. United States v. All Assets Held at Bank Julius Baer & Co., Ltd., --- F. Supp. 3d ----, 2016 WL 4082617, at *6-7.

III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Claimant Pavel Lazarenko's Motion for Leave to Amend Answer to Amended Complaint [Dkt. 367] is GRANTED IN PART and DENIED IN PART; it is

FURTHER ORDERED that Claimant Lazarenko's Second Motion for Leave to Amend His Answer to the Amended Complaint [Dkt. 775] is GRANTED IN PART and DENIED IN PART; and it is

FURTHER ORDERED that on or before February 3, 2017, Claimant Pavel Lazarenko shall file on the public docket, an amended answer consistent with this Opinion that includes changes to paragraphs 62, 81, and 160 but no new affirmative defenses.

SO ORDERED.


                                                    /s/
                                         _____
                                         PAUL L. FRIEDMAN
                                         United States District Judge

DATE:  January 10, 2017