+UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
UNITED STATES OF AMERICA,       )
                                                        )
       Plaintiff,                                  )
                                                        )
   v.                                                 )    Civil Action No. 04-0798 (PLF)
                                                        )
ALL ASSETS HELD AT BANK JULIUS, )
Baer & Company, Ltd., Guernsey        )
Branch, account number 121128, in the )
Name of Pavlo Lazarenko et al.,           )
                                                        )
       Defendants In Rem.                  )
_____)

MEMORANDUM OPINION AND ORDER

        On November 3, 2015, Magistrate Judge G. Michael Harvey issued a Memorandum Opinion and Order granting in part and denying in part the United States' motion to compel Claimant Pavel Lazarenko to produce certain financial documents, including tax records, in connection with this in rem proceeding.  See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 142 F. Supp. 3d 37 (D.D.C. 2015) ("All Assets VII").  Claimant Lazarenko filed Objections to Magistrate Judge Harvey's Memorandum Opinion and Order on November 24, 2015.  See Dkt. 504.  Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court concludes that Magistrate Judge Harvey's decision was not clearly erroneous or contrary to law, and accordingly affirms the decision.[1]

---

[1] The documents reviewed by the Court in resolving the pending motion include the following:  United States' motion to compel production of records ("Mot.") [Dkt. 429]; claimant Pavel Lazarenko's opposition to plaintiff's motion to compel ("Opp.") [Dkt. 447]; United States' reply in support of its motion to compel ("Reply") [Dkt. 454]; Lazarenko's objection to the magistrate judge's order on plaintiff's motion to compel production of tax records from 1999 to

I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil in rem action in which the United Sates seeks forfeiture of over $250 million dollars scattered throughout bank accounts located in Antigua, Barbuda, Guernsey, Liechtenstein, Lithuania, and Switzerland. See Am. Compl. ¶ 1. This Court's prior opinions summarize the procedural history of this case, starting with the criminal prosecution of Lazarenko, and continuing through this civil forfeiture proceeding. See, e.g., United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d 1, 3-6 (D.D.C. 2008); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d 81, 84-94 (D.D.C. 2013) ("All Assets V"); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 307 F.R.D. 249, 250-51 (D.D.C. 2014). In brief, Lazarenko is "a prominent Ukrainian politician who, with the aid of various associates, was 'able to acquire hundreds of millions of United States dollars through a variety of acts of fraud, extortion, bribery, misappropriation and/or embezzlement' committed during the 1990s." All Assets V, 959 F. Supp. 2d at 85 (quoting Am. Compl. ¶¶ 1, 10).

As relevant to Lazarenko's present objections, the United States during discovery submitted requests for production of financial and tax records relating to Lazarenko's asserted interest in the in rem assets. Mot. at 7. At issue here are request Nos. 28 and 29, which read as follows:

> 28. Produce all documents and communications relating to personal income tax returns, business tax returns, and Reports of Foreign Bank and Financial Accounts (FBARs) filed with or submitted to the United States Government or any State of

---

the present ("Obj.") [Dkt. 504]; United States' response to Lazarenko's objection to the magistrate judge's order on plaintiff's motion to compel Lazarenko's production of records ("Response") [Dkt. 549]; and Lazarenko's reply in further support of his objection ("Reply") [Dkt. 565].

>the United States of America by or on your behalf or any legal entity in which you claim an interest for the years 1992 to date.
>
>29. Produce all documents and communications submitted to the Government of the United States of America, any State of the United States of America or any other foreign or domestic government office concerning your income or assets, including but not limited to any financial disclosure documents, tax returns, or other statements of income you have submitted to any government between January 1, 1992 and the present.

Mot. at 7.

Lazarenko responded by generally objecting to "any and all Document Requests to the extent that they are overly broad, seek information that is irrelevant, will be inadmissible at trial, are unduly burdensome, or are not reasonably calculated to lead to the discovery of admissible evidence." Opp. at 2. He also made the specific objections that his tax records were privileged under the confidentiality provisions of 26 U.S.C. § 6103, and that he did not possess any foreign bank account records. Id. The parties could not resolve the discovery dispute and the United States moved to compel. Lazarenko opposed the motion, arguing that the requested tax and financial records are not discoverable because: (1) he does not have tax and other financial records from 1992 to 1999; and (2) such records from 2000 to the present are not relevant. Opp. at 3.

Magistrate Judge Harvey found that Lazarenko's tax and other financial records from 1992 to 1999 records are relevant to both forfeitability and Lazarenko's standing, and thus discoverable. All Assets VII, 142 F. Supp. 3d at 42-43. He concluded that those records are relevant to forfeitability because they might establish: "(1) whether Claimant's income during the period matches the quantum of assets he claims here; (2) whether Claimant can prove that his income sources were legitimate; and (3) whether Claimant failed to file tax returns at all, a fact which may support forfeiture of the defendant assets." Id. (internal citations omitted).

