UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Civil Action No. 04-0798 (PLF)<br>) |
| ALL ASSETS HELD AT BANK JULIUS,<br>Baer & Company, Ltd., Guernsey<br>Branch, account number 121128, in the<br>Name of Pavlo Lazarenko et al., | )<br>)<br>)<br>)<br>) |
| Defendants In Rem. | )<br>) |

MEMORANDUM OPINION AND ORDER

On November 3, 2015, Magistrate Judge G. Michael Harvey issued a Memorandum Opinion [Dkt. 488] and Order [Dkt. 489], granting in part and denying in part claimant Pavel Lazarenko's motion to modify the Protective Order [Dkt. 393] he had issued on May 29, 2015, in connection with this in rem proceeding. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 312 F.R.D. 16, 22 (D.D.C. 2015). On May 16, 2016, he issued a second Memorandum and Order [Dkt. 694], granting in part and denying in part the United States' Cross-Motion for Reconsideration of the November 3, 2015 Order. The May 16, 2016 Memorandum and Order did not entirely displace the November 3, 2015 Memorandum Opinion and Order. See Dkt. 694 at 7 ("[T]he same reasons given by the Court in the Protective Order Ruling for protecting the contents of the Materials still apply."). Magistrate Judge Harvey vacated his May 29, 2015 Protective Order and provided that a new Protective Order should issue with an important modification to paragraph 5. See infra at 6. He stayed both his rulings

pending the resolution of any Objections to them filed with this Court. See Dkt. 694 at 8-9.

Both Lazarenko and the United States have filed consolidated Objections to both the November 3, 2015 Memorandum Opinion and Order and the May 16, 2016 Memorandum and Order. See Dkts. 715, 716. Upon consideration of the parties' papers, the relevant legal authorities, the entire record in this case, and the arguments of counsel in open court on January 25, 2017, the Court concludes that Magistrate Judge Harvey's decision was not clearly erroneous or contrary to law, and it therefore overrules the objections and affirms both decisions.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil in rem action in which the United Sates seeks forfeiture of over $250 million dollars scattered throughout bank accounts located in Antigua, Barbuda, Guernsey, Liechtenstein, Lithuania, and Switzerland. See Amended Complaint ("Am. Compl.") ¶ 1. This Court's prior opinions summarize the procedural history of this case, starting with the criminal prosecution of Lazarenko, and continuing through this civil forfeiture proceeding. See, e.g., United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d 1, 3-6 (D.D.C. 2008); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d 81, 84-94 (D.D.C. 2013); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 307

---

[1] The documents reviewed by the Court in resolving the pending motion include the following: Amended Complaint [Dkt. 20]; Protective Order [Dkt. 393]; Claimant's Motion to Modify the Protective Order [Dkt. 444]; Supplemental Reply and Objection to Plaintiff's Use of Claimant's 2002 Proffer Statements [Dkt. 517]; United States' Objection [Dkt. 715]; Claimant Pavel Lazarenko's Objection [Dkt. 716]; United States' Response to Claimant Pavel Lazarenko's Objection [Dkt. 735]; Claimant Pavel Lazarenko's Opposition to United States' Objection [Dkt. 747]; United States' Reply in Support of its Objection [Dkt. 748]; United States' Surreply in Response to Claimant Pavel Lazarenko's Supplemental Reply and Objections to the Use of Claimant's 2002 Proffer Statements [Dkt. 867].

F.R.D. 249, 250-51 (D.D.C. 2014).  In brief, Lazarenko is "a prominent Ukrainian politician who, with the aid of various associates, was 'able to acquire hundreds of millions of United States dollars through a variety of acts of fraud, extortion, bribery, misappropriation and/or embezzlement' committed during the 1990s."  <u>United States v. All Assets Held at Bank Julius Baer & Co., Ltd.</u>, 959 F. Supp. 2d at 85 (quoting Am. Compl. ¶¶ 1, 10).  Magistrate Judge Harvey has been managing all discovery in this case for nearly two years.

In his November 3, 2015 Memorandum Opinion, Magistrate Judge Harvey addressed Lazarenko's arguments for modifying the Protective Order.  He first explained why he concluded that Lazarenko may not assert his Fifth Amendment privilege against self-incrimination as a basis for modification of the Protective Order.  <u>See</u> <u>United States v. All Assets Held at Bank Julius Baer & Co., Ltd.</u>, 312 F.R.D. at 19-21.[2]  He then turned to the question of whether Lazarenko nevertheless has an interest in the confidentiality of certain materials, materials which Magistrate Judge Harvey referred to throughout both opinions as "Confidential Materials."  <u>See</u> <u>id</u>. at 21-22.  The "Confidential Materials" are those materials Lazarenko identified in paragraphs 2 through 5 of his September 3, 2015 Motion to Modify the Protective Order.  <u>See</u> Dkt. 444 at 2-3.

