UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ALL ASSETS HELD AT BANK JULIUS,
Baer & Company, Ltd., Guernsey
Branch, account number 121128, in the
Name of Pavlo Lazarenko et al.,

       Defendants In Rem.

Civil Action No. 04-0798 (PLF)

---

OPINION

This matter is before the Court on two separate but related motions: (1) the motion of Claimant Pavel Lazarenko, a.k.a. Pavlo Lazarenko ("Lazarenko"), for reconsideration of the Court's January 10, 2017 Opinion and Order that, inter alia, denied Lazarenko leave to amend his answer to assert an Eighth Amendment excessive fines affirmative defense, see United States v. All Assets Held at Bank Julius, 229 F. Supp. 3d 62 (D.D.C. 2017); and (2) the motion of Lazarenko's children, Claimants Alexander, Ekaterina, and Lecia Lazarenko (collectively, "children"), for leave to file an Answer to the Amended Complaint, as permitted by the Court in its January 6, 2017 Opinion. See United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., 228 F. Supp. 3d 118 (D.D.C. 2017). The Court addresses the motions together because both Lazarenko and the children seek to assert an Eighth Amendment excessive fines affirmative defense in their answers. See Lazarenko Proposed Amended Answer ¶ 161 (May 1, 2015) [Dkt. 367-1]; Children's Proposed Answer ¶ 161 (Feb. 3, 2017) [Dkt. 877-2]. The

children also seek leave to supplement the language they used in pleading two existing affirmative defenses. The United States opposes both motions.

Upon consideration of the parties' written submissions, the relevant case law, and the entire record in this case, the Court will grant Lazarenko's motion for reconsideration and permit him to plead an Eighth Amendment excessive fines affirmative defense and will grant the children's motion for leave to file an Answer in part and deny it in part. It will not permit the children to plead both the Eighth Amendment excessive fines affirmative defense and the failure to state a claim affirmative defense, but will permit them to add supplemental language to their jurisdiction and probable cause affirmative defenses.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously explained the facts relevant to Lazarenko's attempts to amend his Answer in the January 10, 2017 Opinion and Order of which he seeks reconsideration. See United States v. All Assets Held at Bank Julius, 229 F. Supp. 3d at 66-67. Likewise, the facts relevant to the United States' attempt to strike the children's claim (and thereby foreclose them from filing an answer) are contained in the Court's January 6, 2017 Opinion. See United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., 228 F. Supp. 3d at 120-22. Nonetheless, the Count will review those facts central to resolving the instant motions.

---

[1] The documents reviewed by the Court in resolving the pending motions include the following: Claimant Lazarenko's Motion for Reconsideration Seeking Authorization to Plead an Excessive Fines Affirmative Defense ("Lazarenko Mot.") [Dkt. 860]; United States' Opposition to Claimant Lazarenko's Motion for Reconsideration ("Opp. Lazarenko") [Dkt. 883]; Claimant Lazarenko's Reply [Dkt. 888]; Motion of Claimants Alexander, Ekaterina, and Lecia Lazarenko for Leave to File an Answer to the Amended Complaint ("Children Mot.") [Dkt. 877]; United States' Opposition to Motion of Claimants Alexander, Ekaterina, and Lecia Lazarenko for Leave to File an Answer to the Amended Complaint ("Opp. Children.") [Dkt. 891]; and Claimants Alexander, Ekaterina, and Lecia Lazarenko's Reply [Dkt. 899].

