# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

    **Plaintiff,**

        v.                                        Civil Action No. 04-798 (PLF/GMH)

**ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, *ET AL*.**

    **Defendants *In Rem*.**

## MEMORANDUM OPINION AND ORDER

This matter has been referred to the undersigned for the management of discovery. On July 28, 2017, Plaintiff filed a letter brief seeking to compel Claimant Pavel Lazarenko ("Claimant") to provide a supplementary response to one of Plaintiff's interrogatories. *See* Dkt. 987-1. Claimant filed a responsive letter brief on August 2, 2017, *see* Dkt. 991-1, and the undersigned heard arguments from both parties on August 29, 2017. At the conclusion of that hearing, the undersigned determined that Plaintiff's letter brief was without merit and rejected Plaintiff's request. The following written decision memorializes that ruling.

## BACKGROUND

The instant dispute revolves around two interrogatories, Interrogatories 9 and 10, both served by Plaintiff. In Interrogatory 9, Plaintiff asked Claimant to identify, among other things, all persons with knowledge of the facts set forth in Claimant's responses to Plaintiff's previous interrogatories and the basis for their knowledge. Plaintiff does not object to Claimant's response to this interrogatory, but claims that it "directly or indirectly referred to hundreds of individuals[.]" Dkt. 987-1 at 1.

Apparently to assist the government in focusing its efforts with respect to the witnesses, Plaintiff asked Claimant another interrogatory—Interrogatory 10—which is the subject of the present dispute between the parties. In that interrogatory, Plaintiff asked Claimant to

> [i]dentify all natural or legal persons who have been interviewed by [Claimant], or from whom statements or documents have been obtained by [Claimant], in relation to the facts and allegations of the Amended Complaint, standing of any party or claimant, or defenses to forfeiture [Claimant] or any party has raised. For each such person, provide the time, date, and location of any interview(s) or statement(s), the contact information for any such person and any legal representative of such person, state all facts provided by each such person, and identify all statements or documents obtained by [Claimant].

*Id.* In response to this interrogatory, according to Plaintiff, Claimant initially identified four witness statements that he obtained in a related matter and stated that he interviewed no witnesses in this matter. *Id.* Plaintiff contends that while discussing modifications to the Protective Order after the close of fact discovery, however, Claimant admitted that he interviewed multiple individuals in connection to this case. *Id.* After Plaintiff requested that he update his response to Interrogatory 10, Claimant submitted a supplemental response that identified one witness statement he obtained in connection to this case, and indicated that his counsel spoke to "certain persons" identified in his response to Interrogatory 9. *Id.* According to Plaintiff, Claimant did not identify who these persons were or provide any additional "details regarding his communications with individuals knowledgeable about this matter or the facts obtained from such interviews." *Id.*

Plaintiff now contends that Claimant must submit another supplemental answer that "completely" responds to Interrogatory 10 by identifying specific "individuals interviewed by [Claimant], the details surrounding when the interview took place and who was involved, and any relevant facts disclosed by the witness." *Id.* at 1–2. Claimant has refused to do so, arguing that requiring him to identify the witnesses his counsel has interviewed "infringes on [his] counsel's work-product privilege" because it would reveal his counsel's legal theories and strategies. [Dkt. 991-1] at

2

1–2. To assuage Plaintiff's concerns that Claimant might be withholding factual information known to witnesses, however, Claimant's counsel represented to the Court at the hearing on this matter that Claimant will disclose any witness statements to Plaintiff that he receives and would further update his responses to Plaintiff's other interrogatories, including Interrogatory 9, as required by the Federal Rules of Civil Procedure.

