UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-0798 (PLF) |
| | ) | |
| ALL ASSETS HELD AT BANK JULIUS, | ) | |
| Baer & Company, Ltd., Guernsey | ) | |
| Branch, account number 121128, in the | ) | |
| Name of Pavlo Lazarenko et al., | ) | |
| | ) | |
| Defendants In Rem. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion [Dkt. No. 1000] of claimants Pavel Lazarenko and the Lazarenko children for leave to add an undue delay defense. The Court has carefully considered the motion and its exhibits, the opposition filed by the United States, and the Lazarenkos' reply. While captioned as a motion for leave to add a defense, it is in reality a motion for reconsideration of this Court's Opinion and Order of January 10, 2017, denying the original motion to add an undue delay defense. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 229 F. Supp. 3d 62 (D.D.C. 2017). The Court previously has described the factual and procedural history of this case in numerous prior opinions and will not repeat it here.[1]

---

[1] See, e.g., United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 251 F. Supp. 3d 82, 85-87 (D.D.C. 2017); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 307 F.R.D. 249, 250-51 (D.D.C. 2014); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d 81, 84-94 (D.D.C. 2013); United States v. All Assets Held at

"Motions for reconsideration are not specifically addressed in the Federal Rules of Civil Procedure. While the most analogous rule is Rule 60, which provides relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations 'are within the discretion of the trial court,'" Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d 237, 241-42 (D.D.C. 2015) (quoting Keystone Tobacco Co. v. U.S. Tobacco Co., 217 F.R.D. 235, 237 (D.D.C. 2003)), and relief may be provided "as justice requires." Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011); Ali v. Carnegie Inst. of Washington, 309 F.R.D. 77, 80 (D.D.C. 2015); see also FED. R. CIV. P. 54(b) (". . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "Notwithstanding the broad discretion of a court to reconsider its own interlocutory decisions, however, and 'in light of the need for finality in judicial decision-making,' district courts should only reconsider interlocutory orders 'when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order.'" Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d at 242 (quoting In re Vitamins Antitrust Litig., No. 99-1097, 2000 WL 34230081, at *1 (D.D.C. July 28, 2000)); see also Ali v. Carnegie Inst. of Washington, 309 F.R.D. at 80-82.

The Lazarenkos' motion lacks merit. It characterizes the Court's prior futility determination as simply a decision concerning a failure of pleading that can be corrected at any

---

Bank Julius Baer & Co., Ltd., 772 F. Supp. 2d 205, 207-08 (D.D.C. 2011); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d 1, 3-6 (D.D.C. 2008).

time: "[I]t appears that the Court was really stating that the allegation was deficient by not providing sufficient factual or legal support." Dkt. No. 1000 at 4. That is incorrect. Here is what the Court concluded, in full:

> Lazarenko's undue delay affirmative defense fails as legally meritless because there are no facts that Lazarenko could add that would support a claim that the United States has engaged in undue delay in the filing of the complaint or in commencing discovery. The United States filed this in rem action on May 14, 2004, roughly one month before a jury in United States District Court for the Northern District of California found Lazarenko guilty of a variety of criminal offenses. See All Assets I, 571 F. Supp. 2d at 4. The United States then filed its amended complaint on June 30, 2005, see generally Am. Compl., more than a year before Judge Charles Breyer of the United States District Court for the Northern District of California sentenced Lazarenko for his crimes on August 25, 2006. See N.D. Cal. No. 00-cr-00284 [Dkt. 1054]. The United States therefore did not engage in undue delay in "the filing of the Amended Complaint," as Lazarenko pleads in his proposed amended answer. Proposed First Am. Answer ¶ 163.
>
> Lazarenko's allegation that [ ] the United States has unduly delayed in "commencing discovery" also lacks merit. Lazarenko provides no supporting explanation for this claim, and the Court is not inclined to comb the record for itself to document how the United States has litigated discovery in this case. Suffice it to say that both parties have made strategic choices about how to litigate this case that delayed the commencement of discovery and lengthened the duration of discovery. Even if Lazarenko had pled more about how the United States delayed in commencing discovery, he has not alleged that the delay prejudiced him in any way. The Court therefore denies as futile Lazarenko's motion for leave to amend his answer to assert the affirmative defense of undue delay.

United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 229 F. Supp. 3d at 72-73. In other words, the United States did not delay this case, and, even if it did, Lazarenko failed to even make any arguments about how he was prejudiced.

This new motion attempts to make the prejudice argument, but the argument comes too late. Lazarenko had the chance to do so in briefing his original motion for leave to

3

add the undue delay defense and chose not to do so. He therefore has forfeited this argument. Nor is the documentary evidence that Lazarenko includes in an appendix to the motion as support for his prejudice argument in fact new. He could have made these arguments and presented this evidence in the original briefing. Lazarenko has failed to satisfy the discretionary standards governing motions to reconsider, and justice would not be served by granting his motion. Accordingly, it is hereby

ORDERED that The Lazarenkos' Motion for Leave to Add the "Undue Delay" Affirmative Defense [Dkt. No. 1000] is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 4, 2018