UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 04-0798 (PLF)
                                    )
ALL ASSETS HELD AT BANK JULIUS,     )
Baer & Company, Ltd., Guernsey      )
Branch, account number 121128, in the )
Name of Pavlo Lazarenko et al.,     )
                                    )
            Defendants In Rem.      )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on The Lazarenko Children's Motion [Dkt. No. 997] for Reconsideration of the Court's Order Denying Them Leave to Plead an Eighth Amendment Excessive Fines Affirmative Defense. The Lazarenko children argue, inter alia, that because they had pled an "innocent interest" affirmative defense under the Fifth Amendment in 2004, and the United States therefore had actual notice of the factual allegations underlying that defense, the government has had every opportunity to take discovery on the children's culpability for many years and cannot now legitimately claim prejudice. Motion at 1-3. Discovery with regard to innocence, they assert, is synonymous with discovery respecting lack of culpability. Id. at 7-8; Reply at 3. In other words, litigation of the innocent owner defense necessarily "raise[s] the issue of the Lazarenko Children's culpability." Motion at 8; Reply at 4. The United States' assertion that "[t]he knowledge inquiry for an innocent ownership defense is

entirely separate from a consideration of culpability" for an excessive fines defense, Opp. at 13, therefore is "devoid of merit."  Reply at 3-4.

Under the relevant case law, there may be substance to the children's argument that the innocent interest defense and the excessive fines defense are not totally separate and may be sufficiently related such that the government can show no prejudice from permitting the children now to plead an excessive fines defense.  See Austin v. United States, 509 U.S. 602, 617 (1993); United States v. Ferro, 681 F.3d 1105, 1112-14 (9th Cir. 2012); see also United States v. Bajakajian, 524 U.S. 321 (1998).  Accordingly, it is hereby

ORDERED that on or before January 26, 2018, the United States shall file a supplemental memorandum, not to exceed 10 pages in length, discussing the cases listed above and the interplay between the excessive fines and innocent interest defenses and the roles that knowledge and culpability (or lack of innocence) play in each; and it is

FURTHER ORDERED that on or before February 16, 2018, counsel for the children shall file a reply, not to exceed 10 pages in length, to the United States' analysis.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 5, 2018