UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------
                                        )
UNITED STATES OF AMERICA,               )
                                        )
       Plaintiff,                       )
                                        )
       v.                               )    Civil Action No. 04-0798 (PLF)
                                        )
ALL ASSETS HELD AT BANK JULIUS,         )
Baer & Company, Ltd., Guernsey          )
Branch, account number 121128, in the   )
Name of Pavlo Lazarenko et al.,         )
                                        )
       Defendants In Rem.               )
                                        )
---------------------------------------

OPINION

       This matter is before the Court on the motion [Dkt. No. 997] of claimants Alexander, Ekaterina, and Lecia Lazarenko (collectively, "claimants") to reconsider the portion of the Court's opinion of August 3, 2017, denying them leave to plead an Eighth Amendment excessive fines affirmative defense. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 268 F. Supp. 3d 135 (D.D.C. 2017). Upon careful consideration of the parties' written submissions, the relevant legal authorities, and the entire record in this case, the Court will deny claimants' motion.[1]

---

[1] The Court has reviewed the following documents in resolving the pending motion, including the exhibits attached thereto: Complaint ("Compl.") [Dkt. No. 1]; Verified Claim and Statement of Interest by Alexander Lazarenko for Himself and as Agent for Lecia Lazarenko and Ekaterina Lazarenko ("First Claim") [Dkt. No. 4]; Answer by Alexander Lazarenko for Himself and as Agent for Lecia Lazarenko and Ekaterina Lazarenko ("2004 Answer") [Dkt. No. 8]; Amended Complaint ("Am. Compl.") [Dkt. No. 20]; Claimants' Motion to Dismiss the First Amended Complaint ("Mot. to Dismiss Am. Compl.") [Dkt. No. 27]; Second Verified Claim and Statement of Interest by Alexander Lazarenko for Himself and as Agent for

I. FACTUAL AND PROCEDURAL BACKGROUND

The Court's prior opinions summarize the factual and procedural history of this case, starting with the criminal prosecution of claimants' father, Pavel Lazarenko, and continuing through this long-running in rem civil forfeiture proceeding. See, e.g., United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 307 F.R.D. 249, 250-51 (D.D.C. 2014); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d 81, 84-94 (D.D.C. 2013); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 772 F. Supp. 2d 205, 207-08 (D.D.C. 2011); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d 1, 3-6 (D.D.C. 2008). In brief, Pavel Lazarenko was a prominent Ukrainian politician

---

Lecia Lazarenko and Ekaterina Lazarenko ("Second Claim") [Dkt. No. 28]; Order Denying Claimants' Motion to Dismiss ("Order Den. Mot. to Dismiss") [Dkt. No. 63]; Memorandum Opinion and Order Den. Motion for Partial Reconsideration ("Mem. Op. & Order Den. Mot. for Recons.") [Dkt. No. 85]; United States' Motion to Strike the Claim of Alexander Lazarenko for Himself and as Agent for Lecia Lazarenko and Ekaterina Lazarenko ("Mot. to Strike") [Dkt. No. 363] and Memorandum of Law in Support ("Mot. to Strike Mem.") [Dkt. No. 363-1]; Opposition to United States' Motion to Strike ("Opp'n to Mot. to Strike") [Dkt. No. 380] and Declaration of Doron Weinberg ("Weinberg Decl.") [Dkt. No. 380-1]; United States' Reply in Support of its Motion to Strike ("Reply to Mot. to Strike") [Dkt. No. 397]; Second Amended Discovery Scheduling Order (Nov. 16, 2015) [Dkt. No. 494]; Order Denying United States' Motion to Strike ("Order Den. Mot. to Strike") [Dkt. No. 850]; Claimants' Motion for Leave to File an Answer to the Amended Complaint ("Mot. for Leave") [Dkt. No. 877] and Proposed Answer [Dkt. No. 877-2]; United States' Opposition to Motion for Leave ("Opp'n to Mot. for Leave") [Dkt. No. 891]; Claimants' Reply in Support of their Motion for Leave ("Reply to Mot. for Leave") [Dkt. No. 899]; Scheduling Order (May 17, 2017) [Dkt. No. 966]; May 16, 2017 Discovery Hearing Transcript ("May 16, 2017 Hr'g Tr.") [Dkt. No. 986]; Claimants' 2017 Answer to the Amended Complaint ("2017 Answer to Am. Compl.") [Dkt. No. 995]; Claimants' Motion for Reconsideration of the Court's August 3, 2017 Opinion ("Mot. for Recons.") [Dkt. No. 997]; United States' Opposition to Motion for Reconsideration ("Opp'n to Mot. for Recons.") [Dkt. No. 1004]; Claimants' Reply in Support of their Motion for Reconsideration ("Reply to Mot. for Recons.") [Dkt. No. 1008]; Claimants' Supplemental Memorandum in Support of their Motion for Reconsideration ("Claimants' Suppl. Mem.") [Dkt. No. 1070]; Memorandum Opinion and Order Regarding Motion for Reconsideration ("Mem. Op. & Order Regarding Mot. for Recons.") [Dkt. No. 1071]; United States' Supplemental Briefing ("U.S. Suppl. Br.") [Dkt. No. 1079]; Amended Scheduling Order (Feb. 5, 2018) [Dkt. No. 1085]; Claimants' Response to United States' Supplemental Briefing ("Claimants' Suppl. Br.") [Dkt. No. 1088]; and Amended Scheduling Order (Mar. 23, 2018) [Dkt. No. 1091].

who, with the aid of various associates, was "able to acquire hundreds of millions of United States dollars through a variety of acts of fraud, extortion, bribery, misappropriation and/or embezzlement" committed during the 1990s. United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d at 85 (quoting Am. Compl. ¶¶ 1, 10).

### A. The Samante Assets

As relevant to the present motion for reconsideration, the United States filed its original complaint in 2004 seeking forfeiture of, inter alia, "[a]ll funds on deposit at Credit Suisse (Guernsey) Limited, in account number 41610 in the name of Samante Limited as Trustees of the Balford Trust." Compl. ¶ 5(b). The Court will refer to the funds that the United States identified in paragraph 5(b) of the original complaint – as well as the additional funds associated with another account number identified in the amended complaint – as the "Samante assets."

Claimants filed a claim in June 2004 asserting their beneficial or ownership interest solely in the Samante assets. See First Claim. In August 2004, claimants filed an answer to the original complaint asserting five affirmative defenses, including an "Innocent Interest-Due Process" affirmative defense under the Fifth Amendment:

> As a fifth affirmative defense to the Complaint, [claimants], and each of them, assert that their interests in the defendant trust res are innocent, in that claimants have at no time had any knowledge of any of the acts or omissions alleged in the Complaint for Forfeiture. Accordingly, their interests in defendant property and currency are not subject to forfeiture under the provisions of Title 18, United States Code, § 981, and forfeiture is prohibited by the Due Process Clause of the Fifth Amendment to the United States Constitution.

2004 Answer ¶ 131. Claimants did not plead or otherwise mention an Eighth Amendment excessive fines affirmative defense in their 2004 answer.

3

After the United States filed an amended complaint in 2005, claimants filed a second claim asserting an interest solely in the Samante assets, see Second Claim, as well as a motion to dismiss the amended complaint, see Mot. to Dismiss Am. Compl. The Court denied the motion to dismiss in an order dated March 29, 2007, see Order Den. Mot. to Dismiss, and an opinion dated July 9, 2008, see United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d at 17. Following the denial of their motion to dismiss and a subsequent motion for reconsideration on September 5, 2008, see Mem. Op. & Order Den. Mot. for Recons., claimants did not file an answer to the amended complaint.

In October 2011, the United States wrote to claimants' attorney and stated that "if your clients do not file an appropriate Answer to the First Amended Complaint by November 14, 2011, the United States will move to strike their Claims." Mot. to Strike Ex. B at 2. Claimants' attorney thanked the United States for its "courtesy in permitting" the late filing, Mot. to Strike Ex. C at 1, but did not file an answer to the amended complaint.

*B. The United States' Motion to Strike Claimants' Claim*

In April 2015, the United States moved to strike claimants' claim to the Samante assets for, inter alia, failure to file an answer to the amended complaint. See Mot. to Strike Mem. at 3-4.[2] In response to the United States' motion to strike, claimants admitted that they had failed to file an answer to the amended complaint "as a result of an oversight by their counsel." See Opp'n to Mot. to Strike at 4. They attached a declaration from their attorney in which the attorney averred that he remembered the October 2011 letter from the United States

---

[2] In November 2015, Magistrate Judge G. Michael Harvey – to whom this case was referred for the management of all discovery – stayed discovery as to claimants until thirty days after the adjudication of the United States' motion to strike. See Second Amended Discovery Scheduling Order (Nov. 16, 2015).

4

inviting him to file claimants' untimely answer, but "failed to follow up or to insure that the Answer was filed." Weinberg Decl. at 4.

On January 6, 2017, the Court denied the United States' motion to strike. United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 228 F. Supp. 3d 118 (D.D.C. 2017). The Court excused claimants' failure to file an answer to the amended complaint because "that failure has not at all prejudiced the United States," given that the allegations in the amended complaint did not substantially vary from the original complaint with respect to the Samante assets. Id. at 126. Finding no prejudice to the United States by claimants' failure to file a timely answer to the amended complaint, the Court denied the United States' motion to strike and permitted claimants to seek leave to file an answer. See id. The Court cautioned claimants, however, as follows: "The United States is free to again raise the issue of prejudice in its opposition to claimants' motion for leave to file if, for example, claimants' answer . . . varies the responses claimants made in their answer to the original complaint for paragraphs that are identical in the amended complaint . . . ." Id. at 126 n.2.

*C. Claimants' Motion for Leave to File an Amended Answer*

As permitted by the Court in its January 6, 2017 opinion, claimants moved for leave to file an answer to the amended complaint in February 2017. See Mot. for Leave at 2. Their proposed answer repeated their "innocent interest-due process" affirmative defense and included, for the first time, an Eighth Amendment excessive fines affirmative defense: "[T]hese claimants allege that the forfeiture in this case is excessive because the proportion of 'tainted' funds (if any) is grossly disproportionate to the amount of the untainted funds that plaintiff seeks to forfeit." See Proposed Answer ¶ 161. The United States opposed the inclusion of the excessive fines affirmative defense on three grounds: (1) claimants waived the new defense by

failing to assert it in their 2004 answer; (2) claimants pled the new defense in a bare bones manner that provided no notice to the United States as to the underlying factual allegations; and (3) adding the new defense would be unduly prejudicial because it would require "discovery more voluminous [than] that already required by the re-entry of [claimants]" into the litigation. Opp'n to Mot. for Leave at 4-10. In their reply, claimants argued, <u>inter alia</u>, that the United States would not be unduly prejudiced by the inclusion of the excessive fines affirmative defense because "discovery with respect to [claimants] remains open." Reply to Mot. for Leave at 4-5.

While claimants' motion for leave was pending, Magistrate Judge Harvey held a discovery conference on May 16, 2017. As noted previously, <u>see</u> <u>supra</u> at 4 n.2, discovery as to claimants was stayed beginning on November 16, 2015 until thirty days after the adjudication of the United States' motion to strike claimant's claim, which the Court denied on January 6, 2017. <u>See</u> <u>supra</u> at 5. On May 17, 2017, Magistrate Judge Harvey issued a scheduling order providing that fact discovery as to claimants would begin on the day that claimants filed an answer to the amended complaint and would close ninety days later. <u>See</u> Scheduling Order (May 17, 2017). Magistrate Judge Harvey further held that the United States could petition the Court for additional discovery after the ninety-day period. <u>See</u> May 16, 2017 Hr'g Tr. at 43-44.

On August 3, 2017, the Court granted in part and denied in part claimants' motion for leave to file an answer to the amended complaint. <u>United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.</u>, 268 F. Supp. 3d at 148. The Court denied claimants' request for leave to plead an Eighth Amendment excessive fines affirmative defense because permitting the new defense "at this stage of the litigation would prejudice the United States by introducing burdensome discovery with respect to a new legal issue." <u>Id</u>. at 145-46. Having ruled on prejudice grounds, the Court did not reach the United States' arguments regarding waiver and the

6

proper pleading standard with respect to the excessive fines affirmative defense. See id. The Court allowed claimants to file an answer asserting a lack of probable cause affirmative defense and adding supplemental language to certain other defenses that, unlike the excessive fines affirmative defense, were pled in the original answer in 2004. Id. at 146-48.

Based on the Court's opinion of August 3, 2017, claimants filed an answer to the amended complaint on August 7, 2017, which did not assert an Eighth Amendment excessive fines affirmative defense. See 2017 Answer to Am. Compl. Fact discovery as to claimants began on August 7, 2017, see Scheduling Order (May 17, 2017), and is set to close on May 21, 2018. See Amended Scheduling Order (Mar. 23, 2018).[3]

*D. Claimants' Motion for Reconsideration*

On August 16, 2017, claimants filed the instant motion for reconsideration of the Court's August 3, 2017 opinion. See Mot. for Recons. As described more fully below, see infra at 10, their main contention is that reconsideration is warranted because, contrary to the Court's August 2017 decision, the United States will not be unfairly prejudiced by the inclusion of the excessive fines affirmative defense. See Mot. for Recons. at 1-2. At the Court's request, in January and February 2018, the parties provided supplemental briefing on the interplay between the innocent owner defense and the excessive fines affirmative defense. See Mem. Op. & Order Regarding Mot. for Recons.

---

[3] The Court notes that Magistrate Judge Harvey imposed an additional stay of discovery on November 14, 2017, which was lifted on February 5, 2018. See Amended Scheduling Order (Feb. 5, 2018).

II.  DISCUSSION

*A. Motion for Reconsideration*

The Federal Rules of Civil Procedure do not specifically address motions for reconsideration.  See Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d 237, 241-42 (D.D.C. 2015).  "While the most analogous rule is Rule 60, which provides relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations 'are within the discretion of the trial court.'"  Id. at 242 (quoting Keystone Tobacco Co. v. U.S. Tobacco Co., 217 F.R.D. 235, 237 (D.D.C. 2003)); see also FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); Langevine v. District of Columbia, 106 F.3d 1018, 1023 (D.C. Cir. 1997) ("Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment." (citations omitted)).

This judicial discretion is broad.  While the judicial interest in finality disfavors reconsideration, a district court has inherent authority to reconsider its interlocutory orders "as justice requires."  See Wannall v. Honeywell Int'l, Inc., 292 F.R.D. 26, 30-31 (D.D.C. 2013), aff'd sub nom. Wannall v. Honeywell, Inc., 775 F.3d 425 (D.C. Cir. 2014) (citations omitted).  Although the "as justice requires" standard may be imprecise, it is at least clear that a court has "more flexibility in applying Rule 54(b) than in determining whether reconsideration is appropriate under Rules 59(e) and 60(b)."  See id. at 30, 32 (internal quotations and citation omitted).

To determine whether justice requires reconsideration of an interlocutory decision, courts look to whether the moving party has demonstrated "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Klayman v. Judicial Watch, Inc., No. 06-0670, 2018 WL 953327, at *3 (D.D.C. Feb. 20, 2018) (citations omitted). Even where none of these three factors is present, "the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." Cobell v. Norton, 355 F. Supp. 2d 531, 540 (D.D.C. 2005). For example, justice may require revision where "the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning but of apprehension . . . ." See Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotations and citation omitted); see also Stewart v. FCC, 189 F. Supp. 3d 170, 173 (D.D.C. 2016).

The efficient administration of justice requires, however, that there be good reason for a court to reconsider an issue already litigated by the parties: "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Isse v. American Univ., 544 F. Supp. 2d 25, 30 (D.D.C. 2008) (quoting Singh v. George Washington Univ., 383 F. Supp. 2d at 101). Motions for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." See Klayman v. Judicial Watch, Inc., 2018 WL 953327, at *3 (citations omitted). Ultimately, the moving party has the burden to demonstrate "that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." FBME Bank Ltd. v. Mnuchin, 249 F. Supp. 3d 215, 222 (D.D.C. 2017) (quoting U.S. ex rel. Westrick v.

9

Second Chance Body Armor, Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012)); see also Isse v. American Univ., 544 F. Supp. 2d at 29.

Within this framework, claimants raise three objections to the Court's opinion of August 3, 2017. First, claimants argue that the Court did not address certain new evidence or "new data" – namely, the May 2017 scheduling order issued by Magistrate Judge Harvey granting the United States ninety days to conduct discovery regarding claimants. See Mot. for Recons. at 9. Second, claimants argue that the Court based its prejudice determination on matters not presented by the parties – specifically, the issue of the additional discovery burden upon the United States related to the culpability of claimants. See id. at 8. Third, claimants argue that the United States had actual notice that claimants sought to contest their culpability for purposes of the Eighth Amendment excessive fines affirmative defense by virtue of the "innocent interest" defense pled in their 2004 answer. See id. at 6-8. For the reasons that follow, the Court concludes that claimants have not met their burden to demonstrate that reconsideration is warranted.

*B. The May 2017 Scheduling Order is Not New Evidence*

First, claimants argue that reconsideration is warranted because the Court did not address certain new evidence or "new data" – specifically, the May 2017 scheduling order issued by Magistrate Judge Harvey granting the United States ninety days to conduct discovery regarding claimants. Mot. for Recons. at 9. Claimants are incorrect. The Court was aware of Magistrate Judge Harvey's scheduling order of May 17, 2017 when it issued its opinion on August 3, 2017. The Court's concerns about undue prejudice were based on the volume of discovery that it believed would be required by adding a new affirmative defense that introduced a new legal issue at this late stage of the litigation. See United States v. All Assets Held at Bank

10

Julius Baer & Co., Ltd., 268 F. Supp. 3d at 145-46. The May 2017 scheduling order therefore does not amount to new evidence not previously available justifying reconsideration of the Court's earlier opinion.[4]

### C. *The Issues Were Presented By the Parties*

Second, claimants argue that reconsideration is warranted because the Court based its prejudice determination on matters not presented by the parties – in particular, the issue of the additional discovery burden upon the United States related to the culpability of claimants. See Mot. for Recons. at 8. Claimants are mistaken. The United States specifically argued in its opposition to claimants' motion for leave that adding the excessive fines affirmative defense would result in prejudice to the United States due to the "voluminous" discovery that would follow. Opp'n to Mot. for Leave at 4, 9-10. Claimants responded by emphasizing that "discovery with respect to [claimants] remains open. Therefore, the Government is free to take discovery with respect to these affirmative defenses now." Reply to Mot. for Leave at 4-5. The Court's consideration of the undue prejudice that would result from including the excessive fines affirmative defense therefore did not exceed the scope of the issues presented and does not warrant reconsideration.

---

[4] In discussing the May 2017 scheduling order, claimants point to certain discovery requests served by the United States shortly after the Court's August 3, 2017 opinion. See Mot. for Recons. Ex. 1; Mot. for Recons. Ex. 2. Claimants note that "[a] cursory review of the Government's written discovery reveals the broad nature of . . . the inquiry which the Government seeks." Mot. for Recons. at 9. To the extent that claimants frame these discovery requests as new evidence meriting reconsideration, claimants are mistaken for the reasons discussed infra at 14-15.

11

### D. Actual Notice to the United States and Prejudice

Third, claimants argue that reconsideration is warranted because the United States had actual notice that claimants sought to contest their culpability for purposes of the Eighth Amendment excessive fines affirmative defense by virtue of the "innocent interest" defense that claimants pled in their 2004 answer. Mot. for Recons. at 6-8.[5] Unlike their first two arguments in support of reconsideration, claimants do not attempt to fit this argument within the Rule 54(b) framework. See supra at 8-10. In attempting to discern how this particular challenge to the Court's August 3, 2017 opinion might fit into the Rule 54(b) framework for reconsideration, the Court sees only two possible arguments: (1) the Court's determination that claimants' culpability would raise a new legal issue is a clear error of law, see Mot. for Recons. at 7; and (2) the United States' discovery requests served shortly after the Court issued its opinion constitute new evidence calling into doubt whether the United States would suffer prejudice if it now were required to engage in discovery regarding claimants' culpability for purposes of the excessive fines affirmative defense. See id. at 6-9.[6]

In its opinion denying claimants leave to assert an Eighth Amendment excessive fines affirmative defense, the Court focused on the prejudice to the United States that would result from "introducing burdensome discovery with respect to a new legal issue." United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., 268 F. Supp. 3d at 145-46. The "new legal

---

[5] The United States asserts that claimants' "innocent interest" defense has been interpreted in this action as an assertion of the statutory innocent owner defense under 18 U.S.C. § 983(d). See U.S. Suppl. Br. at 3-4.

[6] Based on claimants' briefing, their argument regarding actual notice and prejudice to the United States does not fit within the other potential grounds justifying reconsideration under Rule 54(b), including, inter alia, an intervening change in the law, a decision outside the adversarial issues presented to the Court by the parties, or an error of apprehension or a patent misunderstanding by the Court. See supra at 9. The Court therefore does not address them here.

12

issue" to which the Court referred was the culpability of claimants – that is, claimants' participation or involvement in the criminal activity giving rise to the forfeiture. Relying on United States v. Ferro, 681 F.3d 1105 (9th Cir. 2012), the Court concluded that claimants' culpability would be considered in the Eighth Amendment excessive fines analysis "[w]here, as here, the person who committed the sole crime charged which gave rise to forfeitability is not the property's owner . . . ." United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., 268 F. Supp. 3d at 146. Claimants' culpability would be a "new" legal issue because the United States did not charge claimants with crimes giving rise to the forfeitability of the Samante assets and their culpability therefore was not in dispute. Id. at 145-46. Accordingly, the Court reasoned that the United States "may have conducted initial discovery much differently if it had known" about the need to demonstrate claimants' culpability. Id.

As to whether the Court committed a clear error of law justifying reconsideration, claimants contend that their culpability is not in fact a "new legal issue." See Mot. for Recons. at 7. They assert that litigation of the "innocent interest" defense necessarily raises the issue of claimants' culpability; the United States therefore had actual notice that claimants intended to contest their culpability by virtue of the "innocent interest" defense that claimants pled in 2004. Id. at 1, 6-8. Claimants argue that, as a result, the United States can show no prejudice based on lack of notice if claimants now are permitted to plead and pursue an excessive fines affirmative defense, and the Court was wrong to conclude otherwise.

The Court has made no clear error of law justifying reconsideration on this basis. The D.C. Circuit has not yet decided whether the culpability of claimants, who are not charged with crimes giving rise to the forfeiture, is to be considered in the excessive fines inquiry. In the absence of controlling precedent, the Court relied on persuasive authority from the Ninth Circuit

holding that claimants' culpability would be considered in the excessive fines analysis. See United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., 268 F. Supp. 3d at 146 (citing United States v. Ferro, 681 F.3d 1105 (9th Cir. 2012)). Based on this determination, the Court held that adding the excessive fines affirmative defense at this late stage would prejudice the United States by "introducing burdensome discovery with respect to a new legal issue" – that is, claimants' culpability. United States v. All Assets Held at Bank Julius, Baer & Co., Ltd., 268 F. Supp. 3d at 145-46. Claimants do not explicitly challenge the Court's citation to United States v. Ferro, 681 F.3d 1105 (9th Cir. 2012) on its merits as an error of law; rather, claimants seem to disagree with the Court's determination that adding the new legal issue of claimants' culpability would require burdensome discovery at this stage. Because claimants merely express their disagreement with the Court's analysis respecting prejudice rather than identify a clear error of law, reconsideration is not warranted on this basis. See Klayman v. Judicial Watch, Inc., 2018 WL 953327, at *4 (denying motion for reconsideration where the movant identified a mere disagreement with the court's analysis rather than a clear error of law).[7]

The Court turns next to whether the United States' discovery requests constitute new evidence calling into doubt the prejudice that the United States would suffer if it now were required to engage in discovery regarding claimants' culpability for purposes of the excessive fines affirmative defense. Claimants argue that the United States would suffer no prejudice because discovery regarding knowledge for purposes of the "innocent interest" defense is "completely coextensive" with discovery regarding culpability for purposes of the excessive

---

[7] In its briefing, the United States implicitly challenges the Court's legal analysis in relying on United States v. Ferro, 681 F.3d 1105 (9th Cir. 2012), rather than the "majority of courts" that have taken a different approach from that of the Ninth Circuit. See Opp'n to Mot. for Recons. at 14. Because the United States has not moved for reconsideration on this issue, however, the Court does not address it here.

14

fines affirmative defense. See Reply to Mot. for Recons. at 4-5. Claimants attach to their motion for reconsideration certain discovery requests served by the United States shortly after the Court issued its opinion of August 3, 2017. See Mot. for Recons. Ex. 1; Mot. for Recons. Ex. 2. Claimants contend that "[a] cursory review of the Government's written discovery reveals the broad nature of . . . the inquiry which the Government seeks." Mot. for Recons. at 9. To the extent that claimants frame these discovery requests as new evidence demonstrating that fact discovery for the "innocent interest" defense and the excessive fines affirmative defense is "coextensive," the Court is not persuaded. The discovery requests propounded by the United States quite obviously were not available to the Court when it previously denied claimants' request for leave based on prejudice to the United States. These discovery requests, however, merely reflect what both the Court and the parties knew based on Magistrate Judge Harvey's May 2017 scheduling order: the United States was entitled to seek discovery from claimants after claimants filed an answer to the amended complaint. See Scheduling Order (May 17, 2017). Claimants do not point to anything in the discovery requests that would change the Court's prior conclusion. The United States' discovery requests therefore do not constitute new evidence justifying reconsideration.

## III. CONCLUSION

For the reasons set forth in this Opinion, the Court concludes that claimants have not demonstrated that justice requires reconsideration of the portion of the Court's opinion of August 3, 2017, denying them leave to plead an Eighth Amendment excessive fines affirmative defense. The Court therefore will deny claimants' motion for reconsideration [Dkt. No. 997]. An Order consistent with this Opinion will issue this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 4, 2018