UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 04-0798 (PLF)
                                    )
ALL ASSETS HELD AT BANK JULIUS,     )
Baer & Company, Ltd., Guernsey      )
Branch, account number 121128, in the )
Name of Pavlo Lazarenko et al.,     )
                                    )
            Defendants In Rem.      )
---

OPINION

This matter is before the Court on the motion [Dkt. No. 970] of the United States for clarification or partial reconsideration of the Court's opinion of April 27, 2017, granting in part and denying in part the motion of claimant Pavel Lazarenko for partial judgment on the pleadings. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 251 F. Supp. 3d 82 (D.D.C. 2017). Upon careful consideration of the parties' written submissions, the relevant legal authorities, and the entire record in this case, the Court will grant the motion.[1]

---

[1] The Court has reviewed the following documents in resolving the pending motion, including the exhibits attached thereto: Amended Complaint ("Am. Compl.") [Dkt. No. 20]; Mr. Lazarenko's Motion to Dismiss the First Amended Complaint ("Mot. to Dismiss") [Dkt. No. 27]; United States' Opposition to Motion to Dismiss ("Opp'n to Mot. to Dismiss") [Dkt. No. 35]; Mr. Lazarenko's Reply in Support of his Motion to Dismiss ("Reply to Mot. to Dismiss") [Dkt. No. 42]; Order Denying Motion to Dismiss [Dkt. No. 63]; Mr. Lazarenko's Verified Answer to the Amended Complaint ("Answer") [Dkt. No. 268]; Mr. Lazarenko's Motion for Partial Judgment on the Pleadings and Partial Summary Judgment ("Mot. for Partial J. on the Pleadings") [Dkt. No. 539] and Memorandum of Law in Support ("Mot. for Partial J. on the Pleadings Mem.") [Dkt. No. 539-2]; United States' Opposition to Motion for Partial Judgment

I. FACTUAL AND PROCEDURAL BACKGROUND

The Court's prior opinions summarize the factual and procedural history of this case, starting with the criminal prosecution of Mr. Lazarenko and continuing through this long-running in rem civil forfeiture proceeding. See, e.g., United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 307 F.R.D. 249, 250-51 (D.D.C. 2014); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d 81, 84-94 (D.D.C. 2013); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 772 F. Supp. 2d 205, 207-08 (D.D.C. 2011); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d 1, 3-6 (D.D.C. 2008). In brief, Mr. Lazarenko was a prominent Ukrainian politician who, with the aid of various associates, was "able to acquire hundreds of millions of United States dollars through a variety of acts of fraud, extortion, bribery, misappropriation and/or embezzlement" committed during the 1990s. United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d at 85 (quoting Am. Compl. ¶¶ 1, 10).

---

on the Pleadings and Partial Summary Judgment ("Opp'n to Mot. for Partial J. on the Pleadings") [Dkt. No. 599]; Mr. Lazarenko's Reply in Support of his Motion for Partial Judgment on the Pleadings and Partial Summary Judgment ("Reply to Mot. for Partial J. on the Pleadings") [Dkt. No. 668]; Mr. Lazarenko's Supplemental Brief ("Lazarenko Suppl. Br.") [Dkt. No. 741]; United States' Response to Supplemental Brief ("United States Suppl. Br.") [Dkt. No. 823]; Mr. Lazarenko's Reply in Support of his Supplemental Brief ("Lazarenko Reply to Suppl. Br.") [Dkt. No. 841]; Order Requesting Status Report (Jan. 26, 2017) [Dkt. No. 870]; Mr. Lazarenko's Status Report ("Lazarenko Status Report") [Dkt. No. 875]; United States' Status Report ("United States Status Report") [Dkt. No. 885]; January 25, 2017 Motions Hearing Transcript ("January 25, 2017 Hr'g Tr.") [Dkt. No. 886]; Reply to United States' Status Report ("Lazarenko Reply Status Report") [Dkt. No. 890]; January 4, 2007 Motions Hearing Transcript ("January 4, 2007 Hr'g Tr.") [Dkt. No. 927]; Order Granting in Part and Denying in Part Motion for Partial Judgment on the Pleadings [Dkt. No. 949]; United States' Motion for Clarification or Partial Reconsideration of the Court's April 27, 2017 Opinion ("Mot. for Recons.") [Dkt. No. 970] and Memorandum of Law in Support ("Mot. for Recons. Mem.") [Dkt. No. 970-1]; Mr. Lazarenko's Opposition to Motion for Clarification or Partial Reconsideration ("Opp'n to Mot. for Recons.") [Dkt. No. 972]; and United States' Reply in Support of its Motion for Clarification or Partial Reconsideration ("Reply to Mot. for Recons.") [Dkt. No. 977].

### A. Overview of Claims and Alleged Criminal Schemes

The United States alleges that Mr. Lazarenko and his associates amassed the assets subject to forfeiture in this action through four criminal schemes. The present motion for clarification or partial reconsideration concerns two of these alleged schemes: (1) the PMH/GHP scheme, see Am. Compl. ¶¶ 45-49; and (2) the UESU and ITERA Energy schemes, see id. ¶¶ 35-44.

In its amended complaint, the United States brings eight claims for relief under two general categories. Claims One, Two, Three, and Four allege direct forfeiture of criminal proceeds pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the direct forfeiture of proceeds from the violation of certain enumerated criminal statutes or "any offense constituting 'specified unlawful activity'" as defined by 18 U.S.C. § 1956(c)(7). These direct forfeiture claims allege that the defendant properties constitute or are derived from proceeds traceable to violations of four offenses that are considered "specified unlawful activity" under 18 U.S.C. § 1956(c)(7). The three offenses for which a part of the criminal conduct allegedly occurred in the United States are: interstate transportation and receipt of property stolen or taken by fraud, in violation of 18 U.S.C. §§ 2314 and 2315 (Claim One); Hobbs Act extortion, in violation of 18 U.S.C. § 1951 (Claim Two); and wire fraud, including property and honest services fraud, in violation of 18 U.S.C. §§ 1343 and 1346 (Claim Three). The two foreign offenses for which direct forfeiture is alleged and authorized by law are: an offense against a foreign nation involving extortion, and an offense against a foreign nation involving bribery of a public official or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official. These offenses are enumerated in 18 U.S.C. §§ 1956(c)(7)(B)(ii) and (iv) (Claim Four).

Claims Five, Six, Seven, and Eight allege forfeiture of property involved in money laundering violations pursuant to 18 U.S.C. § 981(a)(1)(A), which provides for, among other things, the forfeiture of any real or personal property involved in or traceable to a violation of 18 U.S.C. §§ 1956 and 1957. These money laundering forfeiture claims allege that the defendant properties were involved in or traceable to money laundering transactions or attempted money laundering transactions. The violations of money laundering law alleged in the amended complaint include: conduct designed to conceal the nature, location, source, ownership, or control of proceeds of a specified unlawful activity under 18 U.S.C. § 1956(a)(1)(B)(i) (Claim Five); international transportation, transmission, or transfer of proceeds of a specified unlawful activity under 18 U.S.C. § 1956(a)(2)(B)(i) (Claim Six); engaging in or attempting to engage in monetary transactions affecting interstate or foreign commerce with more than $10,000 in proceeds of a specified unlawful activity under 18 U.S.C. § 1957 (Claim Seven); and conspiracy to engage in money laundering under 18 U.S.C. § 1956(h) (Claim Eight). The United States alleges the same four predicate offenses occurring in part in the United States and the same foreign extortion predicate as in its direct forfeiture claims as a basis for the money laundering claims. Foreign official bribery, misappropriation, theft, or embezzlement, as enumerated under 18 U.S.C. § 1956(c)(7)(B)(iv), is not alleged as a basis for the money laundering claims.

*B. The Court's Prior Opinions*

In 2005, Mr. Lazarenko moved to dismiss the amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6). He argued, <u>inter</u> <u>alia</u>, that the United States was improperly attempting to reach foreign conduct in a manner not contemplated by the forfeiture statutes. <u>See</u> Mot. to Dismiss at 6-10, 11-16. The Court denied Mr. Lazarenko's motion to

dismiss in an order dated March 29, 2007, see Order Denying Motion to Dismiss, and an opinion dated July 9, 2008, see United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d at 9-14, 17. Noting that the amended complaint "sets forth very detailed allegations," the Court held, inter alia, that each of the eight claims met the pleading standard for in rem civil forfeiture actions. Id. at 17.

In 2015, Mr. Lazarenko moved for partial judgment on the pleadings and partial summary judgment. He argued in part that the claims constituted an impermissible application of U.S. law to foreign conduct based on Morrison v. National Australia Bank Ltd., 561 U.S. 247 (2010), which announced a new framework for determining whether a federal statute applies extraterritorially. See Mot. for Partial J. on the Pleadings Mem. at 1-2. On April 27, 2017, the Court granted Mr. Lazarenko's motion in part and denied it in part. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 251 F. Supp. 3d 82 (D.D.C. 2017). The Court first construed Mr. Lazarenko's motion as a motion for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. See id. at 87-89. It then set the stage by describing the proper methodology for determining the extraterritorial reach of 18 U.S.C. §§ 981(a)(1)(A) and (C) after the Supreme Court's decision in Morrison v. National Australia Bank Ltd. See id. at 89-92. Next, it discussed the extraterritorial reach of each of the eight claims brought by the United States. Id. at 92-104. Finally, the Court applied its extraterritoriality analysis to each of the four alleged schemes. See id. at 104-09.

With respect to the PMH/GHP scheme, the Court held that the United States had failed to establish a domestic claim for wire fraud, in violation of 18 U.S.C. § 1343 (Claim Three), and had not argued that "any of the claims for relief other than wire fraud" apply to that scheme. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 251 F. Supp. 3d

at 109.  With respect to the UESU and ITERA Energy schemes, the Court held that the United States had failed to allege valid claims for Hobbs Act extortion, in violation of 18 U.S.C. § 1951 (Claim Two), and wire fraud, in violation of 18 U.S.C. § 1343 (Claim Three).  See id. at 108.  The Court found, however, that the United States had sufficiently alleged claims for interstate transportation and receipt of property stolen or taken by fraud, in violation of 18 U.S.C. §§ 2314 and 2315 (Claim One), as well as the money laundering claims, in violation of 18 U.S.C. §§ 1956 and 1957 (Claims Five through Eight).  See id. at 107-09.  As to Claim Four, the Court held that the United States had sufficiently alleged a claim for foreign bribery, in violation of 18 U.S.C. § 1956(c)(7)(B)(iv).  See id. at 107-09.  The Court did not specifically address the other predicate offense alleged as a basis for Claim Four – foreign extortion under 18 U.S.C. § 1956(c)(7)(B)(ii).

In May 2017, the United States filed the instant motion for clarification or partial reconsideration of the Court's April 2017 opinion.  The United States does not dispute the Court's legal analysis regarding which federal statutes apply extraterritorially.  Rather, the United States raises two narrow objections to the Court's characterization of the claims asserted in relation to two of the schemes it has alleged in the amended complaint.  First, it argues that the Court erred by dismissing the PMH/GHP scheme in its entirety because the United States did in fact assert Claims One and Four through Eight in connection with that scheme.  See Mot. for Recons. Mem. at 4-7.  Second, it asks the Court to clarify that foreign extortion, as set forth in 18 U.S.C. § 1956(c)(7)(B)(ii), constitutes a basis for forfeiture in Claims Four through Eight with respect to the UESU and ITERA Energy schemes.  See id. at 7-9.  Mr. Lazarenko responds that the United States has waived these arguments and, in any event, the Court did not err by dismissing the claims.  See Opp'n to Mot. for Recons. at 1-2.

II. MOTION FOR CLARIFICATION OR PARTIAL RECONSIDERATION
AS TO THE PMH/GHP SCHEME

The United States has styled its motion as a motion for clarification or partial reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. With respect to the PMH/GHP scheme, the Court will construe the motion as one for partial reconsideration pursuant to Rule 54(b), which governs reconsideration of interlocutory orders. See FED. R. CIV. P. 54(b); Powell v. Castaneda, 247 F.R.D. 179, 181 (D.D.C. 2007) (holding that the standard for reconsideration of final judgments under Rule 59(e) differs from the standard for reconsideration of interlocutory orders under Rule 54(b)); Univ. of Colo. Health at Mem'l Hosp. v. Burwell, 164 F. Supp. 3d 56, 61-62 (D.D.C. 2016) (construing motion for clarification as motion for reconsideration where the court was asked to reverse its prior determination rather than to clarify ambiguous or vague portions of its opinion).

*A. Motion for Partial Reconsideration Under Rule 54(b)*

The Federal Rules of Civil Procedure do not specifically address motions for reconsideration. See Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d 237, 241-42 (D.D.C. 2015). "While the most analogous rule is Rule 60, which provides relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations 'are within the discretion of the trial court.'" Id. at 242 (quoting Keystone Tobacco Co. v. U.S. Tobacco Co., 217 F.R.D. 235, 237 (D.D.C. 2003)); see also FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); Langevine v. District of Columbia, 106 F.3d 1018, 1023 (D.C. Cir. 1997)

7

("Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment." (citations omitted)).

This judicial discretion is broad. While the judicial interest in finality disfavors reconsideration, a district court has inherent authority to reconsider its interlocutory orders "as justice requires." See Wannall v. Honeywell Int'l, Inc., 292 F.R.D. 26, 30-31 (D.D.C. 2013), aff'd sub nom. Wannall v. Honeywell, Inc., 775 F.3d 425 (D.C. Cir. 2014) (citations omitted). Although the "as justice requires" standard may be imprecise, it is at least clear that a court has "more flexibility in applying Rule 54(b) than in determining whether reconsideration is appropriate under Rules 59(e) and 60(b)." See id. at 30, 32 (internal quotations and citation omitted).

To determine whether justice requires reconsideration of an interlocutory decision, courts look to whether the moving party has demonstrated "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." Klayman v. Judicial Watch, Inc., No. 06-0670, 2018 WL 953327, at *3 (D.D.C. Feb. 20, 2018) (citation omitted). Even where none of these three factors is present, "the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." Cobell v. Norton, 355 F. Supp. 2d 531, 540 (D.D.C. 2005). For example, justice may require revision where "the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning but of apprehension . . . ." See Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotations and citation omitted); see also Stewart v. FCC, 189 F. Supp. 3d 170, 173 (D.D.C. 2016); Wultz v. Islamic Republic of Iran, 762 F. Supp. 2d 18, 23-24 (D.D.C. 2011); Powell v. Castaneda, 247 F.R.D. at 181.

The efficient administration of justice requires, however, that there be good reason for a court to reconsider an issue already litigated by the parties: "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Isse v. American Univ., 544 F. Supp. 2d 25, 30 (D.D.C. 2008) (quoting Singh v. George Washington Univ., 383 F. Supp. 2d at 101). Motions for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." Klayman v. Judicial Watch, Inc., 2018 WL 953327, at *3 (citation omitted). Ultimately, the moving party has the burden to demonstrate "that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." FBME Bank Ltd. v. Mnuchin, 249 F. Supp. 3d 215, 222 (D.D.C. 2017) (quoting U.S. ex rel. Westrick v. Second Chance Body Armor, Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012)); see also Isse v. American Univ., 544 F. Supp. 2d at 29.

*B. Partial Reconsideration is Warranted as to the PMH/GHP Scheme*

With respect to the PMH/GHP scheme, the Court held in its prior opinion that the United States had not sufficiently alleged a wire fraud violation under 18 U.S.C. § 1343 (Claim Three) and had not argued that "any of the claims for relief other than wire fraud" apply to this scheme. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 251 F. Supp. 3d at 109. The United States contends that the Court's conclusion warrants reconsideration because the United States did in fact assert claims of other statutory violations in addition to wire fraud in connection with the scheme. See Mot. for Recons. Mem. at 4-7. The United States acknowledges that in its memorandum opposing Mr. Lazarenko's motion for partial judgment on the pleadings, it discussed only wire fraud (Claim Three) in the section addressing the

9

PMH/GHP scheme. See id. at 6-7. In doing so, however, the United States maintains that it did not concede or withdraw its other claims relating to this scheme. See id. Mr. Lazarenko responds that the United States waived its argument by failing to discuss Claims One and Four through Eight with respect to this scheme in its opposition memorandum. See Opp'n to Mot. for Recons. at 1-2.

The United States frames the Court's prior determination as a "clear error" warranting reconsideration. See Reply to Mot. for Recons. at 2. In this case, however, the more appropriate ground for reconsideration under Rule 54(b) is whether the Court "patently misunderstood" the breadth and full scope of the arguments raised in opposition to Mr. Lazarenko's motion for partial judgment on the pleadings. See Wultz v. Islamic Republic of Iran, 762 F. Supp. 2d at 23-24 (granting reconsideration where the court "patently misunderstood the thrust of [a party's] jurisdictional argument" and failed to analyze relevant case law as a result); see also Singh v. George Washington Univ., 383 F. Supp. 2d at 101. For the reasons that follow, the Court concludes in its discretion that reconsideration is warranted on this ground.

First, upon careful review of the amended complaint, it appears that the United States did assert Claims One and Four through Eight in relation to the PMH/GHP scheme, though not clearly. For each of the eight claims for relief set forth in the amended complaint, the United States "repeats and realleges each and every allegation set forth" in the preceding paragraphs of the amended complaint, including the PMH/GHP allegations. See Am. Compl. ¶¶ 120, 125, 130, 135, 140, 144, 148, 152. Because each claim incorporates the PMH/GHP allegations, it follows that Claims One and Four through Eight apply to this scheme. These claims are for interstate transportation and receipt of property stolen or taken by fraud (Claim One); foreign extortion and foreign bribery (Claim Four); three different statutory money

laundering violations (Claims Five through Seven); and conspiracy to money launder (Claim Eight).

Second, because the United States did not identify which claims apply to the PMH/GHP scheme other than wire fraud (Claim Three) in its memorandum opposing Mr. Lazarenko's motion for partial judgment on the pleadings, see Opp'n to Mot. for Partial J. on the Pleadings at 55-56, the claims were not framed in the precise terms now before the Court. The Court nevertheless agrees with the United States that in focusing only on Claim Three, the United States did not concede or withdraw its other claims in connection with this scheme. Indeed, the arguments against dismissal of Claims One and Four through Eight set forth elsewhere in the opposition memorandum appear to apply equally to the PMH/GHP allegations. See id. at 12-18, 29-40.[2] Because the Court appears to have "patently misunderstood" fully the arguments raised in the United States' opposition memorandum and dismissed the PMH/GHP scheme as a result, justice requires that the Court revisit its conclusion.

The Court now turns to the merits of the motion for reconsideration: has the United States sufficiently alleged Claims One and Four through Eight with respect to the PMH/GHP scheme to defeat a motion for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure? The Court has previously held that these same claims meet the pleading standard for in rem civil forfeiture actions. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d at 17. As to whether these claims constitute an impermissible application of U.S. law to foreign conduct, the amended complaint alleges electronic fund transfers ("EFTs") and wire transfers in connection with this scheme. See

---

[2] For the same reasons, the United States has not waived its arguments in support of reconsideration as to the PMH/GHP scheme. See Opp'n to Mot. for Recons. at 2-3.

Am. Compl. ¶¶ 26, 50(d), 58, 88, 107-08. In its April 2017 opinion, the Court concluded that EFTs and other alleged wire transfers are sufficient to allege interstate transportation and receipt of property stolen or taken by fraud, in violation of 18 U.S.C. §§ 2314 and 2315 (Claim One), and foreign extortion and foreign bribery, in violation of 18 U.S.C. 1956(c)(7)(B)(ii) and (iv) (Claim Four). See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 251 F. Supp. 3d at 92-104. The Court also concluded that EFTs and wire transfers constitute activity that "occurs in part in the United States" for purposes of the extraterritorial provision of 18 U.S.C. § 1956(f) and "takes place" in the United States for purposes of 18 U.S.C. § 1957(d)(1). See id. These allegations therefore are sufficient to allege the money laundering claims in violation of 18 U.S.C §§ 1956 and 1957 (Claims Five through Eight). See id.

Upon reconsideration, the Court holds that the allegations in the amended complaint are sufficient to allege the following claims for relief in connection with the PMH/GHP scheme: interstate transportation and receipt of property stolen or taken by fraud, in violation of 18 U.S.C. §§ 2314 and 2315 (Claim One); foreign extortion and foreign bribery, misappropriation, theft, or embezzlement, in violation of 18 U.S.C. §§ 1956(c)(7)(B)(ii) and (iv) (Claim Four); and the money laundering claims in violation of 18 U.S.C. §§ 1956 and 1957 (Claims Five through Eight).[3]

---

[3] Mr. Lazarenko argues that the amended complaint fails sufficiently to allege a violation of foreign law or a subsequent transfer of funds. See Opp'n to Mot. for Recons. at 4-5; see also id. at 3-4 n.1. This argument is not relevant to the present motion for reconsideration, as it challenges the sufficiency of the claims for reasons unrelated to the extraterritorial reach of the statutes. Mr. Lazarenko will not be permitted to use the United States' motion for reconsideration as an opportunity to re-litigate the merits of his motion to dismiss, which the Court denied over ten years ago. See Klayman v. Judicial Watch, Inc., 2018 WL 953327, at *3 (holding that motions for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier") (citation omitted).

III. MOTION FOR CLARIFICATION OR PARTIAL RECONSIDERATION
AS TO THE UESU AND ITERA ENERGY SCHEMES

The United States asks the Court to clarify whether foreign extortion, as set forth in 18 U.S.C. § 1956(c)(7)(B)(ii), constitutes a basis for forfeiture in Claim Four and a predicate offense for the money laundering claims, as set forth in 18 U.S.C. §§ 1956 and 1957 (Claims Five through Eight), with respect to the UESU and ITERA Energy schemes. Mot. for Recons. Mem. at 7-9. The Court construes this portion of the pending motion as a motion for clarification, given that the United States has identified language in the Court's earlier opinion that it contends is ambiguous or vague with respect to the foreign extortion allegations relating to this scheme. See, e.g., United States v. Philip Morris USA, Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011) ("The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.") (citation omitted); Int'l Rectifier Corp. v. Samsung Elecs. Co. Ltd., 361 F.3d 1355, 1359-62 (Fed. Cir. 2004) (holding that the district court abused its discretion by refusing to grant a "motion to clarify, vacate, or modify" its injunction where that court had impermissibly expanded the scope of the injunction to reach certain extraterritorial activities).

*A. Motion for Clarification*

There is no Federal Rule of Civil Procedure specifically governing motions for clarification. See United States v. Philip Morris USA, Inc., 793 F. Supp. 2d at 168. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." Id. (citation omitted). Although such a motion cannot open the door to "re-litigat[ing] a matter that the court has considered and decided," SAI v. Transp. Sec. Admin., No. 14-403, 2015 U.S. Dist. LEXIS 192323, at *7-8 (D.D.C. Aug. 19, 2015) (citation

omitted), courts in this circuit have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling. See United States v. Volvo Powertrain Corp., 758 F.3d 330, 344 (D.C. Cir. 2014); Barnes v. District of Columbia, 289 F.R.D. 1, 12-13 (D.D.C. 2012). Entertaining such motions seems especially prudent if the parties must implement the ruling at issue at subsequent stages of the litigation. See Alliance of Artists & Recording Cos., Inc. v. Gen. Motors Co., No. 14-1271, 2016 WL 9963947, at *4 (D.D.C. Aug. 22, 2016).

### B. Foreign Extortion as a Basis for Forfeiture With Respect to the UESU and ITERA Energy Schemes

In its April 2017 opinion, the Court held that the allegations concerning UESU and ITERA were sufficient to sustain a claim for relief for, inter alia, foreign bribery under 18 U.S.C. § 1956(c)(7)(B)(iv) (Claim Four). See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 251 F. Supp. 3d at 107-09. In describing Claim Four with respect to this scheme, however, the Court omitted reference to the other predicate alleged in the amended complaint as a basis for Claim Four – foreign extortion under 18 U.S.C. § 1956(c)(7)(B)(ii). See id. The United States asserts that, based on this omission, the Court's opinion could be read to preclude foreign extortion as a basis for forfeiture with respect to the UESU and ITERA Energy schemes. See Mot. for Recons. Mem. at 7-9.

The Court agrees with the United States that clarification is warranted. Claim Four includes two foreign offenses – an offense against a foreign nation involving extortion under 18 U.S.C. § 1956(c)(7)(B)(ii); and an offense against a foreign nation involving bribery of a public official or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official under 18 U.S.C. § 1956(c)(7)(B)(iv). In the portion of its opinion addressing the UESU and ITERA allegations, the Court focused on foreign bribery, concluding

14

that the United States had sufficiently alleged a foreign bribery violation under 18 U.S.C. § 1956(c)(7)(B)(iv). See id. at 107-09. The Court inadvertently omitted reference to foreign extortion, and this omission may be read to exclude foreign extortion as a basis for forfeiture in relation to these schemes without explanation. It may also be read as inconsistent with the order accompanying the opinion which references both Section 1956(c)(7)(B)(ii) and Section 1956(c)(7)(B)(iv) in denying Mr. Lazarenko's motion with respect to Claim Four. See Order Granting in Part and Denying in Part Motion for Partial Judgment on the Pleadings at 2. The Court's prior opinion thus warrants clarification because it is reasonably susceptible to differing interpretations as to whether foreign extortion remains a basis for forfeiture with respect to the UESU and ITERA allegations. See, e.g., Alliance of Artists & Recording Cos., Inc. v. Gen. Motors Co., 2016 WL 9963947, at *4 (granting motion for clarification where the court's prior opinion was "reasonably susceptible to differing interpretations" regarding partitioned hard drives).[4]

The Court now clarifies that foreign extortion, as set forth in 18 U.S.C. § 1956(c)(7)(B)(ii), constitutes a basis for forfeiture with respect to the UESU and ITERA Energy schemes. The Court has previously held that Claims Four through Eight meet the pleading standard for in rem civil forfeiture actions. See United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d at 17. As to whether the foreign extortion claims constitute an impermissible application of U.S. law to foreign conduct, the amended complaint alleges that the proceeds of the UESU and ITERA Energy schemes were transferred through EFTs. See Am. Compl. ¶¶ 38-40, 43-44. In its April 2017 opinion, the Court held that EFTs

---

[4] For the same reasons, the United States has not waived its arguments in support of clarification as to the UESU and ITERA Energy schemes. See Opp'n to Mot. for Recons. at 2-3, 6.

15

constitute activity that "occurs in part in the United States" for purposes of the extraterritorial provision of 18 U.S.C. § 1956(f) and "takes place" in the United States for purposes of 18 U.S.C. § 1957(d)(1).  See <u>United States v. All Assets Held at Bank Julius Baer & Co., Ltd.</u>, 251 F. Supp. 3d at 92-104.  These allegations therefore are sufficient to allege foreign extortion and foreign bribery, in violation of 18 U.S.C. § 1956(c)(7)(B)(ii) and (iv) (Claim Four), as well as the money laundering claims in violation of 18 U.S.C §§ 1956 and 1957 (Claims Five through Eight).

The Court therefore clarifies that the allegations with respect to the UESU and ITERA Energy schemes are sufficient to allege, <u>inter alia</u>, claims for foreign extortion in violation of 18 U.S.C. § 1956(c)(7)(ii) (Claim Four), as well as money laundering based on foreign extortion under 18 U.S.C. §§ 1956 and 1957 (Claims Five though Eight).[5]

## IV.  CONCLUSION

For the reasons set forth in this Opinion, the Court will grant the motion [Dkt. No. 970] of the United States for clarification or partial reconsideration of the Court's opinion of April 27, 2017.  As to the PMH/GHP scheme, the Court concludes upon reconsideration that the allegations in the amended complaint are sufficient to allege the following claims for relief: interstate transportation and receipt of property stolen or taken by fraud, in violation of 18 U.S.C. §§ 2314 and 2315 (Claim One); foreign extortion and foreign bribery, misappropriation, theft, or

---

[5]  The parties dispute whether allegations sufficient to plead a claim for bribery are also sufficient to plead a claim for extortion.  See Mot. for Recons. Mem. at 8-9; Opp'n to Mot. for Recons. at 7-9; Reply to Mot. for Recons. at 8-9.  Because the amended complaint sufficiently pleads a claim for foreign extortion, the Court need not address this dispute.  In addition, as to Mr. Lazarenko's contention that "there is no allegation that [Mr.] Lazarenko demanded or threatened anyone in exchange for these payments," Opp'n to Mot. for Recons. at 9, the Court will not consider arguments challenging the sufficiency of the United States' claims for reasons other than their extraterritorial reach in the context of the present motion.  See <u>supra</u> at 12 n.3.

embezzlement, in violation of 18 U.S.C. §§ 1956(c)(7)(B)(ii) and (iv) (Claim Four); and the money laundering claims in violation of 18 U.S.C. §§ 1956 and 1957 (Claims Five through Eight). As to the USEU and ITERA Energy schemes, the Court clarifies that the allegations in the amended complaint are sufficient to allege, <u>inter alia</u>, the following claims for relief: foreign extortion in violation of 18 U.S.C. § 1956(c)(7)(ii) (Claim Four); and money laundering based on foreign extortion under 18 U.S.C. §§ 1956 and 1957 (Claims Five though Eight). An Order consistent with this Opinion will issue this same day.

       SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 23, 2018