

**U.S. Department of Justice**

Criminal Division

*Washington, D.C.  20530*

**VIA ELECTRONIC FILING**                    March 6, 2019

The Honorable G. Michael Harvey
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

        Re:    United States v. All Assets, *et al.*, No. 1:04-CV-00798 PLF/GMH (D.D.C.)

Dear Magistrate Judge Harvey:

        The United States writes to compel the cooperation of Alexander Lazarenko in scheduling and taking his deposition.  The United States has conferred in good faith with counsel for Alexander Lazarenko, but has yet to receive confirmation regarding Alexander Lazarenko's deposition date.[1]

        Discovery regarding the claim filed by Alexander Lazarenko in this case on behalf of himself, Lecia Lazarenko, and Ekaterina Lazarenko (collectively the "A/E/L Claimants") re-opened on February 20, 2019.  (Dkt. No. 1121).  On February 22, 2019, the United States proposed deposition dates to counsel for the A/E/L Claimants.  The United States also requested that all counsel travelling to Kiev, Ukraine for Alexander Lazarenko's deposition provide passport information in order to facilitate travel.  After conferring with A/E/L claimant's counsel and counsel for Pavel Lazarenko, the United States adjusted its proposed schedule and on February 25, 2019, sent amended deposition notices for the A/E/L Claimants to counsel.  The deposition notice for Alexander Lazarenko set March 18, 2019 in Kiev, Ukraine for his deposition.

        During a telephone call on March 1, 2019, the United States advised counsel for Pavel Lazarenko and counsel for the A/E/L Claimants that it was securing a court reporter, videographer, translator, and the cooperation of the government of Ukraine, in order to take the deposition of Alexander Lazarenko on March 18, 2019.  In response, counsel for the A/E/L Claimants stated that she has tried to reach Alexander Lazarenko both personally and through his co-claimants, but that Alexander Lazarenko is not responding to any of them.  Thus, she could not comment on his availability to sit for a deposition on March 18, 2019.  Counsel for the A/E/L Claimants did provide her passport information in order to allow for her presence at the deposition.  The United States attempted again on March 5, 2019, to confirm Alexander Lazarenko's attendance at the deposition.  This time, another attorney for Alexander Lazarenko stated "[h]e needs to be deposed in the United States I'm not going to Ukraine I don't feel it's

---

[1] The United States conferred with counsel on March 1, 2019, exchanged electronic mail messages on March 5, 2019, and sent an additional electronic mail message on March 6, 2019.

safe".  The United States attempted to confirm whether the demand to change the location of the deposition was based on a conversation with Alexander Lazarenko, but received no response.

Given that the deposition of Alexander Lazarenko will require: a) the purchase of foreign airline tickets; b) a multiple night hotel stay in Europe; c) the services of a court reporter, translator, and videographer; and d) assistance from the Prosecutor General's Office of Ukraine to swear the witness so that testimony may be taken under oath, the United States is concerned that it may waste valuable time and taxpayer resources to travel for the deposition of Alexander Lazarenko and have him not appear.  As a claimant to an asset valued at over $150 million, it is not clear why Alexander Lazarenko has ignored communication attempts by his lawyers regarding his deposition.

The United States could incur all of the aforementioned costs and then file a motion to compel and seek sanctions under Federal Rule of Civil Procedure 37.  *See e.g., Albert v. Starbucks, Inc.*, 2007 WL 177830 (D.C. Cir. Jan. 3, 2007) (upholding district court's dismissal of action for failure to appear at deposition); *Perez v. Berhanu*, 583 F. Supp 2d 87 (D.D.C. 2008) (entering default judgment for failure to participate in discovery, including refusal to be deposed).  However, given the March 29, 2019, close of fact discovery, it is seeking guidance from the Court as to how to proceed in order to conclude fact discovery in the most time and resource-efficient manner.

In contrast to its attempts to depose Alexander Lazarenko, the United States sought to depose Pavel Lazarenko during the week of March 25, 2019.  Counsel for Pavel Lazarenko stated there was a conflict and requested that the United States take Pavel Lazarenko's deposition the following week.  The United States is willing to accommodate Pavel Lazarenko's request, and has informed counsel for Pavel Lazarenko that it will proceed on April 4, 2019, provided that the Court does not object to the deposition occurring shortly after the March 29, 2019, scheduled close of fact discovery (Dkt. No. 1121).

Based on the foregoing, the United States requests this Court compel the cooperation of counsel for Alexander Lazarenko in confirming his availability for a deposition on March 18, 2019, or an alternative date prior to the close of fact discovery, or immediately show cause why the claim he filed in this matter should not be dismissed.  Furthermore, the United States requests the Court advise the parties if it has any objection to the continued deposition of Pavel Lazarenko occurring shortly after the close of fact discovery.

Respectfully submitted,

Adam J. Schwartz
Trial Attorney
Money Laundering and Asset Recovery Section