

**U.S. Department of Justice**

Criminal Division

*Washington, D.C.  20530*

**<u>VIA ELECTRONIC FILING</u>**                    March 22, 2019

      Re:    <u>United States v. All Assets, *et al.*, No. 1:04-CV-00798 PLF/GMH (D.D.C.)</u>

Dear Magistrate Judge Harvey:

      On March 13, 2019, this Court ordered Alexander Lazarenko to cooperate in scheduling a deposition "either prior to the scheduled close of fact discovery in this case or shortly thereafter" (Dkt. No. 1128, at 1).  In the March 12, hearing on the motion, the Court cautioned that Mr. Lazarenko's unwillingness to cooperate could result in the dismissal of his claims.  Since the March 12, 2019, hearing, the United States and counsel for Alexander Lazarenko have conferred multiple times.  The United States proposed taking Alexander Lazarenko's deposition on April 9-10, 2019 in Lviv, Ukraine, where his counsel stated he resides.  In multiple responses, Alexander Lazarenko refused to confirm his availability for a deposition dates and refused to be deposed in Ukraine.  Rather than cooperate in deposition scheduling in the country where he resides, Alexander Lazarenko is now demanding that the U.S. Department of Justice ("DOJ") prepare and mail him a letter that he can give to the U.S. Embassy in Kiev to apply for a visa to travel to the United States for his deposition.  Given his refusal to cooperate in scheduling his deposition in a timely fashion and reasonable location, the United States requests this Court order Alexander Lazarenko to confirm by March 27, 2019, that he will appear for a deposition on April 9-10, 2019 in Ukraine, or show cause why his claim in this matter should not be dismissed.

      As noted in its earlier filing (Dkt. No. 1123-1, at 1), the United States has been trying to schedule Alexander Lazarenko's deposition since February 22, 2019.  While Alexander Lazarenko claims "a subjective fear for his safety if he were to side for a deposition in Ukraine", (Ltr. from Beckman to Schwartz (Mar. 15, 2019), at 1), he has offered no objective evidence for his refusal to appear for a deposition in Ukraine.  Alexander Lazarenko, with full knowledge of the political situation in Ukraine, chose to leave the United States and return to the country of his birth.  He has lived without incident in Ukraine for many years, started a family in Ukraine, and even held political office in Ukraine.  His mother also resides in Ukraine, and his sisters visit Ukraine on an annual basis.  Indeed, the car accident that Alexander Lazarenko cites as a basis for his "subjective fear" occurred 20 years ago, and according to Ukrainian authorities was caused by Alexander Lazarenko's excessive speed (125 km/hr) in a residential area, and not an unsuccesful assasination attempt by unknown individuals.  The suggestion that he currently is not safe in Ukraine is absurd and has already been rejected by this Court.

      Second, Alexander Lazarenko's recent attempt to obtain a visa to travel to the United States appears to be another attempt to delay his deposition.  While Mr. Lazarenko's counsel has known since February 22, 2019, that the United States wanted to take Alexander Lazarenko's deposition, counsel waited until March 15, 2019, to advise the United States of the requirements for Mr. Lazarenko to obtain a visa.  Based on information provided by counsel for Alexander Lazarenko, it appears that DOJ first has to send a hard copy letter to Alexander Lazarenko asking him to travel to the United States for a deposition.  Alexander Lazarenko then would take the

letter to the U.S. Embassy in Kiev, Ukraine and include it in his visa application. The application then needs to be reviewed. If approved, pursuant to this Court's previous order regarding the deposition, Alexander Lazarenko would have to give the United States two weeks notice of the date he will make himself available for a deposition. (Dkt. No. 1128, at 1). Given that discovery of the A/E/L Claimants closes on March 29, 2019, the delay in advising DOJ of the visa process makes it impossible for the deposition to proceed in the United States "either prior to the scheduled close of fact discovery in this case or shortly thereafter". *Id.*

Even if the Court excuses Alexander Lazarenko's delay in researching how to obtain a visa, there is no basis to think he can secure a visa based on current information. As previously noted, Alexander Lazarenko has provided no objective evidence for why he cannot be deposed in Ukraine. Thus, any letter that DOJ would provide to him would simply state that the United States is seeking to depose him, but the deposition does not have to proceed in the United States. It is therefore unclear whether the U.S. Embassy would grant Alexander Lazarenko a visa to travel needlessly to the United States for a deposition based on his subjective belief that he is no longer safe in Ukraine, a country where he and his family have resided for numerous years.

Finally, for Alexander Lazarenko's convenience, the United States re-noticed his deposition for Lviv, Ukraine, where counsel represented to the Court Alexander Lazarenko currently resides. However, in its most recent letter to the United States, counsel provided an address for Alexander Lazarenko in Dnipro, Ukraine, which is approximately 13 hours by car from Lviv. Given that counsel apparently does not know where her client lives, the United States suggests that the deposition proceed either in Kiev, Ukraine, or Lviv, Ukraine, where it has previously made arrangements to take the deposition.

Alexander Lazarenko filed a claim to an asset worth over $170 million. He has had ample opportunity to comply with the United States' deposition notice. Should he continue to refuse to appear for a deposition in a timely fashion, dismissal of his claim is an appropriate sanction. *See e.g., Albert v. Starbucks, Inc.*, 2007 WL 177830 (D.C. Cir. Jan. 3, 2007) (upholding dismissal of action for failure to appear at deposition); *Perez v. Berhanu*, 583 F. Supp 2d 87 (D.D.C. 2008) (entering default judgment for failure to participate in discovery, including refusal to be deposed). Given the continued lack of cooperation to date, even after the Court's March 12, 2019, warning of potential consequences, dismissal is appropriate.

Based on the foregoing, the United States requests this Court compel the appearance of Alexander Lazarenko for a deposition on April 9-10, 2019, in either Kiev, Ukraine, or Lviv, Ukraine. Should Alexander Lazarenko refuse to confirm his appearance at the deposition at least ten days in advance, the United States requests that Alexander Lazarenko be required to show cause why his claim in this matter should not be dismissed for failure to participate in good faith in the proceedings.

        Respectfully submitted,

        Adam J. Schwartz