**KING, CAMPBELL, PORETZ & THOMAS PLLC**
ATTORNEYS AND COUNSELORS AT LAW

| | | |
|---|---|---|
| **JOSEPH KING**<br>ATTORNEY AT LAW | 108 N. ALFRED STREET, ALEXANDRIA, VIRGINIA 22314 | **RYAN CAMPBELL**<br>ATTORNEY AT LAW |
| **DANIEL PORETZ**<br>ATTORNEY AT LAW | TELEPHONE: 703-683-7070<br>FACSIMILE: 703-652-6010 | **EMILY BECKMAN**<br>ATTORNEY AT LAW |

March 28, 2019

**VIA ELECTRONIC FILING**

The Honorable G. Michael Harvey
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

      Re: United States *v.* All Assets, *et. al.*, No. 1:04-CV-00798 PLF/GMH (D.D.C.)

Dear Magistrate Judge Harvey:

      Claimants Kateryna, Lessia, and Alexander Lazarenko respectfully submit this Letter Brief and move to quash subpoenas issued by the government on March 18, 2019, returnable on March 29, 2019 to First Republic Bank and Eagle Bank (attached as exhibits). Claimants move to quash the subpoenas because the subpoenas are overbroad and specifically designed to obtain personal financial information of the claimants after January 1, 2000 in contravention of this Court's Order of January 19, 2018.

      In the Court's January 19, 2018 Order, the Court reiterated its previous limitation of discovery in this case to the time period prior to January 1, 2000, with two limited exceptions. These limited exceptions were for materials demonstrating an interest in or income derived from or traceable to the *in rem* assets, and materials demonstrating financial support of the children by Pavel Lazarenko during the last five years. The government's subpoenas, in contrast, seek all information in the possession of the two banks "For the period of January 1, 1998, or date of account opening through the present" and seek "any and all open or closed account Records…for the following individuals and corporations." The individuals and corporations that follow include each of my clients, Pavel Lazarenko, UIS Inc, and three other corporations. These records clearly far exceed the scope of the discovery permitted by this Court's Order.

      Counsel has conferred with the government and proposed modifications to the subpoena that would properly restrict the scope of the subpoena to the discovery allowed by this Court's January 19 Order. The government has declined to so limit the subpoena. The government appears to take the position that because some money at one time moved from a Tanas AG account to a Zemelny Bank account, that all funds leaving Zemelny Bank, from any account, at any time, whether or not the particular account ever received funds from Tanas AG, are thereby "traceable" to an *in rem* asset. Claimants vehemently dispute this novel interpretation of the meaning of "traceable to."

For these reasons, Claimants respectfully ask this Court to quash and/or modify the scope of the subpoenas issued by the government seeking documents and records from First Republic Bank and Eagle Bank.

                                              Sincerely yours,

                                              Emily R. Beckman