

**U.S. Department of Justice**

Criminal Division

*Washington, D.C.  20530*

<u>**VIA ELECTRONIC FILING**</u>                              March 29, 2019

The Honorable G. Michael Harvey
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

   Re: <u>United States v. All Assets, *et al.*, No. 1:04-CV-00798 PLF/GMH (D.D.C.)</u>

Dear Magistrate Judge Harvey:

  The United States seeks clarification of the effect of this Court's March 27, 2019, Order regarding the timing and location of the deposition of Claimant Alexander Lazarenko.   By allowing Alexander Lazarenko time to attempt to obtain a visa to travel to the United States,[1] the Court appears to have extended the deadline for fact discovery related to Claimants Alexander Lazarenko, Ekaterina Lazarenko, and Lecia Lazarenko (the "A/E/L Claimants") beyond the current deadline of March 29, 2019.  Dkt. No. 1120.  Under the current scheduling order, after the close of fact discovery related to the A/E/L Claimants, the time period to take expert depositions opens on March 30, 2019 and closes on May 31, 2019.  *Id.*

  As this Court is aware, the timing of expert depositions in this matter has been argued on multiple occasions.  The Court has consistently held that expert depositions should begin following the conclusion of all fact discovery.  *See, e.g.*, Hearing Transcript (May 16, 2017), at 36 ("But with regard to the actual deposition of experts, it seems to me that the most efficient way so we know that there will not be multiple depositions of a single expert, both now and then following discovery of the Lazarenko children, that should follow a period of discovery with regard to those claimants.").

_____

[1] The Court also ordered the parties to cooperate in good faith to permit Alexander Lazarenko to file a visa application.  Dkt. No. 1135, at 2.  The Court's ruling was based on representations by counsel for the A/E/L Claimants that Alexander Lazarenko needed a letter from the United States to apply for a visa. That representation is inaccurate.  As the United States informed counsel for the A/E/L Claimants on March 28, 2019, in order to apply for a visa to the United States, Alexander Lazarenko must complete the following steps: 1) pay the visa application fee; 2) complete the online application; 3) schedule an appointment for an interview with a consular office at the U.S. Embassy in Kyiv, Ukraine; and 4) attend an interview with a consular official at the U.S. Embassy in Kyiv, Ukraine.  These steps are set forth online at http://www.ustraveldocs.com/ua/ua-niv-typeb1b2.asp.  Applicants are encouraged to bring supporting documentation with them to the interview in Kyiv, Ukraine.  Counsel for the United States does not know if Alexander Lazarenko has taken any action to apply for a visa since the United States noticed his deposition on February 22, 2019.  Although counsel for Alexander Lazarenko has requested that the Department of Justice provide a letter regarding his desire for a visa, we understand that such a letter is not a prerequisite for initiating a visa application, nor is it required for obtaining a visa.  We understand that the Court has not directed the Executive Branch to take any particular action with regard to its consideration of any visa application from Alexander Lazarenko.

The United States believes the Court's logic remains sound.  As a result, the United States seeks clarification that the expansion of time period for fact discovery to resolve the date and location of Alexander Lazarenko's deposition has the subsequent effect of amending the timeline for expert depositions in this matter and all subsequent case deadlines.  This would result in a scheduling order that sets the remaining deadlines for time periods based on the ultimate date of Alexander Lazarenko's deposition.  Pursuant to Local Rule 7(m), the United States contacted counsel for Pavel Lazarenko and counsel to the A/E/L Claimants in order to get their views on this matter, but received no response from counsel for either party.

Respectfully submitted,

Adam J. Schwartz