

**U.S. Department of Justice**

Criminal Division

_Washington, D.C. 20530_

<u>VIA ELECTRONIC FILING</u>                                     April 1, 2019

The Honorable G. Michael Harvey
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

       Re:     <u>United States v. All Assets, *et al.*, No. 1:04-CV-00798 PLF/GMH (D.D.C.)</u>

Dear Magistrate Judge Harvey:

      The United States opposes Claimant Alexander Lazarenko, Ekaterina Lazarenko, and Lecia Lazarenko's (the "A/E/L Claimants") motion to quash subpoenas served by the United States on First Republic Bank and Eagle Bank.  (Dkt. No. 1136).  The subpoenas at issue are narrowly tailored to obtain financial information from the A/E/L Claimants or legal entities currently or previously under their collective or individual control that the United States believes obtained or disbursed funds related or traceable to the defendant assets.  As noted below, the A/E/L Claimants have not complied with their discovery obligations pursuant to the Federal Rules of Civil Procedure and this Court's previous order to obtain this material.  Thus, the United States has undertaken its own efforts, as it is entitled to do, to obtain relevant information from, among other sources, third parties not party to this suit.

      The basis for the A/E/L Claimant's motion to quash is the suggestion that the information sought is broader than this Court's January 18, 2019 Order, which limited the United States to information that demonstrates an interest in, reflects income from or traceable to, or mentions the defendant assets.  Dkt. No. 1078, at 17-18.  As noted above, the subpoenas only seek information related to accounts held by the claimants or one of four corporations associated with one or more of the A/E/L Claimants.  It therefore is narrowly tailored to obtain relevant information as permitted by the Court.

      The United States issued the aforementioned subpoenas because it has been consistently frustrated in its efforts to obtain meaningful discovery from the A/E/L Claimants.  The A/E/L Claimants have not produced any financial information in response to the United States' document requests.  The United States has had to move to compel the depositions of a claimant and responses to interrogatories and requests for production.  *See, e.g.,* Dkt. Nos. 1038, 1131, and 1134.  Even when the A/E/L Claimants participate in discovery, their obstructionist tactics strain credulity.  For example, during the deposition of Lecia Lazarenko, she professed to have no recollection of how she paid for her college tuition.  *See* L. Lazarenko Dep. Tr., at 114-117.  She also had no recollection of the business activities, shareholders, or assets of UIS, Inc., a corporation for which she simultaneously served as president, secretary and treasurer.  *See id.*, at 34-62.  UIS, Inc., like Tanas AG, an entity directly linked to one of the Defendant Assets and linked to Alexander Lazarenko, appears to have made substantial loans to a Ukrainian bank, Bank Zemelny Capital.  Loan repayments to Tanas AG were made to Holy Pavel Holdings, Ltd.,

an entity for which the United States is seeking financial records.  According to the Bank Zemelny Capital website, both Alexander and Lecia Lazarenko (through UIS, Inc.) held a substantial number of shares in the bank.  *See, e.g.*, https://www.zemcap.com/en/struktura-vlasnosti-2.html (.pdf "as of March 11, 2013" identifying Lecia Lazarenko as 9.98% owner); *same* (.pdf "as of March 8, 2015" identifying Alexander Lazarenko as a 3.56% owner).

Although the A/E/L Claimants repeatedly refer to the Court's January 18, 2019 Order to hamper the United States' discovery efforts, they conveniently refuse to acknowledge that the very same Order imposes significant discovery obligations on them.  The A/E/L Claimants cannot "just 'sit on [their] hands.'"  *Id.*, at 18 (internal citation omitted).  Despite being ordered to make "all efforts necessary to obtain from third parties" responsive documents and information from "financial institutions, accountants, advisors, attorneys, governmental and tax authorities", the A/E/L Claimants have not done so.  Not only has the A/E/L Claimants' failure to search for and produce responsive material deprived the United States of the opportunity to ask questions regarding financial records at the deposition of two of the A/E/L Claimants, they are now actively attempting to obstruct the United States' ability to obtain the information from alternative sources to use in the future.

Finally, it is unclear whether the A/E/L Claimants' motion to quash is properly before this Court.  With respect to the subpoena to First Republic Bank, a motion to quash the subpoena should be filed in the "court for the district where compliance is required," in this instance the United States District Court for the Northern District of California.  Fed. R. Civ. P. 45(d)(3).  That court may transfer the motion to this Court "if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed R. Civ. P. 45(f); *see generally Wultz v. Bank of China, Ltd., et al.*, 304 F.R.D. 38, 42-45 (D.D.C. 2014).

A/E/L Claimant's motion to quash the subpoena to Eagle Bank suffers similar procedural defects.  While the A/E/L Claimant's filed a motion to quash on March 28, 2019, Eagle Bank complied with the subpoena on the same day.  To the extent Eagle Bank has already complied with the subpoena, the Motion to Quash is moot.[1]

For the reasons stated above, the United States requests this Court reject the A/E/L Claimants motion to quash the subpoenas issued to First Republic Bank and Eagle Bank.  To the extent the Court deems it appropriate to modify the subpoenas, the burden should be placed on the A/E/L Claimants to demonstrate that they have taken affirmative steps to determine the nature and source of the funds flowing in and through any bank accounts subject to the subpoena prior to applying any limitations.

Respectfully submitted,

Adam J. Schwartz

---

[1] The United States has already loaded the Eagle Bank subpoena return into its document management database.  However, it has taken steps to segregate the material until the Court has decided this issue.