## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:04-cv-00798-PLF-GMH** |
| | ) | |
| **ALL ASSETS HELD AT BANK JULIUS** | ) | |
| **Baer & Company, Ltd., Guernsey** | ) | |
| **Branch, account number 121128, in the** | ) | |
| **name of Pavlo Lazarenko, *et al.*** | ) | |
| | ) | |
| **Defendants *In Rem*** | ) | |

### UNITED STATES' OPPOSITION TO CLAIMANT PAVEL LAZARENKO'S
### UNCONDITIONAL PARTIAL WITHDRAWAL OF CLAIM

Plaintiff, United States of America, by and through its undersigned attorneys, respectfully urges this Court to deny Claimant Pavel Lazarenko ("Lazarenko") an unconditional Partial Withdrawal of Claim (ECF No. 1144), and requests that the Court, if it authorizes dismissal, to do so with prejudice and to explicitly authorize continued discovery, consistent with the Court's prior orders, relating to the defendant *in rem* assets.  In his "notice" filing seeking partial withdrawal, Claimant Lazarenko seeks to dismiss his claim to one defendant asset, account number 0153633 AB, in the name of Tanas AG ("Tanas Asset"), identified in the Government's forfeiture complaint.  Claimant Lazarenko does not seek this Court's leave for the dismissal of his claim, as required, nor does he propose any conditions for the release of his claim against the defendant asset.

Claimant Lazarenko fails to articulate any reasonable basis for the late-stage voluntary dismissal of his claim.  Given Claimant Lazarenko's failure to provide any justification, the length of this case, the status of discovery, and the United States' entitlement to ongoing discovery regarding any defendant *in rem* asset or asset traceable thereto, the United States

requests that any dismissal be made only on the explicit condition that the dismissal of

Lazarenko's claim to the Tanas Asset is with prejudice, and any dismissal does not foreclose the

United States' right to conduct discovery regarding any defendant *in rem* asset and Lazarenko's

use of, and the claimants' knowledge of the use of, family members and legal entities to conceal

the proceeds of his criminal conduct.

## **LEGAL STANDARD**

Rules 15 and 41 provide mechanisms through which claims can be dismissed in a civil

action.  Generally, Rule 15 addresses the amendment of a party's pleadings after they have been

filed; Rule 41 addresses the dismissal of actions.  While Claimant fails to cite to any rule

authorizing the partial dismissal of his claim to an *in rem* Defendant Asset at this stage of the

case,[1] this Court and others have explicitly indicated that Rule 15, rather than Rule 41, controls

the dismissal of claims in an *in rem* forfeiture proceeding.  *See United States v. Proceeds of Drug*

*Trafficking Transferred to Foreign Bank Accounts*, 252 F.R.D. 60, 62 (D.D.C. 2008).  Further,

this Court has previously determined that Rule 15 applies when a party is dismissing some but

not all claims, which Claimant Lazarenko is attempting to achieve through his notice of partial

dismissal.

As *Lemmons v. Georgetown Hospital* instructs, "the voluntary elimination or dismissal of

fewer than all of a plaintiff's claims may occur *only* by amendment of the complaint pursuant to

Federal Rule of Civil Procedure 15."  *Lemmons v. Georgetown Hospital*, 241 F.R.D. 15, 30

(emphasis in original).  Under Rule 15, any attempt at an amendment which follows more than

---

[1] The United States refers to Lazarenko's Notice of Withdrawal of Claim to the Tanas AG account as a "partial dismissal" because Lazarenko is attempting to dismiss one of his claims to the Defendant Assets but not all of his claims to the Defendant Assets.

21 days after service of the claim, a responsive pleading, or service of a motion under Rule 12, can only occur through consent of the parties or leave of the court.  *See* FED. R. CIV. P. 15 (a)(2).

## ARGUMENT

Since Lazarenko is silent on the authority he is using to unilaterally withdraw his claim, it remains unclear whether he is relying on Rule 15, Rule 41 or a different rule to do so.  Despite Lazarenko's ambiguity and given the Court's prior instruction in *United States v. Proceeds of Drug Trafficking Transferred to Foreign Bank Accounts*, the United States asserts that Rule 15 is the appropriate mechanism for amendment of Lazarenko's claim.  *See Proceeds of Drug Trafficking Transferred to Foreign Bank Accounts*, 252 F.R.D. at 62.

### A.  Lazarenko Failed to Seek or Obtain Leave to Amend or Voluntarily Dismiss His Claims As Required by Fed. R. Civ. P. 15 and 41.

Under Rule 15(a), after the period established under 15(a)(1) has lapsed, amendment can only occur where there is consent of the parties or leave of the court.  Rule 15 (a)(2).  Here, Claimant Lazarenko never sought the United States' consent to an amendment, nor has he requested leave from the court to do the same.[2]  For these reasons alone his notice of withdrawal is not properly before this Court.  *See* FED. R. CIV. P. 15 (a)(2).

Moreover, even if Claimant Lazarenko's attempt to amend were to be construed as a voluntary dismissal under Rule 41, voluntary dismissal of a third party counterclaim without a court order under Rule 41(a) (1) is only authorized where a responsive pleading has not been filed; therefore, leave to amend is still required.  *See* FED. R. CIV. P. 41(c).  Nearly 15 years has passed since Claimant Lazarenko filed his claim to the Tanas Asset, which only now he seeks to

---

[2] In other cases before this Court where an *in rem* claimant has sought to withdraw claims to an asset, leave was required.  *See*, *e.g.*, *United States v. 8 Gilcrease Lane*, 641 F.Supp.2d.1 (D.D.C. 2009).

dismiss.  Further, since the filing of that claim, the Tanas Asset has been the subject of numerous

motions and significant discovery to and from Claimant Lazarenko and other claimants in this

action, particularly the A/E/L claimants, regarding the Tanas Asset.

> **B.   Amendment/Dismissal of Just Some of His Claims at this Stage Should Occur with Prejudice and Should Not Foreclose Discovery Relating to Any Defendant *In Rem* Asset in this Case.**

Claimant Lazarenko offers no justification for seeking the dismissal of his claims to

the Tanas Asset after nearly fifteen years of litigation.  This unexplained delay has resulted in

extensive discovery and motion practice regarding the Tanas Asset and other Defendant

Assets in the *In Rem* Complaint, specifically: (1) the filing of numerous motions related to the

defendant assets, including the Tanas Asset; (2) numerous discovery depositions on issues

relating to the Tanas Asset and other Defendant Assets; and (3) the exchange of expert reports

reliant on the parties' discovery submissions and pleadings.  Indeed, Claimant Lazarenko has

sought to amend his claims on other occasions, and in prior instances did not seek the

dismissal of his claim to the Tanas Asset.  Further, discovery as to Claimant Lazarenko ended

months ago.  As such, the United States consents to the dismissal of Lazarenko's claim to the

Tanas Asset provided that any such dismissal occur with prejudice, and that any order

dismissing this claim explicitly provide that discovery, consistent with the Court's prior

orders, is permissible as to any defendant asset in this action, including the Tanas Asset, and

Lazarenko's use of, and the A/E/L Claimants knowledge of his use of, family members and

legal entities to conceal his criminally derived assets.

Further, an order explicitly providing for discovery regarding the Tanas Asset is

necessary because it appears that Lazarenko's effort to dismiss his claim at this late juncture

is merely a strategic maneuver to avoid responding to the United States' legitimate discovery

inquiries—both into the funding source of the Tanas Asset and whether and how some of those funds moved to assets now held by the A/E/L Claimants—that he or the A/E/L Claimants believe may be harmful to their claims and affirmative defenses.

For example, the A/E/L Claimants have sought to quash valid subpoena information regarding assets that are believed to be traceable to the Tanas Asset. *See* ECF Nos. 1136. Indeed, the A/E/L claimants are already using Claimant Lazarenko's Notice of Partial Withdrawal to avoid discovery. In a recent filing before the United States District Court for the Northern District of California, Lazarenko's children advise that Pavel Lazarenko has withdrawn his claim to the Tanas asset, "… [t]herefore, the subpoena no longer seeks information which is relevant to the Government's claim." Memorandum in Support of Motion to Quash attached hereto as Exhibit 1, p 6. And, despite Magistrate Judge Harvey's order compelling them to belatedly respond to production requests, the A/E/L Claimants have submitted a document that largely evades their obligation to produce information regarding assets traceable to the *in rem* Defendants. *See* A/E/L Claimants' Responses to Plaintiff's Second Set of Discovery Requests, attached as Exhibit 2. Given Claimants' persistent avoidance of their discovery obligations, it is apparent that their recent attempt to dismiss their claims to the Tanas Asset is yet another ill-conceived ploy to impede discovery relating to that asset, Lazarenko's effort to conceal his criminally derived property, and the claimants' knowledge of criminal conduct and concealment.

Claimant's gamesmanship has not only impeded the United States' ability to take legitimate discovery, it has also unnecessarily caused the United States to assume significant expenses engaging in discovery regarding an asset to which Claimant Lazarenko—at the last minute—suggests he has no claim. As noted, the United States and A/E/L Claimants

continue to engage in active fact discovery.  Substantial written discovery (interrogatories, requests for production, and requests for admission) were propounded on Claimant Lazarenko and the A/E/L Claimants during the course of this action.  The United States has also conducted, and continues to take, depositions based on the facts alleged in the complaint and numerous answers.  Requiring the Government to undertake significant expense in the discovery of claims that Claimant would simply dismiss without consequence, after he has obtained his own discovery, is unwarranted and provides grounds for imposing the conditions requested by the United States; i.e., dismissal with prejudice[3] and continued discovery, consistent with this Court's prior orders, relating to any defendant *in rem* asset in this case.

## CONCLUSION

For the reasons set forth above, this Court should dismiss Pavel Lazarenko's claim to the Tanas Asset with prejudice and enter an order providing for discovery, consistent with this Court's prior orders, relating to any defendant *in rem* asset in this case and assets traceable thereto and Pavel Lazarenko's use of, and any claimant's knowledge of, the use of such assets to conceal the proceeds of criminal conduct.  A Proposed Order is attached.

Respectfully submitted,

---

[3] The United States is particularly concerned that Claimant Lazarenko will seek to reinstate his claim for purposes of strategic advantage, which is an approach that his son, Alexander Lazarenko, recently took to forestall his authorized deposition.  Days before his scheduled deposition, Claimant Alexander Lazarenko counsel advised the Court and the United States that he intended to withdraw his claim to the Balford Trust Assets.  Days later, after the deposition date passed, Alexander Lazarenko advised that he would no longer be withdrawing his claim, but would insist on different conditions for his deposition if rescheduled.  By requesting that Claimant Pavel Lazarenko's claim to the Tanas Asset be dismissed with prejudice, the United States seeks to avoid any further prejudice, including resource waste, that has resulted from the Lazarenko claimants' abusive litigation tactics.

DEBORAH CONNOR, CHIEF
MONEY LAUNDERING AND
   ASSET RECOVERY SECTION

*/s/ Teresa C. Turner-Jones*
DANIEL H. CLAMAN
Principal Assistant Deputy Chief
TERESA C. TURNER-JONES
Senior Trial Attorney
Adam Schwartz
Rebecca A. Caruso
Trial Attorneys
Money Laundering and
   Asset Recovery Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA