

**U.S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

<u>**VIA ELECTRONIC FILING**</u>                    May 20, 2019

The Honorable G. Michael Harvey
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

   Re: <u>United States v. All Assets, *et al.*, No. 1:04-CV-00798 PLF/GMH (D.D.C.)</u>

Dear Magistrate Judge Harvey:

  On March 13, 2019, this Court granted the United States' Motion to Compel and ordered Alexander Lazarenko to cooperate in scheduling his deposition. ECF 1128. Rather than act in good faith to do so, Alexander Lazarenko has frustrated any attempt to seek his deposition, first by failing to confer on dates, next by suggesting he would withdraw his claim and not doing so, and then demanding he choose the location of his deposition. *See, e.g.*, ECF 1127-1, 1127-2, 1132-1. It is time for this delay, obstruction and circumvention of the Court's orders to stop.

  Over the last two months, the Court has provided Alexander Lazarenko with multiple opportunities to sit for a deposition. Despite rejecting his arguments for refusing to be deposed where he lives, the Court acceded to Claimants' request to delay expert discovery so Alexander Lazarenko could apply for a visa to come to the United States to be deposed. *See* ECF 1152, at 3. In its ruling, the Court ordered that if he did not timely submit a visa application, "he shall be expected to appear for his deposition in Ukraine and shall have an additional three days—that is, until April 19, 2019—to inform the government whether he will appear for his deposition in Kiev, Ukraine, or Lviv, Ukraine. Failure to do so may result in dismissal of his claims in this case." *Id.*, at 2. In the words of the Court, "this whole exercise has been an attempt . . . to bend over backwards to allow Mr. Lazarenko to meet his obligations to this Court, knowing that if he fails to do so, that his claim may well be dismissed." Hearing Tr. (April 9, 2019), at 34.

  On May 8, 2019, Alexander Lazarenko informed the Court that his nonimmigrant visa application was denied. ECF 1162-1. Counsel attached a letter in Ukrainian (without translation), stating that the basis for the denial was that "the United States was not satisfied that Mr. Lazarenko did not intend to immigrate to the United States permanently".[1] *Id.* The Court then ordered him to respond regarding his position on the deposition by May 15, 2019.

---

[1] Claimant's counsel suggests "additional documentation of the deposition from the United States" might result in a future visa application being granted. *See* ECF 1166-1. However, Alexander Lazarenko was denied a non-immigrant visa because he was a deemed to be a risk to overstay, which a letter from the Department of Justice cannot address. To the contrary, his demand to be deposed in the United States, despite the deposition being noticed for where he lives in Ukraine, appears to give credence to the State Department's concerns.

On May 16, 2019, Alexander Lazarenko belatedly responded to the Court's Order, but refused to provide a location for the deposition, and offered no dates. Instead, Alexander Lazarenko stated that he "will not answer the questions posed" at a deposition in Ukraine, and seeks to further delay resolution of this issue with an offer to meet and confer with the United States on a stipulation as to what his actions would be if the government noticed his deposition in Ukraine.[2] However, the government's prior noticing of his deposition for Ukraine was the subject of this Court's Order granting the government's motion to compel.

Disregarding the Court's warnings regarding possible dismissal of his claim, Alexander Lazarenko refuses to appear for his deposition. Ignoring the Court's discovery orders and refusing to appear at a deposition are sanctionable under Federal Rule of Civil Procedure 37(c) and 37(d). At this time, dismissal of his claim is appropriate. *See e.g., Albert v. Starbucks, Inc.*, 2007 WL 177830 (D.C. Cir. Jan. 3, 2007) (upholding district court's dismissal of action for failure to appear at deposition); *Perez v. Berhanu*, 583 F. Supp 2d 87 (D.D.C. 2008) (entering default judgment for failure to participate in discovery, including refusal to be deposed).

Furthermore, Alexander Lazarenko's refusal to be deposed affects not only his claim, but the claims of Ekaterina and Lecia Lazarenko as well. For example, during her deposition, Lecia Lazarenko professed to have no knowledge of the business activities of, or financial transactions involving, UIS, Inc., a corporation that received payments traceable to a defendant asset in which she held the position of president, secretary, and treasurer. *See* Dkt. No. 1078, at 23. Instead, Lecia Lazarenko stated that UIS, Inc. was Alexander Lazarenko's company, and that presumably he would be able to answer those questions. *See* Depo Tr. of Lessia Shatalin (a/k/a Lecia Lazarenko), at 34-38. Counsel for Lecia Lazarenko stated that there is a joint defense agreement between the A/E/L Claimants. *See id.*, at 213-34. Thus, it appears their litigation strategy is to claim Alexander Lazarenko is the only one with knowledge of unexplained transactions traceable to the defendant assets, and then refuse to produce Alexander Lazarenko for a deposition. Given these actions appear part of a proverbial empty chair joint defense strategy, the appropriate sanction is not just to dismiss Alexander Lazarenko's claim, but also to preclude Ekaterina and Lecia Lazarenko from raising the innocent owner affirmative defense.

---

[2] Alexander Lazarenko's latest gambit appears to be part of a coordinated effort to delay these proceedings. Having failed to meet their Court-ordered obligations to search for and produce records demonstrating they (or entities they control) received income from or traceable to one or more of the defendant assets, Alexander, Lecia, and Ekaterina Lazarenko seek to obstruct the United States from independently securing the information they failed to provide, with all three moving to quash in this Court and Lecia and Ekaterina Lazarenko also moving to quash in the Northern District of California. This cynical effort to thwart Court-ordered discovery while at the same time seeking Court protection from discovery they fear would expose inconvenient facts should be rejected. Additionally, claimants also have not responded to the draft settlement agreement the United States provided on April 4, 2019. Claimants appear more interested in engaging in discovery gamesmanship than either resolving this matter through litigation or a negotiated resolution.

Respectfully submitted,

Adam J. Schwartz
Trial Attorney