**KING, CAMPBELL, PORETZ & THOMAS PLLC**
ATTORNEYS AND COUNSELORS AT LAW

| | | |
|---|---|---|
| **JOSEPH KING**<br>ATTORNEY AT LAW | 108 N. ALFRED STREET, ALEXANDRIA, VIRGINIA 22314 | **RYAN CAMPBELL**<br>ATTORNEY AT LAW |
| **DANIEL PORETZ**<br>ATTORNEY AT LAW | TELEPHONE: 703-683-7070<br>FACSIMILE: 703-652-6010 | **EMILY BECKMAN**<br>ATTORNEY AT LAW |

June 6, 2019

**VIA ELECTRONIC FILING**

The Honorable G. Michael Harvey
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: United States *v.* All Assets, *et. al.*, No. 1:04-CV-00798 PLF/GMH (D.D.C.)

Dear Magistrate Judge Harvey:

Claimants Kateryna, Lessia, and Alexander Lazarenko respectfully submit this Letter Brief to alert the Court to an Order of the United States District Court for the Northern District of California regarding a subpoena issued by the Government to Goldberg, Gluck & Brusilovsky accounting firm.[1]

As the Court is no doubt aware, on March 28, 2019, we filed a Letter Brief seeking to quash the Government's subpoenas issued to two banks, one in Bethesda and one in California. The government had issued a subpoena to Goldberg Gluck, an accounting firm in California, days after the two issued to the banks. After filing our Letter Brief of March 28, 2019, the Government made clear it's position that the proper venue for challenging the subpoenas to the California entities was in the Northern District of California. For that reason, we subsequently filed a Motion to Quash the subpoena to Goldberg Gluck in the Northern District of California on April 4, 2019.

At this Court's direction, on April 19, 2019, we filed a Motion to Quash all three of the Government's subpoenas. ECF 1154. In that Motion, we asked this Court to quash all three of the above-mentioned subpoenas and noted that the confusion regarding where to properly file the motions to quash the Goldberg Gluck and First Republic subpoenas was due entirely to the Government's error in drafting the subpoenas to require compliance by the California entities in Washington, D.C. We argued that this Court should decide the Motions, since all three raise the same substantive issues and since this Court is in a better position to interpret its own Order of January 19, 2018 than any other court.

---

[1] Consistent with the Court's preferences, counsel will not attach the California Order to this Letter Brief. Counsel earlier provided a copy of the Order via e-mail to the Court's clerk and would be happy to provide it again upon request.

In its Order issued yesterday, the California court concluded that the proper venue for the motion to quash the Goldberg Gluck subpoena was Washington, D.C., and dismissed our Motion to Quash without prejudice to re-file in Washington, D.C.  Given that we have already filed a Motion to Quash in this Court, and submitted briefing on the relevant issues, we do not believe that an additional filing or briefing is necessary to present our position to this Court with respect to all three subpoenas and to preserve my clients' rights with respect to the materials sought by the Government pursuant to the Goldberg Gluck subpoena.  If the Court desires additional briefing, we would, of course, be happy to oblige.

Sincerely yours,

Emily R. Beckman