Case 1:04-cv-00798-PLF-GMH   Document 1173-1   Filed 06/07/19   Page 1 of 2



**U.S. Department of Justice**

Criminal Division

*Washington, D.C.  20530*

**VIA ELECTRONIC FILING**                              June 7, 2019

The Honorable G. Michael Harvey
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

    Re:   <u>United States v. All Assets, *et al.*, No. 1:04-CV-00798 PLF/GMH (D.D.C.)</u>

Dear Magistrate Judge Harvey:

    The United States submits this letter brief once again opposing the attempts of claimants Alexander Lazarenko, Ekaterina Lazarenko, and Lecia Lazarenko (the "A/E/L Claimants") to preclude the United States from obtaining relevant discovery in this matter.

    On January 19, 2018, this Court ruled, in relevant part, that the United States is entitled to discover: 1) all financial information from Pavel Lazarenko and the A/E/L Claimants up to December 31, 1999, because it is relevant to the innocent owner defense and standing of all claimants to the defendant assets in the civil forfeiture matter; 2) all financial information from January 1, 2000, to the present, from Pavel Lazarenko and the A/E/L Claimants, or legal entities in which they have an interest, "which evidence an interest in, reflect income from or traceable to, or mention the defendant *in rem* assets"; or 3) the level of financial support Pavel Lazarenko, or entities associated with him, have provided to the A/E/L Claimants since January 19, 2013 to the present.  Dkt. No. 1078, at 15, 17-18.  This Court ordered that the A/E/L Claimants cannot "just 'sit on [their] hands'" with regard to the obligation to provide discovery to the United States.  *Id.*, at 18 (internal citation omitted).  Specifically, the A/E/L Claimants were ordered to make "all efforts necessary to obtain from third parties" responsive documents and information from "financial institutions, accountants, advisors, attorneys, governmental and tax authorities".  *Id*.

    The A/E/L Claimants ignored this Order, and did not seek to obtain bank records or financial information related to entities owned by or under the control of the A/E/L Claimants that received income that is directly traceable to one of the defendant *in rem* assets.  As an example, one of the defendant assets is a bank account in the name of Tanas AG, an asset claimed by Pavel Lazarenko in this litigation.  In December 1999, Tanas AG transferred $1,200,000 from the defendant bank account to an entity named Zemelny Capital Commercial Bank, allegedly pursuant to the terms of a subordinated debt agreement between Tanas AG and Zemelny Capital Commercial Bank.  As part of the loan repayment, Zemelny Capital Commercial Bank, an entity affiliated with Pavel Lazarenko in which both Alexander Lazarenko and Lecia Lazarenko held an ownership interest, made quarterly payment not to Tanas AG, but initially to an entity named Holy Pavel Holdings, Ltd., an entity linked to Alexander Lazarenko.  Later, Zemelny Capital Commercial Bank made loan repayments to UIS, Inc., an entity linked to the A/E/L Claimants.  UIS Inc. then funneled money from its corporate bank account to personal

accounts held in the name of Ekaterina Lazarenko and Lecia Lazarenko.

When the United States issued third party subpoenas to obtain information linking the A/E/L Claimants to one or more of the defendant assets from two banks and an accounting firm, the A/E/L Claimants moved to quash the third party subpoenas on multiple grounds in multiple jurisdictions.[1] With regard to the subpoena issued to the accounting firm, Goldberg Gluck & Brusilovsky LLP ("Goldberg Gluck"), on April 4, 2019, the A/E/L Claimants moved to quash the subpoena in the United States District Court for the Northern District of California. While that motion was still pending, the A/E/L Claimants, without following the prescribed procedure for resolving discovery disputes, filed a motion to quash the Goldberg Gluck subpoena in this Court on April 19, 2019.

On June 5, 2019, the Northern District of California declined to transfer the motion to quash to this Court and denied the motion to quash without prejudice on the grounds that the Northern District of California was not the proper forum. The United States respectfully disagrees with the reasoning set forth in that court's decision, and believes that the proper forum for resolving a request for documents issued to an entity operating in the Northern District of California is the Northern District of California. Nevertheless, to the extent this Court entertains the A/E/L Claimants' belated motion to quash the Goldberg Gluck subpoena in this Court, the United States relies on the points and authorities set forth in its May 3, 2019 Opposition. *See* Dkt. No. 1159.

The A/E/L Claimants have sat on their hands and failed to provide the discovery that this Court ordered them to provide. After failing to contact the financial institutions and advisories that they should have to gather discoverable information, the A/E/L Claimants are actively obstructing the United States' attempts to obtain the information through third party subpoenas. This abuse of the discovery process and disregard for this Court's prior discovery Order should no longer be tolerated.

                                      Respectfully submitted,

                                      Adam J. Schwartz
                                      Trial Attorney

---

[1] The United States notes that only Ekaterina and Lecia Lazarenko file a motion to quash the Goldberg Gluck subpoena in the Northern District of California, while all the A/E/L Claimants filed the motion to quash the Goldberg Gluck subpoena in this Court.