# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br><br>**Plaintiff,** )<br><br>v. )<br><br>**ALL ASSETS HELD AT BANK JULIUS**<br>**BAER & COMPANY, LTD., GUERNSEY**<br>**BRANCH, ACCOUNT NUMBER 121128,**<br>**IN THE NAME OF PAVLO**<br>**LAZARENKO, LAST VALUED AT**<br>**APPROXIMATELY $2 MILLION IN**<br>**UNITED STATES DOLLARS,** *ET AL.*,<br><br>**Defendants.** | **Civil Action No. 1:04-cv-00798-PLF** |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO QUASH

Claimants Lessia Shatalin, Katerina Duncan, and Alexander Lazarenko respectfully submit this supplemental memorandum in support of their motion to quash the subpoena duces tecum that was issued on March 18, 2019 to the accounting firm Goldberg, Gluck & Brusilovsky ("Goldberg Gluck"). Claimants reassert and incorporate herein the arguments in support of quashing the Goldberg Gluck subpoena previously presented in their April 19, 2019 motion to quash filed with this Court. See ECF 1154. In this supplemental memorandum, Claimants address only the additional issue of whether their motion to quash is timely.

## FACTUAL BACKGROUND

On March 18, 2019, just eleven days before the close of fact discovery in this case, the Government informed counsel and counsel for Mr. Lazarenko that it had already served subpoenas duces tecum for bank records on Eagle Bank and First Republic Bank. The Eagle Bank subpoena was served on a custodian in Bethesda and the First Republic subpoena was served on a custodian

1

in California.  Both subpoenas had a return date of March 29 and required that the records be produced at MLARS's office in Washington, DC.  On March 22, 2019, counsel informed counsel for the Government of her objections to the Eagle Bank and First Republic Bank subpoenas, and began communications to determine whether the parties could agree on modifications to the scope of the subpoena.  The government responded on March 25, 2019, and counsel responded with a more specific proposal on March 27, 2019, which proposal was rejected that same day.  On March 28, 2019, counsel filed in this Court a Letter Brief moving to quash the Eagle Bank and First Republic Bank subpoenas.  See ECF 1136.

On March 25, 2019, the Government informed counsel and counsel for Mr. Lazarenko that it had already served a third subpoena duces tecum on Goldberg Gluck, an accounting firm with one office in California.  That subpoena was issued by this Court on March 18, 2019, a full 7 days before counsel for the Government notified the parties of the subpoena.  The Goldberg Gluck subpoena also had a return date of March 29, 2019, just four days after the parties were notified of its issuance.  It too required that the records be produced at MLARS's office in Washington DC despite the fact that the accounting office was located in California.  Upon information and belief, sometime between its service of the Goldberg Gluck subpoena on Goldberg Gluck and March 29, 2019, the Government agreed with counsel for the accounting firm to extend the return date for that subpoena to April 8, 2019.

After counsel filed the Letter Brief with this Court seeking to quash the Eagle Bank and First Republic Bank subpoenas, counsel for the Government made clear to counsel its position that the motions with respect to the California entities could only be properly filed in the Northern District of California and could not be properly filed in Washington, D.C.  The reason for both parties' confusion regarding where to file the motion to quash was the fact that the Government

2

had filled out the subpoena paperwork such that Washington, D.C. was listed on the face of the subpoena as the "Place" of compliance, though Goldberg Gluck maintains its offices in Foster City, California.  Foster City, California is located substantially more than 100 miles from the District of Columbia, and therefore Washington, D.C. was not a proper place of compliance for this subpoena.

On April 2, 2019 counsel communicated to the Government her objections to the Goldberg Gluck subpoena, which were substantially similar to those that the parties had already discussed and failed to resolve with respect to the Eagle Bank and First Republic Bank subpoenas.  Counsel for both the Lazarenko children and Mr. Lazarenko were present in California on April 4, 2019, for the deposition of Pavel Lazarenko, and counsel for the children filed a motion to quash the Goldberg Gluck subpoena in the Northern District of California on that date.  See Exhibit 1 (Notice of Motion to Quash) and Exhibit 2 (Memorandum in Support of Motion to Quash).  The California motion to quash was filed before the extended return date of the subpoena and, with the agreement of the Government, the Goldberg Gluck documents were not produced pending a ruling on the motion.

On April 9, 2019, one day after the extended return date of the Goldberg Gluck subpoena, the parties appeared in this Court to present argument on the Letter Brief regarding the Eagle Bank and First Republic Bank subpoenas.  After hearing argument, the Court directed the Lazarenko children to file a motion to quash the subpoenas and set a due date of April 19, 2019 for such motion.  On April 19, 2019, while the motion to quash the Goldberg Gluck subpoena was still pending in the Northern District of California, claimants filed a motion to quash all three of the Government's outstanding subpoenas in this Court, including the Goldberg Gluck subpoena.  See ECF1154.

3

## **ARGUMENT**

Federal Rule of Civil Procedure 45(d)(3)(A) provides, "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:…"  The Government argues that claimants' April 19, 2019 motion to quash was "untimely."  Rule 45(d)(3)(A) does not specifically define "timely."[1]   Generally speaking, a motion to quash is "timely" when made "within the time set in the subpoena for compliance."  HT S.R.L. v. Valeasco, 125 F.Supp.3d 211, 229 (D.D.C. 2015) (vacated on other grounds) (quoting U.S. ex rel Pogue v. Diabetes Treatment Centers of America, Inc. ("Pogue"), 238 F.Supp.2d 270, 278, 278 n.6 (D.D.C. 2002)).  However, this rule is not absolute.  Courts have recognized that circumstances in particular cases might make filing a motion to quash within the compliance period difficult to impossible.  "[T]he time for compliance could be so small that it would not even permit time to file a motion to quash.  In that case, it would be clearly unjust and outside the spirit of the rule to deny as untimely a motion to quash filed after the time for compliance."  Pogue, 238 F.Supp.2d at 278 n.6.

In this case the Government's multiple failures to comply with Rule 45 fully explain and excuse the claimants' filing of their motion to suppress a mere 11 days after the end of the compliance period.  With respect to the Goldberg Gluck subpoena the Government failed to comply with Rule 45 in two ways: 1) it failed to provide notice of the subpoena to the parties prior to service of the subpoenas as required by Rule 45(a)(4); and 2) it failed to comply with Rule 45(c)(1)(A) by designating a place of compliance far more than 100 miles from where Goldberg Gluck regularly transacts business.  These two failures by the Government to comply with Rule 45 materially prejudiced the ability of claimants to file a motion to quash within the compliance period in Washington, D.C.

---

[1]In contrast, subsection (d)(2)(B), regarding objections, specifically provides that objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."

4

Because of the Government's failure to comply with Rule 45(a)(4), claimants learned of the Goldberg Gluck subpoena only 4 days before the original compliance date. Although that date was later extended by 10 days to April 8, 2019, the total amount of time from when claimants learned of the subpoena to the extended compliance date was 14 days. During those 14 days discovery in this case was ongoing. Two depositions took place during those 14 days and claimants propounded answers to the Government's second set of requests for production. Despite these challenges, claimants did in fact file a motion to quash the Goldberg Gluck subpoena during the compliance period in the Northern District of California.

The reason that the timely motion to quash the Goldberg Gluck subpoena was filed in the Northern District of California and the reason for the confusion over whether the correct district in which to file the motion was the Northern District of California or Washington, D.C. was due to the Government's second error. When it obtained the Goldberg Gluck subpoena, the Government failed to comply with Rule 45 and specified a place of compliance that was well over 100 miles from where Goldberg Gluck conducts business. It was therefore unclear whether the "court for the district where compliance is required" was Washington, D.C., or the place where compliance could legally be required – the Northern District of California.

With respect to the earlier First Republic Bank subpoena, counsel had filed a Letter Brief seeking to quash the subpoena in the District of Columbia. In doing so, counsel relied on the face of the subpoena which designated compliance in Washington, D.C. However, after that filing, the Government indicated that it would argue the Letter Brief was not properly before the Court with respect to First Republic Bank because the proper location for filing of a motion to quash was the Northern District of California – the place where compliance could legally be required. Working on a compressed timeline due to the Government's first failure to comply with Rule 45, counsel

5

did not find conclusive guidance in the case law regarding what is the "district where compliance is required" when the Government has erroneously requested and received a subpoena that compels compliance in the wrong place.  Counsel therefore filed claimants' initial motion to quash the Goldberg Gluck subpoena in the Northern District of California.

On April 9, 2019, mere days after the California motion was filed, and only one day after the compliance period for the Goldberg Gluck subpoena had expired, this Court heard argument on the claimants' Letter Brief, including argument about whether the motion to quash the First Republic subpoena was properly before the Court.  The Government argued that it was not, because any motion to quash would only be proper in the Northern District of California.  The Court did not decide the question on April 9, 2019, and rather ordered claimants' counsel to file a motion to quash on or before April 19, 2019.  On April 19, 2019, claimants filed their motion to quash all three subpoenas, including the Goldberg Gluck subpoena, in this Court.  See ECF 1154.

Counsel has diligently pursued her clients' rights and interests and filed a timely motion in this Court to quash all three of the subpoenas issued by the Government.  The filing in California was undertaken at the Government's suggestion, on a compressed and hurried time frame, which in turn was due to the Government's failure to comply with Rule 45 in multiple respects.  There is no prejudice to the Government in this Court considering claimants' motion to quash all three subpoenas on the merits at this time, and extreme prejudice to the claimants in concluding that their motion to quash the Goldberg Gluck subpoena is untimely.  Claimants' initial failure to file a motion to quash the Goldberg Gluck subpoena in this Court prior to April 19, 2019, is primarily, if not entirely, due to the Government's failure to properly comply with Rule 45 in the issuance of that subpoena.  As such, it would be "clearly unjust and outside the spirit of the rule" to deny claimants' motion to quash as untimely.  Pogue, 238 F.Supp.2d at 278 n.6.

6

WHEREFORE, Shatalin, Duncan and Lazarenko respectfully request that the Court enter an order to quash the subpoenas to Eagle Bank, First Republic Bank, and Goldberg Gluck.

Dated:  June 26, 2019

Respectfully submitted,

By:  __/s/_____
Emily Beckman
King Campbell Poretz
108 N. Alfred Street
Alexandria, VA  22314
703-683-7070 (Phone)
703-652-6010 (Fax)

Attorney for Claimants ALEX LAZARENKO, KATERINA LAZARENKO and LESSIA LAZARENKO

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the court under seal. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  I also certify that parties not so noticed have been served in accordance with Fed. R. Civ. P. 5(d).

By:     _/s/Emily Beckman_____
Emily Beckman

143753.00601/119129938v.1