UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALL ASSETS HELD AT BANK JULIUS )<br>Baer & Company, Ltd., Guernsey )<br>Branch, account number 121128, in the )<br>name of Pavlo Lazarenko, *et al.* )<br>)<br>**Defendants *In Rem*** ) | Case No. 1:04-cv-00798-PLF-GMH |

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR
SANCTIONS, OR ALTERNATIVELY TO COMPEL, FOR
ALEXANDER LAZARENKO'S FAILURE TO APPEAR AT HIS DEPOSITION**

Plaintiff United States of America ("United States"), by and through its undersigned attorneys, respectfully files this motion, pursuant to Federal Rule of Civil Procedure 37(a) and (d), for sanctions based on the failure of claimant Alexander Lazarenko to appear for his deposition in this matter. Over the last four months, the United States has diligently attempted to depose Alexander Lazarenko. Rather than agree to appear for a deposition in his home country of Ukraine, Alexander Lazarenko has alternatively suggested he would withdraw his claim, refused to appear at the deposition, or stated he would refuse to answer questions at the deposition. After Alexander Lazarenko failed to obtain a visa to enter the United States for a deposition, the United States re-noticed Alexander Lazarenko's deposition for June 27, 2019, in Kiev, Ukraine. On June 26, 2019, Alexander Lazarenko filed a stipulation in this Court that he "cannot appear for a deposition" in Ukraine. Alexander Lazarenko thereafter failed to appear for his deposition on June 27, 2019. Notwithstanding the Court's order directing him to cooperate in scheduling his deposition, Alexander Lazarenko has repeatedly avoided providing sworn

1

testimony and delayed conclusion of fact discovery.  It is time for Alexander Lazarenko's evasion of the Court's orders and his disregard for his discovery responsibilities under the Federal Rules to end.  The United States requests that this Court dismiss his claim and order that no remaining claimant in this matter be permitted to rely on evidence produced by Alexander Lazarenko, or rely on evidence produced by any party referring to Alexander Lazarenko, to support claimants' claims or defenses in this matter.  Alternatively, the United States seeks an order requiring Alexander Lazarenko to appear for a deposition in Ukraine and answer the questions posed by the United States, and further order him to pay the United States' travel and logistical costs associated with taking his deposition.

## FACTUAL BACKGROUND

The United States advised counsel for Alexander Lazarenko in May 2017 that it wanted to take his deposition.  *See* May 16, 2017, Hearing Tr., at 44-46.  Alexander Lazarenko, a Ukrainian citizen who supposedly resides in Lviv, Ukraine, successfully avoided being deposed for ten months, at which point the Court entered a stay in March 2018 in order for the parties to engage in mediation.

The stay remained in place until February 2019, at which time the United States sent a letter to counsel for Alexander Lazarenko, proposing a date and location for his deposition.  *See* February 22, 2019, E-mail from D. Claman (attached as Ex. 1).  Having received no response, the United States on February 25, 2019, sent a deposition notice setting March 18, 2019, as the date for Alexander Lazarenko's deposition in Kiev, Ukraine.  *See* Amended Notice of Deposition of Alexander Lazarenko (attached as Ex. 2).[1]  The United States on March 1, 5, and 6, 2019,

---

[1] The parties have previously conducted depositions in Ukraine pursuant to U.S. requests for mutual legal assistance.

attempted to confirm that Alexander Lazarenko would appear for his deposition. After not receiving a response, the United States filed a letter brief with the Court moving to compel his cooperation in setting his deposition or to show cause why his claim should not be dismissed. Dkt. No. 1123-1. Alexander Lazarenko responded on March 8, 2019, advising the Court that he may withdraw his claim. Dkt. No. 1125. Given the suggestion that he may withdraw his claim, the United States informed Alexander Lazarenko it would not proceed with his deposition on March 18, 2019.

Three days later, Alexander Lazarenko changed his mind, and represented to this Court that it was unclear whether he would or would not withdraw his claim, and suggested it would be dangerous to proceed with his deposition in Ukraine, the country where he resides. Dkt. No. 1127-2. The Court thereafter granted the United States' motion to compel and ordered Alexander Lazarenko to "cooperate with his counsel and the government in setting his deposition and making himself available for his deposition." Dkt. No. 1128.

Notwithstanding the Court's admonition, Alexander Lazarenko continued to refuse to sit for a deposition in Ukraine, instead demanding that the deposition proceed in the United States, despite the fact that he had not yet even applied for a visa to travel to the United States after his deposition had been noticed. The United States again moved to compel his deposition in Ukraine, but the Court determined that for purposes of convenience and economy, it would give Alexander Lazarenko an opportunity to apply for a visa to travel to the United States. Dkt. No. 1135. Alexander Lazarenko applied for a visa to travel to the United States on or about April 6, 2019, and was denied a visa on May 6, 2019, purportedly because the United States consular official "was not satisfied that Mr. Lazarenko did not intend to immigrate to the United States permanently,". Dkt. No. 1162-1. When the United States sought further relief from the Court,

Alexander Lazarenko responded by stating "[s]hould the government notice a deposition of Mr. Alexander Lazarenko in Ukraine, he will not answer the questions posed." (Dkt. No. 1166-1). After a Court hearing on this issue, among others, the United States on June 12, 2019, served an amended deposition notice on Alexander Lazarenko, setting the deposition for June 27, 2019, in Kiev, Ukraine. Amended Notice of Deposition of Alexander Lazarenko (attached as Ex. 2). On June 26, 2019, pursuant to this Court's Order, Alexander Lazarenko filed a stipulation stating "I cannot appear for a deposition at the General Prosecutor's Office or any other location in Ukraine where a member of the General Prosecutor's Office of Ukraine will be present". Dkt. No. 1178-1. Consistent with this representation, Alexander Lazarenko, in fact, did not appear on June 27, 2019, for his deposition. *See* Ltr. from D. Petrenko dated June 27, 2019 (attached as Ex. 3).

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 37 permits a party to move to compel discovery or disclosure from another party or person when either: (1) a party or nonparty disobeys a court order; or (2) when a party fails to appear or refuses to appear for a deposition. FED. R. CIV. P. 37(a), (b), and (d). Specifically, Rule 37(d) provides that the Court may order sanctions against a party when "a party or party's officer, director or managing agent ... fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(ii). Under Rule 37(d)(3), sanctions may include any of the sanctions listed in Rule 37(b)(2)(a)(i)-(vi). These are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;

      (v) dismissing the action or proceeding in whole or in part;
      (vi) rendering a default judgment against the disobedient party;
      (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(d)(3). In addition, the court must, in lieu of or in addition to the above-mentioned sanctions, "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(d)(3).

Furthermore, if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court may order any of the aforementioned sanctions as relief. FED R. CIV. P. 37(b)(2). As with the instance where a party fails to attend its own deposition, failure to obey a court order also results in the mandatory award of reasonable expenses and attorney's fees caused by the failure to obey a court order. FED. R. CIV. P. 37(b)(2)(C).

## ARGUMENT

### A. ALEXANDER LAZARENKO'S CLAIMS SHOULD BE DISMISSED AND THE REMAINING CLAIMANTS PRECLUDED FROM INTRODUCING EVIDENCE ABOUT HIM OR HIS ACTIVITIES

A party who seeks a deposition under Rule 30, and who believes that the opposing party has failed to meet its obligations to produce a witness to testify in accordance with that Rule, may, after conferring in good faith with the opposing party, seek to compel discovery. *See* FED. R. CIV. P. 37(a)(1).

Since fact discovery was re-opened in this matter in February 2019, the United States has diligently attempted to take the deposition of Alexander Lazarenko in Ukraine, the country where he resides. Most recently, immediately following this Court's June 12, 2019, hearing, the United States served a deposition notice on Alexander Lazarenko for him to appear at 9:30 a.m.

5

on June 27, 2019, at the Prosecutor General's Office in Kiev, Ukraine.  Amended Notice of Deposition of Alexander Lazarenko (attached as Ex. 2).  Alexander Lazarenko did not appear for his deposition at the appointed time.  *See* June 27, 2019, Ltr. from D. Petrenko (attached as Ex. 3).

Alexander Lazarenko did not seek to quash the deposition notice, and therefore has no basis for failing to appear for his deposition.[2]  The only explanation proffered by Alexander Lazarenko for failing to appear for his deposition is his subjective statement that he is "concerned for my safety and for the safety of my family members."  Dkt. No. 1178-1.  The Court has already rejected this basis for Alexander Lazarenko's refusal to appear for a deposition, noting that Alexander Lazarenko has voluntarily lived in Ukraine for many years, and Alexander Lazarenko has offered no evidence to believe there is a valid basis to believe he would suffer any harm as a result of being deposed in Ukraine.  *See* Apr. 9, 2019, Hearing Transcript, at 33-34.

Based on Alexander Lazarenko's failure to appear, and the likelihood that he will refuse to appear for a deposition in Ukraine even if ordered to do so by this Court, the United States requests that this Court dismiss his claim pursuant to Federal Rule 37(b)(2)(A)(v).  The D.C. Circuit determined that a default judgment is an appropriate sanction when a party's misconduct: 1) "severely hampered the other party's ability to present his case"; (2) results in "prejudice caused to the judicial system when the party's misconduct has put 'an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to

---

[2] Counsel for Alexander was well aware of the June 27, 2019, deposition date, even offering to change the deposition date if necessary.  *See* E-mail correspondence between E. Backman and A. Schwartz (attached as Ex. 4).  Given that Alexander Lazarenko would not cooperate on the language of the stipulation to be filed with the Court on June 26, 2019, the United States did not amend the deposition notice.

accommodate the delay'"; and (3) "the need 'to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.'" *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (quoting *Shea v. Donohoe Construc. Co.*, 795 F.2d 1071, 1074-77) (D.C. Cir. 1986). This Court, in similar circumstances, entered a default judgment against a defendant who failed to participate in discovery and refused to appear for a deposition. *See Perez v. Berhanu*, 583 F. Supp. 2d 87, 90-92 (D.D.C. 2008). An order to compel discovery pursuant to Federal Rule 39(a) or (b) is not a prerequisite to the imposition of sanctions under Federal Rule 37(d) when a party fails to appear for a deposition. *See Alexander v. F.B.I.*, 186 F.R.D. 6 (D.D.C. 1998) (permitting immediate sanctions against parties for willful failure to comply with discovery rules).

All three elements necessary for imposition of dismissal as a sanction are present here. First, the United States will be prejudiced in challenging Alexander Lazarenko's claims and affirmative defenses in this matter if it cannot depose him to determine his knowledge of and involvement in various money laundering or other criminal schemes, or the basis for his asserted ownership interest in assets that he has claimed. Second, Alexander Lazarenko's conduct has not only burdened the Court through the unnecessary extension of discovery in this matter, but has also necessitated multiple hearings and orders in his so far successful scheme to avoid giving sworn testimony in this case. *See* Apr. 9, 2019, Hearing Transcript, at 34 ("this whole exercise has been an attempt—and perhaps a different judge would do it differently—to bend over backwards to allow Mr. Lazarenko to meet his obligations to this Court, knowing that if he fails to do so, that his claim may well be dismissed."). Third, it is clear that Alexander Lazarenko's failure to sit for a deposition is a willful action, and that no lesser sanction will result in his agreeing to be deposed in Ukraine. Thus, dismissal of his claim is appropriate.

In addition to dismissal of Alexander Lazarenko's claim, the United States also asks this Court to preclude any of the remaining claimants—Pavel Lazarenko, Ekaterina Lazarenko, or Lecia Lazarenko—from introducing discovery produced by Alexander Lazarenko or regarding Alexander Lazarenko as evidence either in dispositive motions or at trial in this matter. Claimant Pavel Lazarenko is Alexander Lazarenko's father. One of Alexander Lazarenko's lawyers previously represented Pavel Lazarenko, and the two claimants contend they maintain a joint defense agreement. *See* Lessia Shatalin Depo. Tr., at 231-232 (attached as Ex. 5). Similarly, Alexander Lazarenko and his sisters, Ekaterina and Lecia, share the same counsel and similarly assert a joint client privilege. During discovery in this matter, claimants have repeatedly claimed that Alexander Lazarenko is the only one who would have knowledge about certain entities, including an entity that Lecia Lazarenko represented as president, secretary, and treasurer. *See*, *e.g.*, *id.*, at 53-62. Allowing the remaining claimants to introduce evidence from a party with whom they contend they have a privileged relationship and who has chosen to make himself unavailable for purposes of discovery, likely for litigation advantage, would unfairly prejudice the United States. Thus, none of the remaining claimants should be allowed to include material produced by Alexander Lazarenko, or material regarding Alexander Lazarenko, in dispositive motions or be able to introduce the material at trial.

    **B. ALTERNATIVELY, ALEXANDER LAZARENKO SHOULD BE ORDERED TO APPEAR FOR A DEPOSITION IN UKRAINE AND PAY COSTS TO THE UNITED STATES**

In addition to accommodating Alexander Lazarenko's attempts to proceed with his deposition in a place of his choosing, this Court has also provided Alexander Lazarenko with multiple options to avoid monetary sanctions for failing to appear for a deposition. Most recently, the Court suggested that Alexander Lazarenko could provide the United States and the Court with a stipulation stating that he would not appear for a deposition in Ukraine, even if

ordered to do so by this Court, to avoid the United States having to travel and pay the cost of taking his deposition if he was not going to appear. June 12, 2019, Hearing Transcript. While the United States would be hampered in presenting its case because it would not obtain the benefit of deposing Alexander Lazarenko's regarding his knowledge of and involvement in Pavel Lazarenko's money laundering activities, it nevertheless agreed to the accommodation because it would avoid wasting valuable resources with little potential discovery benefit.

Rather than providing a satisfactory stipulation, the stipulation provided by Alexander Lazarenko, which is not offered under penalty of perjury, only states that he "cannot appear for a deposition," without providing any explanation about what he would do if this Court ordered him to appear for a deposition in Ukraine. Dkt. No. 1178-1. Because this stipulation fails to address what Alexander Lazarenko would do if this Court orders him to appear for a deposition in Ukraine, the United States requests that, if the Court does not enter an Order dismissing his claim, that the Court enter an Order requiring Alexander Lazarenko to appear for a deposition and answer questions in Ukraine within 30 days of the entry of the Order.

In addition, the United States requests that the Court enter an Order requiring Alexander Lazarenko to pay all travel, administrative, lodging, and logistical costs (including court reporter, translator, and videographer) for having to re-schedule his deposition. Sanctions are appropriate in this instance, even without a prior entry of a court order, because Alexander Lazarenko disregarded a valid deposition notice, and failed to appear for his deposition.[3] *See Alexander*,

---

[3] If Alexander Lazarenko provides the Court with a stipulation, under penalty of perjury, stating that he will refuse to appear for a deposition in Ukraine and refuse to answer questions, even if ordered to do so by the Court, then the United States believes the appropriate sanction under Federal Rule 37(b)(2)(A) would be dismissal of his claim, as requested in section A of the argument. If Alexander Lazarenko provides a satisfactory stipulation, the United States will withdraw its request for monetary sanctions since the stipulation will avoid the time and expense of travelling to Ukraine when the deponent will not appear or answer questions.

186 F.R.D., at 86-87; WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2291 (1994) ("Rule 37(d) allows the imposition of sanctions against a party for especially serious disregard of the obligations imposed by the discovery rules even though it has not violated any court order."). Alexander Lazarenko's failure to appear is especially egregious because he filed a claim in this matter to assets worth approximately $170 million, yet refuses to allow the United States to fully test the basis for his claim.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court enter an order: (1) dismissing all claims filed by Alexander Lazarenko; and (2) precluding claimants Pavel Lazarenko, Lecia Lazarenko, or Ekaterina Lazarenko, from introducing any evidence in dispositive motions or at trial referencing Alexander Lazarenko, his ownership interest in any companies or entities, or any actions taken by Alexander Lazarenko.  Alternatively, the United States respectfully requests this Court enter an order: (1) requiring Alexander Lazarenko to appear for a deposition in Kiev, Ukraine in this matter within 30 days; (2) requiring Alexander Lazarenko to answer the United States' questions at such a deposition, and (3) requiring Alexander Lazarenko pay for all travel, hotel, incidental, translator, court reporter, and videographer costs associated with taking his deposition.  A proposed Order is attached.

Respectfully submitted,

DEBORAH CONNOR, CHIEF
MONEY LAUNDERING
  AND ASSET RECOVERY SECTION

_____
DANIEL H. CLAMAN

        Principal Deputy Chief
        TERESA TURNER JONES
        Senior Trial Attorney
        ADAM J. SCHWARTZ
        REBECCA A. CARUSO
        Trial Attorneys
        Money Laundering &
        Asset Recovery Section
        Criminal Division
        United States Department of Justice
        1400 New York Avenue, N.W., 10th Floor
        Washington, DC 20530
        Telephone: (202) 514-1263

        Attorneys for Plaintiff
        UNITED STATES OF AMERICA

## CERTIFICATE OF COMPLIANCE WITH FEDERAL AND LOCAL RULES

Pursuant to Federal Rule of Civil Procedure 37 and United States District Court for the District of Columbia Local Rule 7(m), I hereby certify that the United States of America has conferred in good faith with counsel for Alexander Lazarenko in an attempt to resolve this matter without further intervention from this Court.

_____
Adam Schwartz

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia, using the electronic case filing system of the Court. The electronic case filing system sends a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept the Notice as service of this document by electronic means.

                                                        _____
                                                        Adam Schwartz