UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 1:04-cv-00798-PLF |
| | ) |
| | ) |
| **ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN UNITED STATES DOLLARS,** *ET AL.*, | ) ) ) ) ) ) ) |
| | ) |
| **Defendants.** | ) |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH

Claimants Lessia Shatalin, Katerina Duncan, and Alexander Lazarenko respectfully submit this reply to the Government's Opposition to their Supplemental Memorandum in Support of Motion to Quash, specifically regarding whether their motion to quash the subpoena to Goldberg, Gluck & Brusilovsky is timely.

It appears from the Government's Opposition that their current position is that Claimants' Motion to Quash the Goldberg, Gluck, & Brusilovsky subpoena, filed on April 4, 2019, in the Northern District of California was timely filed, and that the Northern District of California erroneously declined to adjudicate the merits of that Motion, incorrectly finding that Washington, D.C. was the proper location for adjudication of the Motion. The Government therefor concludes, notwithstanding the fact that the Northern District of California dismissed the Motion on procedural grounds **without prejudice** to movants' refiling in Washington, D.C., that claimants were completely without recourse to re-file in Washington, D.C., despite the erroneous ruling of

1

the Northern California District Court. This position is preposterous. Rule 45 does not specifically define "timely" with respect to the requirement for filing motions to quash. The Court therefore has discretion to determine the timeliness of the motion, given all of the attendant circumstances, including the Government's drafting errors, the fact that a motion to quash setting forth the same arguments was incontrovertibly filed within the production period in the Northern District of California, and the fact that the Government has not and will not suffer any prejudice from this Court ruling on the merits of Claimants' motion. U.S. ex rel Pogue v. Diabetes Treatment Centers of America, Inc., 238 F.Supp.2d 270, 278, 278 n.6 (D.D.C. 2002).

    The weaknesses of the Government's position are further demonstrated by the lengths it employs to cast unsupported aspersions on claimants' counsel's motives in filing a Motion to Quash first in the Northern District of California and then, on April 19, 2019, in Washington, D.C. While claiming that counsel's actions were based on gamesmanship rather than confusion, see Opposition at 4, just two pages later the Government proceeds to quote counsel from the hearing held in this Court on April 9, 2019 saying, "We filed it there. We could refile it here…I think it was just simply there was a significant amount of **confusion**…" Opposition at 6. It is rather the Government that is engaged in brinksmanship when it argues that because the Northern District of California erroneously decided it did not have proper jurisdiction over the Motion to Quash, claimants have no recourse to object to their personal financial information, for years well beyond this Court's order regarding the permissible scope of discovery in this litigation, being disclosed to the United States Government. It is the Government that has blatantly disregarded this Court's order regarding the permissible scope of discovery and it is the Government that seeks to prevent this Court from adjudicating the merits of the Motion based on convoluted, legalistic arguments regarding the "timeliness" of the motion, and second-guessing whether claimants should have

further wasted the time of the federal courts of California by appealing the Northern District's decision to demand a transfer of the motion, see Opposition at 5, rather than simply filing in this Court because the California District Court dismissed the motion **without prejudice** to allow them to refile in this Court.  See Order of the Northern District of California at 4.

WHEREFORE, Shatalin, Duncan and Lazarenko again respectfully request that the Court enter an order to quash the subpoenas to Eagle Bank, First Republic Bank, and Goldberg Gluck.

Dated:  July 15, 2019

Respectfully submitted,

By:  __/s/_____
Emily Beckman
King Campbell Poretz
108 N. Alfred Street
Alexandria, VA  22314
703-683-7070 (Phone)
703-652-6010 (Fax)

Attorney for Claimants ALEX LAZARENKO, KATERINA LAZARENKO and LESSIA LAZARENKO

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the court under seal. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I also certify that parties not so noticed have been served in accordance with Fed. R. Civ. P. 5(d).

By: _/s/Emily Beckman_____
Emily Beckman