# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN UNITED STATES DOLLARS, *ET AL.*,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:04-cv-00798-PLF-GMH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **OPPOSITION TO GOVERNMENT'S MOTION FOR SANCTIONS OR TO COMPEL**

Claimants Lessia Shatalin, Katerina Duncan, and Alexander Lazarenko respectfully submit this opposition to the Government's Motion For Sanctions, Or Alternatively To Compel, For Alexander Lazarenko's Failure To Appear At His Deposition.

### 1. Position of Alexander Lazarenko With Respect to Sanctions

Claimant Alexander Lazarenko does not dispute that the United States has made a variety of efforts to take his deposition in Ukraine during the discovery period authorized in this case. Claimant Alexander Lazarenko does not dispute that he lives in Ukraine and has so resided for many years. Rather, because of the complicated relationship between Alexander Lazarenko, the Lazarenko family, and the Ukrainian government, Alexander Lazarenko has consistently maintained that he fears for his safety and that of his family if he were to be deposed in this lawsuit in a government building in Ukraine within the presence of members of the General Prosecutor's Office. See Letter Brief of March 11, 2019, ECF 1127-1; Letter Brief of March 25, 2019, ECF

1

1132-1; Letter to Adam Schwartz, March 15, 2019 (attached as Exhibit 1); Letter to Adam Schwartz, March 21, 2019 (attached as Exhibit 2); Stipulation of Alexander Lazarenko ECF 1178. Alexander Lazarenko has also repeatedly made known his willingness to be deposed in the United States, and requested the assistance of the government (i.e., the Plaintiff in this action) in obtaining a visa to enter the United States for that purpose.  See Exhibit 1; Exhibit 2; Stipulation, ECF 1178. At this time the United States' government, which seeks to forfeit a trust holding over $180 million for which Alexander Lazarenko is a named beneficiary, has denied him permission to enter the country to participate in this lawsuit.  Alexander Lazarenko objects to the dismissal of his claim simply because he is unwilling to be deposed in Ukraine.  He is prepared to travel to the United States where he can meet his lawyers, be shown documents and be fully prepared for his deposition.  He cannot travel here simply because the Government will not allow it.

The Government's request for financial sanctions is also without merit.  The Government is not entitled to a financial sanction to attend a deposition where it knows that Alexander Lazarenko will not appear.[1]  The Government has already received a stipulation from counsel and it does need to send multiple lawyers to travel to Ukraine along with a London-based court reporter to confirm that which it already knows – that Alexander Lazarenko will not participate in a deposition in a government building in Ukraine with the General Prosecutor's Office present.

**2. Position of Lessia Shatalin and Katerina Duncan With Respect to Sanctions**

Claimants Lessia Shatalin and Katerina Duncan object to the Government's request for sanctions against them due to the actions of their brother.  The Government cites no case law in support of its request that the Court restrict other claimants' presentation of evidence in this case

---

[1] The Government noticed Alexander Lazarenko's deposition for June 27, 2019, but it is the undersigned's belief that no one travelled to Ukraine to attend the deposition.  Certainly, none of the claimants' counsel traveled to Ukraine.

due to Alexander Lazarenko's refusal to be deposed at a government building in Ukraine in the presence of members of the General Prosecutor's Office.  Rule 37(b)(2)(A) authorizes specific sanctions the Court may impose in appropriate circumstances.  These sanctions include "prohibiting **the disobedient party** from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Rule 37(b)(2)(A)(ii) (emphasis added).  Neither this subsection nor any other part of Rule 37 authorizes such a sanction against parties other than the "disobedient" party.

In this case, Shatalin and Duncan have participated in discovery, including appearing for and answering questions at their own depositions in this case.  They have disobeyed no order of this Court, and as such no sanctions are appropriate against them.  It is also unclear how the Government plans to impose its remedy.  Setting aside the wholly inappropriate nature of sanctioning Shatalin and Duncan based on a third-party's conduct, the rule of completeness dictates that the sisters be permitted to answer questions and elicit evidence about transactions that the Government raises, regardless of Alexander Lazarenko's willingness to participate in discovery. [2]

Finally, as noted above, Alexander Lazarenko's refusal to cooperate in discovery is qualified.  He has stated that he is willing to travel to the United States to sit for a deposition; the

---

[2] "When a witness testifies on cross-examination as to part of a conversation, statement, transaction or occurrence, the principle of completeness allows the party calling the witness to elicit on redirect examination the whole thereof, to the extent it relates to the same subject matter and concerns the specific matter opened up." *Government of the V.I. v. Archibald*, 987 F.2d 180, 187-88 (3d Cir. 1993) (internal citations and quotations omitted). "Cross-examination with respect to part of a transaction enables the opposing party to elicit evidence on re-direct examination of the whole transaction at least to the extent that it relates to the same subject." *United States v. Walker*, 613 F.2d 1349, 1353 (5th Cir. 1980). "When a party questions a witness on a subject, even though that subject may not be strictly relevant to the case, the party cannot complain on appeal if the opposing party subsequently introduces evidence on the same subject." *United States v. Touloumis*, 771 F.2d 235, 241 (7th Cir. 1985) (citing cases). "A party cannot be permitted on the one hand to introduce evidence that appears favorable to his argument and then complain, after the circumstances are fully developed, because the evidence becomes detrimental to his cause." *Id.*

3

Government, as the Court knows, will not grant him a visa to travel here.  He is not a recalcitrant party.

WHEREFORE, Shatalin, Duncan and Lazarenko again respectfully oppose the Government's Motion For Sanctions, Or Alternatively To Compel, For Alexander Lazarenko's Failure To Appear At His Deposition.  The Motion should be denied in full.

Dated:  July 24, 2019

                                          Respectfully submitted,

                                          By:  __/s/_____
                                          Emily Beckman
                                          King Campbell Poretz
                                          108 N. Alfred Street
                                          Alexandria, VA  22314
                                          703-683-7070 (Phone)
                                          703-652-6010 (Fax)

                                          Attorney for Claimants ALEX LAZARENKO,
                                          KATERINA LAZARENKO and LESSIA
                                          LAZARENKO

# **CERTIFICATE OF SERVICE**

     I hereby certify that on July 24, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the court under seal. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I also certify that parties not so noticed have been served in accordance with Fed. R. Civ. P. 5(d).

                                                        By:     _/s/Emily Beckman_____
                                                                       Emily Beckman