## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br><br>**Plaintiff,** )<br><br>v. )<br><br>**ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN UNITED STATES DOLLARS, *ET AL.*,** )<br><br>**Defendants.** ) | **Civil Action No. 1:04-cv-00798-PLF** |

### CLAIMANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO WITHDRAW OR MOTOIN FOR SUMMARY JUDGMENT

Pursuant to 18 U.S.C. § 981(a) and Federal Rule of Civil Procedure 56, Claimant Pavel Lazarenko submits this reply in further support of his motion for leave to withdraw his claim or in the alternative summary judgment.  As set forth below, the Court should dismiss the claim or alternatively release the funds to Mr. Lazarenko.  Regardless, the matter needs to be resolved now.

### ARGUMENT

Pavel Lazarenko seeks to withdraw his claim to the Tanas AG account.  The Government objects to this request claiming that Pavel Lazarenko needs leave to amend his claim.  It asserts that, absent a court order, he cannot withdraw his claim to one bank account which has a *de minimis* balance.  The Government cites no authority for this proposition.

The Court should dismiss the Claim or alternatively grant Mr. Lazarenko leave which will allow him to dismiss the claim.  Mr. Lazarenko seeks to bring this to an end.  The parties

agree that the claim should be dismissed with prejudice.  ECF 1214, p. 8.  The Court should dismiss the claim, which will fully resolve this matter.

If Mr. Lazarenko cannot withdraw his claim, summary judgment is warranted because the Tanas AG account does not contain any proceeds.  The Government's tracing report does not claim that the funds in the account are criminally derived proceeds from any of the schemes identified in the Amended Complaint.  In fact, the Petron Tracing Report and the Second Petron Tracing Report identified *26 schemes* as sources of illegal payments (Claimants would submit that only about half of these 26 sources appear in the Amended Complaint or the discovery). Despite this incredibly broad definition of proceeds, Petron is unable to determine that the account contains tainted money.  Further no witness provides specific testimony about the transactions into, or out of, this account. The records provided by the Government are inadmissible hearsay and the Government does not even have records showing the source of the funds into the account.

Because there is no evidence that the account contains tainted money (admissible or otherwise), the Government cannot establish that the account contains proceeds from a violation of the Interstate Transportation of Stolen Property Act, 18 U.S.C. §§ 2314 & 2315.  Therefore, the Government cannot meet its burden as to Count One.  Likewise, because the Government cannot show by a preponderance of the evidence that the funds in the account are proceeds of a foreign (be it Swiss or Ukrainian) crime (be it embezzlement, extortion or bribery).  The funds in the account are clean.  Therefore, Claim Four fails as well (Claims Two and Three were dismissed).

Likewise, Claims Five through Eight, the four money laundering claims, should not survive this motion.  For example, Paragraph 146 of the Amended Complaint states:

143753.00601/121963920v.1

> Pavel Ivanovich Lazarenko and/or his associates caused or intended to cause the transportation, transmission, or transfer of funds from a place in the United States to or through a place outside the United States and/or from a place outside the United States to or through a place in the United States knowing that the funds <u>involved in the transfer represented the proceeds of some form of unlawful activity</u> and knowing that such transportation transmission or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of a "specified unlawful activity," …

*Id.* Simply put, the transaction must contain proceeds from a specified unlawful activity. *United States v. Howard*, 245 F. Supp. 2d 24, 32 (D.D.C. 2003) ("To convict the defendant of money laundering, the government had to prove that [the defendant] had derived property from a specified unlawful activity and that he engaged in a monetary transaction involving that property.") (internal quotation omitted). The Government cannot make this showing so the four money laundering Claims for forfeiture must be denied.

Finally, because the Tanas AG account does not contain proceeds and because the transactions in the account occurred after the time period of the alleged money laundering conspiracy, the Government has no need for any additional discovery pertaining to this account.

WHEREFORE, Pavel Lazarenko requests that the Court grant his motion for partial summary judgment and enter an order pursuant to Fed. R. Civ. 54(b).

Respectfully submitted,

BLANK ROME LLP
By: /s/ Barry Wm. Levine
Barry Wm. Levine (D.C. Bar No. 143784)
1825 Eye Street NW
Washington, D.C.  20006
(202) 420-2237
(202) 420-2201 (fax)
blevine@blankrome.com

BLANK ROME LLP

By:  /s/ Jed M. Silversmith
Grant Palmer (*Pro Hac Vice*)
Daniel E. Rhynhart (*Pro Hac Vice*)
Jed M. Silversmith (D.D.C. Bar No. PA0055)
One Logan Square, 130 North 18th Street
Philadelphia, PA  19103
(215) 569-5500
(215) 569-5555 (fax)
palmer@blankrome.com
rhynhart@blankrome.com
jsilversmith@blankrome.com

FOX ROTHSCHILD LLP
Ian M. Comisky (D.C. Bar No. 927608)
William Stassen (D.C. Bar No. 461876)
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (fax)
icomisky@foxrothschild.com
wstassen@foxrothschild.com

DAVID B. SMITH, PLLC
David B. Smith (D.C. Bar No. 403068)
Nicholas D. Smith (D.C. Bar No. 1029802)
108 N. Alfred St.
Alexandria, VA 22314
(703) 548-8911
(703) 548-8935 (fax)
dbs@davidbsmithpllc.com
nds@davidbsmithpllc.com

*Attorneys for Claimant*
*Pavel I. Lazarenko*

143753.00601/121963920v.1