# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:04-cv-00798-PLF-GMH |
| ) | |
| ALL ASSETS HELD AT BANK JULIUS ) | |
| Baer & Company, Ltd., Guernsey ) | |
| Branch, account number 121128, in the ) | |
| name of Pavlo Lazarenko, *et al.* ) | |
| ) | |
| **Defendants *In Rem*** ) | |

### PLAINTIFF UNITED STATES OF AMERICA'S
### RESPONSE TO ALEXANDER LAZARENKO'S OBJECTIONS
### TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In recommending that Claimant Alexander Lazarenko's ("A. Lazarenko") claim in this matter be dismissed, Magistrate Judge Harvey found that A. Lazarenko's failure to attend his deposition lacked justification and that his pleading attempting to avoid dismissal was a "singular unpersuasive opposition to the government's motion for sanctions." (ECF 1209, at 13). A. Lazarenko's Objections to the Magistrate Judge's Report and Recommendation (ECF 1228-1) fairs no better. A. Lazarenko fails to articulate any valid reason for his failure to appear for a properly noticed deposition and continues to refuse to appear for a deposition where he resides without credible explanation. Given his steadfast refusal to participate fully in discovery, the sanction of dismissal is appropriate. Plaintiff United States of America therefore requests this Court affirm and adopt Magistrate Judge Harvey's September 5, 2019 Report and Recommendation and dismiss A. Lazarenko's claim in this matter.

1

## FACTUAL BACKGROUND

The United States' quest to depose A. Lazarenko has stretched for over two years and been the subject of approximately 20 pleadings and Orders. *See, e.g.*, ECF 1123, 1127, 1131, 1132 1198, 1209, and 1228. The facts relevant to the United States' attempts to depose A. Lazarenko are set forth in Magistrate Judge Harvey's September 5, 2019 Report and Recommendation. *See* ECF 1209. In short, after the Court gave A. Lazarenko multiple opportunities to secure an alternative location for his deposition, the United States served a valid deposition notice on A. Lazarenko setting his deposition for June 27, 2019, in Kyiv, Ukraine. *See* ECF 1209, at 4-8. After being warned of the possibility that his claim may be dismissed if he failed to appear for his deposition, A. Lazarenko did in fact fail to appear for his deposition. *See* Ltr. from D. Petrenko dated June 27, 2019 (ECF 1182-3). A. Lazarenko does not dispute that he was served with a valid deposition notice, and does not dispute that he failed to appear for the June 27, 2019, deposition. Furthermore, after ignoring the United States' deposition notice and failing to appear for the deposition, A. Lazarenko has continued to refuse to appear for a deposition in Ukraine. Based on his refusal to sit for a deposition as noticed, on September 5, 2019, Magistrate Judge Harvey recommended that the Court enter an Order dismissing A. Lazarenko's claim.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 37 permits a party to move to compel discovery or disclosure from another party or person when either: (1) a party or nonparty disobeys a court order; or (2) when a party fails to appear or refuses to appear for a deposition. FED. R. CIV. P. 37(a), (b), and (d). Specifically, Rule 37(d) provides that the Court may order sanctions against a party when "a party or party's officer, director or managing agent ... fails, after being served with

proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(ii). Under Rule 37(d)(3), sanctions may include any of the sanctions listed in Rule 37(b)(2)(a)(i)-(vi). These are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party;
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(d)(3). In addition, the court must, in lieu of or in addition to the above-mentioned sanctions, "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(d)(3).

Furthermore, if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court may order any of the aforementioned sanctions as relief. FED R. CIV. P. 37(b)(2). As with the instance where a party fails to attend its own deposition, failure to obey a court order also results in the mandatory award of reasonable expenses and attorney's fees caused by the failure to obey a court order. FED. R. CIV. P. 37(b)(2)(C).

## **ARGUMENT**

### A. A. LAZARENKO'S CLAIMS SHOULD BE DISMISSED

A party who seeks a deposition under Rule 30, and who believes that the opposing party has failed to meet its obligations to produce a witness to testify in accordance with that Rule, may, after conferring in good faith with the opposing party, seek to compel discovery. *See* FED.

R. CIV. P. 37(a)(1).

The United States has diligently attempted to take the deposition of A. Lazarenko in Ukraine, the country where he resides. Most recently, the United States served a deposition notice on A. Lazarenko for him to appear at 9:30 a.m. on June 27, 2019, at the Prosecutor General's Office in Kyiv, Ukraine. Amended Notice of Deposition of A. Lazarenko (ECF 1182-2). In is uncontroverted that A. Lazarenko did not appear for the deposition, nor did he seek to quash the deposition notice.

The D.C. Circuit determined that a default judgment is an appropriate sanction when a party's misconduct: 1) "severely hampered the other party's ability to present his case"; (2) results in "prejudice caused to the judicial system when the party's misconduct has put 'an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay'"; and (3) demonstrates there is a "need 'to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.'" *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (quoting *Shea v. Donohoe Construc. Co.*, 795 F.2d 1071, 1074-77) (D.C. Cir. 1986). This Court, in similar circumstances, entered a default judgment against a defendant who failed to participate in discovery and refused to appear for a deposition. *See Perez v. Berhanu,* 583 F. Supp. 2d 87, 90-92 (D.D.C. 2008). An order to compel discovery pursuant to Federal Rule 37(a) or (b) is not a prerequisite to the imposition of sanctions under Federal Rule 37(d) when a party fails to appear for a deposition. *See Alexander v. F.B.I.*, 186 F.R.D. 6 (D.D.C. 1998) (permitting immediate sanctions against parties for willful failure to comply with discovery rules).

All three elements necessary for imposition of dismissal as a sanction are present here. First, the United States will be prejudiced in challenging A. Lazarenko's claims and affirmative

defenses in this matter if it cannot depose him to determine his knowledge of and involvement in various money laundering and criminal schemes, or the basis for his asserted ownership interest in asset that he has claimed.  Second, A. Lazarenko's conduct has not only burdened the Court through the unnecessary extension of discovery in this matter, but also has necessitated multiple hearings and orders in his so far successful scheme to avoid giving sworn testimony in this case. *See* Apr. 9, 2019, Hearing Tr., at 34 ("this whole exercise has been an attempt—and perhaps a different judge would do it differently—to bend over backwards to allow Mr. Lazarenko to meet his obligations to this Court, knowing that if he fails to do so, that his claim may well be dismissed.").  Third, it is clear that A. Lazarenko's failure to sit for a deposition is a willful action, and that no lesser sanction will result in his agreeing to be deposed in Ukraine.  Most significantly, A. Lazarenko has represented to this Court multiple times that he will not appear for a deposition in Ukraine.  *See* ECF 1166 and 1178.  Because he cannot obtain a visa to enter the United States, his refusal to appear for a deposition in Ukraine precludes any remedy other than dismissal.  A. Lazarenko was warned that his failure to appear for a deposition could result in dismissal of his claim (*see* Apr. 9, 2019, Hearing Tr., at 34), but nevertheless chose not to appear.  *See Bradshaw v. Vilsack*, 286 F.R.D. 133, 142,143 (D.D.C. 2012) (dismissal not appropriate because, among other things, plaintiffs were not on notice of potential dismissal). Therefore, dismissal of his claim is appropriate.

### B. A. LAZARENKO'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION LACK MERIT

A. Lazarenko offers four bases for not adopting Magistrate Judge Harvey's September 5, 2019 Report and Recommendation.  First, A. Lazarenko claims that some harm would befall him or his family if he was deposed in Ukraine.  ECF 1228, at 1-2.  This fear, however, is apparently not sufficient enough to cause him to seek a protective order to preclude the taking of the

deposition in Ukraine. As noted by the Court, A. Lazarenko "has chosen to provide the Court nothing but unsupported allegations of inchoate fears—fears that appear all the more irrational in light of the fact that he has admittedly elected to live in Ukraine for 'many years.'" ECF 1209, at 14. Because A. Lazarenko can offer no rational basis for his refusal to be deposed in Ukraine, his failure to appear should result in dismissal of his claim.

Second, A. Lazarenko claims his refusal to appear for a deposition in Ukraine is justified because technical limitations, convenience of the parties, and the availability of language services to assist in translating from English to Ukrainian would make it easier to proceed in the United States. All of these excuses lack merit. The parties previously travelled to Ukraine to successfully take the depositions of, among others, Hryhorii Omelchenko, Sergei Kolomoets, and Aleksandr Shostak. Any technological issues did not hamper either the Government's or claimants' ability to take testimony.[1] The prior depositions in Ukraine have been conducted with certified translators, while Claimant's father, Pavel Lazarenko, chose to also have his own interpreter present to advise him and his counsel. Furthermore, in the context of seeking a short discovery time period, counsel for A. Lazarenko previously represented to the Court that A. Lazarenko speaks English, and that there was no communication issue. *See* May 16, 2019 Hearing Tr., at 40 ("Alexander was here for a year or two and I interacted with him extensively. I don't think language will pose a significant obstacle to our responding quickly and expeditiously."). For counsel to now claim the opposite as a *post hoc* justification for his disregard of a validly issued deposition notice, is disingenuous.

---

[1] Contrary to the representation of Claimant's counsel (ECF 1228-1 at 2), attorneys for the United States have been authorized to bring electronic devices into Ukraine. The professional stenography and videography services have been performed by private independent vendors who supply their own equipment.

Third, A. Lazarenko claims that the United States did not "'cooperate in good faith to permit Alexander Lazarenko to timely file an application for a visa to travel to the United States.'" ECF 1228, at 4 (citing ECF 1135, at 1-2). In making this argument, A. Lazarenko acknowledges that the United States assisted counsel for A. Lazarenko with specific instructions on how to apply for a visa. ECF 1228-1, at 4. As noted by the Court, this appears to be the extent of the assistance that the Department of Justice can provide to A. Lazarenko, as the power to make determinations regarding visa applications rests solely with the relevant consular official. *See* ECF 1209, at 14-15. Neither the Court not the Department of Justice can interfere with this determination. *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999). Presumably, A. Lazarenko provided the consular official with a copy of this Court's Order allowing him an opportunity to seek a visa to be deposed in the United States. *See, e.g.*, ECF 1135; 1152. Given that A. Lazarenko did not produce any evidence to this Court to support his position that his deposition could not proceed in Ukraine, it is not surprising that he provided insufficient information to the consular official to support his visa application.

Finally, counsel claims that A. Lazarenko's assertion of an innocent owner defense entitles him to appear in person at his trial, and therefore his deposition must proceed in the United States. ECF 1228, at 3.[2] Before contemplating how to conduct a trial in this matter, the parties must finish discovery. The main factual discovery remaining is the deposition of A. Lazarenko. Despite voluntarily intervening in this action, A. Lazarenko has frustrated this

---

[2] Curiously, the only case cited by A. Lazarenko to support his position that he must be afforded an opportunity to attend a trial stands for the opposite conclusion. *See United States v. $64,000*, 722 F.2d 239 (5th Cir. 1984). In that case, the Fifth Circuit determined that the claimant, who was incarcerated on drug charges, did not have an absolute right to attend the subsequent civil forfeiture trial. *See id.*, at 247. Similarly, this Court should not reward A. Lazarenko's refusal to be deposed in the country where he resides by allowing him to dictate the terms by which discovery will move forward.

discovery by refusing to be deposed in Ukraine where he resides and insisting on being deposed in the United States, where he has been unable to make himself available for deposition. Because he effectively refuses to be deposed, the United States cannot adequately determine the validity of his affirmative defenses, including the innocent owner defense, or the full basis for his claims in this action.  Thus, the party harmed by A. Lazarenko's refusal to participate in discovery is the United States.  Because A. Lazarenko refuses to sit for a deposition, dismissal of his claim is appropriate.  *See Wilson v. On the Rise Enters., LLC*, NO. CV 16-2241 (BAH), 2019 WL 399821, at *4 (D.D.C. Jan. 30, 2019).

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests this Court reject Claimant A. Lazarenko's objections and enter an Order affirming and adopting this Court's September 5, 2019 Report and Recommendation (ECF 1209).  A proposed Order is attached.


Respectfully submitted,

DEBORAH CONNOR, CHIEF
MONEY LAUNDERING
  AND ASSET RECOVERY SECTION

_____
DANIEL H. CLAMAN
Principal Deputy Chief
TERESA TURNER JONES
Senior Trial Attorney
ADAM J. SCHWARTZ
Trial Attorneys
Money Laundering &
Asset Recovery Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor

Washington, DC 20530
Telephone: (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 1, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia, using the electronic case filing system of the Court. The electronic case filing system sends a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept the Notice as service of this document by electronic means.

                       _____
                        Adam Schwartz