# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:04-cv-00798-PLF |
| ) | |
| **ALL ASSETS HELD AT BANK JULIUS** ) | |
| **Baer & Company, Ltd., Guernsey** ) | |
| **Branch, account number 121128, in the** ) | |
| **name of Pavlo Lazarenko,** *et al.*, ) | |
| ) | |
| **Defendants** *In Rem* ) | |
| ) | |

## UNITED STATES' MOTION TO STRIKE THE CLAIMS OF EKATERINA LAZARENKO AND LECIA LAZARENKO TO ALL ASSETS HELD IN THE ACCOUNTS OF THE BALFORD TRUST

The United States, by and through its undersigned counsel, moves pursuant to Federal Rule of Civil Procedure 56 and Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") to strike for lack of Article III standing the claims of Ekaterina and Lecia Lazarenko (the "E/L Claimants") to the defendant assets held at Credit Suisse (Guernsey) limited in the name of Samante Limited as Trustees of the Balford Trust and Credit Suisse Trust Limited – Escrow Account Re: BT Trust, as enumerated in paragraphs 5(b), 5(c), and 5(j) of the First Amended Verified Complaint for Forfeiture *In Rem* (the "Amended Complaint") (Dkt. No. 20).

As explained in the accompanying memorandum, the E/L Claimants cannot meet their burden to establish Article III standing to contest forfeiture because they are not the owner of the assets held in the Balford Trust, nor do they have any current, vested property interest in the assets held in the Balford Trust. By their own admissions, the E/L Claimants are each only a "discretionary beneficiary of the Balford Trust." As this Court found on closely analogous facts in

*United States v. All Assets Held in Account Number XXXXXXX in the name of Doraville Properties Corp.*, the beneficiaries of a discretionary trust established under Singapore law had, at most, an expectancy interest in the favorable exercise of discretion by the trustee, and that such a mere future, contingent interest was insufficient to establish Article III standing.  299 F. Supp. 3d 121, 137 (D.D.C. 2018).  Because the E/L Claimants similarly have only a hypothetical, future, contingent interest in the trustees' exercise of discretion and no right to return of the particular property, they cannot demonstrate that forfeiture of the Balford Trust assets will cause them an injury-in-fact, or that dismissal of the forfeiture action would redress any such injury.  This Court therefore should strike their claims.

In support of this Motion, the United States submits a Memorandum in Support of its Motion.  The Memorandum includes numerous record citations to documents and exhibits provided to the Court in prior pleadings filed in this matter, an appendix of additional exhibits referenced in the Memorandum, and the Supplemental Declaration of Alasdair Davidson, a Guernsey lawyer who specializes in trust law and who previously filed a declaration in this case.  This Motion also includes a Statement of Material Facts Not in Dispute and a Proposed Order.

        Respectfully submitted,

        DEBORAH CONNOR, CHIEF
        MONEY LAUNDERING
         AND ASSET RECOVERY SECTION

        _____
        DANIEL H. CLAMAN
        TERESA TURNER-JONES
        ADAM J. SCHWARTZ
        Money Laundering and Asset Recovery Section
        Criminal Division, U.S. Department of Justice
        1400 New York Avenue, N.W., 10th Floor
        Washington, DC 20530
        Telephone: (202) 514-1263

        *Attorneys for Plaintiff United States of America*