UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN UNITED STATES DOLLARS, ET AL.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 1:04-cv-00798-PLF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR SUMMARY JUDGMENT ON
STATUTE OF LIMITATIONS GROUNDS**

Pursuant to 19 U.S.C. § 1621 and 18 U.S.C. § 981(k), Claimants Lecia and Ekaterina Lazarenko (the "Lazarenko Children") submit this motion for summary judgment on statute of limitations grounds. Claimants seek summary judgment on the account identified in ¶ 5(b) of the Amended Complaint.

The Government's claims for forfeiture of the funds held in the Balford Trust are time-barred because it knew about the facts giving rise to the Complaint and the transfers into the Balford Trust more than five years before filing the Complaint. As set forth in the attached declaration of Emily Beckman, the Government had knowledge of the four "schemes" in the Complaint and the transfers into the Balford Trust before May 14, 1999, five years before the Government filed the Verified *In Rem* Complaint. The Government also knew about the schemes that were first identified in ¶ 50 of the Verified *In Rem* Amended Complaint, more than five years before it moved for leave to amend the complaint. The Government also knew about

the relationship between the property and the alleged unlawful activity more than two years before it filed its complaint to forfeit the Balford Trust.  It had copies of the Balford Trust bank records more than two years before it filed the Complaint.

As discussed in Claimants' memorandum of points and authorities, the statute of limitations is not tolled because the funds were deposited at a foreign financial institution that had an interbank account in the United States at all relevant times.  Hence, the funds are "deemed" to be deposited in the United States.

The Court should also enter an order pursuant to Fed. R. Civ. P. 54(b) for the Credit Suisse (Guernsey) accounts which are the subject of this motion.  This motion seeks "a decision upon a cognizable claim for relief, and [is] 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

WHEREFORE, this Court should grant summary judgment on the six remaining claims, and the Court should enter a final order pursuant to Fed. R. Civ. P. 54(b).

    Respectfully submitted

    /s/ Emily Beckman
    Emily Beckman
    **King Campbell Poretz**
    108 N. Alfred Street
    Alexandria, VA 22314
    Phone: (703) 683-7070
    emily@kingcampbell.com
    *Attorneys for Lecia and Ekaterina Lazarenko*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 30, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Columbia, which has caused a notice of electronic filing to be served on all parties of record consistent with Fed. R. Civ. P. 5.

             /s/ Emily Beckman