**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:04-cv-00798-PLF-GMH |
| ) | |
| **ALL ASSETS HELD AT BANK JULIUS** ) | |
| **Baer & Company, Ltd., Guernsey** ) | |
| **Branch, account number 121128, in the** ) | |
| **name of Pavlo Lazarenko,** *et al.* ) | |
| ) | |
| **Defendants** *In Rem* ) | |

**UNITED STATES' MOTION TO STRIKE CLAIMANT**
**PAVEL LAZARENKO'S CLAIM TO ASSETS HELD IN LIECHTENSTEIN**

Plaintiff United States of America, by and through its undersigned attorneys, moves pursuant to Federal Rule of Civil Procedure 56 and Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") to strike for lack of Article III, statutory, and prudential standing, the claims of Pavel Lazarenko ("Lazarenko") to the defendant assets held in the name of Beranco Engineering Establishments ("Beranco"), Ylorex Establishments ("Ylorex"), and Tanas AG ("Tanas") in Liechtenstein, and all assets traceable thereto (collectively, the "Defendant Liechtenstein Assets") as enumerated in paragraphs 5(i) and 5(j) of the First Amended Verified Complaint for Forfeiture *In Rem* (the "Amended Complaint") (Dkt. No. 20).[1]

As explained in the accompanying memorandum, Lazarenko cannot meet his burden to establish statutory, Article III, or prudential standing because he cannot show by a preponderance of the evidence that he has a colorable ownership or cognizable possessory or

---

[1] Plaintiff does not move to strike Claimant Lazarenko's claim to the account in the name of NRKTO 7541at Liechtensteinische Landesbank AG, nominally valued at approximately $5,000.

1

financial interest in the specific claimed property; nor has he asserted his interest in the property in the manner set forth in the Supplemental Rules. (Dkt. No. 1255) at 12, 14, 16-17; *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.* ("*All Assets IV*"), 959 F. Supp. 2d 81, 96, n. 10 (D.D.C. 2013). The facts in this matter clearly demonstrate that Lazarenko is not the beneficial owner of the Defendant Liechtenstein Assets, that he has denied knowledge of these accounts and has failed to establish any ability to control or affect the funds. This Court should therefore strike his claim to the Defendant Liechtenstein Assets.

In support of this Motion, the United States submits a Memorandum in Support of its Motion. The Memorandum includes numerous record citations to documents provided to the Court in prior pleadings filed in this matter, an appendix of additional exhibits referenced in the Memorandum, and an exhibit containing translations from German to English of some of the pages included in the appendix. This Motion also includes a Statement of Material Facts Not in Dispute and a Proposed Order.

        Respectfully submitted,

        DEBORAH CONNOR, CHIEF
        MONEY LAUNDERING AND
            ASSET RECOVERY SECTION

        /s/
        DANIEL H. CLAMAN
        TERESA C. TURNER JONES
        ADAM J. SCHWARTZ
        Money Laundering and
            Asset Recovery Section
        Criminal Division
        U.S. Department of Justice
        1400 New York Avenue, N.W., 10th Floor
        Washington, D.C. 20530
        Telephone: (202) 514-1263

        Attorneys for Plaintiff
        UNITED STATES OF AMERICA