

*Phone:*   (215) 569-5789
*Fax:*     (215) 832-5789
*Email:*   JSilversmith@BlankRome.com

May 20, 2020

**VIA E-MAIL**

The Hon. G. Michael Harvey
Magistrate Judge
U.S. District Court
333 Constitution Avenue NW
Washington, D.C. 20001

        Re:    De-designation of Selected Portions of Peter Kiritchenko's Deposition

Dear Magistrate Judge Harvey:

We write on behalf of our client and the Lazarenko Children seeking de-designation under the protective order of portions of the deposition of Peter Kiritchenko, which occurred on September 12, 13, and 14, 2016 in San Francisco. Several pages of Kiritchenko's deposition were filed under seal at Dkts. 1258-3, 1258-4, & 1258-5. By de-designating those pages of the transcript, we can file an unsealed copy of the pleading consistent with Judge Friedman's repeated mandate that the parties redact as little information as possible. The Court's Second Amended Protective Order is filed at Dkt. 1086, dated Feb. 7, 2018.

Kiritchenko's counsel, Stan Roman, Esquire, designated the entire transcript as confidential. In our view, Kiritchenko's deposition testimony was a rehash of his numerous public statements – five days of testimony in Mr. Lazarenko's criminal trial, three days of testimony during a subsequent hearing pursuant to the Mandatory Victim Restitution Act, and his seven-day deposition in *UTICO v. Kiritchenko*, 3:99-cv-03073-MMC (which is available on PACER). Kiritchenko also provided statements to U.S., Swiss and Ukrainian prosecutors. Five of these witness statements were filed on PACER by the United States on November 30, 2015. *See generally* Dkts. 505, 507, 508 & 509. In each statement, Kiritchenko testified or provided information about specific transactions involving his nine personal bank accounts, his relationship with Mr. Lazarenko and other related matters. We also note that every deposit and withdrawal in Kiritchenko's own bank accounts were summarized and presented as Government demonstrative exhibits at Mr. Lazarenko's criminal trial. In fact, the underlying bank records were also admitted at trial.

One Logan Square 130 North 18th Street Philadelphia, PA 19103-6998

www.BlankRome.com

Boca Raton • Cincinnati • Fort Lauderdale • Houston • Los Angeles • New York • Philadelphia • Pittsburgh • Princeton • San Francisco • Shanghai • Tampa • Washington • Wilmington



May 20, 2020
Page 2

The substance of all three days of his deposition have been disseminated in the public domain and there is no need for a confidentiality designation. To that end, before we filed our motion for summary judgment on the Bank Julius Baer motion, we reached out to Mr. Roman, and asked him to de-designate a select number of pages so we could file this motion and another potential motion without filing the records under seal. As part of the meet and confer process, at Mr. Roman's request, we prepared a spreadsheet reciting the deposition testimony line-by-line and provided references to comparable testimony in the public domain. On Friday, May 15, 2020, I spoke with Mr. Roman. He explained that his client would not agree to de-designate any portion of the transcript.

Because protective orders are based on a finding of good cause to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, Fed. R. Civ. P. 26(c), the burden of persuasion falls upon the party or parties seeking to restrict disclosure. *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 16 (D.D.C. 2010) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121-22 (3d Cir. 1986)). Kiritchenko cannot meet this burden. As noted above, this is simply a rehash of prior testimony and witness statements. Questions about deposits into Kiritchenko's accounts are not confidential. Further, the fact that he had no knowledge about the source of the money is not confidential (and has already been documented in other public testimony).

At this juncture, we ask the Court to de-designate the pages that we filed on PACER at Dkts. 1258-3, 1258-4, & 1258-5 (pp. 142-145, 264-267, 284-287, 373-388, 521-524, 537-44), as well as several additional pages that we intend to file in a forthcoming summary judgment motion (pp. 389-92, 401-416, 425-432, 449-452, 465-72). We are happy to provide the Court with copies of the information that we provided to Mr. Roman, who is copied on this correspondence.

The United States has not designated the deposition transcripts as confidential.

                      Very truly yours,

                      Jed M. Silversmith

cc:   Stan Roman, Esq.
      ECF