## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 04-798 (PLF/GMH)** |
| | ) | |
| **ALL ASSETS HELD AT BANK JULIUS BAER &** | ) | |
| **CO., LTD., GUERNSEY BRANCH, ACCOUNT** | ) | |
| **NUMBER 121128, IN THE NAME OF PAVLO** | ) | |
| **LAZARENKO, *ET AL.*** | ) | |
| | ) | |
| **Defendants *In Rem*.** | ) | |

_____)

### ORDER

On May 20, 2020, Pavel Lazarenko, on behalf of himself and Claimants Lecia Lazarenko and Eka-

terina Lazarenko, filed a letter brief seeking to de-designate as confidential portions of the deposition testi-

mony of non-party Peter Kiritchenko that have been filed under seal in support of Mr. Lazarenko's motion

for summary judgment as to the Defendant funds held at Bank Julius Baer.  ECF Nos. 1258, 1279.  The

brief asserts that Mr. Lazarenko would like those pages de-designated so that he can "file an unsealed copy

of the pleading consistent with Judge Friedman's repeated mandate that the parties redact as little infor-

mation as possible."  ECF No. 1279 at 1.  Mr. Kiritchenko reportedly objects to the de-designation.  *Id.* at

2.

Mr. Lazarenko appears to argue that these sections of deposition transcript (the entirety of which

has been designated confidential by counsel for Mr. Kiritchenko) were improperly designated as confiden-

tial pursuant to the operative protective order in this case because the identified information is already in

the public domain.  *Id.* at 1–2; *see also* ECF No. 1086 at 2 (protective order allowing information to be

protected if the producing party "reasonably believes [that it is] not in the public domain" and it meets

certain other criteria).  It is not clear, however, whether Mr. Lazarenko also contends that, notwithstanding

whether the information is encompassed in the operative protective order's definition of potentially pro-

tectible material, the information should be unsealed in light of the "strong presumution in favor of public

access to judicial proceedings." *EEOC v. Nat'l Chidren's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

That, it seems to the undersigned, is the more significant question.

Importantly, the fact that a protective order has been entered in an action does not mean that refer-

ences to protected materials and documents in submissions to the Court must be filed under seal or redacted.

*See, e.g.*, *In re McCormick & Co.*, MDL Docket No. 2665, No. 15-mc-1825 (ESH), 2017 WL 2560911, at

*1; *see also, e.g.*, *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (noting that, notwithstanding the applica-

bility of a protective order under Rule 26 of the Federal Rules of Civil Procedure, "documents used by the

parties moving for, or opposing, summary judgment should not remain under seal absent the most compel-

ling circumstances").   D.C. Circuit precedent directs courts to consider six factors when determining

whether court records should be redacted or sealed:

> (1) the need for public access to the documents at issue; (2) the extent of previous public
> access to the documents; (3) the fact that someone has objected to disclosure, and the iden-
> tity of that person; (4) the strength of any privacy or property interests asserted; (5) the
> possibility of prejudice to those opposing disclosure; and (6) the purposes for which the
> documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409.

Mr. Lazarenko's two-page letter brief is not equal to this task.  First, the issue here is not a conven-

tional discovery dispute, and thus not subject to the undersigned's practice requiring an exchange of short

letter briefs prior to filing a motion to compel or similar submission.  Second, the brief addresses, at most,

one of the six factors identified above.  Accordingly, it is hereby

**ORDERED** that, on or before June 5, 2020, Mr. Lazarenko shall file a motion to unseal the infor-

mation at issue, which has been filed under seal pursuant to its designation as confidential under the oper-

ative protective order.  The motion shall address each of the six factors identified above.  It is further

**ORDERED** that, on or before June 19, 2020, Mr. Kiritchenko shall either (1) file an opposition to

the motion or (2) file a notice that he does not intend to oppose the motion.  It is further

**ORDERED** that Mr. Lazarenko shall file his reply, if any, on or before June 26, 2020.  It is further

**ORDERED** that counsel for Mr. Lazarenko shall immediately serve counsel for Mr. Kiritchenko a copy of this Order by email.

**SO ORDERED.**

Dated:  May 22, 2020

_____

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE