## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:04-cv-00798-PLF-GMH |
| | ) |
| ALL ASSETS HELD AT BANK JULIUS | ) |
| Baer & Company, Ltd., Guernsey | ) |
| Branch, account number 121128, in the | ) |
| name of Pavlo Lazarenko, *et al.* | ) |
| | ) |
| Defendants *In Rem* | ) |

### UNITED STATES' OPPOSITION TO CLAIMANT EKATERINA LAZARENKO AND LECIA LAZARENKO'S LETTER BRIEF TO STRIKE THE SUPPLEMENTAL DECLARATION OF ALASDAIR DAVIDSON

Pursuant to this Court's Order dated May 22, 2020 (Dkt. No. 1280), Plaintiff United States of America, by and through its undersigned counsel, hereby opposes Claimants Ekaterina and Lecia Lazarenko (the "E/L Claimants") May 18, 2020, Letter Brief to strike (Dkt. No. 1277) the supplemental declaration of Alasdair Davidson (Dkt. No. 1256-6) attached to the United States' Motion to Strike the Claims of Ekaterina Lazarenko and Lecia Lazarenko to All Assets Held in the accounts of the Balford Trust (Dkt. No. 1256).

In yet another effort to avoid scrutiny of their claims, the E/L Claimants again ignore the record in this case to try and bolster their claim to millions of dollars illicitly obtained and laundered by their father, Pavel Lazarenko, and his associates through extortion, bribery, and other crimes. The E/L Claimants' central argument to strike Mr. Davidson's supplemental declaration of Alasdair Davidson appears to be that they believe his expert declaration is untimely. In support of their argument, the E/L Claimants argue that Mr. Davidson's supplemental declaration is at least three years late. *See* (Dkt. No. 1277-1), at 2.

In making this argument, the E/L Claimants fail to note that the parties previously brought this exact same issue to the Court.  As the Court may recall, the parties jointly agreed to a stay of fact discovery regarding the E/L Claimants[1] until adjudication of the United States' Motion to Strike for failure to file an answer.  (Dkt. No. 468).  On November 16, 2015, the Court entered an order staying all discovery taken by or of the E/L Claimants and their brother Alexander Lazarenko until resolution of the U.S. motion to strike their claims for failure to file an answer or until further order.  (Dkt. No. 494).  On January 6, 2017, the Court denied the motion to strike and ordered the E/L Claimants and their brother to file amended claims and a motion for leave to file an answer by February 3, 2017.  (Dkt. Nos. 850, 851).

In May 2017, in the parties' joint submission regarding the discovery schedule filed prior to the E/L Claimant's Answer, the United States proposed that the case management order stay expert discovery until completion of fact discovery of the E/L Claimants.  *See* (Dkt. No. 954), at 1-4.  The E/L Claimants (joined by Pavel Lazarenko) opposed this proposal and sought to immediately continue with expert discovery under the theory that "[t]he Lazarenko Children plan to join all of Pavel Lazarenko's expert reports and have no plans to offer any additional expert reports."  *Id.* at 5.  The Court resolved the dispute in favor of the United States, noting that:

> Discovery typically follows the answer.  The Government has filed an objection to the answer.  It has asserted various arguments that Judge Friedman may or may not agree with that could impact discovery going forward.  And we don't have a ruling yet from Judge Friedman.

---

[1] At the time of the dispute over the schedule, Alexander Lazarenko (the E/L Claimants' brother) remained a claimant in this matter.  His claim was dismissed on December 19, 2019. (Dkt. No. 1243).

Hrg. Tr. (May 16, 2017), at 34.  The Court also noted that it would not make sense to move forward with expert discovery when additional discovery "may impact the expert opinions that have already been filed."  *Id.* at 35.

Ultimately the E/L Claimants did not file an Amended Answer until August 7, 2017. (Dkt. No. 995).  Approximately two months later, while fact discovery regarding the E/L Claimants remained ongoing, the Court entered a stay of expert discovery.  (Dkt. No. 1034).  At the request of the parties, the Court entered numerous additional stays in order for the parties to explore a negotiated settlement of this matter.  Those efforts failed, and fact discovery remained active through the United States' depositions of the E/L Claimants in March 2019 and repeated efforts to depose Claimant Alexander Lazarenko prior to the dismissal of his claim in December of 2019. The E/L Claimants' suggestion that Mr. Davidson's supplemental declaration is untimely therefore lacks merit.

In addition, the E/L Claimants' argument that Mr. Davidson "does not rely on new facts revealed" during discovery is equally meritless.  In his supplemental declaration, Mr. Davidson specifically notes that in interrogatory responses the E/L Claimants assert the assets in the Balford Trust "'belong to them'", and thereafter analyzes other potential interests beyond beneficial interests the E/L Claimants may hold in the Balford Trust.  *See* (Dkt. No. 1256-6), at ¶¶ 20-21.

The Court should also ignore the inapposite legal authority cited by the E/L Claimants. In *Grimes v. District of Columbia*, this Court precluded the plaintiff from relying on an expert report in her opposition to a motion for summary judgment that was already stricken by the

Court as a discovery sanction. 303 F. Supp. 3d 93, 105 (D.D.C. 2018).[2]  Here, the United States submission of Mr. Davidson's supplemental declaration is consistent with Federal Rule of Civil Procedure 26(a)(2), which requires an expert witness to supplement his or her report if the report is incomplete or incorrect because of inaccuracies or the availability of information that was not available at the time of the initial report.  *See* Fed. R. Civ. P. 26(e); *Richardson v. Korson*, 905 F. Supp. 2d 193, 199-200 (D.D.C. 2020) (denying motion to strike plaintiff's supplemental expert report).  The Court also may properly consider Mr. Davidson's supplemental declaration in accordance with Federal Rule of Civil Procedure 44.1 as it determines whether the E/L Claimants have appropriately invoked this Court's jurisdiction.  Fed. R. Civ. P. 44.1 ("In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.").

Finally, the E/L Claimants have not even articulated, much less shown, any harm caused by the supplemental declaration of Mr. Davidson.  In their discovery responses, the E/L Claimants contend that their interest is defined by Guernsey law.  The E/L Claimants also were clearly aware, as of at least the United States' November 13, 2017, responses to the E/L Claimants interrogatories, that the United States contended that they were not owners of nor had right to the capital or income of the Defendant Balford Trust Assets under Guernsey law. Indeed, even the E/L Claimants' own adopted expert, Nicholas Le Poidevin, advised in 2016 that the interests of beneficiaries were "both remote and fragile".  (Dkt. No. 729-1), at ¶ 10.

---

[2] The other case cited by the E/L Claimants, *Target Strike, Inc. v. Marston & Marston, Inc.*, 2011 WL 2215989 (W.D. Tex. June 6, 2011) does not apply for similar reasons.  The Court in *Target Strike, Inc.* was addressing a motion to supplement an expert report that was previously excluded.  *See id.*, at 1.

Striking Mr. Davidson's supplemental declaration clearly "would not be in keeping with the goals of the Federal Rules of Civil Procedure."  (Dkt. No. 965) at 7.  The Court should deny the relief requested by the E/L Claimants it their May 18, 2020 letter brief.

Respectfully submitted,

DEBORAH CONNOR, CHIEF
MONEY LAUNDERING AND
  ASSET RECOVERY SECTION

_____
DANIEL H. CLAMAN
TERESA C. TURNER JONES
ADAM SCHWARTZ
Money Laundering and
Asset Recovery Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone: (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA