UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN UNITED STATES DOLLARS, *ET AL.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 1:04-cv-00798-PLF/GMH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT AND MOTION TO ENTER SCHEDULING ORDER

Plaintiff United States of America and Claimants Pavel, Ekaterina and Lecia Lazarenko (the "Parties") jointly file this Status Report as ordered by the Court on June 16, 2020 (Dkt. 1303) to address the status of pending motions before the Court and propose a schedule for completing partially briefed and future motions.

With respect to motions currently pending before the Court, the Parties have identified the following motions:

### Fully briefed

1) Claimant Pavel Lazarenko's Motion for Partial Summary Judgment on Probable Cause (Dkts. 426 (Motion), 486 & 509 (Opposition), 516 & 517 (Reply); 543 (Notice of Joinder))
    a. Pending before the Hon. Paul L. Friedman
    b. Fully briefed by the Parties

2) Claimant Ekaterina and Lecia Lazarenko's Motions to Quash Bank and Accountant subpoenas (Dkts. 1244, 1183, 1159, 1142)
    a. Pending before Magistrate Judge G. Michael Harvey
    b. Fully briefed by the Parties

3) United States' Renewed Motion for Protective Order Regarding CIPA Documents
   a. Pending before Magistrate Judge G. Michael Harvey
   b. Fully briefed by the Parties (filed with the CISO)
   c. Additional briefing or argument may be required based on determination of status of remaining documents at issue
   d. Portions of this motion are being handled *ex parte*

4) Claimant Ekaterina and Lecia Lazarenko's Motion to Strike Supplemental Declaration of Alasdair Davidson[1]
   a. Pending before the Hon. Paul L. Friedman
   b. Filed (Dkt. 1277) on May 18, 2020
   c. Opposition (Dkt. 1282) filed on May 22, 2020
   d. No Reply filed (due May 29, 2020)

**Partially briefed**

1) United States' Motion to Strike the Lazarenko Children's Claims to the Assets Held in the Balford Trust
   a. Pending before the Hon. Paul L. Friedman
   b. Filed (Dkt. 1256) on April 30, 2020
   c. Opposition and Cross-Motion to Authorize Litigation in Guernsey to be filed by July 15, 2020
   d. Reply/Opposition to be filed by August 19, 2020
   e. Claimants' Reply to be filed by September 9, 2020

2) Claimant Pavel Lazarenko's Motion for Summary Judgment on the Bank Julius Baer Guernsey Account
   a. Pending before the Hon. Paul L. Friedman
   b. Motion (Dkt. 1257) filed on April 30, 2020
   c. Opposition (Dkt. 1305) (redacted version Dkt. 1306) filed on June 19, 2020
   d. Reply to be filed by July 17, 2020

3) The Lazarenko Children's Motion for Summary Judgment on Statute of Limitation Grounds
   a. Pending before the Hon. Paul L. Friedman
   b. Filed (Dkt. 1259) on April 30, 2020
   c. Opposition to be filed by July 24, 2020
   d. Reply to be filed by August 14, 2020

---

[1] Claimants filed a letter brief seeking leave to file a motion to strike with the Magistrate Judge. The Magistrate Judge referred this matter to the Hon. Paul L. Friedman (Dkt. 1280) who does not permit letter briefs. Claimants do not believe that this matter is currently pending before the Court.

999998.02948/123494541v.6

4) Claimant Pavel Lazarenko's Motion for Summary Judgment on the Ylorex Establishments Account
   a. Pending before the Hon. Paul L. Friedman
   b. Motion (Dkt. 1257) filed on May 1, 2020
   c. Opposition (Dkt. 1305) (redacted version Dkt. 1306) filed on June 19, 2020
   d. Reply to be filed by July 20, 2020

5) Plaintiff's Motion to Strike Pavel Lazarenko's Claims to the Liechtenstein Assets
   a. Pending before the Hon. Paul L. Friedman
   b. Motion (Dkt. 1284) filed on May 15, 2020
   c. Opposition to be filed on July 20, 2020
   d. Reply to be filed by August 10, 2020

6) Claimant Pavel Lazarenko's Motion for Reconsideration of the Court's order striking his claim to the Balford Trust
   a. Pending before the Hon. Paul L. Friedman
   b. Motion (Dkt. 1289) filed on June 4, 2020
   c. Opposition filed by July 17, 2020
   d. Reply to be filed by August 12, 2020

7) Claimant Pavel Lazarenko's Motion to Unseal
   a. Pending before Magistrate Judge G. Michael Harvey
   b. Motion (Dkt. 1297) filed on June 12, 2020
   c. Opposition (Dkt. 1307) filed on June 29, 2020 by Peter Kiritchenko *pro se*
   d. Reply to be filed by July 6, 2020

8) Claimant Pavel Lazarenko's Motion to Modify the Restraining Order
   a. Pending before the Hon. Paul L. Friedman
   b. Motion filed on July 2, 2020
   c. Mr. Lazarenko believes that the Court should shorten the deadlines set by Local Rule 7 and he requests that the Court set a telephonic hearing. The Government requests that it be permitted to file its Opposition by August 6, 2020 consistent with the agreement reached by the Parties regarding all other forthcoming motions.

**To be filed**

The United States believes that the Opposition and Reply for the Motion to Modify the Restraining Order should be subject to the same deadlines as those proposed below by the Parties for all other pending and forthcoming motions.

1) United States' Motion to Strike Claimant Pavel Lazarenko's Claim to Assets Held in Accounts Held in the Name of Eurofed Bank in Lithuania and Switzerland

3

      a. For consideration by the Hon. Paul L. Friedman
      b. Motion to filed by July 17, 2020

2) Claimant Pavel Lazarenko's Motion to Dismiss
      a. For consideration by the Hon. Paul L. Friedman

3) Claimants' Motion to Enforce the Settlement Agreement
      a. For consideration by the Hon. Paul L. Friedman

With respect to all of the forthcoming motions except Pavel Lazarenko's Motion to Modify the Restraining Order, the Parties jointly recommend that the Court modify Local Rule 7(b) & (d) to permit five weeks to file an Opposition and three weeks to file a Reply. The Parties further agree that to the extent any one or more of the Parties, after reviewing a pleading of the opposing party, believes that the factual or legal issues raised may require additional time for a responsive pleading, the Parties will continue to work together in good faith to resolve all requests for extensions of time prior to filing motions for enlargement of time with the Court.

## POSITION REGARDING COMPLETION OF EXPERT DISCOVERY AND FUTURE DISPOSITIVE MOTIONS

Each of the Parties takes the following positions regarding the disposition of dispositive and discovery matters pending before the Court, and the schedule regarding the completion of discovery and future merits based dispositive motions.

**UNITED STATES**:

The Parties have, as requested by the Court (Dkt. 1303) reached agreement on a schedule regarding the majority of the motions pending before the Court. While the United States has advised Claimants of the date by which it will file a future dispositive motion, Claimants have declined to advise the United States of the date by which they intend to file two of the three future dispositive motions, with the exception being Claimant Pavel Lazarenko's Motion to Modify the Restraining Order. As a result, the United States notes that it is difficult to commit to

a briefing schedule when all of the anticipated filing dates are unknown, and therefore reserves the right to seek additional time to file an opposition based on the content and timing of Claimants' filing.

The United States respectfully requests that the Court stay expert discovery for an additional 120 days, until October 30, 2020, with the hope that the Court has the opportunity to issue opinions in the pending (and soon to be filed) standing motions. The United States submits that because standing is a jurisdictional issue, the Court should determine if Claimants have standing to bring any of their respective claims prior to the resolution of any substantive motions. In addition, the United States believes that it would not be an efficient use of the Parties' efforts or those of the Court to move forward with expert discovery or the resolution of any pending discovery disputes while the standing motions are pending.

The United States notes that the Defendant Assets located in Guernsey, Liechtenstein, Lithuania, and Switzerland are subject to the same potential issues regarding repatriation. While all of the aforementioned assets are restrained at the request of the United States, the government of Ukraine has similarly requested restraint of the same assets, and therefore Claimants' request to modify the restraint to commence litigation in Guernsey will not hasten disposition of those assets.

To the extent expert discovery is necessary after the Court resolves outstanding jurisdictional issues, the United States proposes the following schedule for remaining case management deadlines:

| Event | Proposed Deadline |
|---|---|
| Opening of Expert Discovery | 30 days after resolution of standing motions |

| | |
|---|---|
| Close of Expert Discovery | 90 days after resolution of standing motions |
| Additional Dispositive Motions Due | 45 days after close of Expert Discovery |
| Oppositions to Additional Dispositive | 75 days after close of Expert Discovery |
| Replies to Additional Dispositive Motions Due | 95 days after close of Expert Discovery |

**CLAIMANT PAVEL LAZARENKO**:

Mr. Lazarenko urges that the Court take up his motion to modify the restraining order on an expedited basis. As set forth in that motion, since he is no longer a party to the Balford Trust litigation, Mr. Lazarenko should be permitted to commence litigation in Guernsey, where he was invited to file a response to the freeze order in 2004. Foreign antisuit injunctions against non-parties are improper. *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987) (noting that the parties must be the same before a court issues a foreign litigation injunction); *Laker Airways, Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 927 (D.C. Cir. 1984) (discouraging the use of foreign litigation injunctions).

Mr. Lazarenko wishes to commence this litigation promptly. The Government states that a lawsuit in Guernsey will not expedite the resolution of the U.S. civil forfeiture action. Mr. Lazarenko believes that the Court should not speculate as to the actions of the Governments of Ukraine and Guernsey. The U.S. antisuit injunction is improper under Circuit precedent and should be lifted forthwith. The memorandum in support of the motion is approximately ten pages. The three Government lawyers do not need five weeks to prepare an Opposition. In contrast, Mr. Lazarenko is prejudiced by the delay. He believes that he has interests in the Balford Trust and wishes to protect those interests with this lawsuit.

Mr. Lazarenko urges the Court to take up the motion concerning Lazarenko Children's standing before his motion for reconsideration. If the Lazarenko Children have standing, he may withdraw his motion for reconsideration.

The Liechtenstein, Lithuanian and Swiss assets are subject to a restraint by Ukraine, which has inhibited and will continue to inhibit their repatriation. The Court should focus its efforts on the assets in Guernsey.

The "Unknown payments" motion deals with payments from five companies which the Government seeks to forfeit. It is Claimant's position that if the Court rules in his favor on the payments from Nakosta AG, it will moot his motion for partial summary judgment on the Bank Julius Baer (Guernsey) account. That account consists solely of payments from Nakosta AG and unidentified funds.

| Event | Proposed Deadline |
|---|---|
| Opening of Expert Discovery | 30 days after the Court determines that someone has standing to contest the Balford Trust and rules on the statute of limitations motion |
| Close of Expert Discovery | 90 days after the Court determines that someone has standing to contest the Balford Trust and rules on the statute of limitations motion |
| Additional Dispositive Motions Due | 15 days after close of Expert Discovery |
| Oppositions to Additional Dispositive Motions Due | 45 days after close of Expert Discovery |

999998.02948/123494541v.6

| | |
|---|---|
| Replies to Additional Dispositive Motions Due | 60 days after close of Expert Discovery |

**THE LAZARENKO CHILDREN**:

The Court should consider the Government's standing motion and Claimants' motion for summary judgment on statute of limitation grounds simultaneously. The Government has interpreted standing too narrowly. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Scanlan v. Eisenberg*, 669 F.3d 838, 841-847 (7th Cir. 2012); *Larson v. Northrop Corp.*, 21 F.3d 1164, 1170 (D.C. Cir. 1994). Likewise, the Claimants' statute of limitations motion is straightforward and dispositive of their claim.

| Event | Proposed Deadline |
|---|---|
| Opening of Expert Discovery | 30 days after the Court rules that the Lazarenko Children have Article III standing and rules on the statute of limitations motion |
| Close of Expert Discovery | 90 days after the Court rules that the Lazarenko Children have Article III standing and rules on the statute of limitations motion |
| Deadline to file dispositive motions | 15 days after the close of expert discovery |
| Parties to file their Pretrial Statement which includes deposition testimony excerpts/prior trial testimony and exchange exhibits | 15 days after the close of expert discovery |

8

| | |
|---|---|
| Parties to file trial objections and motions *in limine* | 45 days after the close of expert discovery |

By: /s/ Jed Silversmith
Grant S. Palmer
Jed M. Silversmith
**BLANK ROME LLP**
One Logan Square, 130 N. 18th Street
Philadelphia PA 19103
Phone: (215) 569-5500
Fax: (215) 832-5789
    and
Barry W. Levine
1825 Eye Street NW
Washington, DC 20006
Phone: (202) 420-2200
Fax: (202) 420-2201
    and
Ian M. Comisky
William H. Stassen
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone: (215) 299-2795
Fax: (215) 299-2150
    and
David B. Smith
Nicholas D. Smith
**LAW OFFICES OF DAVID B. SMITH**
108 N. Alfred St.
Alexandria, VA 22314

Attorneys for Claimant
PAVEL LAZARENKO

DEBORAH CONNOR
CHIEF, MONEY LAUNDERING
AND ASSET RECOVERY SECTION

By: /s/ Adam J. Schwartz

By: /s/ Emily Beckman
Emily Beckman
**KING CAMPBELL PORETZ**
108 N. Alfred Street
Alexandria, VA 22314
703-683-7070 (Phone)
703-652-6010 (Fax)

Daniel Horowitz
**LAW OFFICES OF DANIEL HOROWITZ**
3650 Mt Diablo Blvd
Lafayette, CA 94549
(925) 299-6720 (Phone)

Attorneys for Claimants KATERINA LAZARENKO and LESSIA LAZARENKO

9

999998.02948/123494541v.6

DANIEL H. CLAMAN
TERESA C. TURNER JONES
ADAM J. SCHWARTZ
Attorneys
Money Laundering and Asset Recovery Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone: (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA

10