UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                        )<br>     Plaintiff,                              )<br>                                                        )<br>     v.                                           )<br>                                                        )<br> ALL ASSETS HELD AT BANK JULIUS )<br> Baer & Company, Ltd., Guernsey     )<br> Branch, account number 121128, in the )<br> Name of Pavlo Lazarenko et al.,         )<br>                                                        )<br>     Defendants In Rem.                )<br>                                                        ) | Civil Action No. 04-0798 (PLF) |

OPINION

This matter is before the Court on claimant Pavel Lazarenko's motion [Dkt. No. 1289] for reconsideration and for leave to amend his amended claim and claimant Pavel Lazarenko's motion [Dkt. No. 1309] to modify the restraining order. Mr. Lazarenko seeks reconsideration of the Court's opinion and order of April 2, 2020, granting the United States' motion to strike his claim to the Balford Trust. Upon consideration of the parties' written submissions, the relevant legal authorities, and the entire record in this case, the Court denied both motions by Order of November 4, 2020 [Dkt. No. 1376].[1] This Opinion explains the reasoning behind that Order.

---

[1] The documents reviewed in connection with this motion include: the verified complaint for forfeiture in rem ("Complaint") [Dkt No. 1]; the first amended verified complaint for forfeiture in rem ("Amended Complaint") [Dkt. No. 20]; the July 8, 2005, Restraining Order ("Restraining Order") [Dkt. No. 23]; Pavel Lazarenko's claim to the amended complaint ("Amended Claim") [Dkt. No. 29]; Pavel Lazarenko's answer to the United States' amended complaint ("Answer") [Dkt. No. 268]; the United States' motion to strike claimant Pavel Lazarenko's claim to all assets held in the Balford Trust ("Mot. to Strike") [Dkt. No. 554]; Mr.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The Court's prior opinions summarize the factual and procedural history of this case, starting with the criminal prosecution of Mr. Lazarenko in 2004 and continuing through this long-running in rem civil forfeiture proceeding.  See, e.g., United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 307 F.R.D. 249, 250-51 (D.D.C. 2014); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d 81, 84-93 (D.D.C. 2013); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 772 F. Supp. 2d 205, 207-08 (D.D.C. 2011); United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 571 F. Supp. 2d 1, 3-6 (D.D.C. 2008).  Briefly, Mr. Lazarenko was "a prominent Ukrainian politician who, with the aid of various associates, was 'able to acquire hundreds of millions of United States dollars through a variety of acts of fraud, extortion, bribery, misappropriation and/or embezzlement' committed during the 1990s."  United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 959 F. Supp. 2d at 85 (quoting the Amended Complaint ¶¶ 1, 10).  In

---

Lazarenko's opposition to the United States' motion to strike ("Opp. Mot. to Strike") [Dkt. No. 731]; the Opinion granting the United States' motion to strike Pavel Lazarenko's claim to the Balford Trust ("Balford Trust Opinion") [Dkt. No. 1255]; Pavel Lazarenko's motion for reconsideration and motion for leave file an amended claim ("Mot. for Recon.") [Dkt. No. 1289]; Pavel Lazarenko's memorandum in support of his motion for reconsideration and motion for leave file an amended claim ("Mem. Mot. for Recon.") [Dkt. No. 1289-2]; Bedell Cristin brief regarding the Guernsey Register of Beneficial Ownership ("Bedell Brief") [Dkt. No. 1289-5]; Ogier brief regarding the Guernsey Register of Beneficial Ownership ("Ogier Brief") [Dkt. No. 1289-6]; Guernsey Beneficial Ownership (Definition) Regulations, 2017 ("Guernsey Regs.") [Dkt. No. 1289-7]; Pavel Lazarenko's motion to modify the restraining order ("Mot. to Modify") [Dkt. No. 1309]; Pavel Lazarenko's memorandum in support of his motion to modify the restraining order ("Mem. Mot. to Modify") [Dkt. No. 1309-1]; United States' opposition to claimant Pavel Lazarenko's motion to modify the Court's restraining order ("US Opp. to Modify") [Dkt. No. 1323]; United States' opposition to claimant Pavel Lazarenko's motion for reconsideration of the Court's standing order and motion for leave to amend his claim ("US Opp. to Mot. for Recon.") [Dkt. No. 1324]; Pavel Lazarenko's reply in support of his motion for reconsideration of the Court's order striking his claim to the Balford Trust ("Reply") [Dkt. No. 1340]; Declaration of Nicholas J. Barnes ("Decl. of N. Barnes") [Dkt. No. 1340-2]; and Pavel Lazarenko's reply in support of his motion to modify the Court's restraining order ("Reply re Restraining Order") [Dkt. No. 1341].

May 2004, the United States filed an in rem forfeiture complaint seeking forfeiture of, inter alia, "[a]ll funds on deposit at Credit Suisse (Guernsey) Limited, in account number 41610 in the name of Samante Limited as Trustees of the Balford Trust." Complaint at ¶ 5(b). In June 2005, the United States filed an amended complaint identifying an additional bank account in Guernsey, number 41950, and increasing the total Balford Trust assets sought to be forfeited to $147,919,401.13. Amended Complaint at ¶ 5(b). The amended complaint also identified an escrow account for the Balford Trust, 41843, with £ 14,308.52 in pounds sterling of the United Kingdom. Id. at ¶ 5(c).

In January 2016, the United States moved to strike Pavel Lazarenko's claim to the Balford Trust assets. See Mot. to Strike. After full briefing, oral argument, and multiple notices of supplemental authority, the Court granted the United States' motion in April 2020. See United States v. All Assets Held at Bank Julius ("All Funds"), Civil Action No. 04-0798, 2020 WL 1615870, at *1 (D.D.C. Apr. 2, 2020). Mr. Lazarenko now moves for reconsideration of the Court's opinion and order striking his claim to the Balford Trust. See Mot. for Recon. In the alternative, Mr. Lazarenko moves for modification of the restraining order that has been entered in this case, as it relates to the Balford Trust. See Mot. to Modify. The United States opposes both motions. See US Opp. to Mot. for Recon.; US Opp. to Modify.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically address motions for reconsideration. See Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d 237, 241-42 (D.D.C. 2015), *vacated on other grounds*, 140 S. Ct. 2713 (mem.). "While the most analogous rule is Rule 60, which provides relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations 'are within

3

the discretion of the trial court.'" Id. at 242 (quoting Keystone Tobacco Co. v. U.S. Tobacco Co., 217 F.R.D. 235, 237 (D.D.C. 2003)); see also FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); Langevine v. District of Columbia, 106 F.3d 1018, 1023 (D.C. Cir. 1997) ("Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment."). This judicial discretion is broad. While the judicial interest in finality disfavors reconsideration, a district court has inherent authority to reconsider its interlocutory orders "as justice requires." See Wannall v. Honeywell Int'l, Inc., 292 F.R.D. 26, 30-31 (D.D.C. 2013), aff'd sub nom. Wannall v. Honeywell, Inc., 775 F.3d 425 (D.C. Cir. 2014) (citations omitted).

        To determine whether justice requires reconsideration of an interlocutory decision, courts look to whether the moving party has demonstrated "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." Klayman v. Jud. Watch, Inc., 296 F. Supp. 3d 208, 213 (D.D.C. 2018) (quoting Zeigler v. Potter, 555 F. Supp. 2d 126, 129 (D.D.C. 2008). Even where none of these three factors is present, "the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." Cobell v. Norton, 355 F. Supp. 2d 531, 540 (D.D.C. 2005). For example, justice may require revision where "the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning but of apprehension." See Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotations and citation omitted); see also

4

Stewart v. FCC, 189 F. Supp. 3d 170, 173 (D.D.C. 2016); Wultz v. Islamic Republic of Iran, 762 F. Supp. 2d 18, 23-24 (D.D.C. 2011).

"Motions for reconsideration are 'disfavored.'" Wright v. F.B.I., 598 F. Supp. 2d 76, 77 (D.D.C. 2009) (quoting Andreen v. Lanier, 582 F. Supp. 2d 48, 49-50 (D.D.C. 2008)). The efficient administration of justice requires that there be good reason for a court to reconsider an issue already litigated by the parties: "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Isse v. Am. Univ., 544 F. Supp. 2d 25, 30 (D.D.C. 2008) (quoting Singh v. George Washington Univ., 383 F. Supp. 2d at 101). Motions for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." Klayman v. Jud. Watch, Inc., 296 F. Supp. 3d at 213-14 (citation omitted). Ultimately, the moving party has the burden to demonstrate "that reconsideration is appropriate." FBME Bank Ltd. v. Mnuchin, 249 F. Supp. 3d 215, 222 (D.D.C. 2017) (quoting U.S. ex rel. Westrick v. Second Chance Body Armor, Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012)).

### III. MOTION FOR RECONSIDERATION

In his motion for reconsideration, Mr. Lazarenko argues that this Court made clear factual and legal errors in the Balford Trust Opinion that warrant reconsideration. The Court will address each argument in turn.

#### A. Settlement of the Funds into Three Guernsey Accounts

Mr. Lazarenko's motion takes no issue with the Court's description of the three in rem defendant accounts relevant here – accounts 41610, 41950, and 41843 – which are the three accounts of which the Balford Trust consists. Rather, Mr. Lazarenko faults the Court's

5

description of how the funds were deposited into those accounts.  In passing, the Court noted in its Balford Trust Opinion that Mr. Lazarenko settled funds into one of the three Balford Trust accounts.  See All Funds, 2020 WL 1615870, at *13 (noting that the form stating that Mr. Lazarenko was the beneficial owner of account 914499-4 "says nothing about what happened to Mr. Lazarenko's interest once he settled his assets into the Balford Trust in account 41610").

Mr. Lazarenko now seeks to clarify that it was Samante Limited, the trustee of the Balford Trust, and not Mr. Lazarenko, who moved the funds from the Switzerland account to the accounts in Guernsey.  See Mem. Mot. for Recon. at 2.  The United States agrees that Mr. Lazarenko himself did not transfer any funds into the Balford Trust accounts but argues that "the Court in no way relied on this fact in reaching its conclusion."  See US Opp. to Mot. for Recon. at 14.  The Court finds that it was Samante Limited that moved funds into the Balford Trust account.  The Court also finds that this clarification does not alter the legal conclusions it reached in the Balford Trust Opinion.  That decision focused on Mr. Lazarenko's interest in the funds after they were moved to Guernsey; it did not turn on who moved the funds to Guernsey.

Mr. Lazarenko also seeks to clarify that while he is listed as the "beneficial owner" of the funds in an account ending in 91449-4, Samante Limited was the signatory.  See Mem. Mot. for Recon. at 7-8.  The Court never expressly found that Mr. Lazarenko was the beneficial owner of the funds in the account ending in 91449-4.  Rather, the Court simply cited to language in the amended complaint in order to note that the form listing Mr. Lazarenko as the beneficial owner of the funds in the account ending in 91449-4 says nothing about his interest in the defendant Balford Trust accounts.  See All Funds, 2020 WL 1615870, at *13 ("The amended complaint recognizes that 'Mr. Lazarenko was the signatory and beneficial owner of . . . account . . . 914499-4.'") (quoting Amended Complaint at ¶ 82).  Moreover, the fact that Samante

6

Limited was the only signatory of the account ending in 914499-4 does not alter the Court's conclusions in its April 2020 decision. These minor factual errors are not material and do not warrant reconsideration of the Balford Trust Opinion.

### B. Statutory Standing

Mr. Lazarenko asserts that this Court clearly erred factually when it found that "Mr. Lazarenko has never claimed that he is the owner or beneficial owner of the Balford Trust." All Funds, 2020 WL 1615870, at *12; see Mem. Mot. for Recon. at 6-7. In its motion to strike Mr. Lazarenko's claim to the Balford Trust, the United States argued that he did not have statutory standing because he had failed to state in the amended claim that he was the beneficial owner of the Balford Trust. See Mot. to Strike at 1-2. The United States asserted that in his amended claim, Mr. Lazarenko "claim[ed] to be the beneficial owner of all defendant assets *except for* the Balford Trust, to which he only claimed a 'residual and reversionary' interest." Id. at 1 (emphasis in original) (quoting Amended Claim at 5). The United States therefore maintained that Mr. Lazarenko "has no statutory standing to claim any . . . interest in the [Balford] Trust . . . other than a 'residual and reversionary' interest" and moved to strike any such claim for lack of statutory standing. Id. at 2.

In response to this argument, Mr. Lazarenko did not argue that he had made a claim of beneficial ownership in his amended claim. See generally Opp. Mot. to Strike. Instead, Mr. Lazarenko said only that he "claimed a 'residual and reversionary' interest" to the Balford Trust accounts. Opp. Mot. to Strike at 31 (citing Amended Claim at 5). He also asserted that he had previously sought to amend his claim. See Opp. Mot. to Strike at 8. But although Mr. Lazarenko stated in a motion for leave to amend his answer that he planned to "amend[] his claim to more accurately reflect his relationship with the Balford Trust," he never took any steps

7

to amend his claim accordingly.  See All Funds, 2020 WL 1615870, at *11 (citation omitted). Because Mr. Lazarenko did not even attempt to rebut the United States' clear argument that he had "claim[ed] to be the beneficial owner of all defendant assets *except for* the Balford Trust," the Court understood him to be conceding that his amended claim did not assert that he was the beneficial owner of the Balford Trust.  After verifying that Mr. Lazarenko claimed a "residual and reversionary interest" in the defendant funds in Credit Suisse (Guernsey) Limited, account numbers 41610 and 41950, the Court reasonably concluded that Mr. Lazarenko did not have statutory standing to claim beneficial ownership in the Balford Trust.  See All Funds, 2020 WL 1615870, at *12-13 (citing Amended Claim at 5).

Now, for the first time, Mr. Lazarenko points to another part of his amended claim that he says includes a claim to beneficial ownership of the Balford Trust accounts.  See Mem. Mot. for Recon. at 6-7 (citing Amended Claim at 5).  The amended claim states, in relevant part:

> With respect to defendant funds in Credit Suisse (Guernsey) Limited, account numbers 41610 and 41950, in the name of Samante Limited as Trustees of the Balford Trust, Pavel Lazarenko states that he has a residual and reversionary interest in all such funds.
>
> With respect to the balance of the funds, identified above, in ¶¶ 2 through 7 herein, Pavel Lazarenko states that he is the beneficial owner of all such funds.

Amended Claim at 5.  Mr. Lazarenko argues that because paragraphs two and three of the amended claim describe the three Balford Trust accounts, his statement that he is the beneficial owner "[w]ith respect to the balance of the funds . . . in ¶¶ 2 through 7 herein" is sufficient to assert beneficial ownership over the Balford Trust accounts.  Id.; see also Mem. Mot. for Recon. at 6-7.  Mr. Lazarenko also points out that in the amended complaint, the United States alleges that Mr. Lazarenko is "the beneficial owner of the assets maintained in accounts 41610, 41950,

8

and 41843 at Credit Suisse (Guernsey) Limited." Amended Complaint at ¶ 81.  He argues that because he did not deny that allegation in his answer, the allegation must be deemed admitted. Mem. Mot. for Recon. at 7; see also FED. R. CIV. P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied.").

In response, the government emphasizes the "balance of the funds" language in Mr. Lazarenko's amended claim and argues that by "specifying a residual and reversionary interest in two of the Defendant Balford Trust Assets, [Mr.] Lazarenko obviously chose to single out those two assets and treat them separately."  US Opp. to Mot. for Recon. at 7.  In other words, the amended claim should be read as asserting beneficial ownership of all funds except those in Balford Trust accounts 41610 and 41950, to which Mr. Lazarenko expressly asserted only a residual and reversionary interest.

As already stated, a motion for reconsideration is not to be used "as a vehicle for presenting theories or arguments that could have been advanced earlier." Klayman v. Jud. Watch, Inc., 296 F. Supp. 3d at 213-14.  In his opposition to the United States' motion to strike, Mr. Lazarenko failed to raise any argument that his amended claim asserted beneficial ownership over the defendant Balford Trust funds.  He merely stated that he had a "residual and reversionary interest" in the funds.  See Opp. Mot. to Strike at 31.  He also neglected to raise any argument concerning Rule 8(b)(6) of the Federal Rules of Civil Procedure.  His motion for reconsideration therefore raises arguments that could have been advanced earlier but were not. The Court declines to consider these arguments now.

It makes no difference that Mr. Lazarenko now points to language that was before the Court previously.  "Judges are not like pigs, hunting for truffles buried in briefs or in the

9

record." Jeffries v. Barr, 965 F.3d 843, 861 (D.C. Cir. 2020) (citing Jones v. Kirchner, 835 F.3d 74, 83 (D.C. Cir. 2016)) (alterations omitted).  And the Court is not "in the habit of doing parties' lawyering for them."  Id.  The United States provided a reasonable reading of the amended claim and Mr. Lazarenko failed to offer an alternative reading or even argue that the United States' reading was in error.  This Court was not obligated to dig for or propose such an alternative reading on Mr. Lazarenko's behalf.  See Estate of Gaither ex rel. Gaither v. District of Columbia, 711 F. Supp. 2d 5, 11 (D.D.C. 2011) (rejecting the argument that a motion for reconsideration was appropriate because "the factual support for [the] argument was before the Court" the whole time).

   Mr. Lazarenko argues that "even if the Government was correct that the 2005 Claim is somehow ambiguous, the pleading should be construed in favor of Mr. Lazarenko as the party opposing the motion to strike."  Reply at 3-4.  Mr. Lazarenko is correct that the standard for a motion to strike requires the Court to "view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor."  Baumann v. District of Columbia, 795 F.3d 209, 215 (D.C. Cir. 2015); Fed. R. Civ. P. 56(a), (c).  But the Court was not presented with two alternative readings of the amended claim, one of which favored Mr. Lazarenko.  Instead, the United States presented one reading and Mr. Lazarenko did not present another.  The Court reasonably concluded that the parties agreed that the amended claim should be read to assert only a residual and reversionary interest over the Balford Trust accounts.  It therefore did not err by failing to construe the amended claim in favor of Mr. Lazarenko.[2]

---

   [2] The Court notes that under the reading the Court adopted in the Balford Trust Opinion, and which the Court now declines to reconsider, Mr. Lazarenko did assert beneficial ownership of account number 41843, because that account is included in the "balance of the funds."  See Amended Claim at 5.  Mr. Lazarenko therefore may have satisfied the statutory standing requirements as to account number 41843.  But even assuming that is the case – which

Importantly, even if Mr. Lazarenko had previously presented this argument, it is not clear that his reading would have been more favorable to him. This is because, as the United States points out, if the Court were to adopt Mr. Lazarenko's reading of the amended claim, his claim of beneficial ownership would need to "be construed to apply only to paragraphs two through seven of his claim." US Opp. to Mot. for Recon. at 7. In other words, if the amended claim were construed as stating that Mr. Lazarenko is the beneficial owner of all funds identified in paragraphs two through seven, then it must also be construed as failing to state any interest in the funds and assets identified in paragraphs one, eight, and nine. This construction is arguably even less favorable to Mr. Lazarenko than the construction accepted by the Court in the Balford Trust Opinion.

The Court concludes that it did not err by finding that Mr. Lazarenko failed to assert beneficial ownership in his amended claim and denies Mr. Lazarenko's motion for reconsideration on this point. See Estate of Gaither v. District of Columbia, 711 F. Supp. 2d at 9-10 (denying a motion for reconsideration where a party could have, but failed to, make the relevant arguments in its original summary judgment motion); see also Kattan by Thomas v. District of Columbia, 995 F.2d 274, 276-277 (D.C. Cir. 1993) (affirming the denial of a motion for reconsideration where the party failed to make an argument on an undecided point of law before final judgment).

C.  *Article III Standing*

Mr. Lazarenko also requests reconsideration of this Court's legal conclusions regarding his Article III standing. In a civil forfeiture case, "[w]hen the government moves to

---

Mr. Lazarenko does not argue – Mr. Lazarenko still has not established Article III standing as to that account. See Section III(C), infra.

strike a claim for lack of standing . . . 'a claimant must meet both Article III and statutory standing requirements'" to prevail.  United States v. $17,900 in U.S. Currency, 859 F.3d 1085, 1089 (D.C. Cir. 2017) (quoting United States v. $487,825, 484 F.3d 662, 664 (3d Cir. 2007)).  Because the Court has already concluded that it did not err by finding that Mr. Lazarenko failed to meet statutory standing requirements, it need not consider Article III standing.  Nevertheless, the Court will briefly discuss each of Mr. Lazarenko's arguments on this point.

### 1. Control

Mr. Lazarenko argues that the Court inappropriately "conflated ownership with possession" in the Balford Trust Opinion and that his control over the Balford Trust accounts is sufficient to create standing.  See Mem. Mot. for Recon. at 8-9; Reply at 10-12.  As evidence of his control, he points again to his powers as settlor and protector of the trust.  Reply at 10.  The United States responds that the Court has already properly "analyzed whether any of [Mr. Lazarenko's] other alleged interests in the Balford Trust, including . . . as settlor and/or protector, acted as an independent basis for standing."  US Opp. to Mot. for Recon. at 9.

Again, motions for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled."  Klayman v. Jud. Watch, Inc., 296 F. Supp. 3d at 213-14 (citation omitted).  Mr. Lazarenko has failed to identify "(1) an intervening change in the law; (2) . . . new evidence not previously available; or (3) a clear error in the first order."  Id. at 213.  Instead, the instant motion merely raises issues already thoroughly considered and decided by the Court.  See All Funds, 2020 WL 1615870, at *13-15.  The Court will not revisit those conclusions simply because Mr. Lazarenko does not agree with them.

2. Beneficial Owner

Mr. Lazarenko again points to various definitions of "beneficial owner," as well as statements by U.S. government officials that he is a beneficial owner, and argues that he "meets the definition of the term 'beneficial owner' used in every context." Mem. Mot. for Recon. at 9. Attached to Mr. Lazarenko's motion for reconsideration are three documents concerning the Beneficial Ownership of Legal Persons (Guernsey) Law, which was enacted in 2017. See Bedell Brief; Ogier Brief; Guernsey Regs. He states that these materials "show that Mr. Lazarenko is deemed to be a beneficial owner under this law" and are "*evidence* that Mr. Lazarenko does have sufficient control over the Trust to establish standing." Reply at 14.

The government argues that "none of the definitions offered [by Mr. Lazarenko] having any bearing on Guernsey Trust law, which the Court determined (and [Mr.] Lazarenko recognizes) defines the scope of his interest in this case." US Opp. to Mot. for Recon. at 8. The government also argues that the definition of "beneficial owner" under the Beneficial Ownership of Legal Persons (Guernsey) Law "applies narrowly to that legislation" and therefore does not impact Guernsey trust law. Id. at 12.

The Court has already reviewed and rejected the various definitions of "beneficial owner" that Mr. Lazarenko again proffers. See All Funds, 2020 WL 1615870, at *12-13. The enactment of the 2017 Guernsey law, moreover, does not constitute an "intervening change in the law," as it was enacted three years before this Court issued its Balford Trust Opinion. Once again, Mr. Lazarenko could have asserted this argument – and provided these attachments – before now, and this Court will not permit him to do so in a motion for reconsideration.

Even were Mr. Lazarenko's arguments about the 2017 Guernsey law properly raised in the instant motion, the Court sees nothing in the attachments that compels it to revisit its conclusions in the Balford Trust Opinion. The regulations that define "beneficial ownership" list

the categories of persons who would be beneficial owners of a "legal person" when that legal person is controlled by a trust. See Guernsey Regs. at ¶ 2. Mr. Lazarenko does not fall within any of the listed categories. In other words, he does not fit within the definition of beneficial owner established by the regulations. Nor has he offered any proof that he is a registered beneficial owner under the law (by, for example, providing documentation from the beneficial owner registry). Even Mr. Lazarenko's own expert, Nicholas J. Barnes, declines to speculate about whether Credit Suisse – the bank in which the Balford Trust accounts are held – has registered Mr. Lazarenko as a beneficial owner of the Balford Trust under this new law. See Decl. of N. Barnes at ¶ 5.

As it did in section III(C)(1), supra, the Court concludes that Mr. Lazarenko merely seeks to relitigate the issue of beneficial ownership, which the Court "painstakingly addressed" in the Balford Trust Opinion. See US Opp. to Mot. for Recon. at 9.

3. Estoppel

Finally, Mr. Lazarenko revives arguments concerning the United States' representations about standing during Mr. Lazarenko's criminal case. See Reply at 5-8. The United States responds that these arguments are "thinly veiled attempt[s] to resurrect estoppel arguments that [Mr.] Lazarenko previously lost," and the Court agrees. See US Opp. to Mot. for Recon. at 10-11. This Court has already considered and decided this issue and Mr. Lazarenko can identify no "clear" legal error or intervening change in law that would require reconsideration. See All Funds, 2020 WL 1615870, at *18; see also Klayman v. Jud. Watch, Inc., 296 F. Supp. 3d at 213.

For all of these reasons, the Court denies Mr. Lazarenko's motion for reconsideration.

14

## IV. MOTION TO AMEND

In the alternative, Mr. Lazarenko requests leave to amend his amended claim to assert beneficial ownership as to the Balford Trust funds. "Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The United States argues that it would be futile to grant the motion for leave to amend because "the proposed amendments would not alter this Court's ruling [that] . . . [Mr.] Lazarenko did not put forward sufficient evidence to demonstrate that he was a beneficial owner under Guernsey Trust law." US Opp. to Mot. for Recon. at 15-16. The Court agrees. As stated above, in order to defeat a motion to strike, a claimant must be able to show both Article III and statutory standing. See United States v. $17,900 in U.S. Currency, 859 F.3d at 1089. The proposed amendment to the amended claim would only establish that Mr. Lazarenko satisfied the statutory standing requirements; it would not alter the Court's conclusion that Mr. Lazarenko lacks Article III standing because he failed to show by a preponderance of the evidence that he has a colorable claim on the property redressable by return of the property. See All Funds, 2020 WL 1615870, at *7-8.

Moreover, Mr. Lazarenko has long had the opportunity to amend his claim. In 2015, Mr. Lazarenko indicated that he planned to amend his claim after this Court ruled on a motion for leave to amend his answer. See All Funds, 2020 WL 1615870, at *11. But the Court granted Mr. Lazarenko's motion for leave to amend his answer in January 2017. See id. (citing United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 229 F. Supp. 3d 62 (D.D.C.

15

2017)). Almost four years have now passed without Mr. Lazarenko seeking leave to amend his claim. The Court denies Mr. Lazarenko's motion for leave to amend the amended claim.

V.   MOTION TO MODIFY

In 2005, pursuant to its powers under 18 U.S.C. § 983(j)(1), this Court issued a restraining order directing that "the Defendants *In Rem* [be] hereby restrained until further Order of this Court." Restraining Order at 5; see 18 U.S.C. § 983(j)(1) ("Upon application of the United States, the court may enter a restraining order or injunction . . . to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture."). The Balford Trust assets were among the restrained defendants in rem. The restraining order further "prohibited, enjoined, and restrained" a number of persons and entities, including Mr. Lazarenko, from "attempting or completing any action that would affect the availability or value of the Defendants *In Rem* . . . or otherwise disposing of or diminishing the value of, by any means, all or any part of the Defendants *In Rem*." Id. at 7. That restraining order continues to enjoy "the full force of law." United States v. All Assets Held at Bank Julius, 244 F. Supp. 3d 188, 191 (D.D.C. 2017).

Mr. Lazarenko now moves this Court to modify the restraining order in the event that it denies his motion for reconsideration. See Mot. to Modify. He argues that because this Court has struck his claim to the Balford Trust assets, it may no longer restrain his conduct as to those assets in Guernsey courts. See Mem. Mot. to Modify at 5-9. He therefore requests that the restraining order be modified to state that "Pavel Lazarenko may petition the Royal Court in Guernsey to adjudicate the forfeitability of the Balford Trust under Guernsey law, and may file any motions or take any actions consistent with his rights under the laws of Guernsey." See id. at 1. The United States responds that Mr. Lazarenko is still a party to this case because the

judgment of this Court as to the Balford Trust is not yet final.  US Opp. to Modify at 3-4.  It contends that he should continue to be subject to the restraining order.  Id. at 5-7.

This Court's power to enforce the restraining order is unaltered by its decision to strike Mr. Lazarenko's claim.  The purpose of the restraining order is and always has been to "preserve the availability of property subject to forfeiture during the pendency of the forfeiture proceedings."  United States v. All Assets Held at Bank Julius, 244 F. Supp. 3d at 191 (emphasis added).  Irrespective of whether Mr. Lazarenko continues to be a claimant to this set of assets, these forfeiture proceedings are ongoing.  Should Mr. Lazarenko succeed in gaining access to the Balford Trust funds through successful litigation in Guernsey, those assets would become unavailable to other claimants.  It would be prejudicial to the rights of other claimants to allow Mr. Lazarenko to litigate the forfeitability of the Balford Trust accounts in Guernsey before the conclusion of this case.  In addition, Mr. Lazarenko fails to provide any support for the proposition that a restraining order issued pursuant to 18 U.S.C. § 983(j) may only be enforced against claimants.  Indeed, the order has always restrained a wide array of persons and entities that are not claimants in this proceeding.  See Restraining Order at 5-7.  The Court denies Mr. Lazarenko's motion to modify the restraining order.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 11, 2020