UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:04-cv-00798-PLF |
| ) | |
| ALL ASSETS HELD AT BANK JULIUS ) | |
| Baer & Company, Ltd., Guernsey ) | |
| Branch, account number 121128, in the ) | |
| name of Pavlo Lazarenko, *et al.*, ) | |
| ) | |
| Defendants *In Rem* ) | |
| ) | |

### UNITED STATES' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO STRIKE THE CLAIMS OF THE LAZARENKO DAUGHTERS

Plaintiff United States of America, by and through its undersigned counsel, submits this brief in response to the Court's February 2, 2021, Order (Dkt. 1417) and in further support of its motion to strike the claims of the Lazarenko Daughters to the Balford Trust Assets (Dkt. 1256). As the Court stated, the constitutional standing analysis in forfeiture actions is a two-step process in which the Court first must determine: 1) what, if any, interest a claimant has to the defendant property under state or foreign law; and 2) whether such interest is sufficient to meet claimant's burden to establish Article III standing under federal law. (Dkt. 1417) at 1. The Court has asked for additional briefing on step two, assuming *arguendo* that the Lazarenko Daughters established an interest under Guernsey law. *Id.* The analysis under step two, however, largely depends on the nature of the interest that a claimant may be found to have under step one. Thus, the initial determination is not only *whether* a claimant has an interest, but also *what* that interest is.

This Court has already determined that the legal, vested owner of these defendant assets is the Trustee, Samante Limited, which has title, possession, and enjoys the powers of beneficial ownership. (Dkt. 1255) at 5-6, 25, 27. The Lazarenko Daughters do not assert ownership or control as a basis for standing, but claim an interest based on their uncontested status as two of the

1

named beneficiaries of the Balford Trust, the discretionary Guernsey trust holding the defendant assets. The Lazarenko Daughters' argue that their rights to demand information, submit letters of wishes, and sue to enforce the terms of the trust constitute personal property under Guernsey law that is sufficient to establish a basis for standing. (Dkt. 1327) at 10-11, 16.

Assuming *arguendo* the existence of these articulated rights, under Guernsey law a discretionary trust beneficiary has no proprietary interest in the trust's assets or capital, and no right to a definable part of the trust income. *See* Dkt. 1351 (referencing Lewin on Trusts (20th Ed.) at 1061-1062, citing *Gartside v. I.R.C.* [1968] AC553 per Lord Wilberforce); *see also* Ferguson Decl. (Dkt. 554-3) at 5-6. Although characterized as "personal property" ((Dkt. 1255) at 6), a discretionary trust beneficiaries' interest under Guernsey law is "a 'mere' hope that a trustee may exercise its discretion to make a distribution in favour of a beneficiary." (Dkt. 1256-5) at 6; *see also* Lewin on Trusts at 21-118 ((Dkt. 1351-2) at 5) ("The mere right of a discretionary beneficiary to consideration is not in itself a right which is susceptible to execution in relation to property.").[1] Under similar factual circumstances, the court in *United States v. All Assets Held in Account Number XXXXXXX in the name of Doraville Properties Corp.* ("*Doraville Properties*") determined that "this is not a proprietary right to specific assets; rather, it is an expectancy interest in the favorable exercise of discretion by the trustee." 299 F. Supp. 3d 121, 135 (D.D.C. 2018).

Even the Lazarenko Daughters recognize discretionary beneficiaries of an offshore trust lack an interest in the trust property. In their reply, they reference articles acknowledging that beneficiaries of a discretionary trust have an interest in the due administration of the trust, "[b]ut that does not necessarily mean that the beneficiaries have an interest or a proprietary interest in

---

[1] Even the Lazarenko Daughters' expert, Nicholas Barnes, does not suggest a discretionary trust beneficiary has a property interest in the trust property. *See* (Dkt. 1328-1) at 5 ¶20. While Barnes cites caselaw to show a beneficiary of a Guernsey fixed trust has a "recognized property interest" ((Dkt. No. 1328-1) at 5 ¶20), he concedes "[a] beneficiary under a discretionary trust has a right to be considered as a potential recipient of benefit by the trustees." *Id.* (citing *Gartside v. I.R.C*, at 617-18).

2

each and every asset of the trust estate. (Dkt. 1327) at 12 (internal citation omitted). As a result, any attempt by the Lazarenko Daughters to rely on *Scanlan v. Eisenberg*, 669 F.3d 838 (7th Cir. 2012), is inappropriate. In *Scanlan*, the Seventh Circuit found that under Illinois law "a discretionary beneficiary has an equitable interest in the trust property." *Id.* at 843 (internal citation omitted). Illinois trust law has no bearing on the interpretation of Guernsey trust law, which, like the majority of offshore jurisdictions, does not bestow beneficiaries of a discretionary trust with an interest in the individual trust assets.

As a result, and as set forth in prior pleadings (*see e.g.*, (Dkt. 1256-1) at 14-26) and below, the Lazarenko Daughters' unripened, contingent interest in a future trust distribution is insufficient to meet the "irreducible constitutional minimum" of injury, causation, and redressability required by Article III under step two of the standing analysis. (Dkt. 1255) at 13.

## I. A Beneficiary's Right to Sue is Not a Sufficient Basis for Article III Standing

The Lazarenko Daughters devote much of their Opposition to arguing that a beneficiary's right to sue a trustee for breach of fiduciary duty is a sufficient interest to establish Article III standing. (Dkt. No. 1327) at 5-12. In striking their father's claim, this Court rejected the right to sue under Guernsey Trust Law ¶ 69 as a sufficient interest to demonstrate control over the defendant assets for purposes of standing. (Dkt. 1255) at 30. While not expressly stated in their Opposition, the Lazarenko Daughters may argue that their right to sue is different from that of their father because of their status as beneficiaries. As a matter of Guernsey law (step one), such a contention is incorrect. *Id.* (noting Guernsey law allows anyone to go to court to request relief). Moreover, it would still not give rise to a present property interest under step two. As the court explained in *Doraville Properties,* the beneficiaries' "right to sue the trustee…for proper administration—which is a right to a claim—does not create a legally cognizable interest for Article III purposes, until that claim is resolved in claimants' favor." *Doraville Properties*, 299 F. Supp 3d 121, 136 n.18 (D.D.C. 2018).

3

Unable to avoid this Court's holding and the persuasive forfeiture precedent of *Doraville Properties*, the Lazarenko Daughters cite *Scanlan*, a diversity case, and *Thole v. U.S. Bank,* 140 S.Ct. 1615, 1622 (2020), an ERISA case, in an effort to show an interest in the trust corpus sufficient to satisfy Article III. According to the Lazarenko Daughters, under *Scanlan* and *Thole,* a beneficiary's right to sue a trustee for breach of fiduciary duty is itself a sufficient basis for standing even if she cannot show harm or actual injury. (Dkt. 1327) at 2. This assertion misreads both cases and is not the law in civil forfeiture. *United States v. Emor*, 785 F.3d 671, 676 (D.C. Cir. 2015). Moreover, neither of these cases involved property interests in an *in rem* forfeiture action, but instead concerned *in personam* rights to sue a trustee or plan administrator for proper administration of the trust or plan.

In *Scanlan,* the court found that the beneficiary of a discretionary trust had a right to sue the trustee for breach of fiduciary duty because, *under Illinois law*, she had an equitable interest in the trust property and a protected interest in the proper administration of the trust irrespective of whether the alleged breach ultimately reduced the amount she may receive as a distribution. *Scanlan*, 669 F.3d at 844, 846. Because of these vested interests under Illinois law, the beneficiary in *Scanlan* had a personal stake in the outcome of the litigation and did not have to demonstrate a particular diminution of any distribution of funds. *Id.* at 846. As a result, the court found that she had standing to sue the trustees to protect those interests and redress her injury caused by the trustees' alleged breach. *Id.*

In contrast, the Lazarenko Daughters, as discretionary beneficiaries of a Guernsey trust, do not have an equitable interest in the trust assets, and their unexercised right to sue a trustee for a potential breach of trust is an unrealized, potential chose-in-action, and not an interest in specific trust property. As this Court observed, the mere possibility that anyone could file suit says nothing about a claimant's interest in the defendant funds and would allow anyone to claim to have standing to contest forfeiture. (Dkt. 1255) at 30. And, as the court in *Doraville Properties*

4

explained, any such right does not become cognizable until recognized. 299 F. Supp 3d at 136 n.18. Moreover, the United States seeks forfeiture of specific assets held in the trust, not the *in choate* right of the Lazarenko Daughters to sue the trustees. Thus, the holding in *Scanlan* that a discretionary beneficiary under Illinois law has an interest in the trust corpus and standing to initiate an *in personam* action for breach of fiduciary duty has no bearing on whether the Lazarenko Daughters have a cognizable interest in any particular defendant asset under Guernsey law. Because the Lazarenko Daughters' ability (like others) to sue for breach of trust does not establish a specific property interest in any particular defendant asset, they cannot show that they will suffer an injury due to the forfeiture that could be redressed by the release of the property.

Apparently conceding their inability to establish injury-in-fact, the Lazarenko Daughters misread dictum in the Supreme Court's opinion in *Thole* regarding general U.S. trust law to suggest that they need not establish injury in order to satisfy Article III. *See* (Dkt. 1327) at 2, 9. In *Thole,* the Supreme Court found that vested beneficiaries of an ERISA retirement plan lacked Article III standing to bring a breach of fiduciary duty claim against the plan administrators because they could not show any injury. *Thole,* 140 S.Ct. at 1622. Far from setting aside the fundamental necessity of a showing of particularized, actual or imminent injury, the *Thole* Court specifically reiterated the injury in fact, causation, and redressability requirements for standing and found that the plaintiffs had failed to establish a concrete stake in the lawsuit. *Thole*, 140 S.Ct. at 1618-19 (reiterating requirements of injury in fact, causation, and redressability and finding plaintiffs had no concrete stake in the lawsuit.) Given that this Court already determined that the substantive rights provided under Guernsey trust law are not sufficient to support Pavel Lazarenko's Article III standing to contest forfeiture of the Balford Trust ((Dkt. 1255) at 28-30, 41), the Lazarenko Daughters' claim should also be dismissed because they do nothing more than identify the same substantive rights as their father.

5

In addition, the courts in both *Scanlan* and *Thole* explicitly limited their holdings to the factual circumstances of the cases and did not address standing in other contexts. *Scanlan,* 669 F.3d at 846; *Thole,* 140 S.Ct at 1620-21 n.1 (noting decision does not "concern suits to obtain plan information."). Indeed, the *Scanlan* court specifically acknowledged that beneficiaries of an Illinois discretionary trust may not have a property interest in the trust assets for all purposes. Thus, although it found a discretionary beneficiary of an Illinois trust had standing to sue a trustee for breach of fiduciary duty,

> in some circumstances, *e.g.*, for purposes of public aid eligibility and determining the bankruptcy estate, a discretionary beneficiary's interest in the trust assets is too remote to count as property.

*Scanlan*, 669 F.3d at 846. As a result, under *Scanlan*, the standing inquiry is specific to the injury sought to be redressed in the legal action. Consequently, whether the Lazarenko Daughters could sue the trustees for breach of trust does not confer a property right in these proceedings. The Lazarenko Daughters' unsupported statement that if they have standing to sue the trustees of the Balford Trust, they have standing to contest forfeiture ((Dkt. No. 1327) at 10) is contrary to law, and *Thole* and *Scanlan* have no application in this case because the standing analysis in a breach of fiduciary duty case differs from the analysis of a claimant's standing to contest forfeiture.[2]

---

[2] The Lazarenko Daughters' reliance on two Section 2467 enforcement actions is, as noted previously by the United States ((Dkt. 1351) at 16-17), equally misplaced. In both cases, the party claiming standing demonstrated an injury-in-fact sufficient to establish Article III standing through specific actions to protect their respective interests. *See In re Enforcement of Philippine Enforcement Judgment*, Misc. No. 16-1339, 2019 WL 3084706, at *3 (D.D.C. July 15, 2019) (secured judgment creditor satisfies Article III standing requirements); *In re $6,871,042.36, & Accrued Interest*, 217 F. Supp. 3d 84, 92 (D.D.C. 2016) (bank liquidators who were a party to an interpleader action and already had obtained a judgment against the nominal owner of a bank account had Article III standing to intervene in Section 2467 enforcement action). The Lazarenko Daughters, in contrast, lack a specific, secured interest in the Balford Trust and therefore "do not have standing to challenge civil forfeiture of their debtors' property." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 772 F. Supp. 2d. 205, 212 (D.D.C. 2011) (internal quotation omitted); *see United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191 (D.C. Cir. 1995).

### II. A Beneficiary's Right to Be Considered for a Future Distribution of Trust Property is an Unripe, Contingent, Future Interest Insufficient for Standing

In *Doraville Properties*, the court determined that beneficiaries of a Singaporean discretionary trust could not establish Article III standing to contest forfeiture because they lacked present rights to any trust property and only maintained an unvested, contingent interest in the trust assets.[3]  *See* 299 F. Supp. 3d at 137. Avoiding the holding in *Doraville Properties* and cases addressing standing in the context of future interests in property (*see* (Dkt. 1256-1) at 24-26), the Lazarenko Daughters instead steer the Court to non-forfeiture standing cases seeking injunctive relief regarding the administration of government programs. First, the Lazarenko Daughters cite to *CC Distributors, Inc. v. United States*, 883 F.2d 146, 151 (D.C. Cir. 1989), for the proposition that only a threatened future injury is required to establish Article III standing. *See* (Dkt. 1327) at 14. Contrary to the Lazarenko Daughters' contention, *CC Distributors, Inc.* does not turn on threatened future injury, but concerned the loss of a present opportunity to compete for a benefit. *CC Distributors, Inc.*, 883 F.2d at 150. The D.C. Circuit determined that appellant's loss of the opportunity to compete for a government contract through the procurement process satisfied the requirements of Article III standing to seek an injunction regarding a change in the program. *Id.* at 151. The Lazarenko Daughters' suggestion that forfeiture of the trust corpus confers constitutional injury because it would deprive them of the right to be considered for a future distribution is contrary to law.  Finding standing based on a mere threat of potential harm would effectively allow unsecured creditors to contest forfeiture because forfeiture would deprive them of the opportunity to secure their debt against the debtor's assets. This is not the law.  To establish

---

[3] The Lazarenko Daughters attempt to distinguish *Doraville Properties* by noting differences in the jurisdiction where the trust was created, the number of beneficiaries, the existence of a protector, the status of the Lazarenko Children as U.S. taxpayers, and the 2014 plea of the trustees corporate parent. (Dkt. 1327) at 16-19. As set forth in the United States' reply ((Dkt. 1351) at 13-14; 17-20), none of these distinctions are substantive and do not affect application of the holding in *Doraville Properties* to the facts here.

standing, a putative claimant must have a present, vested interest in the property subject to forfeiture. *United States v. All Assets*, 772 F. Supp. 2d. at 212 (D.D.C. 2011) (internal quotation omitted). Moreover, to the extent the Lazarenko Daughters rely on the right to send letters of wishes to the trustees ((Dkt. 1327) at 11), this Court has already determined that the ability to send a letter of wishes does not indicate a sufficient interest in property to confer Article III standing to contest forfeiture.[4] (Dkt. 1255) at 28-29.

*West Virginia Ass'n of Comm. Health Centers v. Heckler* similarly does not support the Lazarenko Daughters' standing argument. The appellants in *West Virginia Ass'n of Comm. Health Centers* claim an injury based on "being denied the opportunity to compete for" increased funding for community hospitals. 734 F.2d 1570, 1574 (D.C. Cir. 1984). In contrast, the Lazarenko Daughters base their Article III standing argument on a potential future injury. (Dkt. 1327) at 14. As referenced in *West Virginia Ass'n of Comm. Health Centers*, "'[t]he constitutional element of standing is plaintiff's demonstration of any injury to himself that is likely to be redressed by favorable decision of his claim.'" *West Virginia Ass'n of Comm. Health Centers*, 734 F.2d at 1575 (quoting *Regents of the Univ. of California v. Baake*, 438 U.S. 265, 280-81 n.14 (1978).

As noted by the United States' Guernsey trust law expert, the beneficiary of a Guernsey discretionary trust is similar to a shareholder in a limited corporation, who maintains a property interest in the shares of a corporation, but lacks a direct proprietary interest in the company's assets. (Dkt. 1256-5) at 7 n.11. While the Lazarenko Daughters may possess a personal property interest in a potential future trust distribution, they lack a sufficient present interest in any trust asset to meet their burden to establish Article III standing under federal law.

Respectfully submitted,

---

[4] In considering Pavel Lazarenko's standing, the Court also rejected the ability to demand information as an independent basis for standing. *See* (Dkt. 1255) at 41 (quoting *Doraville Properties,* 299 F. Supp. 3d at 134). The United States addressed this contention in prior briefing (Dkt. 1351) at 3-4.

DEBORAH CONNOR, CHIEF
MONEY LAUNDERING
 AND ASSET RECOVERY SECTION

     */s/ Adam J. Schwartz*     
DANIEL H. CLAMAN
TERESA TURNER-JONES
ADAM J. SCHWARTZ
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, DC 20530
Telephone: (202) 514-1263

Attorneys for Plaintiff United States of America