UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>      v.<br><br><br>**ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN UNITED STATES DOLLARS, ET AL.,**<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)   **Civil Action No. 1:04-cv-00798-PLF**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SUR-REPLY TO THE GOVERNMENT'S
### SECOND REPLY TO ITS SECOND MOTION TO STRIKE

Claimants Ekaterina and Lecia Lazarenko (the "Lazarenko Daughters" or "Claimants") respectfully submit this Sur-Reply in response to the Government's Second Reply to its Second Motion to Strike.[1] The Government, after spending much of its response rearguing "step one" eventually argues that under "step two," Article III standing in civil forfeiture cases should be interpreted more narrowly than Article III standing in every other circumstance. That argument must fail because Article III standing is an "unchanging predicate." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Moreover, the Government's position is contradicted by Supreme Court and numerous state court opinions addressing the standing of trust beneficiaries.

---

[1] On January 6, 2017, this Court denied the Government's first motion to strike. Dkts. 850 & 851. On April 30, 2020, the Government filed its second motion to strike the claims of the Lazarenko Daughters. Dkt. 1256. On July 24, 2020, the Lazarenko Daughters filed an Opposition. Dkts. 1327 & 1328. On September 11, 2020, the Government filed its Reply. Dkt. 1351. This Court ordered supplemental briefing. Dkt. 1417. On February 19, 2021, the Government filed its Second Reply. Dkt. 1421. The Lazarenko Daughters now file a Sur-Reply.

Because the overwhelming weight of authority supports Article III standing, the Court should deny the Government's second motion to strike. The Lazarenko Daughters request that the Court allow this case to proceed with a ruling on the remaining dispositive motions and the entry of a pretrial scheduling order, which will permit expert deposition discovery to proceed.

## ARGUMENT

This Court has previously noted that when the Government seeks to forfeit property, federal courts conduct a two-step inquiry stating:

> The nature of a claimant's asserted property interest is defined by the law of the State—or here, nation—in which the interest arose. But while state law defines a claimant's interest in specific property, federal law determines the effect of [that] ownership interest on [the claimant's] right to bring a claim.

*United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 959 F. Supp. 2d 81, 96 (D.D.C. 2013) (internal quotations omitted). *See also United States v. 5 S 351 Tuthill Rd.*, 233 F.3d 1017, 1021 (7th Cir. 2000) ("State law defines and classifies property interests for purposes of the forfeiture statutes, while federal law determines the effect of the property interest on the claimant's standing"). The rights conferred to Guernsey Trust beneficiaries are sufficient to confer Article III standing in Guernsey and the United States.

### A.     Claimants are named Beneficiaries.

There is no dispute that the Deed of Trust at issue names the Lazarenko Daughters as beneficiaries. Nor is it disputed that trusts are a viable method of holding property under Guernsey law. Claimants plainly have asserted an interest under Guernsey law. This interest includes the right to protect the Trust corpus. *See* Dkt. 1327, pp. 16-19; Dkt. 1328-1, ¶ 33.

### B.     Claimants' rights under Guernsey law confer standing under federal law.

The Court asked the parties to assume that Claimants have a Guernsey law interest and to discuss whether that interest confers standing under federal law. Previously, this Court had no difficulty granting standing under federal law after finding foreign law standing. *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.* 959 F. Supp. 2d at 99. Similarly here, the Guernsey law interest plainly confers Article III standing.

### 1.  The Lazarenko Daughters have an interest in and a right to protect the entire Trust corpus, which confers Article III standing.

As the Supreme Court has stated, property law has long recognized a right to defend inchoate interests in property:

> the law of property sometimes allows a person without a present interest in a piece of property to impose restrictions upon a current owner, say, to prevent waste. A holder of a reversionary interest, for example, can prevent the owner of a life estate from wasting the property. Those who later may become beneficiaries of a trust are sometimes able to prevent the trustee from dissipating the trust's assets.

*Luis v. United States*, 136 S. Ct. 1083, 1092-1093 (2016) (internal citations omitted). The examples cited by the Supreme Court in *Luis*, including the right of a possible beneficiary, are more remote than the rights of a discretionary beneficiary at issue here. *Id.* By way of example, spouses with dower rights that do not ripen until their husbands' deaths, have standing.[2]

The Supreme Court recently addressed whether ERISA plan participants can bring a lawsuit for plan mismanagement in the absence of a tangible injury. The Court ultimately ruled that standing did not exist because the beneficiaries would receive the same amount of benefits whether they won or whether they lost. *Thole v. U.S. Bank*, __U.S.__, 140 S. Ct. 1615, 1618

---

[2] *United States v. Real Property Located at 221 Dana Avenue, Hyde Park, MA*, 239 F.3d 78, 86-87 (1st Cir. 2001) (spouse's dower rights in property were sufficient to give rise to a claim); *United States v. East Half Section 12*, 131 F.R.D. 171, 174 (D. Neb. 1990) (state statute giving a surviving spouse "the right to take a share of a deceased spouse's real estate, in lieu of what he or she may receive under a will" creates a property interest for purposes of the federal forfeiture statute).

(2020). Within that context, however, the Court addressed the difference between ERISA plan participants and trust beneficiaries. The Court explained: "In the private trust context, the value of the trust property . . . will typically depend on how well the trust is managed, so every penny of gain or loss is at the beneficiaries' risk." *Id.* at 1619.

In *Thole*, all nine Justices agreed that trust beneficiaries have an interest in protecting a trust's assets. Justice Sotomayor, writing on behalf of four Justices in the dissent that would have found Article III standing, noted: "'[t]he creation of a trust,' like the one here, provides beneficiaries 'an equitable interest in the subject matter of the trust.' Restatement (Second) of Trust § 74, Comment a, p. 192 (1957)…Courts have long recognized that this equitable interest gives the beneficiaries a basis to 'have a breach of trust enjoined and… redress[ed]." *Id.* at 1625-26 (citation omitted). Justice Sotomayor further noted that: "[e]ven contingent and discretionary beneficiaries (those who might not ever receive any assets from the trust) can sue to protect the trust absent a personal financial loss (or an imminent risk of loss)." *Id.* at 1626 n.3 (citations omitted). Justice Sotomayor further stated that: "That interest [of a beneficiary] is concrete regardless of whether the beneficiary suffers personal financial loss." *Id.* at 1629.

Trust beneficiaries' right to protect the trust corpus was recognized in *Scanlan v. Eisenberg*, 669 F.3d 838, 841-47 (7th Cir. 2012), in which the Seventh Circuit held that a *discretionary* beneficiary could sue a trustee for breach of fiduciary duty even if she could not show that she was harmed by the trustee's actions. In that case, after the breach, the trust or series of trusts was/were still incredibly well funded. Yet, the Seventh Circuit held that the plaintiff had standing to sue for breach of fiduciary duty. *Id.* It implicitly recognized that "every penny of gain or loss is at the beneficiaries' risk," as Justice Kavanaugh remarked in *Thole*.

*Scanlan* is not an outlier but represents trust law in the United States.[3] Because trust beneficiaries have a right to challenge the actions of the trustees for breach of fiduciary duty for mismanagement of trust assets and to protect the trust corpus under trust law as adopted by multiple states and as noted in *Luis*, they have a right to prosecute a civil forfeiture claim to preserve the trust corpus.

### 2. Guernsey trust law is similar to U.S. trust law, which establishes standing.

The Supreme Court has spoken to the issue of whether Claimants' rights under Guernsey law confer standing here. "Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Likewise, "state law can create interests that support standing in federal courts." *Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir. 2001). *See also Scanlan*, 669 F.3d at 845 ("[T]he actual or threatened injury required under Article III can be satisfied solely by virtue of an invasion of a recognized state-law right.") (quoting *FMC Corp. v. Boesky*, 852 F.2d 981, 993 (7th Cir. 1988)).

Guernsey law is similar to U.S. common law. The Government, nonetheless, argues that: "Illinois trust law has no bearing on the interpretation of Guernsey trust law, which, like the

---

[3]*Burrows v. Palmer*, 5 Ill. 2d 434, 440 (1955) ("a contingent beneficiary should not be denied the right to bring an action against the trustees merely because his interest is remote and contingent, but that he should have the right to such relief as is necessary to protect his possible eventual interest, i.e., protect and preserve the trust *res*.") (internal citation omitted). *See also Smith v. Lopp*, 466 P.3d 642, *P26-P37 (Okla. Civ. App. 2019); *Johnson v. Bank of Am., N.A.*, 63 Conn. L. Reptr. 141, at *5, 2016 WL 6128087 (Sept. 19, 2016); *McGovern v. McGovern*, 87 Mass. App. Ct. 1123 at *2, 2015 WL 2401403 (May 21, 2015) (citing authorities). *See also* Restatement (Third) Trusts, § 94, comment b ("A suit to enforce a private trust . . . may be maintained by *any* beneficiary . . . . This includes a person who is eligible to receive a discretionary distribution.") (emphasis added). *See also* Loring and Rounds, Trustee's Handbook (2021 ed.) ("The beneficiary of a trust with even a 'minute or remote' equitable interest has standing [locus standi] to seek its enforcement, to include having the trust property secured") (citing Lewin on Trusts, ¶ 38-11 (England); *Farkas v. Williams*, 125 N.E.2d 600 (Ill. 1955) (U.S.)).

majority of offshore jurisdictions, does not bestow beneficiaries of a discretionary trust with an interest in the individual trust assets." Opp., p. 3.  The Government cites no authority for this proposition.  Nor does it address the fact that it seeks to forfeit the entire trust corpus – not an individual trust asset.  Mr. Barnes, a Guernsey Advocate, previously wrote:

> The [*Scanlan*] court's analysis of the position of a discretionary beneficiary in Illinois resembles very closely that of a discretionary beneficiary bringing a claim against a Guernsey trustee before our Royal Court.  I also believe that the passage from the Restatement accurately summarizes the rights of a beneficiary in Guernsey.

Dkt. 1328-1, p. 11 ¶ 37.  The Government's own expert, another Guernsey advocate, did not challenge Mr. Barnes' assertions.

The right to bring a lawsuit is codified in Guernsey law.  Section 69 of Trusts (Guernsey) Law ("TGL") 2007 provides general jurisdiction for a select class of individuals (that includes Claimants) to bring legal actions with respect to a trust.  The Government, nonetheless, argues that: "the mere possibility that *anyone* could file suit says nothing about a claimant's interest in the defendant funds and would allow anyone to claim to have standing to contest forfeiture." Opp., p. 4. (citing Dkt. 1255, p. 30) (emphasis added).  The right to participate in Guernsey forfeiture proceedings confers standing on the Lazarenko Daughters as named beneficiaries of the Trust—not just "anyone."  *Scanlan*, 669 F.3d at 843 ("[W]e see no reason why canonical principles of trust law should not be employed when determining the nature and extent of a discretionary beneficiary's interest for purposes of an Article III standing analysis.").  *Accord Pender v. Bank of Am. Corp.*, 788 F.3d 354, 367 n.11 (4th Cir. 2015).

### 3. The Government does not meaningfully differentiate the Lazarenko Daughters' rights with other cases.

"To have standing, a claimant . . . need only show a colorable interest in the property, redressable, at least in part, by a return of the property." *All Assets Held at Bank Julius Baer &*

*Co., Ltd.*, 959 F. Supp. 2d at 95.  The Court of Appeals has referred to this as a "forgiving" standard.  *United States v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in U.S. Currency*, 859 F.3d 1085, 1089 (D.C. Cir. 2017).

The Government spends pages of its memorandum rearguing Claimants' interest under Step One.  The Government argues that, in civil forfeiture cases, the standing inquiry should be more rigid than other cases analyzing standing.  It also argues that *in rem* jurisdiction is interpreted more narrowly than *in personam* proceedings.  Opp., p. 4.  Opp., p. 6 ("[S]tanding analysis in a breach of fiduciary duty case differs from the analysis of a claimant's standing to contest forfeiture.").  This is plainly incorrect because "a showing of standing is an essential and *unchanging predicate* to any exercise of our jurisdiction."  *Fla. Audubon Soc'y*, 94 F.3d at 663 (quoting *Lujan*, 504 U.S. at 560) (emphasis added).  In this case, just like a breach of fiduciary duty case, Claimants are protecting the trust corpus.

It also argues "that beneficiaries of an Illinois discretionary trust may not have a property interest in the trust assets for *all purposes*."  Opp., p. 6 (emphasis example).  It cites to two examples:  public aid eligibility and bankruptcy.  "Public aid eligibility" is not at issue here.  Further, "[b]ankruptcy standing is narrower than Article III standing."  *Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.)*, 151 F.3d 605, 607 (7th Cir. 1998) (internal citation omitted).  *See also In re Combustion Eng'g, Inc.*, 391 F.3d 190, 215 (3d Cir. 2004) ("Appellate standing in the bankruptcy context is more restrictive than Article III standing....") (internal quotation omitted).

The Government also uses adjectives, like "future," "unripe," and "contingent" to argue that the Lazarenko Daughters' interest is "too speculative."  It attempts to differentiate *CC Distributors, Inc. v. United States*, 883 F.2d 146, 151 (D.C. Cir. 1989), by arguing that this

precedential case involves a "present opportunity" whereas the Lazarenko Daughters have a "future" claim. Opp., p. 7. In doing so, it writes the Lazarenko Daughters' "unexercised right to sue a trustee for a potential breach of trust is an unrealized, potential chose-in-action [sic], and not an interest in specific trust property." Opp., p. 4. The Government's argument is Kafkaesque. The *only* reason that the Lazarenko Daughters do not have a present opportunity to receive a distribution is this case and the restraining order entered by this Court one week before they turned 19 years old. Now it argues that since Claimants have an "unexercised" right to collect Trust assets, their rights are still inchoate. To the contrary, Claimants have not exercised their rights because they have complied with this Court's Restraining Order.

Finally, the Government's redressability argument must be summarily rejected. Opp., p. 8. Just last week, the Supreme Court held that a suit seeking nominal damages of $1 dollar established an injury that was likely to be redressed. *Uzuegbunam v. Preczewski,* __U.S.__, 141 S.Ct.__, 2021 WL 850106 (2021). If nominal damages can establish a redressable injury, certainly Claimants right to a discretionary distribution establishes redressability.[4]

                                              Respectfully submitted,

                                              /s/ Emily Beckman
                                              Emily Beckman
                                              **King Campbell Poretz & Mitchell, PLLC**
                                              108 N. Alfred Street, Second Floor
                                              Alexandria, VA 22314
                                              Phone: (703) 683-7070
                                              emily@kingcampbell.com
                                              *Attorney for Lecia and Ekaterina Lazarenko*

---

[4] This Court referred the parties to the Whitey Bulger case, *United States v. $81,000 in U.S. Currency*, 189 F.3d 28, 39 (1st Cir. 1999). In that case, the court of appeals reversed a finding that Whitey's brother, James, was merely a nominee. The court of appeals explained that all of the cases involving a nominee "invariably have one theme in common: a lack of involvement by the legal title holder with the res." *Id.* The Trust has been frozen so the nominee analysis is not appropriate. Under TGL § 26, a beneficiary has the right to demand information of the Trustees. Claimants tendered a demand for information about the Trust's balance, which the Trustee agreed to provide as soon as Claimants provide certain identification documents. *See* email exchange with Trustee attached hereto.