UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:04-cv-00798-PLF |
| ) | |
| ALL ASSETS HELD AT BANK JULIUS ) | |
| Baer & Company, Ltd., Guernsey ) | |
| Branch, account number 121128, in the ) | |
| name of Pavlo Lazarenko, *et al.* ) | |
| ) | |
| Defendants *In Rem* ) | |

### AFFIDAVIT IN SUPPORT OF DEFAULT AGAINST CERTAIN DEFENDANT ASSETS LOCATED IN LIECHTENSTEIN

1. I, Daniel H. Claman, am an attorney of record for Plaintiff United States of America in the above-captioned case.

2. In 2004, the United States commenced this forfeiture action against defendant assets located in Guernsey and Antigua. Dkt. 1. On June 30, 2005, the United States filed the First Amended Verified Complaint for Forfeiture *In Rem* (the "Amended Complaint"), alleging that defendant assets described therein and located in five countries (Guernsey, Antigua, Switzerland, Lithuania, and Liechtenstein) should be forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(l)(A) and 98l(a)(l)(C). Dkt. No. 20. As set forth in paragraph 5 of the Amended Complaint, the defendant assets include, *inter alia*, the following assets located in Liechtenstein:

> i. All assets held at various accounts in Liechtenstein and formerly on deposit at Liechtensteinisch Landesbank AG and LGT Bank in Liechtenstein AG in the names of Orilles Stiftung, Gruztam Stiftung, Lesja Stiftung, NRKTO 7541 or held for the benefit of Pavlo Lazarenko. These former accounts include, but are not limited to Liechtensteinisch Landesbank AG accounts 187.991.53 (Orilles Stiftung), 187.991.69 (Gruztam Stiftung), 187.991.39 or 187.991.32 (Lesja Stiftung), 527.908.09, 187.764.68, and 187.775.88 (NRKTO 7541),

1

       and LGT Bank in Liechtenstein AG accounts 143806 (Orilles Stiftung), 142807 (Gruztam Stiftung), 142808 (Lesja Stiftung) These defendant assets were last valued at the equivalent of approximately $7 million in United States dollars and are held at:

           (i) Verwaltungs-und PrivatBank AG account number 325.295.900, in the name of Beranco Engineering Establishments;

           (ii) Verwaltungs-und PrivatBank AG account number 326.284.900, in the name of Ylorex Establishments;

           (iii) LGT Bank in Liechtenstein AG account numbers 0153633 AB and 0153633 AC, in the name of Tanas AG;[1]

    j.    And all assets traceable to the above-mentioned proceeds and property, including but not limited to, any interest accrued or assets held in related sub-accounts or escrow accounts.

    3.    On July 8, 2005, this Court made findings of probable cause to believe that the defendant assets are subject to forfeiture to the United States and entered a Restraining Order regarding the defendant assets. Dkt. No. 23.

    4.    Because the original Complaint and Amended Complaint in this action were filed prior to the adoption of Rule G of the Supplemental Rules of Certain Admiralty and Maritime Claims and due to the nature of providing notice to hundreds of potential claimants, including with addresses located in forty-four countries, direct notice was provided in accordance with either Rule C or Rule G of the Supplemental Rules. *See* Dkt. Nos. 153 and 153-4 at ¶¶ 5-7. Notice letters transmitted to addresses in the United States prior to the adoption of Rule G,

---

[1] On January 21, 2011, the United States filed a Notice of Errata identifying typographical errors inconsistent with other paragraphs of the Amended Complaint, noting that the account Orillies Stiftung account at LGT Bank In Liechtenstein AG should be "0142806 instead of "143806", that the account numbers for Orilles Stiftung, Gruztam Stiftung and Lesja Stiftung at LGT Bank in Liechtenstein would be more consistently referenced by omitting internal decimals and inserting the digit 0 as a prefix in some paragraphs. Dkt. 214 at 2. As noted below, paragraph 5(i), also included a subparagraph (iv) concerning assets held in the name of NRKTO 7541 or Pavlo Lazarenko, which are not a subject of this Affidavit seeking the Clerk's entry of default.

advised that claims must be filed within 30 days of notice and that an answer needed to be filed within 30 days of the filing of a claim. 153-4 at ¶ 5. Notice letters sent after the entry into force of Rule G to addresses located within the United States advised that claims needed to be filed within 35 days, while such notices sent to addresses outside of the United States specified longer periods of time. *Id.* Notice of the Amended Complaint by publication was provided by newspaper publication in 2005 and internet publication in 2008.[2] Dkt. 153 at 3.

5. Pursuant to Supplemental Rule C(6)(a) in effect at the time of the filing of the Amended Complaint, any claimants to the defendant assets were required to file a verified statement of interest within 30 days after the earlier of the date of service of the complaint or the completion of publication of notice. Supp. R. C(6)(a)(1) (as amended Apr. 29, 2002). Under Rule G(5)(a) any claimants to the defendant assets were required to file a claim by the time stated in the direct notice (which must be at least 35 days after the notice was sent), or 60 days after the first publication of notice on the official government website. Supp. R. G(5)(a). Those time periods have expired.

6. As set forth below, thirteen putative claimants filed claims in this action. These claimants either did not assert an interest in the defendant Beranco, Ylorex, or Tanas Assets, or their claims were dismissed or withdrawn. No other person or entity has appeared to contest the forfeiture of these defendant assets, and the time to do so has expired. No extensions of time have been requested, consented to, or granted by this Court.

7. Four claimants did not assert an interest in the Beranco, Ylorex, and Tanas Assets in their claims: Alexander Lazarenko (Dkt. Nos. 28, 872), Lecia Lazarenko (Dkt. Nos. 28, 873),

---

[2] In 2016, the Department of Justice transmitted additional notice to the Department of State for the United Nations Educational, Scientific and Cultural Organization (UNESCO), which the State Department provided to UNESCO via diplomatic note.

3

Ekaterina Lazarenko (Dkt. Nos. 28, 874), and Eurofed Bank Limited (*In Liquidation*) (Dkt. No. 33).[3]

8. Alexei Ditatkovsky filed a claim seeking payment of a sum of money generally from one or more of all defendant assets. Dkt. No. 26. On January 12, 2015, Ditiatkovsky withdrew his claim to the defendant assets. Dkt. No. 335.

9. Universal Trading & Investment Company, Inc. (UTICo) filed a claim and amended claim seeking payment of a sum of money generally from one or more of all defendant assets. Dkt. Nos. 39, 135. On March 25, 2011, this Court granted the United States' motion for judgment on the pleadings to strike the claim of UTICo and dismissed UTICo as a claimant in this action. Dkt. No. 228.

10. OAO Gazprom filed a claim seeking payment of a sum of money generally from one or more of all defendant assets. Dkt. No. 64. On March 25, 2011, the Court granted the United States' motion for judgment on the pleadings to strike the claim of OAO Gazprom and dismissed OAO Gazprom as a claimant in this action. Dkt. No. 226. OAO Gazprom filed a notice of appeal from this ruling. Dkt. 235. On March 15, 2012, the United States Court of Appeals for the District of Columbia Circuit dismissed OAO Gazprom's appeal for lack of jurisdiction. Dkt. 283.

11. Claims of five other individuals sought a sum of money in connection with deposits to accounts at Eurofed Bank: Mervin Michaelson Onyshko (Dkt. No. 68), Maria de Los Angeles Collazo Garcia (Dkt. No. 69), Alan Mark Postles and Jacqueline Postles (Dkt. 70), and

---

[3] In addition, as a result of the Stipulation of Settlement and Order Thereon entered as an Order of this Court and as an order of the High Court of Justice of Antigua and Barbuda, Eurofed Bank Limited's claim was dismissed as part of a settlement effective on October 15, 2015. Dkt. No. 334 at ¶ 19; Dkt. No. 821. Alexander Lazarenko's claim was dismissed by Order dated December 12, 2019. Dkt. No. 1243.

Allan Ronald Munro (Dkt. No. 71). These claims were dismissed by Orders dated September 30, 2009 and October 20, 2009. Dkt. Nos. 137, 139.

12. Pavel Lazarenko filed a claim to the defendant assets located in Liechtenstein, including the Beranco, Ylorex, and Tanas Assets. Dkt. No. 29 at 4. On May 15, 2020, the United States moved to strike Lazarenko's claims to the Beranco, Ylorex, and Tanas assets. Dkt. No. 1275. On December 23, 2020, this Court granted the United States' motion, striking the claims of Lazarenko to the Beranco, Ylorex, and Tanas Assets. Dkt. No. 1395. Additionally, on June 17, 2020, while Plaintiff's motion (Dkt. No. 1275) to strike Lazarenko's claim to the Beranco, Ylorex, and Tanas assets was pending, this Court also dismissed Lazarenko's claim to the Tanas Assets on other grounds. Dkt. No. 1304.

13. Upon information and belief, no person believed to have an interest in the defendant Beranco, Ylorex, and Tanas Assets is an infant, is incompetent, or is presently engaged in military service.

14. Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

15. Accordingly, the Clerk is requested to enter a Default against the defendant Beranco, Ylorex, and Tanas Assets, which are identified in paragraph 2 herein, and set forth in the Amended Complaint in paragraph 5(i), subparagraphs (i)-(iii), and all assets traceable thereto as enumerated in paragraph 5(j).

Executed this 9th day of April 2021, by undersigned counsel for Plaintiff, United States of America.

>Respectfully submitted,
>
>DEBORAH CONNOR, CHIEF
>MONEY LAUNDERING
>  AND ASSET RECOVERY SECTION
>
>
><u>/s/*Daniel H. Claman*</u>
>DANIEL H. CLAMAN
>TERESA TURNER-JONES
>ADAM J. SCHWARTZ
>Money Laundering and Asset Recovery Section
>Criminal Division, U.S. Department of Justice
>1400 New York Avenue, N.W., 10th Floor
>Washington, DC 20530
>Telephone: (202) 514-1263
>
>*Attorneys for Plaintiff United States of America*