UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>        v.<br><br>ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN UNITED STATES DOLLARS, ET AL.,<br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 1:04-cv-00798-PLF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE TO THE GOVERNMENT'S "NOTICE"**

Pavel Lazarenko, by and through counsel, respectfully requests that the Court adjudicate the two motions relating to the Bank Julius Baer (Guernsey) account (hereinafter the "BJB (Guernsey) account").[1]  The Government's last-minute attempt to forfeit the BJB (Guernsey) account as substitute (*i.e.*, untainted) assets in a motion filed in the U.S. District Court for the Northern District of California, *United States v. Pavel Lazarenko,* Case No. 00-Cr-00284-CRB (the "California Proceeding") is an admission that the Government's case before this Court has not merit.

The Government filed the action before this Court in 2004 and contended for all this time that the BJB (Guernsey) account was a tainted asset.  It even objected to the release of any funds in Guernsey on the basis that the funds were tainted.  *See* October 17, 2005 Letter from the Law Officers to Doron Weinberg (p. 65 of the attachment).  Now seventeen years later, the

---

[1] The Government's notice is filed at Dkt. 1436.

Government has decided the asset is not tainted, but Mr. Lazarenko should not be able to obtain the asset in any event. The case should move forward here. A stay should not be granted. Mr. Lazarenko has filed an opposition to the Government's motion in the California Proceeding, which among other arguments, contends that judicial estoppel prevents this change in position. A copy of the opposition is attached hereto.

Mr. Lazarenko further notes that in its submission to this Court, the Government misstated the law as it relates to the doctrine of *res judicata*. On May 24, 2012 (almost ten years ago), the very same Government lawyer correctly stated the law:

> Similarly, Claimant Eurofed reads too much into the Ninth Circuit's decision in the criminal proceeding. (*See* DN 288 at 19.) The Ninth Circuit "h[e]ld that a final judgment against the government in a civil forfeiture proceeding acts as *res judicata* against a criminal forfeiture proceeding *with respect to the same property* when the claims in the latter proceeding arise from the same transactional nucleus of facts."

Reply to Motion to Strike, Dkt. 290, p. 23 (quoting *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151-52 (9th Cir. 2011) (emphasis in original)). If this Court rules in Mr. Lazarenko's favor, the criminal forfeiture litigation will be barred by *res judicata*, and Mr. Lazarenko contends that the asset cannot then be forfeited in California.

Even if the Government prevails in the California Proceeding against Mr. Lazarenko under a substitute asset theory, it is only prevailing as a creditor. *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996). Contrary to the Government's assertion, the litigation in California will not moot the litigation here. In the Ninth Circuit, the Government's interest in substitute property does not vest at the time of the commission of the crime. *Id.* Assuming the district court in California grants the Government's motion for substitute property, there will still be an ancillary proceeding. The ancillary claimants, including Doron Weinberg and others, have a

superior interest to the Government's interest in substitute property, but they do not have a superior interest to the Government's interest in tainted property.  The issue in this proceeding is whether the property is tainted.  A ruling in the Government's favor in the California Proceeding will not moot the proceedings here.  The Government is attempting to forum shop, and change its position, seventeen years into this litigation.  Since the Government cannot do so, a stay is not warranted.  This Court should rule on the two outstanding motions.[2]

WHEREFORE, Mr. Lazarenko requests that the Court rule on his "unknown payments" motion and his motion for summary judgment on the BJB (Guernsey) account, deny the Government's request to stay its ruling and grant such other and further relief as is just and proper.

Respectfully submitted,

BLANK ROME LLP
By:  /s/ Jed M. Silversmith
Grant Palmer (*Pro Hac Vice*)
Jed M. Silversmith (D.D.C. Bar No. PA0055)
One Logan Square, 130 North 18th Street
Philadelphia, PA  19103
(215) 569-5500
(215) 569-5555 (fax)
palmer@blankrome.com
jsilversmith@blankrome.com

FOX ROTHSCHILD LLP
Ian M. Comisky (D.C. Bar No. 927608)
William Stassen (D.C. Bar No. 461876)
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (fax)

---

[2] The Government also claims that this Court should strike the Claims of the Lazarenko Children and that the Antiguan assets have been dissipated. Mr. Lazarenko notes that the Government threatened to hold him in contempt when he raised before this Court a request to contact the Antiguan government to negotiate a resolution.  The Government also stated the assets remained available for forfeiture and has furnished no evidence to the contrary. Dkt. 886, (Tr. (1/25/17), p. 97:8-23).

icomisky@foxrothschild.com
wstassen@foxrothschild.com

DAVID B. SMITH, PLLC
David B. Smith (D.C. Bar No. 403068)
Nicholas D. Smith (D.C. Bar No. 1029802)
108 N. Alfred St.
Alexandria, VA 22314
(703) 548-8911
(703) 548-8935 (fax)
dbs@davidbsmithpllc.com
nds@davidbsmithpllc.com

*Attorneys for Claimant*
*Pavel I. Lazarenko*