UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>  Plaintiff, </br></br> v. </br></br> ALL ASSETS HELD AT BANK JULIUS Baer & Company, Ltd., Guernsey Branch, account number 121128, in the Name of Pavlo Lazarenko et al., </br></br> Defendants In Rem. | Civil Action No. 04-0798 (PLF) |

MEMORANDUM OPINION AND ORDER

Claimants move to lift in part this Court's stay of expert discovery. See Motion to Lift the Discovery Stay ("Mot.") [Dkt. No. 1442]. The United States opposes the motion. See United States' Opposition to Claimants Motion to Partially Lift Discovery Stay ("Opp.") [Dkt. No. 1443]. Upon consideration of the parties' written submissions, the relevant legal authorities, and the record in this case, the Court will deny claimants' motion.

On July 2, 2020, the parties filed a joint status report in which they agreed to a stay of expert discovery until 30 days after the resolution of any pending standing motions. See Joint Status Report and Motion to Enter Scheduling Order [Dkt. No. 1310]. On July 8, 2020, therefore, the Court entered a scheduling order staying expert discovery "until 30 days after the Court decides all pending standing motions." July 8, 2020 Scheduling Order [Dkt. No. 1313] at 2. Claimants Pavel Lazarenko, Ekaterina Lazarenko, and Lecia Lazarenko now request that the stay be lifted to allow for discovery of experts based in the United States. Mot. at 1. They

argue that lifting the stay will enable "the parties [to] move forward with the litigation at the same time the Court considers the pending motions" and will therefore "allow the case to proceed in a more efficient manner." Id. at 2.  The United States responds that lifting the discovery stay "would not promote efficiency but would unnecessarily burden the Court and the parties." Opp. at 1.  It contends that "[a]djudicating the threshold standing motions first could prevent wasting the parties' resources by engaging in costly and potentially irrelevant discovery, and avoid imposing on the Court's time in managing discovery it may find unnecessary or substantially more limited in scope." Opp. at 3.

        The Court has recently granted the United States' motion to strike the claims of Ekaterina and Lecia Lazarenko to the Balford Trust.  See September 7, 2021 Order [Dkt. No. 1447]; September 7, 2021 Opinion [Dkt. No. 1448].  Only one standing motion remains pending before the Court.  See United States' Motion for Summary Judgment to Strike Claimant Pavel Lazarenko's Claims to All Defendant Assets Held in Switzerland and Lithuania [Dkt. No. 1317].  Because "standing . . . is jurisdictional," the Court agrees with the United States that the stay should not be partially lifted.  Lewis v. Casey, 518 U.S. 343, 349 n.1 (1996).  "It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990).  The Court concludes that it is sensible to maintain the stay of expert discovery until it has ruled on the pending standing motion.  Doing so will prevent the parties from expending unnecessary resources on discovery related to legal claims that may never be considered on their merits.  Accordingly, it is hereby

3

ORDERED that claimants' Motion [Dkt. No. 1442] to Lift the Discovery Stay is DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  September 8, 2021