UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN UNITED STATES DOLLARS, *ET AL.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:04-cv-00798-PLF/GMH |

**JOINT STATUS REPORT**

Pursuant to this Court's June 29, 2021 Minute Order, Plaintiff United States of America and Claimants Pavel, Katerina and Lecia Lazarenko (the "Parties") jointly file this Status Report.

**The Government's Position:** Discovery has been stayed by the district court pending a ruling on the United States' motions to strike. (Dkt. No. 1313). One of the United States' Motions to Strike remain pending. (Dkt. No. 1317). The Parties should file a status report either fourteen days after the Court decides the currently pending standing motion, or by March 31, 2022, whichever occurs sooner.

If the Court strikes the claim to the defendant assets at issue in the United States' pending motion to strike (Dkt. No. 1317), Lazarenko's only remaining claims will be to assets held in Antigua and his claim to one bank account in Guernsey (the Bank Julius Baer account) and one bank account in Liechtenstein (the NRKTO account).[1]

---

[1] Lazarenko did not file a claim to the assets held for the benefit of Alexander Milchenko, identified in paragraphs 5(e) and (j) of the Amended Complaint, which remain under restraint in Antigua in connection with this Court's Restraining Order.

1

With respect to the disputed assets held in Antigua, counsel for Lazarenko detailed his unsuccessful attempts to challenge the Antiguan government's forfeiture of the Antiguan *res* and represented to this Court that "the funds have been dissipated" (Oct. 25, 2016 Hearing Tr. at 11) and "that money, Your Honor, is just not coming back." (Jan. 25, 2017 Hearing Tr. at 88). The United States noted that despite his representations to the Court, Lazarenko continued to pursue legal challenges to the Antiguan forfeiture proceedings and that Lazarenko could obtain access to some or all of the Antiguan *res* if he was successful in unwinding the forfeiture of the Antiguan *res* in the Antiguan courts. Dkt. Nos. 684 at 6-8, 744.

Lazarenko now asks the Court to order the United States to advise the Court of its intentions with respect to the disputed Antiguan assets. *Infra* at 3. But the United States has already advised Lazarenko and this Court of its intentions with respect to the Antiguan *res*. Dkt. No. 1443 at 4-5, n. 2. The United States is not aware of any actions Lazarenko has taken during the past four years to pursue his claim in the Antiguan courts to unwind the Antiguan government's forfeiture of the Antiguan *res*, and on May 7, 2021, the United States asked Lazarenko to stipulate that the assets had been finally forfeited to the government of Antigua, so that the assets could be dismissed from these proceedings. *Id.* On June 11, 2021, counsel for Lazarenko responded by stating that his client was precluded from litigating in Antigua pursuant to an Order from this Court. Lazarenko's statement is incorrect and was addressed by this Court long ago. *See* March 23, 2017, Opinion and Order (authorizing Lazarenko to seek release of funds from domestic Antiguan forfeiture proceedings and clarifying that any funds released remained subject to this Court's restraining order). Thus, the United States does not oppose Lazarenko's request that the Court direct the filing of a further report regarding the status of the defendant assets in Antigua, provided that Lazarenko be required to state whether he continues to

2

challenge the Antiguan government's forfeiture and whether the Antiguan forfeiture judgment is final and no longer subject to appeal.

With respect to the Bank Julius Baer and NRKTO accounts, Pavel Lazarenko's suggestion, *infra* at 3-4, that this Court rule on Lazarenko's pending motion for summary judgment is nonsensical. The United States District Court for the Northern District of California ordered these assets forfeited as substitute assets due to Pavel Lazarenko's failure to pay the outstanding balance of his criminal money judgment, specifically rejecting Lazarenko's argument that tainted property could not be forfeited as substitute assets. Dkt. No. 1450-1 at 9 (Crim. Dkt. No. 1743), Dkt. No. 1450-2 (Crm. Dkt. No. 1748). Pavel Lazarenko has appealed the decision from the Northern District of California, and, in effect, is improperly asking this Court to rule on his appeal rather than the United States Circuit Court of Appeals for the Ninth Circuit.

**Claimants' Position:** Even if Mr. Lazarenko's claim to the Lithuanian and Swiss *res* is stricken, there are still other assets for which no motion to strike has been filed. The Court needs to address the claims to those assets. Those assets are the Antiguan *res*, the NRKTO *res*, and the Bank Julius Baer (Guernsey) *res*.

The Government has represented that the Antiguan *res* is dissipated. It previously represented to this Court that this asset was not dissipated. The Court should order the Government to state its intentions with respect to this account.

The other two assets are now subject to a preliminary order of forfeiture in the Northern District of California. Mr. Lazarenko is appealing that order. Further, there are likely to be ancillary claims filed in the Northern District. A final ruling in the Ninth Circuit on the disposition of those assets is about 18-24 months away. Regardless, the Government has taken the position in the Northern District of California that the NRKTO and Bank Julius Baer

(Guernsey) accounts are substitute property. Since substitute property is untainted, there is no need for discovery as it pertains to those accounts. *Honeycutt v. United States*, 137 S. Ct. 1626, 1634 (2016); *United States v. Lester*, 85 F.3d 1409, 1411 n.3 (9th Cir. 1996). The Court should rule on Mr. Lazarenko's summary judgment motion pertaining to the Bank Julius Baer (Guernsey) account.

| | |
|---|---|
| By: /s/ Jed Silversmith<br>Grant S. Palmer<br>Jed M. Silversmith<br>**BLANK ROME LLP**<br>One Logan Square, 130 N. 18th Street<br>Philadelphia PA 19103<br>Phone: (215) 569-5789<br>Fax: (215) 832-5789<br>    and<br>Barry W. Levine<br>1825 Eye Street NW<br>Washington, DC 20006<br>Phone: (202) 420-2200<br>Fax: (202) 420-2201<br>    and<br>Ian M. Comisky<br>William H. Stassen<br>**FOX ROTHSCHILD LLP**<br>2000 Market Street, 20th Floor<br>Philadelphia, PA 19103-3222<br>Phone: (215) 299-2795<br>Fax: (215) 299-2150<br><br>    and<br>David B. Smith<br>Nicholas D. Smith<br>**LAW OFFICES OF DAVID B. SMITH**<br>108 N. Alfred St.<br>Alexandria, VA 22314<br><br>Attorneys for Claimant<br>PAVEL LAZARENKO | By: /s/ Joseph King<br>Joseph King<br>**KING CAMPBELL PORETZ**<br>118 N. Alfred Street<br>Alexandria, VA 22314<br>703-683-7070 (Phone)<br>703-652-6010 (Fax)<br>*Pro Hac Vice* motion pending<br><br>Daniel Horowitz<br>**LAW OFFICES OF DANIEL HOROWITZ**<br>3650 Mt Diablo Blvd<br>Lafayette, CA 94549<br>(925) 299-6720 (Phone)<br><br>Attorneys for Claimants KATERINA LAZARENKO and LESSIA LAZARENKO |

DEBORAH CONNOR
CHIEF, MONEY LAUNDERING
AND ASSET RECOVERY SECTION

By: /s/ Adam J. Schwartz

4

DANIEL H. CLAMAN
TERESA C. TURNER JONES
ADAM J. SCHWARTZ
Attorneys
Money Laundering and Asset Recovery Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone: (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA