UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| )  | |
| Plaintiff,            ) | |
| )  | |
| v.            ) | Case No. 1:04-cv-00798-PLF |
| )  | |
| ALL ASSETS HELD AT BANK JULIUS ) | |
| Baer & Company, Ltd., Guernsey            ) | |
| Branch, account number 121128, in the ) | |
| name of Pavlo Lazarenko, *et al.*            ) | |
| )  | |
| Defendants *In Rem*    ) | |

### AFFIDAVIT IN SUPPORT OF DEFAULT AGAINST
### DEFENDANT EUROFED CORRESPONDENT ASSETS
### LOCATED IN LITHUANIA AND SWITZERLAND

1. I, Adam J. Schwartz, am an attorney of record for Plaintiff United States of America in the above-captioned case.

2. In 2004, the United States commenced this forfeiture action against defendant assets located in Guernsey and Antigua. Dkt. 1. On June 30, 2005, the United States filed the First Amended Verified Complaint for Forfeiture *In Rem* (the "Amended Complaint"), alleging that defendant assets described therein and located in five countries (Guernsey, Antigua, Switzerland, Lithuania, and Liechtenstein) should be forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(l)(A) and 98l(a)(l)(C). Dkt. No. 20. As set forth in paragraph 5 of the Amended Complaint, the defendant assets include, *inter alia*, the following assets located in Switzerland and Lithuania:

   f. All assets on deposit at Credit Suisse (Geneva), in account number 0251-562927-6, in the name of European Federal Credit Bank Limited. These defendant assets are located in Switzerland and were last valued at approximately $4,822,598.45 in United States dollars;

   g. All assets held at Banque SCS Alliance S.A. (Geneva) in account number 5491, in

1

       the name of European Federal Credit Bank Limited. These defendant assets are located in Switzerland and were last valued at approximately $483,629.69 in United States dollars;

  h. All assets held at Vilniaus Bankas held for the benefit of European Federal Credit Bank Limited, formerly held at accounts 073721 and 073420 at Bankas Hermis in the name of European Federal Credit Bank Limited. In February, 2000, Bankas Hermis merged with Vilniaus Bankas, and the account number for the defendant assets is believed to have changed to 5110730 or other account numbers at Vilniaus Bankas. These defendant assets are located in Lithuania and were last valued at approximately $29,344,05.35 in United States dollars; and

  j. And all assets traceable to the above-mentioned proceeds and property, including but not limited to, any interest accrued or assets held in related sub-accounts or escrow accounts.

For purposes of this Affidavit, the assets identified in Amended Complaint paragraphs 5(f) through 5(h) and all assets traceable thereto, as set forth in paragraph 5(j) are referred to herein as the "Eurofed Correspondent Assets".

    3. On July 8, 2005, this Court made findings of probable cause to believe that the defendant assets are subject to forfeiture to the United States and entered a Restraining Order regarding the defendant assets. Dkt. No. 23. On May 24, 2006, the Swiss Federal Office of Justice entered an order enforcing this Court's Restraining Order against the defendant assets located in Switzerland at Banque SCS Alliance SA (Geneva) and Credit Suisse (Geneva). Dkt. No. 282-16 at Ex. A. On February 9, 2006, the Prosecutor General's Office of the Republic of Lithuania executed the United States's mutual legal assistance request to enforce this Court's Restraining Order against the defendant assets located in Lithuania at SEB Vilniaus Bankas. Dkt. No. 282-18 at Ex. A.

    4. Because the original Complaint and Amended Complaint in this action were filed prior to the adoption of Rule G of the Supplemental Rules of Certain Admiralty and Maritime Claims and due to the nature of providing notice to hundreds of potential claimants, including with addresses located in forty-four countries, the United States attempted direct notice to 429

individual addresses via Federal Express, U.S. Mail, or via foreign law enforcement in accordance with either Rule C or Rule G of the Supplemental Rules. *See* Dkt. Nos. 153 and 153-4 at ¶¶ 5-7. Notice letters transmitted to addresses in the United States prior to the adoption of Rule G, advised that claims must be filed within 30 days of notice and that an answer needed to be filed within 30 days of the filing of a claim. 153-4 at ¶ 5. Notice letters sent after the entry into force of Rule G to addresses located within the United States advised that claims needed to be filed within 35 days, while such notices sent to addresses outside of the United States specified longer periods of time. *Id.* Notice of the Amended Complaint by publication was provided by newspaper publication in 2005 and internet publication in 2008.[1] Dkt. No. 153 at 3.

5.  Eurofed Bank Limited (*In Liquidation*) (also known as "European Federal Credit Bank"), was served with the Amended Complaint, Warrant of Arrest *In Rem*, Summons, and July 8, 2005, Restraining Order via FedEx on August 15, 2005. The Summons contained instructions advising potential claimants of the procedures to file a proper claim and answer. Dkt. No. 153-4. True and accurate copies of the FedEx shipping and receiving receipts are attached hereto as Exhibit 1. *See* Dkt. No. 153 (describing notice provided).

6.  Banque SCS Alliance SA (Geneva) was served with the Amended Complaint, Warrant of Arrest *In Rem*, Summons, and July 8, 2005, Restraining Order on June 1, 2006, by the Swiss Federal Office of Justice. Dkt. No. 282-16 at Ex. C (describing notice provided).

---

[1] In 2016, the Department of Justice transmitted additional notice to the Department of State for the United Nations Educational, Scientific and Cultural Organization (UNESCO), which the State Department provided to UNESCO via diplomatic note.

7. Credit Suisse (Geneva) was served with the Amended Complaint, Warrant of Arrest *In Rem*, Summons, and July 8, 2005, Restraining Order on June 2, 2006, by the Swiss Federal Office of Justice. Dkt. No. 282-16 at Ex. D (describing notice provided).

8. SEB Vilniaus bankas was served with the Amended Complaint, Warrant of Arrest *In Rem*, Summons, and July 8, 2005, Restraining Order on February 9, 2006, by the Ministry of the Interior of the Republic of Lithuania. Dkt. No. 153 at 1-2; Dkt. No. 153-1 at 26 (describing notice provided).

9. Pursuant to Supplemental Rule C(6)(a) in effect at the time of the filing of the Amended Complaint, any claimants to the defendant assets were required to file a verified statement of interest within 30 days after the earlier of the date of service of the complaint or the completion of publication of notice. Supp. R. C(6)(a)(1) (as amended Apr. 29, 2002). Under Rule G(5)(a) any claimants to the defendant assets were required to file a claim by the time stated in the direct notice (which must be at least 35 days after the notice was sent), or 60 days after the first publication of notice on the official government website. Supp. R. G(5)(a). Those time periods have expired.

10. As set forth below, thirteen putative claimants filed claims in this action. These claimants either did not assert an interest in the defendant Eurofed Correspondent Assets, or their claims were dismissed or withdrawn. No other person or entity has appeared to contest the forfeiture of these defendant assets, and the time to do so has expired. No extensions of time have been requested, consented to, or granted by this Court.

11. Three claimants did not assert an interest in the Eurofed Correspondent Assets in their claims: Alexander Lazarenko (Dkt. Nos. 28, 872), Lecia Lazarenko (Dkt. Nos. 28, 873), and Ekaterina Lazarenko (Dkt. Nos. 28, 874).[2]

12. Alexei Ditatkovsky filed a claim seeking payment of a sum of money generally from one or more of all defendant assets. Dkt. No. 26. On January 12, 2015, Ditiatkovsky withdrew his claim to the defendant assets. Dkt. No. 335.

13. Universal Trading & Investment Company, Inc. (UTICo) filed a claim and amended claim seeking payment of a sum of money generally from one or more of all defendant assets. Dkt. Nos. 39, 135. On March 25, 2011, this Court granted the United States' motion for judgment on the pleadings to strike the claim of UTICo and dismissed UTICo as a claimant in this action. Dkt. No. 228.

14. OAO Gazprom filed a claim seeking payment of a sum of money generally from one or more of all defendant assets. Dkt. No. 64. On March 25, 2011, the Court granted the United States' motion for judgment on the pleadings to strike the claim of OAO Gazprom and dismissed OAO Gazprom as a claimant in this action. Dkt. No. 226. OAO Gazprom filed a notice of appeal from this ruling. Dkt. 235. On March 15, 2012, the United States Court of Appeals for the District of Columbia Circuit dismissed OAO Gazprom's appeal for lack of jurisdiction. Dkt. 283.

15. Claims of five other individuals sought a sum of money in connection with deposits to accounts at Eurofed Bank: Mervin Michaelson Onyshko (Dkt. No. 68), Maria de Los Angeles Collazo Garcia (Dkt. No. 69), Alan Mark Postles and Jacqueline Postles (Dkt. 70), and

---

[2] Alexander Lazarenko's claim to other assets was dismissed entirely by Order dated December 12, 2019. Dkt. No. 1243. On September 7, 2021, the Court dismissed the claims of Ekaterina and Lecia Lazarenko to other defendant assets. Dkt. No. 1447.

5

Allan Ronald Munro (Dkt. No. 71).  These claims were dismissed by Orders dated September 30, 2009 and October 20, 2009.  Dkt. Nos. 137, 139.

16.     Eurofed Bank Limited (*In Liquidation*) filed a claim to the Eurofed Correspondent Assets.  (Dkt. No. 33).  As a result of the Stipulation of Settlement and Order Thereon entered as an Order of this Court and as an order of the High Court of Justice of Antigua and Barbuda, Eurofed Bank Limited's claim was dismissed as part of a settlement effective on October 15, 2015.  Dkt. No. 334 at ¶ 19 ("Eurofed's claims to any and all Defendants *in rem* in this action are hereby dismissed with prejudice."); Dkt. No. 821.

17.     Pavel Lazarenko filed a claim to the defendant Eurofed Correspondent Assets. Dkt. No. 29. On July 17, 2020, the United States moved to strike Pavel Lazarenko's claims to the defendant Eurofed Correspondent Assets. Dkt. No. 1317.  On August 4, 2023, this Court granted the United States' motion, striking the claims of Pavel Lazarenko to the defendant Eurofed Correspondent Assets. Dkt. No. 1472.

18.     Upon information and belief, no person believed to have an interest in the defendant Eurofed Correspondent Assets is an infant, is incompetent, or is presently engaged in military service.

19.      Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

20.     Accordingly, the Clerk is requested to enter a Default against the defendant Eurofed Correspondent Assets, which are identified in paragraph 2 herein, and set forth in the Amended Complaint in paragraphs 5(f) through 5(h), and all assets traceable thereto as enumerated in paragraph 5(j).  A proposed Clerk's Default is attached hereto.

Executed this 8th day of September 2023, by undersigned counsel for Plaintiff, United States of America.

                Respectfully submitted,

                MARGARET A. MOESER, ACTING CHIEF
                MONEY LAUNDERING
                 AND ASSET RECOVERY SECTION

                /s/*Adam J. Schwartz*
                DANIEL H. CLAMAN
                TERESA TURNER-JONES
                ADAM J. SCHWARTZ
                Money Laundering and Asset Recovery Section
                Criminal Division, U.S. Department of Justice
                1400 New York Avenue, N.W., 10th Floor
                Washington, DC 20530
                Telephone: (202) 514-1263

                *Attorneys for Plaintiff United States of America*