UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL ASSETS HELD AT BANK JULIUS Baer & Company, Ltd., Guernsey Branch, account number 121128, in the Name of Pavlo Lazarenko et al.,<br><br>Defendants In Rem. | Civil Action No. 04-0798 (PLF) |

MEMORANDUM OPINION AND ORDER

The United States seeks forfeiture of various funds allegedly related to Pavel Lazarenko's criminal activities. See First Amended Verified Complaint for Forfeiture In Rem ("Amended Compl.") [Dkt. No. 20] ¶ 1; United States v. All Assets Held at Bank Julius Baer & Co., Ltd., Civil Action No. 04-0798, 2020 WL 7640213, at *2 (D.D.C. Dec. 23, 2020) (collecting prior opinions that summarize factual and procedural history). In September 2023, the United States submitted an affidavit in support of default against the defendant assets held in correspondent bank accounts in the name of European Federal Credit Bank Limited in Switzerland and Lithuania, and all assets traceable thereto (collectively, the "Correspondent Assets"). See Affidavit in Support of Default Against Defendant Eurofed Correspondent Assets Located in Lithuania and Switzerland ("U.S. Aff.") [Dkt. No. 1478]; Amended Compl. ¶ 5(f)-(h), (j). The affidavit, signed by a U.S. Department of Justice attorney, describes the

Correspondent Assets and asserts that all previously existing verified claims to these assets have been dismissed.  U.S. Aff. ¶¶ 2, 9-17.

      Mr. Lazarenko objects to this affidavit.  See Objection to Entry of Clerk's Default [Dkt. No. 1479] ("Obj.").  In response, the United States requests that the Court direct the Clerk of Court to enter default against the Correspondent Assets, over Mr. Lazarenko's objections.  Response to Pavel Lazarenko's Objection to Entry of Clerk's Default as to Eurofed Correspondent Assets [Dkt. No. 1482] at 1.  Because assets are deemed to be in default when there are no claimants who can defend their forfeiture, and because Mr. Lazarenko does not refute the government's assertion that all previously filed claims to the Correspondent Assets have been dismissed, the Court will deny Mr. Lazarenko's objections and direct the Clerk of Court to enter default against the Correspondent Assets.

      Mr. Lazarenko argues that entry of default is inappropriate because he filed a claim to the Correspondent Assets, because the government has not shown a connection between the assets and his alleged criminal conduct, and because he will lack another opportunity to object before judgment is entered.  Obj. at 1-2.  Mr. Lazarenko further asserts that he may file a motion for reconsideration of the Court's August 4, 2023 decision to strike his claim to the Correspondent Assets, and that an entry of default would preclude his doing so.  Id.; see United States v. All Assets Held at Bank Julius Baer & Co., Ltd., Civil Action No. 04-0798, 2023 WL 5000213 (D.D.C. Aug. 4, 2023).

      Mr. Lazarenko is wrong on multiple grounds.  First, his objection confuses entry of default with entry of default judgment.  As another judge in this district has explained:

> Rule 55 specifies a two-step process for a party seeking to obtain a default judgment.  First, the plaintiff must request that the Clerk of the Court enter a default against the party who has "failed to plead or otherwise defend" against an action.  Second, if the plaintiff's

>claim is not for a "sum certain," the party must apply to the court for an entry of default judgment. This two-step process gives a defendant an opportunity to move to set aside a default before the court enters judgment.

Boland v. Elite Terrazzo Flooring, Inc., 763 F. Supp. 2d 64, 66 n.1 (D.D.C. 2011) (Urbina, J.) (citations omitted) (quoting FED. R. CIV. P. 55). An entry of default is not a judgment. It "simply is an official recognition of the fact that one party is in default" and "is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2692 (4th ed. 2023).

Because entry of default is only an interlocutory step, Mr. Lazarenko is wrong that he will lack "a meaningful opportunity to object" before judgment. Obj. at 2. He will likely have two such opportunities. First, under Rule 55(c), he may move to "set aside an entry of default for good cause," FED. R. CIV. P. 55(c), as he has with respect to other defendant assets in this case. See Pavel Lazarenko's First Motion to Lift Clerk's Entries of Default [Dkt. No. 1493]. Second, if the United States moves for default judgment against the Correspondent Assets, Mr. Lazarenko may oppose that motion. See FED. R. CIV. P. 55(b)(2).

Mr. Lazarenko is also wrong that the government must show a connection between the Correspondent Assets and his alleged criminal conduct – which would be required for the government to prevail on the merits – before the Clerk enters default. Entry of default does not concern the merits of the lawsuit. It is true that the merits can matter when a court considers whether to grant default judgment. In an in personam lawsuit, for example, default judgment usually should not be granted where the defendant has indicated a "meritorious defense," Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (quoting Gutierrez v. Berg Contracting Inc., Civil Action

3

No. 99-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000)), or where "the equities that specially arise in a given case" counsel against default. See Gilmore v. Palestinian Interim Self-Gov't Auth., 843 F.3d 958, 966 (D.C. Cir. 2016). But at the entry-of-default stage, all that is required is that the plaintiff show a failure to defend "by affidavit or otherwise." FED. R. CIV. P. 55(a).

The affidavit provided by the United States shows the sort of failure to defend necessary in the civil forfeiture context. "Because a res typically cannot respond on its own behalf, unless a claimant properly intervenes to raise defenses to its forfeiture, the defendant property is deemed to have 'failed to plead or otherwise defend' against the allegations." United States v. All Assets Held in Acct. No. XXXXXXXX, 330 F. Supp. 3d 150, 156 (D.D.C. 2018) (quoting FED. R. CIV. P. 55(a)). Here, the United States filed an affidavit showing that all verified claims to the Correspondent Assets have been struck and that there are no remaining claims to the assets. See U.S. Aff. ¶ 10. Mr. Lazarenko does not offer an affidavit or other evidence indicating otherwise. Nor does he assert that there are any remaining claims to the Correspondent Assets. Instead, in addition to the arguments discussed above, he simply argues that "allowing the United States to obtain a default when a litigated claim to the assets was filed is not consistent with the default judgment procedure." Obj. at 1. But entry of default when no claims remain on an asset is exactly what the default judgment procedure requires.

Finally, Mr. Lazarenko asserts that entry of default would preclude him from seeking reconsideration of the Court's decision regarding standing. Obj. at 2. But because entry of default is not a judgment – let alone a final judgment – the Court's standing decision is still subject to a motion for reconsideration under Rule 54(b). FED. R. CIV. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer

4

than all the parties . . . may be revised at any time before the entry of a [final] judgment."); see also Cobell v. Jewell, 802 F.3d 12, 25 (D.C. Cir. 2015) (clarifying that Rule 54(b) governs motions to reconsider interlocutory decisions).

For these reasons, it is hereby

ORDERED that the Clerk of Court shall enter default against the following defendants, as described in the government's Affidavit in Support of Default Against Defendant Eurofed Correspondent Assets Located in Lithuania and Switzerland [Dkt. No. 1478]:

> As set forth in paragraph 5 of the Amended Complaint, . . . the following assets located in Switzerland and Lithuania:
>
> f. All assets on deposit at Credit Suisse (Geneva), in account number 0251-562927-6, in the name of European Federal Credit Bank Limited. These defendant assets are located in Switzerland and were last valued at approximately $4,822,598.45 in United States dollars;
>
> g. All assets held at Banque SCS Alliance S.A. (Geneva) in account number 5491, in the name of European Federal Credit Bank Limited. These defendant assets are located in Switzerland and were last valued at approximately $483,629.69 in United States dollars;
>
> h. All assets held at Vilniaus Bankas held for the benefit of European Federal Credit Bank Limited, formerly held at accounts 073721 and 073420 at Bankas Hermis in the name of European Federal Credit Bank Limited. In February, 2000, Bankas Hermis merged with Vilniaus Bankas, and the account number for the defendant assets is believed to have changed to 5110730 or other account numbers at Vilniaus Bankas. These defendant assets are located in Lithuania and were last valued at approximately $29,344,05.35 in United States dollars; and

5

       j. And all assets traceable to the above-mentioned proceeds and property, including but not limited to, any interest accrued or assets held in related sub-accounts or escrow accounts.

U.S. Aff. ¶ 2; <u>see</u> Amended Compl. ¶ 5(f)-(h), (j).

      SO ORDERED.

 

                                                                                PAUL L. FRIEDMAN
                                                                                United States District Judge

DATE: December 18, 2023