UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., GUERNSEY BRANCH, ACCOUNT NUMBER 121128, IN THE NAME OF PAVLO LAZARENKO, LAST VALUED AT APPROXIMATELY $2 MILLION IN UNITED STATES DOLLARS, *ET AL.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:04-cv-00798-PLF/GMH |

## JOINT STATUS REPORT

Pursuant to this Court's November 6, 2023 Order (Dkt. No. 1500), Plaintiff United States of America and Claimants Pavel, Katerina and Lecia Lazarenko (the "Parties") jointly file this Status Report regarding the status of motions currently pending before the Court and proposed disposition of the motions.

As the Court observed, Judge Friedman's rulings have significantly narrowed the scope of the case, and the Parties agree that the rulings substantially reduce the potential need for further discovery in this case. As a result of the recent orders, all claims of Claimants Katerina and Lecia Lazarenko have been stricken, and all claims of Claimant Pavel Lazarenko have been stricken, except with respect to the assets located in Antigua identified in paragraph 5(d) of the Amended Complaint, and all assets traceable thereto, as identified in paragraph 5(j) (the "Antiguan Res"). *See* Amended Complaint (ECF 20). The rulings in the U.S. District Court for the Northern District of California and the Ninth Circuit Court of Appeals have resulted in the criminal forfeiture of the defendant assets held at Bank Julius Baer (Guernsey), as well as the

defendant assets held at Liechtensteinsiche Landesbank AG in the name of NRKTO 7541 in Liechtenstein, as identified in paragraphs 5(a), 5(i)(iv) of the Amended Complaint.  *Id.*  Because no claims remain to virtually all of the remaining assets, the United States has sought entry of clerk's default and default judgment with respect to all of the remaining defendant assets in this case, except the Antiguan Res.  Various claimants whose claims have been dismissed have opposed entry of the defaults and the United States' applications remain pending before the Clerk and Judge Friedman.  *See, e.g.*, Dkt. No. 1493.

Although the Antiguan Res currently remains a defendant asset in this case, as the Court has noted, it is unclear whether it remains available for forfeiture.  The Parties agree that these funds were ordered forfeited by the Antiguan Courts in 2015.  The United States understands that Pavel Lazarenko initially sought to challenge the validity of the Antiguan forfeiture judgment in the Antiguan Court.  In 2017, Lazarenko represented to this Court that he was in settlement discussions with the Government of Antigua regarding the funds forfeited in Antigua, and this Court ordered "that any settlement or proceeds of Lazarenko's domestic proceedings in Antigua shall remain subject to this Court's 2005 Restraining Order."  Dkt. No. 926 at 11.  The Court further ordered him to deposit any "such settlement or other proceeds" into an account of the Registrar of the High Court of Antigua and Barbuda within seven days of receiving them, and to furnish proof of such a deposit within seven days on the public docket in this case.  *Id.*  The United States is unaware of any action Lazarenko has taken to pursue his challenge to the Antiguan forfeiture in over five years, and Lazarenko has made no filings in this Court regarding any funds he has received in Antigua.  Because any proceeds of Lazarenko's domestic proceedings in Antigua remain subject to this Court's orders, the United States has informed Claimant Pavel Lazarenko that if he consents to withdraw and dismiss any remaining challenge he may have to the order of forfeiture in the Antiguan Courts, the United States will request that

this Court dismiss the Antiguan Res from these proceedings. In response to the United States' requests, Lazarenko has not advised the United States as to whether he continues to challenge the Antiguan forfeiture or otherwise seeks release of any or all of the Antiguan Res from the Antiguan courts or government. The United States is also seeking to independently determine through the Antiguan authorities whether the Antiguan Res still exists. However, because the availability of the Antiguan Res appears to depend upon whether Lazarenko has abandoned his claim in the Antiguan courts and, if not, whether his challenge ultimately succeeds, the United States believes that Lazarenko should advise the Court and the United States whether he continues to challenge the Antiguan forfeiture or otherwise seek release of the Antiguan Res. The United States remains available to confer with Lazarenko regarding the status of his claims in Antigua.

In 2021 and 2022, there was litigation in Mr. Lazarenko's criminal case. One issue that Mr. Lazarenko raised in the litigation was whether the Antiguan res was available for criminal forfeiture. The Government represented that these assets were "not available for forfeiture" in those proceedings. Mr. Lazarenko contends that if the Antiguan res is "not available for forfeiture," the District Court should order the Government to show cause why its claim should not be dismissed. Further, to the extent the Government's position in this Court is that it does not know if the res is available for forfeiture, Mr. Lazarenko's position is that the Government should first determine through the Antiguan authorities whether the Antiguan Res is available for forfeiture before Mr. Lazarenko may make an informed decision whether or not to dismiss his claim. Mr. Lazarenko reserves the right to file a motion to dismiss the Government's claim and/or to seek a Court order requiring the Government to determine with the Antiguan authorities whether the asset is in fact available for forfeiture with a set time period determined to be reasonable by the Court and that its findings be reported to the Court and Parties.

Otherwise, Mr. Lazarenko is currently evaluating his legal options with respect to the Antiguan Res in light of the representations of the United States concerning this asset.

The Parties agree that if the Government's forfeiture claim or Mr. Lazarenko's challenge to the Antiguan forfeiture judgment is no longer pending and that the Antiguan Res has been dissipated, all pending discovery motions in this action will be moot. Accordingly, the Parties are each seeking further clarification of the status of the Antiguan Res.

1) <u>Status of Expert Discovery</u>

If the Antiguan Res exists, the Parties agree that some expert discovery may be necessary. Accordingly, the Parties agree that a continued stay of expert discovery in this case is warranted until the status of Mr. Lazarenko's challenge to the Antiguan forfeiture judgment and the status of the Antiguan Res are determined. The Parties recommend a stay of expert discovery until 30 days after the Court is advised concerning the status of the Antiguan Res at which point the Parties will file a status report regarding the scope and duration of expert discovery, if necessary.

2) <u>Status of Discovery Disputes Pending before Magistrate Judge Harvey</u>

With respect to currently pending discovery disputes, the United States believes that the motions to quash financial subpoenas (Dkt. Nos. 1154 and 1186) are now moot. The claims of Ekaterina and Lessia Lazarenko have been dismissed from this matter, rendering the need to obtain additional financial information moot. To the extent the Government already received documents pursuant to the financial subpoenas, Claimants Pavel, Katerina and Lecia Lazarenko believe such documents (and all copies) should be forwarded to counsel for such claimants as the discovery motion itself objected to the subpoenas and the process used by the Government to obtain any such documents.

In addition, the United States believes its motion regarding Pavel Lazarenko's failure to supplement discovery (Dkt. No. 1187) is also moot.

The Parties also believe that the United States' motion for a protective order regarding certain material included in and relating to the so-called CIPA file (Dkt. No. 1226) is now moot and that no further production is required.

3)  Status of Discovery Disputes Still Requiring Resolution

Given that the Parties believe all pending discovery disputes in this matter are now moot, there are no pending discovery motions to address. The Parties note that their request for an expert discovery schedule be held in abeyance pending the Court's resolution of the pending entries of default and default judgment and the Parties determine the status of the Antiguan Res.

4)  Discovery Disputes Capable of Immediate Resolution

Given that the Parties believe all pending discovery disputes in this matter are now moot, no motions need to be withdrawn and re-briefed.

Dated: December 20, 2023

By: */s/ William H. Stassen*
Grant S. Palmer
**BLANK ROME LLP**
One Logan Square, 130 N. 18th Street
Philadelphia PA 19103
Phone: (215) 569-5789
Fax: (215) 832-5789
    and
Barry W. Levine
1825 Eye Street NW
Washington, DC 20006
Phone: (202) 420-2200
Fax: (202) 420-2201
    and
Ian M. Comisky
William H. Stassen
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222

By: */s/ Joseph King*
Joseph King
**KING CAMPBELL PORETZ**
118 N. Alfred Street
Alexandria, VA 22314
703-683-7070 (Phone)
703-652-6010 (Fax)

Daniel Horowitz
**LAW OFFICES OF DANIEL HOROWITZ**
3650 Mt Diablo Blvd
Lafayette, CA 94549
(925) 299-6720 (Phone)

*Attorneys for Claimants*
*KATERINA LAZARENKO and LESSIA LAZARENKO*

<table>
<tr><td>

Phone: (215) 299-2795  
Fax: (215) 299-2150  
    and  
David B. Smith  
Nicholas D. Smith  
**LAW OFFICES OF DAVID B. SMITH**  
108 N. Alfred St.  
Alexandria, VA 22314  

*Attorneys for Claimant*  
*PAVEL LAZARENKO*

</td><td>

By: /s/ Daniel Claman  
MARGARET A. MOESER, ACTING CHIEF  
MONEY LAUNDERING AND  
ASSET RECOVERY SECTION  

DANIEL H. CLAMAN  
TERESA C. TURNER JONES  
ADAM J. SCHWARTZ  
Attorneys  
Money Laundering and Asset Recovery  
Section  
Criminal Division  
United States Department of Justice  
1400 New York Avenue, N.W., 10th Floor  
Washington, D.C. 20530  
Telephone: (202) 514-1263  

*Attorneys for Plaintiff*  
*UNITED STATES OF AMERICA*

</td></tr>
</table>