UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALL ASSETS HELD AT BANK JULIUS )<br>Baer & Company, Ltd., Guernsey )<br>Branch, account number 121128, in the )<br>name of Pavlo Lazarenko, *et al.* )<br>)<br>Defendants *In Rem*   ) | Case No. 1:04-cv-00798-PLF |

### FINAL JUDGMENT AND FINAL ORDER OF FORFEITURE

Whereas this matter comes before the Court upon the United States' Motion for Voluntary Dismissal Without Prejudice of the BJB Account, the NRKTO Account, and the Antiguan *Res*, and for Entry of Final Judgment and Final Order of Forfeiture;

Whereas, paragraph 5 of the First Amended Verified Complaint for Forfeiture *In Rem* (the "Amended Complaint") (Dkt. No. 20), described the defendant assets at that time as:

(a) All assets held at Bank Julius Baer & Company, Ltd., Guernsey Branch, (also known as Bank Julius Baer (Guernsey) Limited) in account number 121128, in the name of Pavlo Lazarenko. These assets are located in Guernsey, one of the Channel Islands. These defendant assets were last valued at approximately $2,096,355.83 in United States dollars;

(b) All assets held at Credit Suisse (Guernsey) Limited, in account numbers 41610 and 41950 in the name of Samante Limited as Trustees of the Balford Trust. These assets are located in Guernsey, one of the Channel Islands. These defendant assets were last valued at approximately $147,919,401.13 in United States dollars;

(c) All assets held at Credit Suisse (Guernsey) Limited, in account number 41843 in the name of Credit Suisse Trust Limited – Escrow Account Re: BT Trust. These assets are located in Guernsey, one of the Channel Islands. These defendant assets were last valued at approximately £14,308.52 in pounds sterling of the United Kingdom;

1

(d) Approximately $85.5 million held at Bank of Nova Scotia (Antigua) in the name of the Registrar of the High Court of Antigua & Barbuda, formerly on deposit in accounts held for the benefit of Pavlo Ivanovich Lazarenko at Eurofed Bank Limited of Antigua & Barbuda (herein after "Eurofed"). Eurofed is now in liquidation under the supervision, management, and/or control of the receivers Charles Walwyn and Robert Wilkinson of PricewaterhouseCoopers, and these defendant assets, together with additional monies, were placed into certificates of deposits in the name of the Registrar of the High Court of Antigua & Barbuda. As of the date of receivership in November 1999, these defendant assets were valued at approximately $85,502,589.95 in United States dollars. The defendant assets include, but are not limited to, all assets derived from deposits at:
  (i) Account Number 137978, in the name of Pavlo I. Lazarenko;
  (ii) Account Number 132907, in the name of Lady Lake Investments Corporation;
  (iii) Account Number 134936, in the name of Fairmont Group, Ltd.;
  (iv) Security deposits held for Lady Lake Investments Corporation and Fairmont Group, Ltd.;
  (v) Account Number 119648 in the name of Guardian Investment Group, Ltd.;
  (vi) Account Number 133923, in the name of Firstar Securities, Ltd.;
  (vii) Account Number 196317, in the name of Nemuro Industrial Group;
  (viii) Accounts in the name of Orby International, Ltd.;

(e) Approximately $1.6 million in United States dollars held at Bank of Nova Scotia (Antigua) in the name of the Registrar of the High Court of Antigua & Barbuda, formerly on deposit in account 120512 held for the benefit of Alexander Milchenko (deceased) at Eurofed Bank Limited of Antigua & Barbuda (herein after "Eurofed"). Eurofed is now in liquidation under the supervision, management, and/or control of the receivers Charles Walwyn and Robert Wilkinson of PricewaterhouseCoopers, and these defendant assets, together with additional monies, were placed into certificates of deposit in the name of the Registrar of the High Court of Antigua & Barbuda. As of the date of receivership in November 1999, these defendant assets were valued at approximately $1,616,632.99 in United States dollars;

(f) All assets on deposit at Credit Suisse (Geneva), in account number 0251-562927-6, in the name of European Federal Credit Bank Limited. These assets are located in Switzerland and were last valued at approximately $4,822,598.45 in United States dollars;

(g) All assets held at Banque SCS Alliance S.A. (Geneva) in account number 5491, in the name of European Federal Credit Bank Limited. These assets are located in Switzerland and were last valued at approximately $483,629.69 in United States dollars;

(h) All assets held at Vilniaus Bankas held for the benefit of European Federal Credit Bank Limited, formerly held at accounts 073721 and 073420 at Bankas Hermis in the name of European Federal Credit Bank Limited. In February, 2000, Bankas Hermis merged with Vilniaus Bankas, and the account number for the defendant assets is believed to have changed to 5110730 or other account numbers at Vilniaus Bankas.[1] These assets are located in Lithuania and were last valued at approximately $29,344,05.35 in United States dollars;

(i) All assets held at various accounts in Liechtenstein and formerly on deposit at Liechtensteinisch Landesbank AG account numbers 18799153, in the name of Orilles Stiftung, 18799169, in the name of Gruztam Stiftung, 18799139 in the name of Lesja Stiftung, and NRKTO 7541, in the name of Pawlo Ivanowitsch Lazarenko, and at LGT Bank in Liechtenstein AG account numbers 143806, in the name of Orilles Stiftung, 142807, in the name of Gruztam Stiftung, and 142808 in the name of Lesja Stiftung.[2] These assets were last valued at the equivalent of approximately $7 million in United States dollars and are held at:
  (i) Verwaltungs-und PrivatBank AG account number 325.295.900, in the name of Beranco Engineering Establishments;
  (ii) Verwaltungs-und PrivatBank AG account number 326.284.900, in the name of Ylorex Establishments;
  (iii) LGT Bank in Liechtenstein AG account numbers 0153633 AB and 0153633 AC, in the name of Tanas AG;
  (iv) Liechtensteinishce Landesank AG account number NRKTO 7541 in the name of Pawlo Ivanowitsch Lazarenko;

(j) And all assets traceable to the above-mentioned proceeds and property, including but not limited to, any interest accrued or assets held in related sub-accounts or escrow accounts.[3]

---

[1] The United States' notice of errata for the amended complaint makes the following changes and clarifications to paragraph 5(h) of the amended complaint: Vilniaus Bankas became SEB Vilniaus Bankas in April 2005; the account number is believed to have changed to "no. LT 89 7044 0600 0000 1794" at SEB Vilniaus Bankas; and these assets were last valued at approximately $29,641,735.31 in United States dollars and additional sums in other currencies. United States' Notice of Errata for First Verified Amended Complaint for Forfeiture *In Rem* [Dkt. No. 214].

[2] The United States' notice of errata for the amended complaint clarified that the account numbers for Orilles Stiftung, Gruztam Stiftung, and Lesja Stiftung at LGT Bank in Liechtenstein should be preceded by the digit "0". *Id.*

[3] Paragraph 5(j) of the Amended Complaint further describes the defendant assets as encompassing any value accruing to those defendant assets, such as interest or investment income. Thus, paragraph 5(j) is not a separate asset, and the current values of the assets may differ from the values as described in the Amended Complaint filed in 2005.

3

Whereas, pursuant to the settlement between the United States and Claimant Eurofed Bank and its Liquidators that was approved by this Court and the High Court of Justice of Antigua and Barbuda, a combined total of $8,937,411.16 was dismissed from the defendant assets identified in Amended Complaint paragraphs 5(d), 5(f), 5(g), 5(h), and all assets traceable thereto as set forth in paragraph 5(j), including a sum of $4,279,729.90 that the Liquidators have since collected from the account of the Registrar of the High Court of Antigua and Barbuda, as well as $642,286.80 from 5(f), $64,724.44 from 5(g), and $3,950,609.02 from 5(h), which the Liquidators have not yet collected. *See* Stipulation and Settlement Agreement and Order Thereon [Dkt. No. 334]; Order of High Court of Justice of Antigua and Barbuda [Dkt. No. 821-1], Order, dated August 1, 2024, [Dkt. No. 1511]; *see also* Opinion, dated August 1, 2024, [Dkt. No. 1512] at 44 & n.15.

Whereas, on August 1, 2024, this Court entered judgment forfeiting to the United States the defendant assets identified in paragraphs 5(b), 5(c), 5(e), 5(f), 5(g), 5(h), 5(i) subparagraphs (i)-(iii), and all assets traceable to these assets as set forth in paragraph 5(j) of the Amended Complaint, except for $642,286.80 of 5(f), $64,724.44 of 5(g), and $3,950,609.02 of 5(h) that had been dismissed pursuant to the Court-approved settlement between the United States and Eurofed Bank and its Liquidators. *See* Order, dated August 1, 2024, [Dkt. No. 1511]; *see also* Opinion, dated August 1, 2024, [Dkt. No. 1512].

Whereas, following entry of the Court's August 1, 2024, Order [Dkt. No. 1511], three groups of defendant assets remained to be determined in this action: (1) the defendant assets held in the name of Pavlo Lazarenko at Bank Julius Baer (Guernsey) Ltd. as identified in paragraph 5(a) of the Amended Complaint, and all assets traceable thereto as enumerated in paragraph 5(j) of the Amended Complaint (the "BJB Account"); (2) the defendant assets identified in paragraph

4

5(d) of the Amended Complaint that remained in the Registrar's Account after the U.S.-Eurofed Settlement, and all assets traceable thereto as enumerated in paragraph 5(j) of the Amended Complaint (the "Antiguan *Res*"); and (3) the defendant assets held in the name of NRKTO 7541 at Liechtensteinishce Landesbank AG in Liechtenstein as identified in paragraph 5(i) subparagraph (iv) of the Amended Complaint, and all assets traceable thereto as set forth in paragraph 5(j) of the Amended Complaint (the "NRKTO Account Assets"). *See* Opinion, dated August 1, 2024 [Dkt. No. 1512] at 53-55.

Upon consideration of the United States' Motion for Voluntary Dismissal Without Prejudice of the BJB Account, the NRKTO Account, and the Antiguan *Res*, and for Entry of Final Judgment and Final Order of Forfeiture, and for good cause shown, it is hereby **ORDERED** that the motion is **GRANTED**; and it is:

**FURTHER ORDERED** that the BJB Account assets, the Antiguan *Res*, and the NRKTO 7541 assets are hereby **DISMISSED** without prejudice from this action; and

In accordance with the Court's August 1, 2024, Order [Dkt. No. 1511] and Opinion [Dkt. No. 1512], it is

**FURTHER ORDERED** that the defendant assets identified in paragraphs 5(b) and 5(c) of the Amended Complaint, and all assets traceable thereto, as enumerated in paragraph 5(j) of the Amended Complaint (collectively, "Balford Trust Assets"), are finally **FORFEITED** to the United States; and that title to these defendant assets is vested in the United States, to be disposed of in accordance with applicable law; and that no right, title, or interest in the Balford Trust Assets shall exist in any other person or entity; it is

**FURTHER ORDERED** that the assets identified in paragraph 5(e) of the Amended Complaint, and all assets traceable thereto, as enumerated in paragraph 5(j) of the Amended

Complaint (collectively, "Milchenko Account Assets"), are finally **FORFEITED** to the United States; and that title to these defendant assets is vested in the United States, to be disposed of in accordance with applicable law; and that no right, title, or interest in the Milchenko Account Assets shall exist in any other person or entity; it is

**FURTHER ORDERED** that the defendant assets identified in paragraph 5(f) of the Amended Complaint, and all assets traceable thereto, as enumerated in paragraph 5(j) of the Amended Complaint, except for the amount of $642,286.80 that was previously dismissed from this action (collectively, "Credit Suisse Correspondent Assets") are finally **FORFEITED** to the United States; that title to these defendant assets is vested in the United States, to be disposed of in accordance with applicable law; and that no right, title, or interest in these Credit Suisse Correspondent Assets shall exist in any other person or entity; it is

**FURTHER ORDERED** that the defendant assets identified in Amended Complaint paragraph 5(g) of the Amended Complaint, and all assets traceable thereto, as enumerated in paragraph 5(j) of the Amended Complaint, except for the amount of $64,724.44 that was previously dismissed from this action (collectively, "Banque SCS Alliance Correspondent Assets") are finally **FORFEITED** to the United States; that title to these defendant assets is vested in the United States, to be disposed of in accordance with applicable law; and that no right, title, or interest in these Banque SCS Alliance Correspondent Assets shall exist in any other person or entity; it is

**FURTHER ORDERED** that the defendant assets identified in Amended Complaint paragraph 5(h) of the Amended Complaint, and all assets traceable thereto, as enumerated in paragraph 5(j) of the Amended Complaint, except for the amount of $3,950,609.02 that was previously dismissed from this action (collectively, "Lithuanian Correspondent Assets") are

finally **FORFEITED** to the United States; that title to these defendant assets is vested in the United States, to be disposed of in accordance with applicable law; and that no right, title, or interest in these Lithuanian Correspondent Assets shall exist in any other person or entity; it is

**FURTHER ORDERED** that the defendant assets identified in Amended Complaint paragraph 5(i) subparagraphs (i)-(iii) of the Amended Complaint, and all assets traceable thereto, as enumerated in paragraph 5(j) of the Amended Complaint, (collectively, "Liechtenstein Accounts") are finally forfeited to the United States; and that title to these defendant assets is vested in the United States, to be disposed of in accordance with applicable law; and that no right, title, or interest in the Liechtenstein Accounts assets shall exist in any other person or entity; it is

**FURTHER ORDERED** that the Court's Restraining Order in this action is modified to permit release of the BJB Account assets in execution of the forfeiture order entered by the United States District Court for the Northern District of California; it is

**FURTHER ORDERED** that the Lazarenko Claimants' Motion for Partial Summary Judgment Regarding the "Unknown Payments" [Dkt. No. 426] and Claimant Lazarenko's Motion for Summary Judgment on the Bank Julius Baer Guernsey Account [Dkt. No. 1257], and all other pending motions in this action are **DENIED** as moot; it is

**FURTHER ORDERED** that this Order shall constitute a **FINAL AND APPEALABLE JUDGMENT**; and it is

**FURTHER ORDERED** that the Clerk of the Court may close this matter.

**SO ORDERED.**

DATE: Sept. 20, 2025

THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

7