Magistrate Judge Harvey also found that Lazarenko's records from 2000 to the present day are relevant only to Lazarenko's standing. Id. at 44. While there may already be evidence in the record demonstrating Lazarenko's "interest" in the in rem assets in this case, Magistrate Judge Harvey explained that "the broad scope of discovery embodied in Rule 26" of the Federal Rules of Civil Procedure permits the government "to take further discovery on this issue to contest [Lazarenko's] evidence" concerning his interest. Id.[2] Accordingly, Magistrate Judge Harvey granted Lazarenko's motion in part and denied it in part. Lazarenko subsequently filed the Objections currently before the Court.

## II. STANDARD OF REVIEW

A party may seek review of a magistrate judge's decision in a discovery dispute by filing an objection pursuant to Rule 72 of the Federal Rules of Civil Procedure. A magistrate judge's determination in a non-dispositive matter such as a discovery dispute is entitled to "great deference," and the Court will set it aside only if it is "clearly erroneous or contrary to law." FED. R. CIV. P 72(a); see also LOC. CIV. R. 72.2(c); Beale v. District of Columbia, 545 F. Supp. 2d 8, 13 (D.D.C. 2008). The district court reviews objections to the magistrate judge's factual findings or discretionary decisions for clear error. American Center for Civil Justice v. Ambush, 794 F. Supp. 2d 123, 129 (D.D.C. 2011). Under this standard, the Court will affirm the magistrate judge's factual findings or discretionary decisions unless the court "is left with the definite and firm conviction that a mistake has been committed." Neuder v. Batelle Pacific

---

[2] Magistrate Judge Harvey held that none of Lazarenko's tax and financial records were privileged. All Assets VII, 142 F. Supp. 3d at 44-48. Nonetheless, he also held that 18 U.S.C. § 3153 and the local rules of the United States District Court for the Northern District of California prevented him from issuing an order compelling Lazarenko to produce his Pretrial Services records and Presentence Investigation Report from his criminal case. Id. at 48-49. Lazarenko does not object to either of these holdings.

Northwest Nat. Laboratory, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 365 (1948)).  By contrast, the "contrary to law" standard requires the Court to review the magistrate judge's legal conclusions de novo.  American Center for Civil Justice v. Ambush, 794 F. Supp. 2d at 129.

### III.  DISCUSSION

The Court concludes that Magistrate Judge Harvey correctly articulated the applicable legal principles and that his decision was not clearly erroneous.  As an initial matter, Lazarenko does not object to Magistrate Judge Harvey's decisions that (1) none of Lazarenko's tax and financial records were privileged, and (2) those records from 1992 to 1999 are relevant to the issues of forfeitability and standing, and thus discoverable.  Nor does he object to Magistrate Judge Harvey's decision respecting his Pretrial Services records and Presentence Investigation Report from his criminal case.

Lazarenko's first objection is that Magistrate Judge Harvey erred in compelling production of his tax and other financial records from 2000 to present day because (1) his standing (and, particularly, his "ownership") is not in dispute, Obj. at 9, and (2) "public policy concerns strongly counsel against production" of tax records.  Id. at 11-12.  He claims that "the government's arguments would necessitate a series of fact-intensive mini-trials on this threshold issue of standing in every civil forfeiture case."  Id. at 1-2.  In support, Lazarenko cites the complaint, the testimony of government agents, and the testimony of non-government witnesses to show that he has sufficiently established standing based on undisputed facts.  Id. at 7-8.  Lazarenko's second objection is that Magistrate Judge Harvey erred in grouping Lazarenko's 1999 tax return with tax years 1992 to 1998 instead of with tax years 2000 to the present, because Lazarenko was not a public official in 1999.  Id. at 11.

### A. *Records from 2000 to Present Day*

"Civil forfeiture actions are governed by the procedures set forth in 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ('Supplemental Rules'), a subset of the Federal Rules of Civil Procedure." All Assets V, 959 F. Supp. 2d at 91. When contesting the forfeiture of assets in an in rem proceeding, the Supplemental Rules dictate that a claimant must "assert [ ] an interest" in "specific property" that is named as a defendant. SUPP. R. G(5)(a)(i)(A); see 18 U.S.C. § 983(a)(4)(A) ("[A]ny person claiming an interest in the seized property may file a claim asserting such person's interest in the property[.]"). The Supplemental Rules clarify that such an "interest" includes "actual possession, control, title, or financial stake." All Assets V, 959 F. Supp. 2d at 95. "The Court has previously explained that in order to assert such an 'interest,' a claimant must demonstrate Article III standing in addition to the separate, though partly overlapping, requirements of statutory standing." United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., --- F. Supp. 3d ----, 2017 WL 65554, at *2 (D.D.C. Jan. 6, 2017) (internal quotation marks omitted).

There is little doubt that Lazarenko's tax or other financial records from 2000 to the present day may contain relevant evidence about Lazarenko's interest, or lack thereof, in the in rem assets. The scope of a discovery request under Rule 26 of the Federal Rules of Civil Procedure is quite broad, requiring only that the party's request be reasonably calculated to lead to the discovery of admissible evidence. See Food Lion v. United Food & Commercial Workers Int'l Union, 103 F.3d 1007, 1012 (D.C. Cir. 1997). Magistrate Judge Harvey therefore did not clearly err when he found Lazarenko's tax or other financial records from 2000 to the present

day to be relevant, discoverable evidence on the issue of standing, and granted the United States' motion to compel Lazarenko to produce them.

### B. Records from 1999

Lazarenko further objects that his tax and other financial records from 1999 should be included in the group of records from 2000 to the present day and not 1992 to 1998 because Lazarenko's tenure as a public official in Ukraine ended in 1998. Obj. at 11. This is important because Magistrate Judge Harvey found records from 1992 to 1999 relevant to both forfeitability and standing, but found records from 2000 to the present day relevant only to standing. All Assets VII, 142 F. Supp. 3d at 42-43.

The Court finds that Magistrate Judge Harvey did not clearly err in determining that Lazarenko's tax and other financial records from 1999 are relevant to forfeitability. The United States in its amended complaint alleges that events related to Lazarenko's criminal activities took place in 1999, such as transporting the proceeds of his criminal activities into United States financial institutions, see Am. Compl. ¶¶ 12-13 [Dkt. 20], and concealing proceeds from illegal activities, id. ¶¶ 55-56. The United States in its amended complaint also identifies several specific financial transactions that took place in 1999. Id. ¶¶ 92, 100, 111-13. These allegations support a finding that Lazarenko's 1999 tax and financial records may include information relevant to forfeitability.

### C. Public Policy Concerns

"In order to determine whether disclosure" of tax records "is appropriate, the court must conclude (1) that the returns are relevant to the subject matter of the action; and (2) that there is a compelling need for the returns because the information contained therein is

not readily [or] otherwise obtainable." Robinson v. Duncan, 255 F.R.D. 300, 302 (D.D.C. 2009) (internal quotation marks omitted). The Court has already determined that Lazarenko's tax records are relevant. See supra at 5-7. Lazarenko does not argue here that his tax and financial records are privileged, but instead argues that "public policy concerns strongly counsel against the production of Mr. Lazarenko's post-1999 tax records." Obj. at 11. At base, Lazarenko's argument is that "there is no compelling need to produce these [tax] records because standing is not in dispute." Id. at 12.

Magistrate Judge Harvey correctly observed that 26 U.S.C. § 6103 prevents the Internal Revenue Service "from disclosing any records to the government directly." All Assets VII, 142 F. Supp. 3d at 47. As such, ordering Lazarenko to disclose his tax records to the United States is the only way for the United States to discover "thorough" and "detailed information . . . regarding the nature, source, and amount of any income [Lazarenko] received from the defendant in rem assets." Id. The Court also notes that the protective order in this case, see Dkt. 393, mitigates Lazarenko's confidentiality concerns. See, e.g., Stokwitz v. United States, 831 F.2d 893, 897 (9th Cir. 1987) ("The confidentiality of tax information may also be preserved in civil proceedings through protective orders."); In re Heritage Bond Litigation, 2004 WL 1970058, *5 n.12 (C.D. Cal.) ("Any privacy concerns [the parties] have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter."); CEH, Inc. v. FV "Seafarer", 153 F.R.D. 491, 499 (D.R.I. 1994) ("While a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order."). The Court therefore finds that Magistrate Judge Harvey did not clearly err in finding that the United States has a compelling need for Lazarenko's tax records, and that Lazarenko therefore must produce them.

IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that claimant Pavel Lazarenko's objections [Dkt. 504] are OVERRULED; it is

FURTHER ORDERED that the Court AFFIRMS Magistrate Judge Harvey's Memorandum Opinion [Dkt. 490] and Order [Dkt. 491]; and it is

FURTHER ORDERED that claimant Pavel Lazarenko respond on or before February 20, 2017, to the United States Requests for Production Nos. 28 and 29 with:  (1) all relevant records from 1992 to 1999 within his control, including any tax records Lazarenko can obtain from the United States and Ukraine filed by or on Lazarenko's behalf or on behalf of any legal entity in which Lazarenko has an interest; and (2) all records from 2000 to present within his control, including any tax records Lazarenko can obtain from the United States and Ukraine filed by or on Lazarenko's behalf or on behalf of any legal entity in which Lazarenko has an interest, which evidence an interest in, reflect income from, reflect income traceable to, or mention the defendant in rem assets.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 17, 2017