Preliminarily, for reasons explained <u>infra</u> at 5, 8, it is no longer necessary to maintain the cryptic designation "Confidential Materials," and it will be easier to describe them in this Memorandum Opinion and going forward in this litigation as what they are.  There are essentially two kinds of materials addressed by Magistrate Judge Harvey in his two Opinions: (1) proffer letter agreements entered into between Lazarenko and the United States Attorney's

---

[2] Neither party objects to this ruling.

3

Office for the Northern District of California in 2000 and 2002; and (2) any statements that may have been made to agents of the United States government pursuant to those proffer letters.

Lazarenko already disclosed on the public docket in this case both the existence and the contents of the 2000 proffer letter agreement when he filed it as an exhibit to his motion to modify the protective order on September 1, 2015.  See Dkt. 441-2.  Likewise, Lazarenko's then-attorney, Doron Weinberg, revealed the existence of the May 13, 2002 proffer letter agreement — but not the proffer letter agreement itself — in a March 11, 2007 declaration filed in a related case in the U.S. District Court for the Northern District of California, Universal Trading & Inv. Co. v. Kritchenko, N.D. Cal. No. 99-3073.  See Dkt. 553-2 at 2.  Mr. Weinberg's declaration states that "a proffer agreement was entered into on May 13, 2002 between the United States" and Lazarenko, and that Lazarenko's "statements [] to the U.S. government . . . were provided pursuant to proffer agreements."  Id.  A published opinion in that same case also references Lazarenko's "proffer agreement."  Universal Trading & Inv. Co. v. Kritchenko, 2007 WL 1674013, at *1 (N.D. Cal. 2007).  The language of all of the proffer letter agreements provided to Magistrate Judge Harvey and to this Court is virtually identical.  By contrast, the contents of any proffer statements made by Mr. Lazarenko pursuant to these agreements — if any — are not a matter of public record, and Magistrate Judge Harvey's opinions would provide further protection for them.  See Dkt. 694 at 7-8.

In his November 3, 2015 Memorandum Opinion [Dkt. 488], Magistrate Judge Harvey found that Lazarenko has an "equitable, non-contractual interest" in the confidentiality of the proffer letter agreements and in the proffers and a valid interest in not disclosing them publicly, "at least until trial of this matter."  United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 312 F.R.D. at 22.  Magistrate Judge Harvey also found that there would be no undue

prejudice to the government imposed by Lazarenko's proposed modification to the Protective Order, so long as the government could make "derivative use of the [proffer letter agreements and proffer statements] in discovery [and] provided that the government does not disclose the source of that information." Id.

In his May 18, 2016 Memorandum and Order [Dkt. 694] addressing Lazarenko's motion to compel further redactions in several of the government's filings, Magistrate Judge Harvey agreed with the United States that the existence of the proffer letter agreements was already a matter of public record and that their existence need not be protected. See Dkt. 694 at 5. He stated:

> Claimant has allowed the fact of the creation of the Confidential Materials to be publicly disclosed in several discrete instances. Claimant cannot now argue that it is equitable to require more redactions to filings in this case in order to protect information which he himself has already publicly disclosed. In fact, in his reply in support of his objection to the Protective Order Ruling, Claimant addressed the government's newly found evidence and all but concedes that the fact of the creation of the Confidential Materials is public, although he continues to vigorously defend the confidentiality of the Materials' contents. Therefore, Claimant has not established good cause for his requested further modification of the protective order.

Id. (internal citations omitted) (emphasis in original). By contrast, Magistrate Judge Harvey found that plaintiff had provided no evidence that the contents of the Confidential Materials — that is, the proffer statements themselves (if any) — had been publicly disclosed. He therefore rejected the assertion of the United States that "a reader who knows of the creation of them would be able to divine their contents." Id. at 7. As a result, he concluded that "the same reasons given by the Court in the [November 3, 2015] Protective Order ruling in protecting the contents of the materials still apply." Id.

In his May 18, 2016 Memorandum and Order, Magistrate Judge Harvey also concluded that Lazarenko's safety concerns were overblown and that the unredacted descriptions

5

of the contents of the proffer letter agreements in his own orders and in the government's filings were sufficiently general and indeterminate that they provide no basis for sealing on the basis of Lazarenko's personal safety.  See Dkt. 694 at 4-5.  Like this Court, Magistrate Judge Harvey again expressed his concern and frustration with the unwarranted extent of the sealing and redactions in this case by Lazarenko and expressed his conviction that the need for redactions would decrease dramatically following his May 18, 2016 ruling.  Id. at 7-8.  He noted that "the majority of the redactions that have consumed the parties' time and effort in this case has been caused by the Court's decision to protect the fact of the creation of the Confidential Materials," and that "protecting the contents of the Confidential Materials has not created an undue burden for the parties."  Id. at 8 (emphasis added).  Now that the existence and language of the proffer letter agreements is a matter of public record, fewer documents will need to be filed under seal and many fewer redactions will be permitted.  See Memorandum Opinion and Order at 1 (Sept. 29, 2015) [Dkt. 462] ("Sealed court proceedings are inconsistent with this country's strong tradition of access to judicial proceedings. . . .  [T]he courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes.") (internal citation and quotation marks omitted).  This case can and should be open to the public to the greatest extent possible.

On the basis of his analysis and conclusions, Magistrate Judge Harvey vacated the May 29, 2015 Protective Order [Dkt. 393] and directed that a new Protective Order shall issue that will include the following additional sentence at the end of paragraph 5:

> Notwithstanding the foregoing, plaintiff may make derivative use, and only derivative use, of the "Confidential Materials," or those documents identified in numbered paragraphs 2-5 on pages 2-3 of Claimant's motion to modify the protective order [Dkt. 444], subject to the restriction that plaintiff may not disclose the source of the Confidential Materials to any foreign government or any agent or representative thereof.

Dkt. 694 at 8.

## II.  STANDARD OF REVIEW

A party may seek review of a magistrate judge's decision in a discovery dispute by filing an Objection pursuant to Rule 72 of the Federal Rules of Civil Procedure.  A magistrate judge's determination in a non-dispositive matter such as a discovery dispute is entitled to "great deference," and the Court will set it aside only if it is "clearly erroneous or contrary to law."  FED. R. CIV. P. 72(a); see also LOC. CIV. R. 72.2(c); Beale v. District of Columbia, 545 F. Supp. 2d 8, 13 (D.D.C. 2008).  The district court reviews Objections to the magistrate judge's factual findings or discretionary decisions for clear error.  Am. Ctr. for Civil Justice v. Ambush, 794 F. Supp. 2d 123, 129 (D.D.C. 2011).  Under this standard, the Court will affirm the magistrate judge's factual findings or discretionary decisions unless the court "is left with the definite and firm conviction that a mistake has been committed."  Neuder v. Batelle Pac. Nw. Nat'l Lab., 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 365 (1948)).  By contrast, the "contrary to law" standard requires the Court to review the magistrate judge's legal conclusions — including any asserted misapplication of the relevant statutes, case law, and rules of procedures — de novo.  Intex. Rec. Corp. v. Team Worldwide Corp., 42 F. Supp. 3d 80, 86 (D.D.C. 2013); see Am. Ctr. for Civil Justice v. Ambush, 794 F. Supp. 2d at 129.

## III.  DISCUSSION

The Court concludes that Magistrate Judge Harvey correctly articulated the applicable legal principles and that the decisions and analysis sets forth in his November 13, 2015 Memorandum Opinion [Dkt. 488], as modified by his Memorandum and Order of May 18, 2016 [Dkt. 694], were not clearly erroneous or contrary to law.  Therefore, both Lazarenko's

7

Objections to Magistrate Judge Harvey's decisions [Dkt. 716] and the United States' Objections [Dkt. 715] will be overruled, and the Court will affirm Judge Harvey's Memorandum Opinions and Orders of November 3, 2015 and May 18, 2016.

As already explained, <u>supra</u> at 4, there is no merit to Lazarenko's argument that either the existence or the content of the proffer letter agreements of 2000 or 2002 should be protected.[3] There is no reason why the government should not be permitted to discuss the existence of the proffer letter agreements or to disclose their contents in its public filings in this case. This Court's decision in <u>Blanton v. United States Dep't of Justice</u>, 63 F. Supp. 2d 35 (D.D.C. 1999), is inapposite. The Court also agrees with the United States that Lazarenko cannot use the proffer letter agreements "to shield himself from providing discovery responses in the instant matter." Dkt. 735 at 3. As for the proffer statements, if any, Lazarenko can answer discovery without relying directly on his proffer statements and can respond truthfully to all discovery requests, interrogatories, requests for admission, and deposition questions without disclosing his proffers statements, if any, <u>in</u> <u>haec</u> <u>verba</u>. Nothing in the proffer letter agreements limits either his ability to respond to discovery or the United States' ability to make derivative use of Lazarenko's proffer statements, if any, in propounding questions to Lazarenko or any other witness, so long as the United States does not disclose the source of its information to certain foreign governments or any agent or representative thereof. The Court also agrees with Magistrate Judge Harvey that Lazarenko's alleged safety concerns are not a legitimate basis for his requested modifications to the Protective Order to seal references to his alleged safety concerns or to the existence and contents of the proffer letter agreements.

---

[3] At oral argument before this Court, Lazarenko withdrew his argument with respect to the 1999 and 2000 proffer letter agreements, but maintained his position with respect to the 2002 proffer letter agreements.

As for the United States' objections to Magistrate Judge Harvey's decisions [Dkt. 715], the Court understands Magistrate Judge Harvey's reluctance to find that the proffer letter agreements constitute contractual agreements to protect for all time and for all purposes the contents of any statements Lazarenko may have made pursuant to the proffer letter agreements. He relied instead on a so-called "equitable, non-contractual interest" in the confidentiality of the proffers.[4] The United States criticizes Magistrate Judge Harvey for relying on footnote 21 in the Supreme Court's decision in Seattle Times Co. v. Rinehart, 467 U.S. 20 (1984). Id. at 35 n.21. It argues that his ruling was contrary to Rule 26 of the Federal Rules of Civil Procedure and existing case law, including Seattle Times, and that Magistrate Judge Harvey incorrectly relied on Rule 26 and the Supreme Court's footnote to impose limitations on how the United States may use its own records that existed prior to the institution of this litigation. See Dkt. 715 at 15. The Court disagrees. Nothing in Seattle Times limits the "equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices." 467 U.S. at 35. The provision for protective orders in Rule 26 confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Id. at 36; see, e.g., FED. R. CIV. P. 26(c)(1)(A), (D), (F). Magistrate Judge Harvey's analysis was not clearly erroneous or contrary to law.

---

[4] This Court might have employed a different analysis, as it believes the language of the proffer letter agreements permits the use of the proffer statements (if any) in discovery and at trial, while at the same time clearly precluding the United States from sharing any statements or other information that may have been made or provided by Lazarenko with certain foreign governments. See also Tr. Sept. 8, 2015 at 37-38, 42-44 (statements of Magistrate Judge Harvey) (on file with Court). It appears to this Court that neither the contractual agreements — that is, the proffer letter agreements — nor Rule 410(a)(4) of the Federal Rules of Evidence is a bar to their use either in discovery or at trial. Judge Gladys Kessler's opinion in S.E.C. v. Johnson, 534 F. Supp. 2d 63 (D.D.C. 2008), is not to the contrary, as there the parties were engaged in plea negotiations at the time of the proffers; here, as the letter agreements make plain, they were not.

The Court also agrees with Magistrate Judge Harvey that there is no prejudice or undue burden on the United States in restricting its use of Lazarenko's proffer statements to derivative use and by preventing the government from disclosing Lazarenko as the source of information when it interviews or deposes witnesses or communicates with foreign governments.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the United States' Objections [Dkt. 715] are OVERRULED; it is

FURTHER ORDERED that claimant Pavel Lazarenko's Objections [Dkt. 716] are OVERRULED; it is

FURTHER ORDERED that the Court AFFIRMS Magistrate Judge Harvey's November 3, 2015 Memorandum Opinion [Dkt. 488] and Order [Dkt. 489], as well as his May 18, 2016 Memorandum and Order [Dkt. 694]; and it is

FURTHER ORDERED that the Protective Order [Dkt. 393] is VACATED. A new protective order shall issue that will include the following additional sentence or some variant thereof at the end of paragraph 5:

> Notwithstanding the foregoing, plaintiff may make derivative use, and only derivative use, of the "Confidential Materials," or those documents identified in numbered paragraphs 2-5 on pages 2-3 of Claimant's motion to modify the protective order [Dkt. 444], subject to the restriction that plaintiff may not disclose the source of the Confidential Materials to any foreign government or any agent or representative thereof.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: February 2, 2017