### A. *History Prior to the Instant Motions*

On May 14, 2004, the United States filed its initial Complaint in this case, seeking forfeiture of, <u>inter alia</u>, "[a]ll funds on deposit at Credit Suisse (Guernsey) Limited, in account number 41610 in the name of Samante Limited as Trustees of the Balford Trust." Compl. ¶ 5(b) [Dkt. 1]. The Court will refer to the funds the United States identified in paragraph 5(b) of the Complaint — and the same funds with an additional account number in the United States' Amended Complaint (June 30, 2005) [Dkt. 20] — as the "Samante assets." On June 29, 2004, the children filed a claim asserting their beneficial or ownership interest only in the Samante assets. Children's Verified Claim and Statement of Interest [Dkt. 4]. On the same day, Lazarenko filed a claim asserting his ownership interest in other assets. Lazarenko's Verified Claim and Statement of Interest [Dkt. 5]. On August 13, 2004, the children filed an Answer to the Complaint asserting five affirmative defenses: (1) lack of jurisdiction, (2) failure to state a claim, (3) lack of probable cause, (4) statute of limitations, and (5) innocent interest — due process. <u>See</u> Children's First Verified Answer ¶¶ 127-131 [Dkt. 8]. Lazarenko also filed his Answer that same day. <u>See</u> Lazarenko's First Verified Answer [Dkt. 9].

On June 30, 2005, the United States filed its Amended Complaint as of right, which remains the controlling complaint in this case. <u>See</u> Amended Complaint [Dkt. 20]. On July 25, 2005, Lazarenko's children filed a second Claim, again asserting an interest only in the Samante assets. <u>See</u> Children's Second Verified Claim and Statement of Interest [Dkt. 28]. They never filed an answer to the United States' Amended Complaint. <u>United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.</u>, 228 F. Supp. 3d at 121. On July 26, 2005, Lazarenko filed a second Claim, <u>see</u> Lazarenko's Second Verified Claim and Statement of

3

Interest [Dkt. 29], and, on November 21, 2011, filed his Answer to the United States' Amended Complaint.  See Lazarenko's Second Verified Answer [Dkt. 268].

On April 17, 2015 — almost ten years later — the United States moved to strike the children's second Claim for lack of standing and failure to file an answer.  See United States' Motion to Strike the Claim of Alexander Lazarenko for Himself and as Agent for Lecia Lazarenko and Ekaterina Lazareko [Dkt. 363].  On May 1, 2015, Lazarenko moved for leave to amend his Answer to make several changes and add affirmative defenses, one of which was an affirmative defense that the forfeiture amount in this case represented an excessive fine in violation of the Eighth Amendment to the Constitution.  See Claimant Lazarenko's Motion for Leave to Amend Answer to Amended Complaint at 4 [Dkt. 367].  On April 21, 2016, the United States completed and produced the expert report of Michael J. Petron, which "analyze[s] the defendant properties in rem in the First Amended Complaint[], and trace[s] the source of funds for each property through the international banking system."  See Expert Report of Michael J. Petron ¶ 1 at PDF page 59 [Dkt. 844-4] (hereafter, "tracing report"); see also Lazarenko Mot. at 2 ("[The United States] produced its expert tracing report in April 2016.").  Lazarenko never sought leave to file a supplemental brief concerning this tracing report in support of his motion for leave to amend his Answer.

On January 6, 2017, the Court denied the United States' motion to strike the children's second Claim, finding that "it should excuse claimants' failure to file an answer to the amended complaint in this case because that failure has not at all prejudiced the United States." United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., 228 F. Supp. 3d at 126.  The Court noted that the United States in its Amended Complaint did not substantially vary how it pleaded its claims related to the Samante assets in its original complaint, adding only a single

4

bank account number; because the children had filed an Answer to the original complaint there was no prejudice. Id. The children's "failure to file an answer to the amended complaint, therefore, did not cause the United States to guess whether claimants asserted an interest in any of the assets that appear only in the [A]mended [C]omplaint." Id.[2] Finding no prejudice to the United States by the children's' inaction, the Court permitted the children to move for leave to file an answer, but cautioned them as follows:

> The United States is free to again raise the issue of prejudice in its opposition to claimants' motion for leave to file if, for example, claimants' answer (1) varies the responses claimants made in their answer to the original complaint for paragraphs that are identical in the amended complaint, or (2) asserts an interest in the funds in the three additional jurisdictions that the United States added in the amended complaint.

Id. at 126 n.2.

On January 10, 2017, the Court denied Lazarenko's motion for leave to amend his Answer to, inter alia, assert an Eighth Amendment excessive fines affirmative defense because it concluded that such an amendment would be futile. United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 229 F. Supp. 3d at 71. The Court first recounted the relevant legal principles governing the Excessive Fines Clause of the Eighth Amendment. Id. It then concluded that Lazarenko's proposed Eighth Amendment excessive fines affirmative defense was futile because the "forfeiture of roughly $250 million" that the United States seeks in its Amended Complaint is not grossly disproportional to the "'more than $326 million in payments'" Lazarenko received as a result of the criminal offenses of which he was convicted in 2004 following a jury trial in the United States District Court for the Northern District of

---

[2] The Court also "decline[d] to strike claimants' claim for failure to comply with Supplemental Rule G(5)(a)(i)(C)'s requirement that claimants 'sign[]' the claim 'under penalty of perjury.'" United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., 228 F. Supp. 3d at 126.

5

California.  Id. (quoting United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d 1, 3 (D.D.C. 2008) (Opinion denying Lazarenko's motion to dismiss)).

### B.  The Instant Motions

Lazarenko moves for reconsideration of the Court's January 10, 2017 Opinion and Order because it (1) "relied on [] now-dated allegations" concerning the $326 million amount of payments Lazarenko received from his crimes, and (2) "did not have the benefit of the Government's April 2016 tracing report."  Lazarenko Mot. at 2.  Lazarenko argues that the source of the $326 million figure — this Court's 2008 Opinion denying Lazarenko's motion to dismiss — preceded the Ninth Circuit's 2009 decision vacating Lazarenko's convictions on six of 14 counts of conviction, United States v. Lazarenko, 564 F.3d 1026 (9th Cir. 2009), as well as the 2009 determination of Lazarenko's criminal fine and forfeiture in the United States District Court for the Northern District of California.  Lazarenko Mot. at 2-3.  Lazarenko also suggests that the United States' tracing report — the accuracy of which Lazarenko disputes — demonstrates that the in rem defendant funds in this case contain only a fraction of the allegedly "tainted" proceeds of Lazarenko's crimes.  Id. at 3-4.

The United States concedes that this Court's January 10, 2017 Opinion and Order "inaccurately described the value of the counts of conviction sustained on appeal," but argues that the "severity and scale" of those sustained convictions mean that a forfeiture of $250 million is nevertheless not grossly disproportional. Opp. Lazarenko at 4.  The United States also states that Lazarenko waived any excessive fines arguments beyond those related to the money laundering counts.  Id. at 5 n.1.  With respect to the tracing report, the United States contends that Lazarenko's "commingled funds," Opp. Lazarenko at 4-5, are forfeitable under 18 U.S.C. § 981(a)(1)(A), which permits civil forfeiture of "[a]ny property, real or personal, involved in a

transaction or attempted transaction in violation of" specific federal criminal statutes including the money laundering statute contained at 18 U.S.C. §§ 1956-57. See United States v. All Assets Held at Bank Julius, --- F. Supp. 3d ----, 2017 WL 1508608, at *2 (D.D.C. Apr. 27, 2017) (explaining all of the United States' forfeiture claims in greater detail). The United States argues that a forfeiture of $250 million is "substantially less" than the potential criminal fine Lazarenko faced for money laundering and therefore is not grossly disproportional. Opp. Lazarenko at 8.

The children move for leave to file an answer to the United States' Amended Complaint. Children Mot. at 2. Their proposed answer includes an Eighth Amendment excessive fines affirmative defense that did not appear in the children's Answer to the United States' initial complaint in 2004, as well as supplemental language they seek to add to the jurisdiction and probable cause affirmative defenses that did appear in their 2004 Answer. See Children's Proposed Answer ¶¶ 156, 158, 161 [Dkt. 877-2].

The United States contends that the Court should not permit the children to file an Answer at all because their mere "participation" in the litigation would "prejudice[]" the United States "[a]s discovery draws to a close." Opp. Children at 10. More narrowly, the United States argues that permitting the new Eighth Amendment excessive fines affirmative defense or the proposed additions to existing ones will prejudice the United States by "expand[ing] discovery." Opp. Children at 9-10. Separate from prejudice, the United States makes two legal arguments: (1) three of the children's affirmative defenses — failure to state a claim, lack of probable cause, and excessive fines, see Children's Proposed Answer ¶¶ 157-58, 161 — do not meet the heightened plausibility pleading standard announced in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), see Opp. Children at 4-6; and (2) the children waived their Eighth Amendment excessive fines affirmative defense and any of the

supplemental language they seek to add to the other affirmative defenses by failing to plead as much in their Answer to the initial complaint. Opp. Children at 6-9.[3]

II. DISCUSSION

The Court first addresses Lazarenko's motion for reconsideration because the determination of whether the Court erred in denying him the opportunity to plead his Eighth Amendment excessive fines affirmative defense bears on whether his children may do so as well.

*A. Lazarenko's Motion for Reconsideration*

"Motions for reconsideration are not specifically addressed in the Federal Rules of Civil Procedure. While the most analogous rule is Rule 60, which provides relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations 'are within the discretion of the trial court.'" Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d 237, 241-42 (D.D.C. 2015) (quoting Keystone Tobacco Co. v. United States Tobacco Co., 217 F.R.D. 235, 237 (D.D.C. 2003)); see also FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "Notwithstanding the broad discretion of a court to reconsider its own interlocutory decisions, however, and 'in light of the need for finality in judicial decision-making,' district courts should only reconsider interlocutory orders

---

[3] The United States is not clear whether its Twombly and Iqbal argument challenges all of the children's affirmative defenses or only the three that they identify. See Opp. Lazarenko at 6. The Court construes the United States' argument to apply only to the three affirmative defenses they identify because the United States has not attempted to show how any other affirmative defenses are "bare bones." Id.

8

'when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order.'" Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d at 242 (quoting In re Vitamins Antitrust Litig., No. 99-1097, 2000 WL 34230081, at *1 (D.D.C. July 28, 2000)).

Within this framework, Lazarenko's two arguments are that (1) the April 2016 tracing report is new evidence not previously available at the time he moved for leave to amend his Answer, and (2) the Court made a clear error of law by relying in January 2017 on its 2008 motion to dismiss Opinion for the $326 million figure.

### 1. The Tracing Report

Lazarenko never sought leave to file a supplemental brief concerning the United States' April 21, 2016 tracing report before the Court denied Lazarenko's motion for leave to amend his answer to assert the Eighth Amendment excessive fines affirmative defense on January 10, 2017.[4] The D.C. Circuit has affirmed the denial of a motion for reconsideration where "it [wa]s undisputed that most, if not all, of the information that [the movant] belatedly sought to submit [as new evidence] with its motion for reconsideration was available before the District Court ruled on [the original motion]." United Mine Workers of Am. 1974 Pension v. Pittston Co., 984 F.2d 469, 476 (D.C. Cir. 1993). That is also the case here. The Court does not

---

[4] Indeed, on January 5, 2017, Lazarenko sought leave to file a supplemental brief concerning the tracing report with respect to his motion for partial summary judgment but not with respect to his motion for leave to amend his Answer. See Claimant Pavel Lazarenko's Motion for Leave to File a Supplemental Reply to his Motion for Partial Summary Judgment at 1 [Dkt. 844]. The Court denied Lazarenko leave to file that supplemental brief by minute order on January 24, 2017.

9

view the tracing report as "new evidence," and therefore will not — on this ground — reconsider its conclusion that Lazarenko's Eighth Amendment excessive fines affirmative defense is futile.[5]

2. Citing the Court's 2008 Motion to Dismiss Opinion

The Court agrees with Lazarenko that the Court erred in citing its 2008 Opinion concerning Lazarenko's motion to dismiss for the proposition that Lazarenko received $326 million of payments from his money laundering and conspiracy crimes. United States v. All Assets Held at Bank Julius, 229 F. Supp. 3d at 71. In that 2008 Opinion, the Court relied on the $326 million figure cited in the United States' amended complaint, which predated Lazarenko's direct appeal from his criminal conviction. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d at 3 (citing Am. Compl. ¶¶ 7, 8, 26, 28, 34, 38, 41-44, 49, 50-54 [Dkt. 20]). In 2009, the Ninth Circuit affirmed Lazarenko's conviction of one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and seven counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B), (a)(2), but vacated all other counts and remanded for resentencing. United States v. Lazarenko, 564 F.3d at 1047. The Ninth Circuit's decision to vacate certain of Lazarenko's counts of conviction means that the $326 million figure in the 2008 Opinion (which, in turn, relied upon the 2005 amended complaint in this case) was an inaccurate assessment of the value of the proceeds Lazarenko earned from the money laundering and conspiracy crimes of which he stands convicted.

Whether this error merits reconsideration of the Court's January 10, 2017 Opinion and Order requires the Court to determine whether correcting the error saves Lazarenko's Eighth Amendment excessive fines affirmative defense from futility. As the Court previously

---

[5] The Court is also skeptical that it should attempt to interpret the United States' tracing report on its own before the parties complete expert discovery.

explained, "[a] civil penalty violates the Excessive Fines Clause of the Eighth Amendment if it is grossly disproportional to the gravity of the offense." United States v. All Assets Held at Bank Julius, 229 F. Supp. 3d at 71 (internal quotation marks and alterations omitted). The amount of in rem defendant assets subject to forfeiture in this case totals "roughly $250 million scattered throughout bank accounts located in Guernsey, Antigua & Barbuda, Switzerland, Lithuania, and Liechtenstein." Id. Relying on the initial assessment of Lazarenko's criminal proceeds from the time of his conviction, the Court previously held that:

> There are no facts that Lazarenko could add to his excessive fine[s] affirmative defense to convince the Court that the potential amount of the forfeiture in this in rem proceeding (approximately $250 million) is "grossly disproportional" to his criminal offenses because a jury has found that he received proceeds from his criminal activity that are well in excess of the amount of forfeiture.

Id. In the court's view, the futility inquiry with respect to the Eighth Amendment excessive fines affirmative defense turns on a comparison of the proceeds Lazarenko earned from his money laundering and conspiracy crimes to the $250 million forfeiture the United States seeks in this case.

Upon reconsideration, it is clear that Lazarenko could add facts to his Eighth Amendment excessive fines affirmative defense to make at least a colorable argument that $250 million is "grossly disproportional" to the proceeds Lazarenko earned from his money laundering and conspiracy crimes. The amount of money Lazarenko transferred between banks that resulted in the seven substantive money laundering counts of which he was convicted and which the Ninth Circuit upheld on appeal is $21,696,000. See Superseding Indictment ¶¶ 28-30 (N.D. Cal. July 19, 2001) [Dkt. 143 in Criminal Action. No. 00-0284]. Even assuming that Lazarenko's money laundering allowed him to profit in the amount of the entire $21,696,000, which is not entirely clear, that amount is much less than the $250 million forfeiture the United States seeks.

11

On the other hand, Lazarenko was not just convicted of seven substantive counts, but also of conspiracy to launder under 18 U.S.C. § 1956(h). The conspiracy count encompasses every in rem defendant in this case. Superseding Indictment ¶¶ 15-26 [Dkt. 143 in Criminal Action. No. 00-0284]. In addition, the roughly $22 million that Lazarenko illegally transferred — leading to his seven substantive money laundering convictions under 18 U.S.C. § 1956(a)(1)(B), (a)(2) — is not a cap of what funds are potentially forfeitable to the United States stemming from convictions. "Construing the federal money laundering statute, the D.C. Circuit has made clear that otherwise untainted money may become 'involved' in a money laundering offense" for purposes of forfeitability "where those funds are comingled with illicit proceeds" and "the government produces evidence that the legitimate funds were used to conceal the source of illicit proceeds." United States v. Bikundi, 125 F. Supp. 3d 178, 194 (D.D.C. 2015) (citing United States v. Braxtonbrown-Smith, 278 F.3d 1348, 1351-55 (D.C. Cir. 2002)). While the United States has not yet attempted to prove that Lazarenko comingled his criminal proceeds with legitimate funds in an attempt to conceal their source, the Ninth Circuit opinion affirming Lazarenko's convictions described how he "kept his money in foreign bank accounts, transferring funds from one account to another across the globe in an effort, so he was accused, to disguise and conceal the sources and ownership of the proceeds from the Ukrainian people." United States v. Lazarenko, 564 F.3d at 1029. While these facts suggest that Lazarenko's Eighth Amendment excessive fines affirmative defense ultimately may prove unsuccessful, there is no reason to conclude it would be futile to permit him to amend his Answer to raise an Eighth Amendment excessive fines affirmative defense.

One final question is the level of specificity with which Lazarenko must plead his Eighth Amendment excessive fines affirmative defense. The Court previously explained that

"[t]he D.C. Circuit has not addressed the standard by which judges in this district should determine whether affirmative defenses in an answer are futile under" Foman v. Davis, 371 U.S. 178 (1962). United States v. All Assets Held at Bank Julius, 229 F. Supp. 3d at 70. But "with respect to the futility of claims in a complaint, however, it is clear that '[a] district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss.'" Id. (quoting Hettinga v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012)). The Court also previously noted that "[i]t is an open question in this circuit (and almost every other circuit) whether the heightened plausibility pleading standard announced in Twombly and Iqbal applies to affirmative defenses." Id. In his proposed amended Answer here, Lazarenko states only that "[c]laimant alleges that the forfeiture of defendant property and currency is prohibited by the Excessive Fines Clause of the Eighth Amendment and 18 U.S.C. § 983(g)." See Lazarenko Proposed Amended Answer ¶ 161 [Dkt. 367-1]. Such bare bones pleading does not satisfy Twombly and Iqbal's heightened plausibility pleading standard because the Answer does not allege any facts at all, such as the amount of the money laundering for each count of conviction that the Court identified. See supra at 11.

   The Court assumes without deciding that — in the absence of controlling guidance from the D.C. Circuit and an entrenched split among district courts nationwide, see Paleteria La Michoacana v. Productos Lacteos, 905 F. Supp. 2d 189, 190 (D.D.C. 2012) — Lazarenko need not plead his affirmative defenses to satisfy Twombly and Iqbal's heightened plausibility pleading standard. "Before Twombly and Iqbal, the so-called 'notice pleading' standard demanded that a complaint simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" United States v. All Assets Held at Bank Julius, 229 F. Supp. 3d at 70 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The Court is inclined

to agree with the reasoned legal and policy arguments of Judge Rudolph Contreras for not applying Twombly and Iqbal to affirmative defenses, specifically that "Twombly and Iqbal interpreted Rule 8(a)(2)" of the Federal Rules of Civil Procedure, "which employs different language, governs a different pleading, and affects a different stage of the litigation." Paleteria La Michoacana v. Productos Lacteos, 905 F. Supp. 2d at 193. Nonetheless, Rule 8(c) of the Federal Rules of Civil Procedure states that, in response to a pleading, "a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). The "purpose of [Rule 8(c)] is to put opposing parties on notice of affirmative defenses and to afford them the opportunity to respond to the defenses." Kapche v. Holder, 677 F.3d 454, 465 (D.C. Cir. 2012) (internal quotation marks omitted).

Here, Lazarenko's proposed amended Answer unambiguously conveys that he believes the forfeiture the United States seeks is disproportional, but it fails to provide any facts that would put the United States on notice as to why it is disproportional. Lazarenko's motion for reconsideration provides a much more thorough factual explanation of the disproportionality he alleges, including a calculation of the total value of the funds at issue in his seven substantive money laundering counts of conviction. Lazarenko Mot. at 3 & n.2. "[B]ut Lazarenko should have pled this [explanation] in his proposed answer and not in the motion in support of" reconsideration. United States v. All Assets Held at Bank Julius, 229 F. Supp. 3d at 72. The Court therefore will require Lazarenko to further substantiate the factual basis for his Eighth Amendment excessive fines affirmative defense when he files his amended Answer following his review of this Opinion. Cf. In re Columbia Hosp. for Women Med. Ctr., Inc., 461 B.R. 648, 685 (Bankr. D.D.C. 2011) ("[A]n affirmative defense must include either direct or inferential

allegations respecting all material elements of the claim asserted, and bare legal conclusions do not suffice.").

The Court finds that the approximately $250 million of in rem assets in this case may be grossly disproportional to Lazarenko's criminal offenses, and therefore that his Eighth Amendment excessive fines affirmative defense is not futile. Lazarenko must further substantiate the factual basis for that defense in his amended Answer.

### B. *The Children's Motion for Leave to Amend*

The Court already determined in its January 6, 2017 Opinion, denying the United States' motion to strike, that permitting the children to participate in this case — and, thereby, to late-file an Answer — would not prejudice the United States. United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., 228 F. Supp. 3d at 125-26. The United States offers no persuasive reason for the Court to reconsider that conclusion. The only questions, then, are those that the Court signaled in footnote two of its Opinion: does the children's proposed answer "(1) var[y] the responses [the children] made in their answer to the original complaint for paragraphs that are identical in the amended complaint, or (2) assert[] an interest in the funds in the three additional jurisdictions that the United States added in the amended complaint[?]" Id. at 126 n.2. The aspects of the children's proposed Answer that the United States challenges here — adding a new Eighth Amendment excessive fines affirmative defense and adding supplemental language to the jurisdiction and probable cause affirmative defenses that did appear in their 2004 Answer — are the sort of variance that raises the potential for new prejudice outside the scope of the Court's January 6, 2017 Opinion. The Court will consider such prejudice before addressing the United States' two legal arguments: (1) three of the children's affirmative defenses fail Twombly and Iqbal's heightened plausibility pleading standard; and

(2) the children waived their Eighth Amendment excessive fines affirmative defense and any proposed supplemental language for other affirmative defenses.

The Court finds that permitting the children to assert an Eighth Amendment excessive fines affirmative defense at this stage of the litigation would prejudice the United States by introducing burdensome discovery with respect to a new legal issue. The United States never charged the children with — let alone convicted them of — the conspiracy and money laundering crimes giving rise to the forfeitability of the Samante assets in which they claim a beneficial or an ownership interest and the forfeiture of which they assert would constitute an excessive fine. The framers of the Constitution "understood" the word "fine" in the Eighth Amendment "to mean a payment to a sovereign as punishment for some offense." Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 265 (1989) (emphasis added). "Where, as here, the person who committed the sole crime charged which gave rise to forfeitability is not the property's owner, the culpability of the owner must be considered in the [Eighth Amendment excessive fines] analysis." United States v. Ferro, 681 F.3d 1105, 1115 (9th Cir. 2012). "Hence, the proportionality inquiry must center on [the property owner's] culpability" for the criminal offenses giving rise to forfeiture. Id. at 1115-16. The children's culpability for the criminal offenses of their father, Lazarenko, would be an entirely new issue at this late stage of the litigation. The United States "may have conducted initial discovery much differently if it had known" about the need to demonstrate the children's culpability. See Lawrence v. Lew, 156 F. Supp. 3d 149, 174 (D.D.C. 2016). The Court therefore will deny the children leave to assert a new Eighth Amendment excessive fines affirmative defense in their Answer because doing so would prejudice the United States.

That holding obviates the need for the Court to consider the United States' Twombly and Iqbal argument with respect the children's Eighth Amendment excessive fines affirmative defense, but it must do so with respect to the children's failure to state a claim and lack of probable cause affirmative defenses. As pled in the children's proposed Answer, those defense read:

> [C]laimants allege that the Complaint in its entirety, and each and every separately stated cause of action or claim contained therein, fails to state facts sufficient to constitute a claim upon which relief may be granted. . . .
>
> [C]laimants allege that the Plaintiff United States lacked probable cause for the institution of this forfeiture action and still lacks probable cause twelve years later.

Children's Proposed Answer ¶¶ 157-58. This shallow depth of factual pleading does not satisfy Twombly and Iqbal's heightened plausibility pleading standard, but — as explained supra at 13-14 — the Court assumes without deciding that Twombly and Iqbal do not apply to affirmative defenses. Instead, the children must meet the more modest notice pleading standard contained in Conley v. Gibson, 355 U.S. 41 (1957), and which existed until Twombly and Iqbal.

As an initial matter, the Court's 2008 Memorandum Opinion denying Lazarenko's motion to dismiss the United States claims concerning, inter alia, the Samante assets renders the children's failure to state a claim affirmative defense futile. In that Opinion, the Court held that the "amended complaint sets forth very detailed allegations, . . . including 'sufficient facts to support a reasonable belief that the property is subject to forfeiture.'" United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d at 17 (quoting United States v. Mondragon, 313 F.3d 862, 865 (4th Cir. 2002)). Regardless of how thoroughly the children have pled or could plead their failure to state a claim affirmative defense, it is futile

17

given the Court's prior ruling to the contrary. The Court therefore will deny the children leave to plead it when they file a new Answer following their review of this Opinion.

On the other hand, the children have sufficiently pled their lack of probable cause affirmative defense to meet the notice pleading requirement of Conley v. Gibson. Though brief, the affirmative defense as written provides the United States sufficient notice of the full scope of the children's argument. In fact, it is clear that the United States fully understands the children's probable cause arguments given its detailed response to Lazarenko's pending motion for partial summary judgment, which questions whether the United States needed probable cause to seize the in rem defendant assets in 2004 and 2005. See Claimant Lazarenko's Motion for Partial Summary Judgment Regarding "Unknown Payments" in Complaint Paragraph 50 (Aug. 12, 2015) [Dkt. 426]. The children joined Lazarenko's motion regarding probable cause requirements. Notice at 2 (Jan. 8, 2016) [Dkt. 543]. That motion will be decided in due course. The Court therefore rejects the United States' argument that the children's "lack of probable cause" affirmative defense is insufficiently pled.

Finally, the Court will permit the children to supplement the language of their jurisdiction and probable cause affirmative defenses that first appeared in their 2004 Answer. Rule 15(d) of the Federal Rules of Civil Procedure permits a party to supplement its pleadings to set out any transaction, occurrence or event that happened after the date of the pleading to be supplemented. FED. R. CIV. P. 15(d). The decision whether to grant leave to supplement a pleading is within the discretion of the district court, but leave "shall be 'freely give[n]' when 'justice so requires.'" Mohammadi v. Islamic Republic of Iran, 782 F.3d 9, 17 (D.C. Cir. 2015) (quoting FED. R. CIV. P. 15(a)); see also Willoughby v. Potomac Elec. Power Co., 100 F.3d 999,

18

1003 (D.C. Cir. 1996) ("[L]eave to amend should be freely given unless there is a good reason, such as futility, to the contrary.").

The United States is mistaken that the children waived these additions by failing to raise them in their Answer to the initial Complaint in 2004. The cases to which the United States directs the Court's attention hold that a party waives certain affirmative defenses if it fails to raise them at all in its answer. Opp. Children at 7. Here, however, the children properly pleaded affirmative defenses in their original Answer and now seek only to supplement them with additional language.

In addition, the Court fails to understand how the children adding the sentence, "[p]laintiff's forfeiture claims do not comport with traditional notions of fair play and substantial justice," to their existing jurisdiction affirmative defense creates an "essentially new affirmative defense." Opp. Children at 8. The United States says that the wording "impl[ies] any number of constitutional or civil claims," id., but the Court sees none. Likewise, the Court does not understand the children's addition of the phrase, "and still lacks probable cause twelve years later," to their lack of probable cause affirmative defense to be — as the United States contends — a "vigorous[]" attempt "to shoehorn into this district" Ninth Circuit precedent. Id. Again, the United States' probable cause to seize the in rem defendant assets in 2004 and 2005 is the subject of Lazarenko's pending motion for partial summary judgment that the children joined. See Dkts. 426, 543. The Court therefore will grant the children leave to supplement their jurisdiction and probable cause affirmative defenses because it finds no "good reason" to deny leave. See Willoughby v. Potomac Elec. Power Co., 100 F.3d at 1003.

## III.  CONCLUSION

For the reasons set forth in this Opinion, the Court will grant Lazarenko's motion for reconsideration and permit him to plead an Eighth Amendment excessive fines affirmative defense and grant the children's motion for leave to file an answer to the Amended Complaint in part and deny it in part.  It will not permit the children to plead either an Eighth Amendment excessive fines affirmative defense or a failure to state a claim affirmative defense, but will permit them to add supplemental language to their jurisdiction and probable cause affirmative defenses.  An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 3, 2017