In response, Plaintiff acknowledges that some information related to witness interviews—the questions asked during the interview, for example—"potentially could be protected [from discovery] by the work-product doctrine," but maintains that Claimant has failed to satisfy his burden of demonstrating that the work-product doctrine applies to the information requested in Interrogatory 10. Dkt. 987-1 at 1. Additionally, Plaintiff asserts that Claimant's position is unfair particularly because Plaintiff has answered a similar interrogatory propounded by Claimant. *Id.*

## DISCUSSION

"The work-product doctrine shields materials 'prepared in anticipation of litigation or for trial or for another party or by or for that other party's representative,'" including that party's attorney. *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 432 F.3d 366, 369 (D.C. Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(3)). It is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation" by opposing counsel. The Rule further provides, however, that a party may discover such information if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means," so long as the court protects against the "disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed .R. Civ. P. 26(b)(3)(A)–(B). This caveat in the Rule represents the distinction

between fact work product and opinion work product. Opinion work product, which reveals the mental impressions, opinions, and legal theories of opposing counsel, is "virtually undiscoverable" absent some extraordinary showing of necessity, *Dir., Office of Thrift Supervision v. Vinson & Elkins, LLP*, 124 F.3d 1304, 1307 (D.C. Cir. 1997), while fact work product can be obtained by showing "'adequate reasons'" for disclosure, *Boehringer*, 778 F.3d at 153 (quoting *In re Sealed Case*, 676 F.3d 793, 809 (D.C. Cir. 1982)). Setting aside this distinction, the work-product doctrine "should be interpreted broadly and held largely inviolate," *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 432 F.3d at 369, which "is consistent with the policy underpinnings articulated by the Supreme Court that 'it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.'" *Shapiro v. U.S. Dep't of Justice*, 969 F. Supp. 2d 18, 28 (D.D.C. 2013) (quoting *Hickman v. Taylor*, 329 U.S. 495 (1947)).

Despite the wide latitude given to courts in interpreting and applying the work-product doctrine, the question of whether it "protects the identities of those persons interviewed by an attorney or his agent in anticipation of litigation" remains unsettled. *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, Nos. 12 Civ. 9811, 13 Civ. 1580, 2013 WL 5495542, at *9 (S.D.N.Y. Oct. 3, 2013). Indeed, in this Court alone, there is a partial split among its members over whether the names of individuals that a party has interviewed in preparation for litigation is protected under work-product privilege. *Compare Alexander v. FBI*, 192 F.R.D. 12 (D.D.C. 2000) *with Chiperas v. Rubin*, Civ. No. 96-130 (TPJ/JMF), 1998 WL 531845 (D.D.C. Aug. 24, 1998). In *Alexander*, 192 F.R.D. at 17, the plaintiffs moved to compel a party to confirm whether the party's investigator had spoken with certain individuals as part of his investigation on behalf of the party. After noting that an attorney's investigator should be afforded the same protection as the attorney for whom they work, the Court concluded that "certain information, such as whether investigators have

talked to certain individuals in the course of their investigations, is not protected by the attorney work-product doctrine." *Id.* at 18–19. Instead, the Court opined, a "list of interviewees is just that, a list." *Id.* at 19 (citing *United States v. Amerada Hess Corp.*, 619 F.2d 980 987–88 (3d Cir. 1980) and *In re Matter of Grand Jury*, 633 F.2d 282, 289 (3d Cir. 1980)). That said, the Court in *Alexander*, cautioned that "information beyond the names of interviewees may be protected by the attorney work-product privilege" if it would "reveal the thoughts, opinions, and strategies" of the party's attorneys and, by extension, their investigators. *Id.* Likewise, the Court found that the plaintiffs' question regarding whether an investigator was specifically investigating someone was "considerably" different than asking whether the investigator had contacted that same person, and determined that such a question "would certainly tend to reveal the strategy of [a party's] attorneys." *Id.*

Conversely, in *Chiperas*, 1998 WL 531845, at *1, another member of this Court determined that a defendant's request for the plaintiff to identify the witnesses he had interviewed and to turn over his witness statements or the names of the affiants who gave statements was impermissible. Specifically, the Court explained that a party is permitted to ask—and, indeed, a responding party is required to disclose—the names of individuals with discoverable information, like Plaintiff did in Interrogatory 9. *Id.* at *1. But, the Court continued, "'to go beyond that—to tell plaintiffs whom defendants have interviewed, where and when such interviews took place and whether or not a record was made" would afford the plaintiffs "the potential for significant insights into the defense lawyers' preparation of their case (and thus mental processes).'" *Id.* (quoting *Bd. of Educ. of Evanston Twp. v. Admiral Heating and Ventilating, Inc.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984)). Accordingly, the Court held that a plaintiff "is not required to do all the investigatory work

5

for [the] defendant by turning over their [witness] statements" taken from individuals with discoverable information whom counsel has interviewed. *Id.* In other words, according to the Court, "[t]he disclosure [the] defendant requests of the names of the witnesses who provided statements to plaintiff's counsel," as opposed to simply the names of individuals likely to have discoverable information, "crosses the boundary into work product because the names requested are interwoven with the preparation of [the] plaintiff's case." *Id.*

This split in reasoning is not endemic to this Court. Like in *Alexander*, a number of courts have reasoned that the names of individuals that a party has interviewed are subject to discovery, *see Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *Packard v. Darveau*, No. 4:11-CV-3199, 2012 WL 4443505, at *3–4 (D. Neb. Sept. 25, 2012); *Myers v. Goldco, Inc.*, No. 4:08-cv-8, 2008 WL 1995131, at *1 (N.D. Fla. May 6, 2008); *Sanchez v. Matta*, 229 F.R.D. 649, 659 (D.N.M. 2004); *Oregon Health & Sci. Univ. v. Vertex Pharm., Inc.*, No. Civ. 01-1272, 2002 WL 31968995, at *2 (D. Or. Oct. 24, 2002); *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 697 (S.D. Fla. 1990), while many others, like in *Chiperas*, have reached the opposite conclusion, *see US Bank Nat'l Ass'n*, 2013 WL 5495542, at *10 (S.D.N.Y. Oct. 3, 2013); *DiDonna v. Village Farms IGA, LLC*, No. CV 12-1487, 2012 WL 3879149, at *1 (E.D.N.Y. Sept. 6, 2012); *Tracy v. NVR, Inc.*, 250 F.R.D. 130, 132–33 (W.D.N.Y. 2008); *Seven Hanover Assoc., LLC v. Jones Lang LaSalle Americas, Inc.*, No. 04 Civ. 4143, 2005 WL 3358597, at *1 n.1 (S.D.N.Y. Dec. 7, 2005); *United States v. Dist. Council of New York City and Vicinity of United Bhd. Of Carpenters and Joiners of America*, No. 90 CIV 5722, 1992 WL 208284, at *10 (S.D.N.Y. Aug. 18, 1992); *Massachusetts v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 152–53 (D. Mass. 1986).

The undersigned believes that the better-reasoned cases, especially given the facts presented here, "are those that draw a distinction between discovery requests that seek the identification of persons with knowledge about the claims or defenses (or other relevant issues)"—requests, like Interrogatory 9, that are plainly permissible—"and those that seek the identification of persons who have been contacted or interviewed by counsel concerning the case." *Tracy*, 250 F.R.D. 132–33 (collecting cases). Based on this line of reasoning, Plaintiff is "free to ask for names of persons with knowledge of the facts, but it is not entitled, through [Claimant], to the identification of who among such knowledgeable individuals have been interviewed by [Claimant's counsel]." *Seven Hanover Assoc.*, 2005 WL 3358597, at *1 n.1. After all, to grant such a request would be to reveal to Plaintiff, Claimant's adversary in this litigation, how Claimant and his counsel "choose to prepare their case, the efforts they undertake, and the people they interview"—all information that falls within the scope of the work-product doctrine. *Dist. Council of New York City and Vicinity of United Bhd. Of Carpenters and Joiners of America*, 1992 WL 208284, at *10; *see also First Nat'l Supermarkets, Inc.*, 112 F.R.D. at 152–53 ("[I]nterrogatories which seek the names of persons interviewed by an adverse party's attorney together with the dates and places of such interviews are improper.").

Moreover, unlike in *Alexander*, the information that Plaintiff seeks from Claimant is far more than "just . . . a list." 192 F.R.D. at 19. In *Alexander*, the plaintiffs moved to compel a party to answer whether the party's investigator had spoken to a handful of specifically-identified individuals. *Id.* at 14–15. Here, on the other hand, Plaintiff is asking Claimant to narrow a list of several hundred individuals that Claimant has identified as knowledgeable about the facts of this case by identifying for Plaintiff those individuals that Claimant's counsel determined were worth interviewing. Such a request calls for Claimant's counsel to reveal their legal theories and strategic

7

decisions regarding who to interview in preparation for trial based on the information available to them. Indeed, the government provided no persuasive answer at the hearing to the question of what relevant information would be communicated to it by Claimant disclosing such a list. The best it could offer at the hearing was that such a list would assist the government in "culling down the voluminous number of witnesses" the parties had identified. *See* Transcript of Proceedings held on August 29, 2017 [Dkt. 1010] at 90:1–7. But, of course, it is precisely because the list would convey Claimant's counsel's legal strategy and opinions—who, based on their theory of the case, they believe are the most important, or problematic—that it would be a valuable filter for the government. In light of the specific facts of this case, requiring such a disclosure would run contrary to the Supreme Court's determination that "[p]roper preparation of a client's case demands that [counsel] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Hickman*, 329 U.S. at 510–11. Accordingly, the undersigned will deny Plaintiff's request for an Order compelling Claimant to disclose the identities of the individuals that Claimant's counsel interviewed in this matter.

Relatedly, while some of the other information that Plaintiff seeks in Interrogatory 10—the facts and circumstances surrounding any witness interviews that Claimant conducted—likely does not reveal insight into Claimant's counsel's thoughts and strategies and thus would not be shielded by the work-product doctrine, it is unclear how such information would be relevant to Plaintiff absent the names of the individual's interviewed. *See US Bank Nat. Ass'n*, 2013 WL 5495542, at *10 (denying as irrelevant requests for the dates of interviews and names of individuals who conducted interviews after determining that the names of the interviewees was protected

8

work product). A list of dates and times that Claimant's counsel interviewed unidentified persons would not be relevant to any issue in this case and, as such, that request, too, will be denied.

What remains, then, is Plaintiff's request for Claimant to reveal the "facts provided" by each interviewee—i.e., the relevant factual information Claimant learned from any witnesses interviewed. Claimant is obligated to provide this information to Plaintiff, but only in response to an appropriately-phrased discovery request that does not require Claimant's counsel to reveal who they have and have not interviewed and the particular questions they asked each interviewee in the process. Interrogatory 9 is one such request. At the hearing, Claimant acknowledged his ongoing responsibility to supplement his answer to that interrogatory, as well as his answers to Plaintiff's other discovery requests even after discovery has closed. *See* F.R.C.P. 26(e); *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (holding that a party's obligation to supplement discovery under Rule 26(e) continues even after the close of discovery). Moreover, Claimant has agreed to disclose to Plaintiff any written statements of witnesses when they are received. Thus, Plaintiff's concern that Claimant may withhold the facts known by potential witnesses after discovery is closed is without merit.[1]

## CONCLUSION

For the foregoing reasons, it is hereby

---

[1] Similarly unavailing is Plaintiff's assertion that Claimant should be compelled to provide a supplemental response to Interrogatory 10 because Plaintiff provided Claimant with the same or similar information in response to Claimant's discovery requests. *See* [Dkt. 987-1] at 2. To the extent that Claimant asked Plaintiff to provide him with such information, Plaintiff was free to object to that request under the work-product doctrine, rather than providing the information requested.

9

**ORDERED** that Plaintiff's letter brief requesting that the Court order Defendant to provide a supplemental response to Plaintiff's Interrogatory 10 [Dkt. 987-1] is **DENIED**.

**SO ORDERED**.

Date: September 13, 2017

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE